IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JOHN DOE #1–14 and JANE DOE #1–2,**<br><br>                     Plaintiffs,<br><br>v.<br><br>**LLOYD AUSTIN**, in his official capacity as Secretary of Defense; **XAVIER BECERRA**, in his official capacity as Secretary of Health and Human Services; **FRANK KENDALL**, in his official capacity as Secretary of the Air Force; **CARLOS DEL TORO**, in his official capacity as Secretary of the Navy; **JANET WOODCOCK**, in her official capacity as Acting Commissioner of the U.S. Food and Drug Administration; and **CHRISTINE WORMUTH**, in her official capacity as Secretary of the Army,<br><br>                     Defendants. | Case No. 1:21-cv-02228-AW-HTC |

## DEFENDANTS' STATUS REPORT

Following the October 8, 2021 Scheduling Conference held in the above-captioned proceeding, counsel for Plaintiffs and Defendants conferred by phone and by email, but were unable to reach an agreement concerning the briefing schedule for Plaintiffs' two motions for temporary restraining orders and preliminary injunctions.

The Government proposes to respond to both motions in a combined response 14 days from today (Tuesday, October 26, 2021) and requests a word limit of 16,000 words. In support of this timeline, Defendants submit the following:

•     Plaintiffs have filed two motions seeking the same relief. Plaintiffs have proposed splitting the briefing timeline and addressing their first motion on an expedited timeline and addressing the arguments raised in the second motion at a later time. But this two-tiered briefing schedule would not result in any efficiency because many practical issues overlap both motions—

1

including why this case is not ripe, why no plaintiff faces irreparable harm, and the harm to the public interest in granting an injunction.

- Certain individualized issues of standing, ripeness, and irreparable harm generally rely on facts specific to each individual plaintiff. Plaintiffs have agreed to disclose their identities under the proposed protective order. Plaintiffs disclosed the name of one Plaintiff at 10:41AM on Tuesday, October 12, 2021, disclosed the names of six additional Plaintiffs at 3:45PM on Tuesday, October 12, 2021 and have not yet disclosed the names of the other nine Plaintiffs, even though the Government has already stated that it would keep those names confidential pursuant to a draft protective order as parties negotiate a final protective order.[1] The Government cannot respond to anonymous declarations and cannot verify critical alleged facts about the Plaintiffs without having information sufficient to identify the identity of the Plaintiffs.

- Plaintiffs' delay in bringing this suit cannot be a reason to rush briefing. The Department of Defense's COVID-19 vaccine mandate was issued on August 24, 2021, and more than six weeks later the Plaintiffs filed their complaint, ECF No. 1, and their Amended Complaint, ECF No. 6, followed by two motions for a Temporary Restraining Order and Preliminary Injunction, ECF Nos. 3 & 10. Plaintiffs did not obtain a summons for the U.S. Attorney's Office and Attorney General, ECF No. 17, as required by Federal Rule of Civil Procedure 4(i) until October 8, 2021—two days after filing their complaint and first motion for a temporary restraining order and preliminary injunction, and only after the Court scheduled a conference.

- Allowing the Government to investigate the individual issues and fully respond to Plaintiffs' motions would not cause any harm. Plaintiffs have not shown anything in their

---

[1] Defendants maintain that Plaintiffs should be required to disclose all the names of the Plaintiffs to Defendants. Defendants also reserve the right to oppose Plaintiffs' *Ex Parte* Motion for Leave for Plaintiffs to Proceed Anonymously. *See* ECF No. 4.

anonymous declarations that could arguably constitute irreparable harm or could not be reversed upon a favorable ruling.

• Plaintiffs' motions request that the Court enjoin the FDA's approval of the COVID-19 vaccine and the power of the United States Armed Forces to set health requirements for service members. Although Plaintiffs modified the scope of their request at the October 8, 2021 teleconference to apply only to the 16 Plaintiffs, even that requested relief still constitutes second-guessing the military's discretion and would thus constitute a particularly disfavored injunction. *See Winter v. NRDC, Inc.*, 555 U.S. 7 (2008). Similarly, Plaintiffs' request to enjoin the FDA would greatly harm the public. *See League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 F. App'x 125, 129 (6th Cir. 2020) (describing the interest in combatting COVID-19 as "significant").

• Lead counsel for this case, Andrew Carmichael, is a member of the U.S. Navy Reserve, and has pre-scheduled reserve duty Friday, October 15, and Saturday October 16, 2021.

Dated: October 12, 2021

                                              Respectfully submitted,

                                              BRIAN M. BOYNTON
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Courtney D. Enlow*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW

3

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: courtney.d.enlow@usdoj.gov

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/Courtney D. Enlow
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: courtney.d.enlow@usdoj.gov
