IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JOHN DOE #1–14 and JANE DOE #1–2,**<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>**LLOYD AUSTIN**, in his official capacity as Secretary of Defense; **XAVIER BECERRA**, in his official capacity as Secretary of Health and Human Services; **FRANK KENDALL**, in his official capacity as Secretary of the Air Force; **CARLOS DEL TORO**, in his official capacity as Secretary of the Navy; **JANET WOODCOCK**, in her official capacity as Acting Commissioner of the U.S. Food and Drug Administration; and **CHRISTINE WORMUTH**, in her official capacity as Secretary of the Army,<br><br>　　　　　　Defendants. | Case No. 3:21-cv-01211-AW-HTC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION
FOR PLAINTIFFS TO PROCEED ANONYMOUSLY**

　　All sixteen Plaintiffs have moved to proceed anonymously in this case. Under our system of justice, there is a presumption that judicial proceedings be open to the public and for the identities of the parties to be public knowledge. A plaintiff may overcome this presumption only by making an extraordinary showing justifying the request to proceed anonymously. Plaintiffs disregard Eleventh Circuit's criteria for allowing a party to proceed anonymously and fail to make the extraordinary showing required to meet this burden.

1

## BACKGROUND

Plaintiffs are fifteen anonymous service members in the U.S. Army, U.S. Navy, U.S. Marine Corps, U.S. Air Force, Army Reserve, and Air Force Reserve who do not wish to take a COVID-19 vaccine and one anonymous service member in the U.S. Air Force who took the Johnson & Johnson COVID-19 vaccine. *See* Compl. ¶¶ 14–30, ECF No. 6; Decl. of John Doe #4, ¶ 7 (Sept. 27, 2021), ECF No. 1-19. They filed this suit to challenge the Department of Defense's ("DoD") COVID-19 vaccine mandate, as well as the Military Services' guidance implementing that mandate, and Food and Drug Administration's ("FDA") approval of Pfizer's Biologics License Application for its COVID-19 vaccine. Compl. ¶¶ 7–11. They seek to, among other things, enjoin the Department of Defense and the Military Services from implementing the COVID-19 vaccine mandate and vacate the FDA's approval of Pfizer's COVID-19 vaccine. *Id.* ¶ 12.

Plaintiffs seek to proceed pseudonymously in this action, citing alleged fears of retaliation for filing this case. Pls.' Mot. 2, ECF No. 4. Plaintiffs' declarations, however, do not support this claim, as no Plaintiff expresses any concern that they will suffer any harms as a result of filing this lawsuit. *See generally* Pls.' Decls., ECF No. 1-19.

## LEGAL STANDARDS

"Lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.

1992); *see also Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975) (recognizing the importance of openness in judicial proceedings); *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."). "Federal Rule of Civil Procedure 10(a) thus requires "'every pleading' in federal court" to "'name all the parties.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (quoting Fed. R. Civ. P. 10(a). This rule "'protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Frank*, 951 F.2d at 322). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981)[1] (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S. Ct. 2814, 2829 & n.17 (1980)). "This creates a strong presumption in favor of parties' proceeding in their own names." *Plaintiff B*, 631 F.3d at 1315.

Given this strong presumption of openness in judicial proceedings, courts permit plaintiffs to proceed under fictitious names only in "exceptional case[s]." *Frank*, 951 F.2d at 323. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Stegall*, 653 F.2d at 186). In analyzing a plaintiff's request to proceed anonymously, courts "review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (citing *Southern Methodist Univ. Ass'n v. Wynne & Jaffe* (*SMU*), 599 F.2d 707, 713 (5th Cir. 1979)). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* at 324.

> In this Circuit,
>
> [t]he first step in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in *SMU*. *See Stegall*, 653 F.2d at 185 (restating the test). First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?

*Plaintiff B*, 631 F.3d at 1316. And, "in analyzing all the circumstances of a given case," "[c]ourts have looked at factors such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id.* (citing *Stegall*, 653 F.2d at 186; *SMU*, 599 F.2d at

4

713).

# ARGUMENT

Plaintiffs have not met their burden of demonstrating exceptional circumstances that would justify their use of pseudonyms in this case. Plaintiffs do not recognize or discuss the test for proceeding anonymously in their motion. *See generally* Pls.' Mot. Application of the Eleventh Circuit's test shows that the presumption of openness in judicial proceedings outweighs any privacy interest that Plaintiffs have advanced.

### A. Plaintiffs' Challenge to Government Activity Does Not Weigh in Favor of Granting Plaintiffs' Request for Anonymity.

First, although Plaintiffs challenge Government activity (i.e., the DoD COVID-19 mandate, the Military Services' implementation of that mandate, and the FDA's approval of the Pfizer COVID-19 vaccine), "in only a very few cases challenging governmental activity can anonymity be justified." *Stegall*, 653 F.2d at 186; *see also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001) ("[N]o published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged government activity."); *Frank*, 951 F.2d at 324 (*SMU* "does not stand . . . for the proposition that there is more reason to grant a plaintiff's request for anonymity if the plaintiff is suing the government."). Because Plaintiffs are "suing government actors in their official capacities" and are "challenging the constitutional, statutory

or regulatory validity of government activity," this first factor has, at best only "a neutral effect."  *Nat'l Rifle Ass'n of Am., Inc. v. Bondi* (*NRA*), No. 4:18CV137-MW/CAS, 2018 WL 11014101, at *3 (N.D. Fla. May 13, 2018); *see also Frank*, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."); *Freedom From Religion Found., Inc. v. Emanuel Cty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) ("It is not that suing the government weighs in favor of granting a request for anonymity; rather, the operative principle is that a suit against a private party weighs against a plaintiff's request for anonymity.").

### B. Plaintiffs Will Not Be Required to Disclose Information of Utmost Intimacy.

As to the second factor, the Eleventh Circuit has explained that "the 'information of utmost intimacy' standard applies to cases involving issues such as abortion and prayer and personal religious beliefs."  *Plaintiff B*, 631 F.3d at 1316 (citing *Roe*, 253 F.3d at 685; *Stegall*, 653 F.2d at 186); *see also id.* at 1317 (finding that "descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities" was "information of utmost intimacy"); *SMU*, 599 F.2d at 712–13 (collecting cases and listing "birth control, abortion, homosexuality, [and] the welfare rights of illegitimate children or abandoned families" as examples of "matters of a sensitive and highly personal nature" (footnotes omitted)).  Under this

6

strict standard, "courts have denied the use of pseudonyms in cases involving matters that many would consider extremely private." *NRA*, 2018 WL 11014101, at *3; *see also, e.g.*, *Plaintiff B*, 631 F.3d at 1316 ("[C]ourts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to suffer some personal embarrassment."); *Frank*, 951 F.2d at 324 (finding "no abuse of discretion in the district court's implicit conclusion that the stigma involved in Doe's disclosure [of alcoholism] does not rise to the level necessary to overcome the presumption of openness in judicial proceedings").

No such circumstances appear to exits here. Indeed, Plaintiffs do not explain what type of intimate information they would be required to disclose in this case.[2] Plaintiffs merely cite to *Doe v. Rumsfeld*, 297 F. Supp. 2d 119 (D.D.C. 2003), and

---

[2] Plaintiff Jane Doe #1 states in her declaration that she has "a fertility disorder." Decl. of Jane Doe #1, ¶ 8 (Sept. 27, 2021), ECF No. 1-19. Although Plaintiffs have not raised this medical condition as a reason to permit Jane Doe #1 to proceed anonymously, *see generally* Pls.' Mot., Defendants do not object to Plaintiff Jane Doe #1 proceeding under a pseudonym at this time based on the information alleged in her declaration about a "fertility disorder." However, Plaintiffs should be required to provide the identity of Plaintiff Jane Doe #1 (as well as all other Plaintiffs) to Defendants under a protective order to permit Defendants to probe the veracity of the allegations in her declaration. *See Doe I v. City of Alabaster, Ala.*, No. 2:11-CV-3448-VEH, 2012 WL 13088882, at *5 (N.D. Ala. Apr. 26, 2012) (rejecting Plaintiffs' request to keep their identities "secret" from Defendants because "Defendants would be unfairly prejudiced in their ability to defend the lawsuit—indeed, they would be entirely unable to even admit or deny the Plaintiffs' allegations, without knowing the identities of the Plaintiffs").

argue that they are "similarly situated" to the plaintiffs in that case "who successfully challenged a similar unlawful order mandating administration of an experimental vaccine" and were permitted to proceed as John and Jane Does. Pls.' Mot. 3. But, as another court noted, "[t]he defendant in *Doe v. Rumsfeld* did not challenge the plaintiffs' anonymous designation." *Doe v. Von Eschenbach*, No. CIV.A.06 2131 RMC, 2007 WL 1848013, at *1 n.1 (D.D.C. June 27, 2007). Nor did the *Rumsfeld* Court explain the basis for allowing the plaintiffs to proceed anonymously. *See* Order, *Doe v. Rumsfeld*, No. 1:03-cv-00707-EGS (D.D.C. Mar. 18, 2003), ECF No. 2. And the *Von Eschenbach* Court denied a motion to proceed anonymously by service member plaintiffs who were challenging DoD's decision to reinstate mandatory inoculations. 2007 WL 1848013, at *1. In any event, the fact that Plaintiffs are challenging a vaccine mandate is not "information of the utmost intimacy" on par with birth control, abortion, sexual orientation, prayer, personal religious beliefs, or welfare rights of illegitimate children or abandoned families. *See Plaintiff B*, 631 F.3d at 1316; *SMU*, 599 F.2d at 712–13.

Plaintiffs also cite to a case where the court allowed "plaintiffs to proceed anonymously where their 'personal religious beliefs [were] at stake.'" Pls.' Mot. 3 (quoting *Yacovelli v. Moeser*, No. 1:02CV596, 2004 U.S. Dist. LEXIS 9152, at *26 (M.D.N.C. May 20, 2004)) (brackets in motion). Plaintiffs, however, do not explain why proceeding anonymously is necessary to protect their personal religious beliefs.

8

*See id.* Presumably, Plaintiffs are referring to the fact that eleven of the sixteen Plaintiffs submitted or anticipate submitting religious exemption requests.[3] Setting aside that this factor has no bearing on the other five Plaintiffs, it is not apparent why litigation by the eleven Plaintiffs who submitted or plan to submit religious exemption requests would warrant proceeding anonymously.

Although this Circuit has recognized that "religion is perhaps the quintessentially private matter," *Stegall*, 653 F.2d at 186, the law does not support granting pseudonym status merely because the case may touch on their religious beliefs. *See Freedom From Religion Found.*, 109 F. Supp. 3d 1353, 1357–58 (S.D. Ga. 2015) ("While religion is certainly an individual matter of conscience that is constitutionally shielded from government intervention, it is generally practiced openly and communally, and no court from this or any other circuit has considered a plaintiff's religious beliefs to be a matter of such sensitivity as to automatically entitle the plaintiff to Doe status." (citing *Santa Fe Indep. School Dist. v. Doe*, 530 U.S. 290, 301–02 (2000); *Stegall*, 653 F.2d at 185–86)).

Numerous plaintiffs routinely challenge Government policies as in conflict

---

[3] *See* Decl. of Jane Doe #2, ¶ 6 (Sept. 27, 2021); Decl. of John Doe # 1, ¶ 6 (Sept. 27, 2021); Decl. of John Doe #2, ¶ 8 (Sept. 27, 2021); Decl. of John Doe #3, ¶ 5 (Sept. 27, 2021); Decl. of John Doe #6, ¶ 7 (Sept. 27, 2021); Decl. of John Doe #8, ¶ 7 (Sept. 27, 2021); Decl. of John Doe #9, ¶¶ 8, 9 (Sept. 27, 2021); Decl. of John Doe #10, ¶ 7 (Sept. 27, 2021); Decl. of John Doe #11, ¶ 6 (Sept. 27, 2021); Decl. of John Doe #12, ¶ 6–12 (Sept. 27, 2021); Decl. of John Doe #14, ¶ 9 (Sept. 28, 2021), ECF No. 1-19.

with religious views or practices in public judicial proceedings, and it is not apparent why adjudication of these particular claims would involve probing into intimate, personal details about Plaintiffs' particular religious beliefs. Plaintiffs have not challenged the outcome of their religious exemption requests; at present they challenge the DoD mandate, the Military Services' implementation guidance, and the FDA's licensure of the Pfizer vaccine. *See generally* Compl. Moreover, Plaintiffs allege substantive due process and equal protection violations and make challenges under the Administrative Procedure Act to the DoD mandate and the FDA's licensure of the Pfizer vaccine, but do not, for example, bring an Establishment Clause or a Religious Freedom Restoration Act claim. *See generally id*.

The circumstances of this case are far different from those where courts have permitted a plaintiff to proceed anonymously to protect disclosure of private religious beliefs and practices. For example, in *Stegall*, a mother and her two children sought to proceed under "fictitious names with their suit challenging the constitutionality of prayer and Bible reading exercises in Mississippi public schools." 653 F.2d at 181. The court found that the plaintiffs' claims necessarily involved "revelations about the[] [plaintiffs'] personal beliefs and practices," putting their religious beliefs "at the core of th[eir] suit to vindicate establishment clause rights." *Id.* at 186. The court noted that "[e]vidence on the record indicates that the

Does may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a Rankin County community hostile to the viewpoint reflected in plaintiffs' complaint." *Id.* And the court found "especially persuasive . . . that plaintiffs are children," who faced "special vulnerability" from "threats of retaliation against the Does for filing [the] lawsuit." *Id.* In considering the totality of these circumstances, the *Stegall* court concluded that the plaintiffs' privacy outweighed the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*; *see also Freedom From Religion Found.*, 109 F. Supp. 3d at 1358 (stating that even "[i]n Establishment Clause cases, . . . something more is required than just an intrusion into a plaintiff's religious privacy before a court will allow the plaintiff to proceed using a pseudonym" (citing *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012); *Freedom From Religion Found., Inc. v. Cherry Creek Sch. Dist.*, 2009 WL 2176624 (D. Colo. July 22, 2009); *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215 (E.D. Tex. 1997)). None of the factors that the *Stegall* court considered persuasive are present here.

### C. Plaintiffs Will Not Be Compelled to Admit Illegal Conduct and Thus Risk Criminal Prosecution.

As for the third factor, Plaintiffs will not be compelled "to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *See Plaintiff B*, 631 F.3d at 1316. Although Plaintiffs argue that they risk being "dishonorably discharge[d] and imprison[ed]," Pls.' Mot. 2, Plaintiffs will not suffer

11

from these consequences because their identities are revealed in this lawsuit. The Department of Defense and the Military Services already know the vaccination status of each service member. Thus, if Plaintiffs suffer such consequences, it would not be because they admitted their intention not to get a COVID-19 vaccine in this lawsuit.

> **D. All of the Other Circumstances in This Case Weigh Against Anonymity.**

None of the other circumstances in this case weigh in favor of anonymity. *See Plaintiff B*, 631 F.3d at 1316.

First, none of the Plaintiffs are minors. *See id.*

Second, no Plaintiff was "threatened with violence or physical harm by proceeding in their own names." *Id.* Although Plaintiffs' motion alleges that the Plaintiffs "most certainly face retaliation, including harassment, punishment, and threats to their careers, for filing this case and challenging the lawfulness of their orders and the government's approval of the vaccine," Pls.' Mot. 2, these speculative, conclusory allegations—which are not even supported by Plaintiffs' own declarations—do not constitute threats of "violence or physical harm," *Plaintiff B*, 631 F.3d at 1316. Courts have routinely held that such "vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym." *Von Eschenbach*, 2007 WL 1848013, at *2 (quoting *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005)).

Plaintiffs point to the declarations from each service member, which all state that they have "credible concerns regarding retaliation, adverse employment actions and disciplinary actions." *See, e.g.*, Decl. of Jane Doe #1, ¶ 3 (Sept. 27, 2021), ECF No. 1-19. But these are not threats of "violence or physical harm." *Plaintiff B*, 631 F.3d at 1316; *see also Doe v. New Ritz, Inc.*, No. CIV. WDQ-14-2367, 2015 WL 4389699, at *2 (D. Md. July 14, 2015) ("[T]he threat of economic harm does not merit anonymity."). And none of the Plaintiffs state that they fear "retaliation, adverse employment actions and disciplinary actions" as a result of filing this lawsuit. *See generally* Pls.' Decls., ECF No. 1-19. Rather, Plaintiffs' declarations make clear that they are concerned about "retaliation, adverse employment actions and disciplinary actions" as a result of them not taking a COVID-19 vaccine. *See, e.g.*, Decl. of Jane Doe #1, ¶¶ 9, 10 ("I face administrative action, reprisal, and/or dishonorable discharge for refusing to take the vaccine for violating an 'order' that my command believes is lawful. In addition, I stand to lose all retirement, veterans and other benefits."). Again, however, the Department of Defense and the Military Services already know the vaccination status of each service member, so proceeding anonymously in this lawsuit will not obviate any alleged administrative actions. Accordingly, Plaintiffs' allegations are facially insufficient to show that they are at risk of retaliation, much less violence or physical harm, if they proceed under their true names in this case.

Finally, Plaintiffs' anonymity presents an issue of fairness to Defendants. Defendants anticipate raising threshold jurisdictional issues in support of a motion to dismiss the case, and knowing the identities of Plaintiffs will support their jurisdictional defenses. In a similar case, the court found that "the concern for fairness to DoD as a defendant militates in favor of identification of Plaintiffs." *Von Eschenbach*, 2007 WL 1848013, at *3. Like Plaintiffs in this case, those plaintiffs claimed that the Department of Defense violated 10 U.S.C. § 1107 by ordering service members to take a vaccine. *Id.* The Court concluded that because "[i]t is impossible for DoD to litigate standing without knowing who the Plaintiffs are," "[f]airness dictates that Plaintiffs' identities be revealed." *Id.*

At the very least, the Defendants would have to know Plaintiffs' identities under the protective order.[4] But that approach will present unnecessary logistical difficulties of sealed and redacted filings, and potentially closed hearings, which are not otherwise warranted for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied. If the Court permits Plaintiffs to proceed under pseudonyms, the Court should require Plaintiffs to reveal to Defendants under the protective order all of their identities at the earliest

---

[4] As of the date of this filing, Plaintiffs have provided the names of 8 of the 16 Plaintiffs to Defendants.

possible opportunity in order to allow Defendants to respond to their claims.

Dated: October 20, 2021

          Respectfully submitted,

          BRIAN M. BOYNTON
          Acting Assistant Attorney General

          ALEXANDER K. HAAS
          Director, Federal Programs Branch

          ANTHONY J. COPPOLINO
          Deputy Director

          */s/Courtney D. Enlow*
          ANDREW E. CARMICHAEL
          AMY E. POWELL
          Senior Trial Counsel
          ZACHARY A. AVALLONE
          COURTNEY D. ENLOW
          Trial Attorneys
          United States Department of Justice
          Civil Division, Federal Programs Branch
          1100 L Street, N.W.
          Washington, DC 20005
          Tel: (202) 616-8467
          Fax: (202) 616-8470
          Email: courtney.d.enlow@usdoj.gov

          *Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this submission contains 3,387 words, not including the case style, signature block, and certificate of service, according to Microsoft Word's word count function and thus is in compliance with Local Rule 7.1(F).

*/s/Courtney D. Enlow*
COURTNEY D. ENLOW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: courtney.d.enlow@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2021, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                              */s/Courtney D. Enlow*
                                              COURTNEY D. ENLOW
                                              Trial Attorney
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, N.W.
                                              Washington, DC 20005
                                              Tel: (202) 616-8467
                                              Fax: (202) 616-8470
                                              Email: courtney.d.enlow@usdoj.gov