# Exhibit 19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JANE DOE #1, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>LLOYD AUSTIN, III, in his official<br>capacity as Secretary of Defense, *et al.*,<br><br>    Defendants. | No. 3:21-cv-01211 |

### DECLARATION OF LIEUTENANT COLONEL NEKITHA M. LITTLE

I, Nekitha M. Little, hereby state and declare as follows:

1. I am a Lieutenant Colonel in the United States Air Force currently assigned as the Deputy Division Chief, Military Compensation Policy, Force Management for Military Personnel (A1P). I have been in this position since approximately August 1, 2019. As a part of my duties, I am responsible for developing and interpreting policy related to military pay and compensation guidance, which includes leave policy, to ensure consistency with Congressional statutes, the Office of the Secretary of Defense and Department of the Air Force instructions, enhance the Air Force mission, and improve the quality of life for Airmen and Guardians.

2. After the Secretary of Defense mandated the COVID-19 vaccine for all service members, the Department of the Air Force developed and promulgated a departmental-wide implementation guide, which included guidance on administrative exemptions available. As annotated on the attached, "terminal leave" is considered a valid administrative exemption to the vaccine mandate. I am familiar with this terminal leave policy as it falls within the scope of my

professional duties. In accordance with Air Force Guidance Memorandum to Department of Air Force Instruction 36-3003, *Military Leave Program*, 24 August 2020, terminal leave is defined as "…chargeable leave taken in conjunction with retirement or separation from active duty. Member's last day of leave coincides with the last day of active duty." Terminal leave is not automatic, and members must request the leave from their unit commanders via the LeaveWeb system which is the system of record for all leave requests. Once a member is on terminal leave, they are no longer considered on active duty, hence the acceptance of this as an administrative exemption as referenced in 48-110, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases,* 16 February 2018. Other than a religious accommodation under DAFI 52-201, *Religious Freedom in the Department of the Air Force*, 23 June 2021, I am not aware of any additional administrative exemptions available.

3. I make this declaration in my official capacity as the Deputy Division Chief, Military Compensation Policy, and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October 2021.

*Nekitha M. Little*
NEKITHA M. LITTLE, Lt Col, USAF
Deputy Division Chief
Military Compensation Policy

Attachment:
Excerpt from the Department of the Air Force "COVID-19 Mandatory Vaccination Implementation Guidance for Service Members," 3 September 2021

# Chapter 5

# ADMINISTRATIVE ISSUES

**5.1. Exemptions.**

5.1.1. Guidance for religious accommodations is found in DAFI 52-201. The MAJCOM, FLDCOM, DRU or FOA commander is the approval and denial authority for religious exemptions. AF/SG is the appellate authority for any religious vaccine exemption requests.

5.1.2. Administrative and medical exemptions are handled and coded IAW AFI 48-110.

5.1.2.1. The only administrative exemption is for members on approved terminal leave.

5.1.2.1.1. Official documentation from the Squadron Commander including the administrative code and duration (specific date, temporary, indefinite) of exemption will be presented to the Immunization Clinic. Validated administrative exemptions will then be entered into ASIMS by the Immunization Clinic staff.

5.1.2.2. Medical Exemptions may be authorized under AFI 48-110. See paragraph 4.5.1. for procedures.

**5.2. Healthcare Access Guidelines.** At the time of immunization, all vaccine recipients will be provided information on potential adverse events.

5.2.1. Whenever an individual presents to an MTF expressing a belief that the condition for which the treatment is sought is related to an immunization received in a DoD clinic, they are authorized initial or emergency care to evaluate and treat an actual or perceived adverse reaction. Care may also be provided by a civilian medical facility in the following circumstances: an individual believes the situation to be an emergency and the civilian hospital is the nearest facility or an individual is on leave status, TDY or in a non-duty status (ARC personnel) and there are no MTFs within 50 miles. Pre-approval may still be required depending on the specific circumstances when not an emergent situation. Refer to AFI 48-110 for additional guidance.

5.2.1.1. ARC Personnel. If a member suffers an adverse reaction from a DoD-directed immunization while in an approved duty status, it is an LOD condition.

**5.3. Refusal Management.**

5.3.1. Military Members. A commander ordering a military member to take the COVID-19 vaccine constitutes a lawful order. However, the member's commander may exercise his or her discretion in handling refusal cases. When issuing an order to a military member to take the COVID-19 vaccine, if an individual indicates he or she is going to refuse the COVID-19 vaccination or has initially refused the vaccination the following approach should be used: