# Exhibit 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JANE DOE #1, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-01211 |
| | ) | |
| LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF COLONEL ARTEMIO C. CHAPA**

I, Artemio C. Chapa, hereby state and declare as follows:

1. I am a Colonel in the United States Air Force currently assigned as the Division Chief for Medical Operations at the Air Force Medical Readiness Agency. I have been in this position since July 2018. As a part of my duties, I am responsible for medical operations in the COVID-19 pandemic policy.

2. I make this declaration in my official capacity as the Division Chief for Medical Operations and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

3. Medical exemptions from immunization requirements are accomplished in accordance with Air Force Instruction (AFI) 48-110_IP, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases*, dated 7 October 2013 (certified current 16 February 2018).[1] I

---

[1] AFI 48-110_IP is an inter-service publication. The Army identifies is at Army Regulation (AR) 40-562, Navy as Bureau of Medicine and Surgery Instruction (BUMEDINST) 6230.15B, and Coast Guard (CG) Commandant Instruction (COMDTINST) M6230.4G.

am familiar with the medical exemption policy and process as it falls within the scope of my professional duties. Medical exemptions are vaccine-specific and are determined "based on the health of the vaccine candidate and the nature of the immunization under consideration."[2] Accordingly, there is no automatic presumptive exemption from a vaccine.

4.     A service member may request a medical exemption from the COVID-19 immunization requirement by notifying their commander.[3] The service member must make an appointment with the Military Treatment Facility (MTF) to be evaluated by a military medical provider. The provider will counsel the service member to ensure the member is making an informed decision, including providing specific information about COVID-19, the potential risks of infection, benefits of vaccination, and vaccine-specific information about the product constituents, risks, and benefits.

5.     Additionally, the military medical provider will evaluate the service member to determine if a medical exemption is warranted based on the member's medical situation. The military medical provider's decision to grant or deny a medical exemption request is based on the provider's individualized assessment of the service member's medical situation. By way of example, individuals who are granted a medical exemption from the COVID-19 vaccine may include (1) people who previously received passive antibody therapy within the last 90 days, including treatment with monoclonal antibodies or convalescent plasma; (2) Multisystem Inflammatory Syndrome in Adults (MIS-A); (3) acute current COVID-19 infection; (4) pregnancy; (5) myocarditis or pericarditis following first dose or current unresolved myocarditis/pericarditis; (6) prior anaphylaxis to Pfizer COVID vaccine or a component of the

---

[2] AFI 48-110_IP, paragraph 2-6.(a).
[3] A military medical provider can be a military service member, civilian, or contractor so long as they are privileged at a "Military Treatment Facility."

vaccine;[4] or (7) immediate allergic reaction of any severity to a previous dose or known (diagnosed) allergy to a component of the COVID-19 vaccine.[5]  A military medical provider may seek further consultation if medically indicated.

6.      If a military medical provider makes a determination that a medical exemption applies to a service member, the provider documents in the exemption in the Aeromedical Services Information Management System (ASIMS),[6] which is used to track Individual Medical Readiness,[7] and Electronic Health Record.  The duration of a medical exemption depends on the underlying reason for the medical exemption.  It may be as short as 30 days and as long as one year.  Because additional COVID-19 immunization products may be approved, permanent medical exemptions are not permitted at this time.  After the medical exemption expires, the member may be reevaluated to determine if a new exemption is warranted.  Additionally, a military medical provider may revoke a medical exemption when it is no longer clinically warranted.  The military medical provider will also submit a Memorandum For Record to the service member's commander notifying them if the medical exemption was approved or denied.

7.      A service member's commander may review the member's Individual Medical Readiness to ensure the member has met all the medical requirements directed.  Once a medical exemption is annotated in ASIMS, the service member's Individual Medical Readiness will display that the member is medically exempt for the COVID-19 vaccination requirement and it will no longer display the member as coming due or overdue for the requirement.

---

[4] This is defined as the onset within 4 hours of urticarial, wheezing/dyspnea, vomiting or diarrhea, hypotension, or angioedema.
[5] Air Force Medical Readiness Agency, "COVID-19 Vaccine Exemptions Guidance for AFMS Medical Personnel," 3 Sep 21.
[6] An alternate database it can be entered is Military Health System Genesis.
[7] The Individual Medical Readiness displays a member's medical readiness, including what immunization requirements have been accomplished, which are coming due, and which are outstanding.

8.  If a military medical provider determines that a service member does not meet the criteria for a medical exemption, the provider will document the denial in the member's Electronic Health Record and provide the rationale for disapproval. Like any other medical condition, a service member may seek a second opinion.[8] To qualify for a medical exemption, the second opinion must come from a military medical provider, whether at the same or different Medical Treatment Facility. If the second medical evaluation denies the medical exemption as well, the provider annotates this denial in the Electronic Health Record and it is considered a final medical exemption disposition. If the medical evaluations conflict, the Chief of Medical Staff and military medical provider may consult with the facility's allergist or with the Defense Health Agency Immunization Healthcare Division for resolution and final adjudication by the Chief of the Medical Staff for the Military Treatment Facility.

9.  The timeline for resolution of a medical exemption request will vary depending on the purported medical issues involved and the appointment availability at the individual Military Treatment Facilities.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October 2021.

CHAPA.ARTEMIO.CERDA.1169367589
Digitally signed by CHAPA.ARTEMIO.CERDA.1169367589
Date: 2021.10.20 18:45:00 -04'00'

ARTEMIO C. CHAPA, Colonel, USAF
Division Chief, Medical Operations,
AFMRA SG3

---

[8] This is true of any medical condition, including if the service member was granted a medical exemption.

4