# Exhibit 21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

JANE DOE #1, *et al.*,  )
         Plaintiffs,  )
         v.  )   No. 3:21-cv-01211
LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*,  )
         Defendants.  )

## **DECLARATION OF CHAPLAIN, MAJOR MATTHEW J. STREETT**

I, Matthew J. Streett, hereby state and declare as follows:

1. I am a Major in the United States Air Force currently assigned as a Staff Chaplain at the Office of the Chief of Chaplains. I have been in this position since June 2021. As a part of my duties, I am responsible for coordinating Chaplain Corps policy, publications, and religious accommodation concerns for the United States Air Force and the United States Space Force, and I lead the Policy branch of the Plans and Programs division.

2. I make this declaration in my official capacity as a Staff Chaplain and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

3. The Air Force policy and procedures for addressing religious accommodation requests are outlined in Department of the Air Force Instruction (DAFI) 52-201, *Religious Freedom in the Department of the Air Force*, dated 23 June 2021 and Air Force Instruction (AFI) 48-110_IP, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases*, dated 7 October

2013 (certified current 16 February 2018).[1] DAFI 52-201 implements Department of the Air Force Policy Directive 52-2, *Accommodation of Religious Practices in the Air Force*, which implements Department of Defense Instruction (DoDI) 1300.17, *Religious Liberty in the Military Services*, in the Air Force. DoDI 1300.17 implements requirements in the Religious Freedom Restoration Act"[2] and other applicable laws.[3] I am familiar with the religious accommodation policy and process as it falls within the scope of my professional duties.

4.      A service member may request a religious accommodation from an immunization requirement by submitting a written request addressed to the approval authority to his or her unit commander. The request will include, in addition to other identifying information, "the religious basis for the request; a comment on the sincerity of the request; and the substantial burden on the member's expression of religion."[4] The approval authority indicated in DAFI 52-201 is the Major Command (MAJCOM), Field Command (FIELDCOM), Direct Reporting Unit (DRU), or Field Operating Agency (FOA) commander over the service member. The appeal authority for any disapproved request is the Air Force Surgeon General.

5.      When evaluating a religious accommodation request, DAFI 52-201 states that "[t]he Department of the Air Force has a compelling government interest in mission accomplishment and will take this into account when considering members' requests for accommodation of religious beliefs. This interest includes military readiness, unit cohesion, good order and discipline, and health and safety for both the member and the unit. Commanders may only

---

[1] AFI 48-110_IP is an inter-service publication. The Army identifies is at Army Regulation (AR) 40-562, Navy as Bureau of Medicine and Surgery Instruction (BUMEDINST) 6230.15B, and Coast Guard (CG) Commandant Instruction (COMDTINST) M6230.4G.
[2] 42 U.S.C. § 2000bb-1.
[3] Note that because of publication dates, AFI 48-110_IP does not reflect the recent, significant changes in DoDI 1300.17, while DAFI 52-201 does reflect those changes. When there are conflicts between AFI 48-110_IP and DAFI 52-201 on the same subject, DAFI 52-201 will reflect more recent guidance.
[4] DAFI 52-201, paragraph 5.3.

impose limits on such expressions when there is a real (not theoretical) adverse impact on military readiness, unit cohesion, good order and discipline, or public health and safety for both the individual and unit levels. Any imposed limitations will employ the least restrictive means possible on expressions of sincerely held religious beliefs." [5] In evaluating a request, an individual's religious practices should not adversely impact him or his unit, but methods should be evaluated to allow the member his religious expression without increasing the risk to the member or his unit.

6. To ensure commanders are properly informed of the facts and circumstances of the request and able to make an informed recommendation and/or decision, the Air Force uses a Religious Resolution Team, which "is a multidisciplinary team that advises commanders regarding resolution of religious liberty matters." [6] At the installation level, the team is comprised of the commander (or designee), Senior Installation Chaplain, a public affairs officer, a member of the Staff Judge Advocate's office (i.e., the legal office). Teams addressing immunization requests also include a medical provider.

7. Prior to review by the Religious Resolution Team, the member will have three consultations, in no particular order. First, a chaplain is appointed to interview the service member. The interview addresses the type of request, the sincerity of the request, potential alternate means of accommodating the practice, and the substantial burden. Second, the service member's unit commander must also counsel the service member concerning the impact not receiving the specified vaccine may have on "readiness for deployment, assignment, international travel, or result in other administrative consequences." [7] Third, a military physician

---

[5] DAFI 52-201, paragraph 2.1.
[6] DAFI 52-201, paragraph 3.8.1.
[7] DAFI 52-201, paragraph 6.6.1.1.

must ensure the service member is making an informed decision and consult with the member on "at a minimum, specific information about the diseases concerned; specific vaccine information including product constituents, benefits, and risks; and potential risks of infection incurred by unimmunized individuals."[8] The chaplain, commander, and medical provider each provide written memorandums of their respective meetings to include in the request package.

8.    The Religious Resolution Team reviews the package (i.e., written request and other submitted endorsements/letters, chaplain memorandum, medical provider memorandum, unit commander memorandum, and any other pertinent information) and provides a written recommendation from the team, including dissenting views of any members of the team. If necessary to making a recommendation, the team may request additional information. Separately, a written legal review for the package is provided.

9.    The package is then routed through each commander in the chain of command, from the unit commander up to the approval authority, with each commander providing an endorsement with a recommendation to approve or disapprove the request. "Endorsements must address if there is a compelling government interest and any effect the accommodation will have on readiness, unit cohesion, good order and discipline, health, or safety, and impact on the duties of the member. . . . The endorsement must also address whether less restrictive means can be used to meet the government's compelling government interest."[9]

10.   Depending on the chain of command for a specific service member, the commanders endorsing a request may include a squadron command, group command, wing command/delta commander, Numbered Air Force commander, and MAJCOM/FIELDCOM/DRU/FOA commander. In addition, as the package is routed through the chain of command, Religious

---

[8] AFI 48-110_IP, paragraph 2-6.(b)(3)(a)(2).
[9] DAFI 52-201, paragraph 6.6.1.5.

Resolution Teams at the MAJCOM (or equivalent) level also review the package and advise the commander. The MAJCOM (or equivalent) commander is the final approval authority.

11. A religious accommodation request based on the government substantially burdening a sincerely held religious belief will be approved unless there is a compelling governmental interest and the policy, practice or duty causing the substantial burden is the least restrictive means to achieve the compelling governmental interest.[10] "Using the least restrictive means necessary may include partial approval, approval with specified conditions, or other means that are less burdensome on the member's religious beliefs."[11] A religious accommodation request based on the government substantially burdening a sincerely held belief based on conscience or moral principle (as opposed to religious beliefs) are not evaluated under the compelling government interest standard; in these cases, the needs of the member are balanced against the needs of mission accomplishment.[12]

12. Requests for religious accommodation from an immunization requirement made by an active duty service member within the Continental United States should be reviewed with final action and notification to the member within thirty business days from the date the service member submitted the request. For requests from a member outside the Continental United States or reserve component service members, the timeline is extended to 60 business days.[13] If there is a large influx of religious accommodation requests, these timelines may not be met. However, even if the timelines are not met, a service member is temporarily exempted from the

---

[10] DAFI 52-201, paragraph 2.4; DoDI 1300.17, paragraph 1.2.(e)(2).
[11] DAFI 52-201, paragraph 2.4.
[12] DoDI 1300.17, paragraph 1.2.d. Para. 2.2.b directs the services to establish regulations and policies addressing conscience and moral principles ("Accommodation of practices reflecting a Service member's sincerely held conscience or moral principles will be governed by the policies of the DoD Component concerned."); DAFI 52-201, paragraph 2.5 describes that policy.
[13] DAFI 52-201, Table 2.1; DoDI 1300.17, Table 1.

relevant immunization requirement while their religious accommodation request is pending.[14] The temporary exemption applies to both the approval process and any appeal from a denial, if applicable. No administrative or disciplinary action is to be taken for failure to comply with the vaccination requirement during that exemption period.

13.   If the final approval authority approves a religious accommodation request, a written approval is provided to the member's servicing Force Support Squadron to include in the member's electronic personnel record. The member's unit commander will inform the member of the approved request. If a request is disapproved, the member may elect to appeal the request to each level of command and ultimately to the final appeal authority, the Air Force Surgeon General.[15] To file an appeal, the member addresses the appeal memorandum to the appeal authority and provides a copy to the unit commander. The unit commander will provide the request to both the prior approval authority and the appeal authority.[16] An appeal should be resolved within 30 business days following the member's written notification of intent to appeal.[17] As noted, if the timeline is not met the service member suffers no harm and continues to be exempt from the immunization requirement, and no administrative or disciplinary action is to be taken for failure to comply with the vaccination requirement during that exemption period.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October 2021.

STREETT.MATTHEW.JAMES.1147844570
Digitally signed by STREETT.MATTHEW.JAMES.1147844570
Date: 2021.10.21 08:52:20 -04'00'

MATTHEW J. STREETT, Maj, USAF
Staff Chaplain

---

[14] DAFI 52-201, paragraph 2.12.
[15] DAFI 52-201, paragraph 5.8.1. While the DAFI discusses appealing to the next higher decision authority, absent a delegation of approval authority from the MAJCOM to a lower level, in this case the next higher authority for immunization requirements is the Air Force Surgeon General with no intermediate appeal authority.
[16] DAFI 52-201, paragraph 5.8.2. – 5.8.3.
[17] DAFI 52-201, paragraph 5.8.4.