# Exhibit 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JANE DOE #1, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LLOYD AUSTIN, III, in his official ) <br> capacity as Secretary of Defense, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | No. 3:21-cv-01211 |

### DECLARATION OF COLONEL ELIZABETH M. HERNANDEZ

I, Elizabeth M. Hernandez, hereby state and declare as follows:

1. I am a Colonel in the United States Air Force currently assigned as the Chief of the Military Justice Law and Policy Division in the Military Justice and Discipline Directorate at Joint Base Andrews, Maryland. I have been in this position since July 2021. As a part of my duties, I am responsible for providing counsel on military justice matters to senior leaders, as well as guidance on military justice policy and processes to legal offices at every level of command. The Division also represents the Air Force on the Joint Service Committee on Military Justice: an inter-agency, joint body dedicated to ensuring the Manual for Courts-Martial and Uniform Code of Military Justice constitute a comprehensive body of criminal law and procedure.

2. I make this declaration in my official capacity as the Chief of the Military Justice Law and Policy Division and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

3. Department of the Air Force commanders approach every instance of a military member's refusal to obey a lawful order to receive the COVID-19 vaccination on a case-by-case basis. This is the same as it would be for allegations of misconduct or issues in work performance. In the case of COVID-19 vaccine refusals, the Secretary of the Air Force withheld authority to take action in order to ensure consistency and uniformity in disposition. Accordingly, before any administrative or disciplinary action can be taken based on a COVID-19 vaccine refusal, the case must be reviewed by a Colonel (O-6) with special court-martial convening authority, or higher.

4. If the member has failed to obey a lawful order, disciplinary action may be appropriate. Each commander must look at all the facts and circumstances and evaluate each case individually to determine the appropriate disposition. Generally, more minor misconduct should be addressed at the lowest possible level, as soon as possible, to ensure a service member's career is not negatively affected unnecessarily. More serious misconduct is typically addressed by more serious disciplinary action.

5. Potential dispositions for failing to obey a lawful order to receive the COVID-19 vaccination include adverse administrative actions, non-judicial punishment, administrative demotions, administrative discharges, and courts-martial. Each action follows its own timeline, specific to the needs of the Department of the Air Force, the member, and the commander.

6. Administrative actions are non-punitive tools, intended to improve, correct, and instruct service members who violate established Department of Air Force standards. These actions include Records of Individual Counseling, Letters of Counseling, Letters of Admonishment, and Letters of Reprimand. Each of these actions are administered in a manner to protect the service member's due process rights. These protections include an ability to consult with a free defense

counsel, provide a response, and provide other relevant information to the decision authority. If the administrative paperwork is filed in the service member's personnel record, the service member may appeal to the issuing authority for removal. There is no available data on the average processing time for these actions, but normally, the process could be expected to take anywhere from two to three weeks.

7. Non-judicial punishment provides commanders with a means of maintaining good order and discipline. It is intended to promote positive behavior changes in service members without subjecting the service member to a criminal (i.e., court-martial) conviction. This type of action has significant due process protections and an appeal process. As always, the service member has access to free defense counsel services to assist in responding to these actions. To date for calendar year 2021, the average processing time is 60 days.

8. An administrative demotion is a quality force management tool available to Department of the Air Force commanders to help ensure a quality enlisted force. This process does not apply to commissioned officers. Administrative demotions are intended to place service members at a rank commensurate with their skill level and ability; they are not intended to be punitive. The process starts when the service member's immediate commander notifies the service member of a recommendation for demotion. The service member has an opportunity to access free defense services and respond to the demotion recommendation before it goes to the demotion authority (a commander senior to the initiating commander) for decision. The service member can appeal the demotion authority's decision to the commander senior to the demotion authority. There is no available data on the average processing time for these actions.

9. Administrative discharges are appropriate when a service member does not show potential for further service. The characterization of an administrative discharge is dependent

upon many factors, to include duty performance, prior misconduct, and basis of the discharge. Although there are different processes for enlisted and officer members, the service characterizations and bases for discharge are generally the same.  The process starts when the service member's immediate commander notifies the service member of a recommendation for administrative discharge.  The service member has an opportunity to access free defense services and respond before the discharge recommendation goes to the separation authority, often the senior commander in the unit (O-6/Colonel) for decision.  Depending on the characterization of the service separation, the decision may move to a higher level review (General Officer). Additionally, depending on the service member's time in service, they may be entitled to a formal administrative hearing before a decision is made regarding their discharge from the service.  To date for calendar year 2021, the average discharge processing time for a service member not entitled to a board is 38 days.

10.  A court-martial is a criminal trial for military members and is reserved for serious criminal offenses.  There are three levels of courts-martial – general, special, and summary.  If a service member were to face a court-martial for failing to obey a lawful order, the service member would be able to challenge the lawfulness of the order during the proceedings.

11.  Possible sentences in a court-martial include confinement, reduction in grade (enlisted only), and punitive discharges.  For enlisted members, punitive discharges include bad conduct or dishonorable discharges.  For commissioned officers, the punitive discharge available is a dismissal (the equivalent of a dishonorable discharge).  Punitive discharges are adjudged in cases where a service member has committed serious misconduct.

12.  A service member who receives a punitive discharge and/or at least two years of confinement automatically receives appellate review of the conviction and/or sentence by the Air

Force Court of Criminal Appeals. If the service member does not receive a punitive discharge and/or at least two years of confinement, the service member receives appellate review of the conviction and/or sentence by the Office of The Judge Advocate General of the Air Force. To date for calendar year 2021, the average processing time from offense to trial for a special court-martial is 274 days. To date for calendar year 2021, the average processing time from offense to trial for a general court-martial is 532 days.

13.   Air Force Review Boards Agency (AFRBA) is responsible for the adjudication of military personnel matters through a number of statutory and secretarial boards. There are two subsets of the AFRBA. First, the Secretary of the Air Force Personnel Council (SAFPC), which acts for, recommends to, and announces decisions on behalf of the Secretary of the Air Force for a variety of military personnel issues. SAFPC is comprised of five boards, one of which is the Air Force Discharge Review Board (AFDRB), which has discretionary authority to review administrative discharges. A service member who received an administrative discharge or a bad conduct discharge from a special court-martial may appeal the characterization of the discharge to the AFDRB. The AFDRB estimates a records review decision will take six to 12 months to process.

14.   A second subset of the AFRBA includes the Air Force Board for Correction of Military Records (AFBCMR), which is a statutory board of civilians considering applications for correction of military records submitted by Air Force members, former Air Force members, or persons with a proper interest in the correction of a person's military record. The AFBCMR is the highest level of administrative review within the Department of the Air Force. Its decisions are final and binding on all Department of Air Force officials and other government agencies. The AFBCMR determines whether the service member has demonstrated the existence of a

material error or injustice that can be remedied effectively through correction of the applicant's military record and, if so, what corrections are needed to provide full and effective relief. Prior to applying to the AFBCMR, a service member must exhaust all other available administrative remedies. This means any service member seeking relief from an administrative discharge or a bad conduct discharge from a special court-martial first must have applied to the AFDRB and been denied relief. Service members with punitive discharges from a general court-martial may apply directly to the AFBCMR. Administrative applications take about three months to complete. Cases involving formal AFBCMR consideration take an average of 12 months.

15. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of October 2021.

HERNANDEZ.ELIZABETH.MARIE.1279606660
Digitally signed by HERNANDEZ.ELIZABETH.MARIE.1279606660
Date: 2021.10.20 12:53:11 -04'00'

ELIZABETH M. HERNANDEZ, Colonel, USAF
Chief, Military Justice Law and Policy Division