**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

|  |  |
|---|---|
| JOHN DOE, et al, | ) |
|  | ) |
| Plaintiffs | ) Case No: 3:21cv1211 |
|  | ) |
| v. | ) Tallahassee, Florida |
|  | ) October 12, 2021 |
| LLOYD AUSTIN, III | ) |
| IN HIS OFFICIAL CAPACITY AS | ) 4:33 PM |
| SECRETARY OF DEFENSE US | ) |
| DEPARTMENT OF DEFENSE, et al, | ) |
|  | ) |
| Defendants | ) |
| _____ | ) |

**TRANSCRIPT OF TELEPHONIC HEARING**
**BEFORE THE HONORABLE ALLEN C. WINSOR**
**UNITED STATES DISTRICT JUDGE**
**(Pages 1 through 11)**

APPEARANCES: (by telephone)

For the Plaintiffs:    Brandon C. Johnson
                       By:  BRANDON C. JOHNSON
                            Attorney at Law
                            brandoncjohnson6@aol.com
                       1815 Sudbury Road NW
                       Washington, DC 20012

For the Defendants:    United States Department of Justice
                       Civil Division, Federal Programs Branch
                       By:  ANDREW E. CARMICHAEL
                            Senior Trial Counsel
                       1100 L Street, N.W.
                       Washington, DC 20005

*LISA C. SNYDER, RPR, CRR*
**Official United States Court Reporter**
**111 North Adams Street, Tallahassee, FL 32301**
**(850)567-1374 * lisasnydercr@gmail.com**

*Proceedings reported by stenotype reporter.*
*Transcript produced by Computer-Aided Transcription.*

|   |   |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | (Call to Order of the Court at 4:33 PM on Tuesday, October |
| 3 | 12, 2021.) |
| 4 | THE COURT:  Good afternoon. |
| 5 | We are on the record in case 3:21cv1211.  It's Doe |
| 6 | versus Secretary Austin and others. |
| 7 | Mr. Johnson, you are on the line for the plaintiffs. |
| 8 | Are you going to be handling the hearing for the plaintiffs? |
| 9 | MR. JOHNSON:  Yes, Your Honor. |
| 10 | THE COURT:  And Mr. Carmichael for the defendants? |
| 11 | MR. CARMICHAEL:  Yes, Your Honor. |
| 12 | THE COURT:  Okay.  Well, I want to thank you both for |
| 13 | conferring.  I got these status reports.  I'm not sure when they |
| 14 | were filed, but I just saw them shortly before the call.  And |
| 15 | they looked like they were filed back to back and it looks like |
| 16 | there may have been some things that happened in between them, |
| 17 | but the short of it is the defense filed its first and said they |
| 18 | were unable to reach an agreement on the scheduling.  And then |
| 19 | the plaintiffs said that there is an agreement on the |
| 20 | scheduling, but it looks like everyone thinks that 14 days is |
| 21 | reasonable. |
| 22 | So is that where we are, Mr. Johnson, that there is an |
| 23 | agreement for both sides that there will be one response that |
| 24 | will be due 14 days from today, or tell me where we are or if |
| 25 | something got lost in translation here.  Tell me what's going |

1  on.

2  MR. JOHNSON: There is one outstanding condition.
3  We'd still prefer an expedited schedule, but if the defendants
4  are able to submit to staying current -- (Interruption)

5  THE COURT: Mr. Johnson, let me just interrupt you.
6  If everybody on the line would mute your line. We are getting
7  some echoing here. I am hearing some other background noise.

8  I was able to hear what you were saying, Mr. Johnson.
9  You can continue.

10 The condition, I guess you were going to say, is
11 that -- I saw there was some discussion in the status reports
12 about staying as to the particular plaintiffs, at least the ones
13 that they know -- they know who they are.

14 MR. JOHNSON: That is correct. And I guess my
15 understanding is apparently that is a proposal that the
16 defendants' counsel has presented to the defendants -- and I
17 will let Mr. Carmichael explain more -- better where that is.

18 Our bottom line position is if we can just get an
19 agreement, or an order from the Court, to stay any current
20 disciplinary proceedings, or the institution of new proceedings
21 while this is pending, then, you know, I think that addresses
22 our concern about harms to our plaintiff while this is before
23 the Court. But, otherwise, we would push for a more expedited
24 briefing schedule.

25 THE COURT: All right. And I do think, obviously,

1   that would allow things to be done in a more orderly way.  I can
2   say that I think if there weren't going to be something like
3   that then 14 days from today is more than the rule would
4   regularly allow anyway, and this is something that I think
5   probably would have been expedited.  I think I said 10 to 14
6   days from sort of the outer limit when we spoke Friday, and that
7   was from Friday, or when at least the second motion was filed.
8              Mr. Carmichael, I'm sure you do have approval channels
9   to go through, and I'm sure that's what you are going to tell me
10  about, but respond to what Mr. Johnson said any way you'd like,
11  please.
12             MR. CARMICHAEL:  Yes, Your Honor.  We just got the
13  name of one plaintiff this morning.  He's in Alaska.  So really
14  didn't make any progress on being able to see if there was going
15  to be a stay with the discipline, or if there even was
16  discipline pending against the service member.
17             The other -- I think there were 8 or 9, I can't
18  remember the exact number was just given to us -- 2-ish or
19  3-ish -- so I wasn't able to make any progress on that.  And we
20  didn't commit to anything.  I was -- we were going to look into
21  it.
22             THE COURT:  Okay.
23             MR. CARMICHAEL:  And given that the service member is
24  in Alaska we were unable to get anywhere there.
25             THE COURT:  Here's what we will do then.  On the

1  response deadline, we'll set it for a week from today, which
2  would be roughly 10 or 11 days from when the motion was filed.
3          If there is something worked out in that regard,
4  certainly I have no problem with 14 days from today, which would
5  give another week and some change. But for right now we will
6  set the response deadline for October 19th.
7          MR. CARMICHAEL: Your Honor, if you would -- there is
8  one note in there that -- this is more relevant to me -- my
9  reserve duty. If we could get two extra days. I'm not going to
10 be working those two extra days, so if we could get two more
11 days added that would be great, which is Monday.
12         THE COURT: I did see that and I guess my thought
13 was -- I know it's not just you. I'm sure there is a lot of
14 other lawyers involved in this, but I will give those two days
15 and put it on the 21st.
16         Like I said, if there is a way to address the issue
17 that Mr. Johnson was talking about, and you can have more time
18 on top of that, we will give you two days after that for a
19 reply, Mr. Johnson, which will be the 23rd.
20         Let's talk about the disclosure issues. It looks like
21 from the report that -- well, one, I guess you all are working
22 on a consented protective order. But is it your plan to send
23 over all of the names, Mr. Johnson, or just -- it looked like
24 some of them had gone, or tell me what the status is there.
25         MR. JOHNSON: Well, as of today, 8 of our 16

1  plaintiffs have agreed to this proposal, the protective order,
2  though they had agreed believing that, you know, the
3  disciplinary actions would be stayed.  And for most of them
4  there are not current disciplinary actions.  It's mainly the
5  concern about future disciplinary actions.  And I would just
6  reiterate if the defendants would confirm that they would stay
7  disciplinary proceedings, or not institute new disciplinary
8  proceedings, the longer briefing schedule is acceptable to the
9  plaintiffs.
10          THE COURT:  I was asking about the names.  I mean,
11 they were going to want to respond, whether it's 2 weeks, 3
12 weeks, 1 week.  Regardless what happens with a stay, they are
13 going to need information about those plaintiffs to respond to
14 the factual allegations as to those plaintiffs.
15          Is it your plan to give them all the names, or tell me
16 what we are doing with that.
17          MR. JOHNSON:  Right now the plan is to give -- to
18 disclose the names of the 8 individuals who have agreed to the
19 proposal, and there are perhaps 3 or 4 more that I may get as
20 soon as today, or I may not get.
21          THE COURT:  If you don't get -- I mean, are you going
22 to be seeking relief on behalf of people that the government
23 doesn't have the identity of and can't challenge the factual
24 claims of?  I mean, that's not something I don't guess we have
25 to decide right now, but that's something that's got to be

1   resolved at some point, or maybe that's just a part of what the
2   government's brief would be.
3           MR. JOHNSON:  Well, I would say, as an initial matter,
4   I think with the 8 who we have disclosed we can certainly show
5   irreparable harm.  And pending either current proceedings, or
6   the threat of imminent proceedings, threat of all the sanctions
7   we discussed, definitely, you know, separation, we don't know if
8   dishonorable discharge would be pursued, but if that is on the
9   table by all accounts.  Many of them have received verbal
10  indications that that could occur.  But we believe with this 8
11  we can certainly show irreparable harm.  And that they are, in
12  fact, subject to actual and imminent injury.
13          THE COURT:  I get that.  But suppose you are right on
14  those, and there is an injunction prohibiting enforcement
15  actions against those 8, that doesn't help the others.  I guess
16  at that point they are just non-entities; aren't they?
17          MR. JOHNSON:  We would certainly request relief.
18  Maybe again --
19          THE COURT:  What would the relief be?  I mean, the
20  Court can't enjoin the Secretary to not take action against
21  somebody that they don't even know -- how would they comply with
22  that if they don't know who the person is?
23          MR. JOHNSON:  I think if they had not agreed to these
24  terms by that time we would go back and request their agreements
25  so that they could be covered by the injunction.

1                THE COURT:  I see.  Okay.  Maybe we have made as much
2    progress on that issue as we can right now.
3                Mr. Carmichael, is it your plan to respond separately
4    to the motion to proceed anonymously, or is that something you
5    want to do altogether?  Is that something that needs to be
6    resolved first, or do you have -- I guess you have got enough --
7    I guess with what Mr. Johnson just said right now that may
8    resolve your issue on that.  Maybe not.
9                MR. CARMICHAEL:  Yes.  We were planning -- we don't
10   know how we are going to respond yet, but -- or if we are going
11   to oppose it yet, but we were going to plan to respond within
12   the 14 days in which it was filed.
13               THE COURT:  Okay.
14               MR. CARMICHAEL:  It may overlap with our responses to
15   the TRO and PI.
16               THE COURT:  Okay.
17               When did you anticipate, Mr. Carmichael, you would
18   know on this voluntary stay issue that the status reports talk
19   about?
20               MR. CARMICHAEL:  You know, it's hard to say just
21   because we don't know where all the different people are.  But,
22   I assume we can get, by the end of this week, whether or not we
23   are going to be off of the schedule the Court just outlined, or
24   ask for a couple more days based off of the stay just because we
25   don't know where they are.  I mean, somebody could be deployed

1    and then it would be really hard to get in contact with their
2    commander.  Because that's essentially what we have to do; we
3    have to have the commander agree to stay any proceedings, if any
4    are happening, and that can take some time.
5            THE COURT:  Okay.  All right.  Well, do you
6    anticipate -- does either side anticipate wanting an evidentiary
7    hearing on this once it's briefed?  Mr. Johnson?
8            MR. JOHNSON:  Well, I think we do -- we have requested
9    oral arguments.
10           THE COURT:  Right.
11           MR. JOHNSON:  Personally, we -- our position, and I
12   don't want to get into the merits too much, but the issues are
13   very clear, black and white, violations of statute.
14           The evidentiary hearing, I guess, would address, you
15   know, individualized injury.  I think though we can easily
16   establish that with our 8 of 16 plaintiffs.  And, you know, the
17   argument should be, to the extent we have oral argument, should
18   be focused on law and the justifications for what appear to be
19   very clear violations.
20           THE COURT:  Okay.  So, as you sit here today, you
21   don't anticipate needing any fact finding that can't be done
22   with just affidavits?
23           MR. JOHNSON:  As far as the TRO motion, I think it
24   will focus on the law.  We do think there is a lot of scientific
25   evidence to be presented.  I don't know if a TRO motion is the

1  proper form for that.

2          THE COURT: Gotcha.

3          Mr. Carmichael, any thoughts on a hearing? Do you

4  request an evidentiary hearing? Do you request a hearing at

5  all?

6          MR. CARMICHAEL: No. The government doesn't request a

7  hearing. We think that it probably could be decided and the

8  papers.

9          THE COURT: Well, if anything changes in that regard

10 with either of you, you can state in your papers -- forthcoming

11 papers if you request anything other than what -- I know the

12 plaintiffs already requested oral argument, but if there is any

13 views change about whether there needs to be an evidentiary

14 hearing let us know on that.

15         Other than that, I think we have covered what I had

16 wanted to cover today. I will do a brief written order just

17 capturing those dates.

18         And I will say this, a week from today, which is the

19 19th, is a Tuesday. And we would move that to Thursday, at

20 Mr. Carmichael's request, and I said the 23rd, which falls on a

21 Saturday but I would like it still to be filed then so we can

22 keep things moving. Normally the Saturday would roll over to

23 Monday but I don't want that to be the case.

24         Anything further, Mr. Johnson, from the plaintiffs?

25         MR. JOHNSON: On that last point, Your Honor, could we

1  perhaps ask for maybe a compromise to where we could file on
2  Sunday, giving us 3 days, and you would have papers ready to go
3  bright and early Monday morning?
4          THE COURT:  Okay.  We will do that.  The 24th then.
5  Okay.
6          MR. JOHNSON:  Thank you, Your Honor.
7          THE COURT:  Mr. Carmichael, anything further from you?
8          MR. CARMICHAEL:  No, Your Honor.
9          THE COURT:  Okay.  Thank you both and have a good day.
10         We are adjourned.
11      (Proceedings concluded at 4:48 on Tuesday, October 12,
12  2021.)
13                       * * * * * * * *
             I certify that the foregoing is a correct transcript
14  from the record of proceedings in the above-entitled matter.
    Any redaction of personal data identifiers pursuant to the
15  Judicial Conference Policy on Privacy are noted within the

17  /s/ Lisa C. Snyder                            10/18/2021

18  Lisa C. Snyder, RPR, CRR                      Date
    Official U.S Court Reporter