UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1, *et al.* <br><br> **Plaintiffs,** <br> vs. <br><br> LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, *et al.* <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) **CIVIL ACTION NO.** <br> ) **3:21-cv-01211-TKW-HTC** <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR PLAINTIFFS TO PROCEED ANONYMOUSLY**

**INTRODUCTION**

Pursuant to Local Rule 5.5, Plaintiffs submitted an *ex parte* motion for leave to proceed anonymously in this matter. Plaintiffs cited their broader wishes to retain their privacy, in light of the specific medical issues implicated in this matter, and also cited the very real potential for retaliation, harassment, punishment, and overall threat to their careers for filing this suit. *See* ECF No. 4 at 2.

Defendants are opposed, arguing that Plaintiffs' legitimate concerns – the privacy of their medical history and the potential they will face retaliation, including harassment, punishment, and threats to their careers – are insufficient to meet their burden "that would justify their use of pseudonyms in this case." ECF 30 at p. 5.

Defendants could not be more wrong, having misunderstood both the law on this matter and the facts justifying Plaintiffs' request. Plaintiffs should be allowed to proceed anonymously for the reasons set forth below.

## ARGUMENT

### A. Background

Federal Rule of Civil Procedure 10(a) states that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). There are exceptions to this rule. A party may be allowed to proceed anonymously if they establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 10, 1981).

This question of whether a substantial privacy right outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, ___ F.3d ___, 2020 WL 4013070, at *5 n.5 (11th Cir. July 16, 2020). Some factors to consider include whether:

(1) plaintiffs seeking anonymity were suing to challenge governmental activity;

(2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and

(3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981).

Yet these are not the only factors. As the Eleventh Circuit has stated, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Plaintiff B. v Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citations omitted).

**B. Defendants' Near-Exclusive Reliance on the *Stegall* Factors is Mistaken.**

Defendants' response focuses almost exclusively on the three factors cited in *Doe v. Stegall* that are common to "John Doe" cases, walking through each of these factors to argue why Plaintiffs do not deserve to proceed anonymously. Defendants allege that Plaintiffs have not met their burden as applied to the "Eleventh Circuit's test." ECF 30 at p. 5. They claim Plaintiffs' request must be denied because "[n]one of the factors that the *Stegall* court considered persuasive are present here." *Id*. at 11.

The problem with Plaintiffs' assessment is that the "[t]he enumerated factors in *Stegall* were not intended as a 'rigid, three-step test for the propriety of party anonymity.'" *Doe v. Frank*, 951 F.2d 320, 323 (5th Cir. 1992) citing *Stegall*, 653 F.2d at 185. In other words, Defendants are asking this Court to deny Plaintiffs' requested anonymity using a formula rejected by other courts.

**C. The totality of the circumstances weighs in favor of anonymity.**

Rather than adopting Defendants' position and relying on the *Stegall* factors exclusively, this Court is to review *all* the circumstances of this case – not just those that fit into the *Stegall* factors. *See Plaintiff B. v Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). After all, "[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 851 F.2d at 323.

As the factors from *Stegall* might help inform whether anonymity is warranted, the Eleventh Circuit has enumerated other factors for a court to consider, including whether "the issues involved are matters of a sensitive and highly personal nature" that the "practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir.) (quoting *Wynne & Jaffe*, 599 F.2d 707, 712-13).

The issues in the present case, which include inquiry into Plaintiffs' medical history and decisions relating to their medical care, involve the "matters of a sensitive and personal nature" contemplated by the Eleventh Circuit in *Francis*. The review is similar to, but seemingly more broad, than the second *Stegall* factor that a plaintiff must be disclosing "information of the utmost intimacy." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981).

Plaintiffs still meet their burden under the second *Stegall* factor and under *Francis*. There is no question that these medical decisions and medical histories are so personal and so sensitive that the disclosure of Plaintiffs' identities yields to the overarching policy of "protecting privacy in a very private matter." *Francis*, 631 F.3d 1315-16 (citations omitted). For example, Jane Doe #1 has a fertility disorder.[1] ECF No. 1-18 at p. 2. Jane Doe #2 cites her prior COVID-19 infection. *Id*. at p. 5. John Doe #3 has a history with cancer and still suffers side-effects from his chemotherapy treatment. *Id*. at p. 10.

These privacy concerns, while sufficient by themselves to support Plaintiffs' anonymity in this matter, coincide with Plaintiffs' real and credible fears of "retaliation, adverse employment actions and disciplinary actions." *See* ECF No. 1-18. This includes punishment up to and including dishonorable discharge, imprisonment, and the loss of their rights guaranteed under the constitution. *See* ECF No. 1-18. Plaintiffs' declarations explain these fears in detail. John Doe #7 states he has been "informed that I will face administrative action, including non-promotion status to separation from the Army" if he does not get the mandated vaccine. *Id*. at 19. John Doe #8 declares he is "facing a dishonorable discharge or separation as a risk due to refusing the mandate of COVID-19 vaccination." *Id* at 21. It isn't just

---

[1] Defendants state they "do not object to Plaintiff Jane Doe #1 proceeding under a pseudonym at this time." ECF 30 at fn. 2.

their present positions that are at risk – it is their futures as well. As John Doe #14 states, "I also face the loss of retirement, veterans and other governmental benefits" for not getting a COVID-19 vaccine. *Id*. at 35. Defendants have not stayed Plaintiffs' potential punishment, making Plaintiffs' concerns even more real – and the need for anonymity more pressing.

These factual allegations make clear the potential for harassment and intimidation. These are two factors the Eleventh Circuit has considered in allowing plaintiffs to proceed anonymously. *See Hispanic Interest Coalition v. Governor of Alabama*, 691 F.3d 1236, 1247, fn. 8 (11th Cir. 2012) (discussing how "revealing the illegal status of children could lead to criminal prosecution, harassment, and intimidation" and how "this reality has led federal courts – including the district court here – to permit the plaintiffs to proceed anonymously in immigration-related cases").

Furthermore, multiple Plaintiffs cite their sincerely-held religious beliefs and their requested religious exemptions. John Doe #1, for example, states the mandate would require him to violate his belief that his body is "a temple of the Holy Spirit." *Id*. at p. 7. In totality, these facts outweigh the presumption of openness in judicial proceedings.

Yet there is more. Plaintiff's challenge of government activity, in light of the first *Stegall* factor, weighs in favor of anonymity. Defendants argue to the contrary

– and argue against the premise asserted in *Stegall* – stating that this factor has a neutral effect. ECF No. 30 at p. 5. Of course, Plaintiffs are not relying exclusively on this factor. Yet this first *Stegall* factor has more weight than Defendants admit. While no *Stegall* factor is "meant to be dispositive," the Eleventh Circuit has observed as potentially "significant" the fact that a plaintiff was "suing the government." *Frank*, F.2d at 323.

While Defendants raise the denial of anonymity in cases with unrelated factual claims, Plaintiffs ask this Court to look to similar cases where anonymity of servicemembers was allowed. As stated in Plaintiffs' motion for leave, the United States District Court for the District of Columbia granted plaintiffs' request to file anonymously where they were challenging a similar unlawful order mandating the administration of an experimental vaccine. *John Doe No. 1 v. Rumsfeld*, 297 F. Supp. 2d 119 (D.D.C. 2003).

Finally, this Court can grant Plaintiffs' requested anonymity without prejudicing Defendants. The protective order the partied have agreed to would actually facilitate Plaintiffs' request. Defendants voice concerns that knowing Plaintiffs' identities under the protective order, but while keeping Plaintiffs anonymous, would "present unnecessary logistical difficulties of sealed and redacted filings, and potentially closed hearings." ECF No. 30 at p. 14. The Eleventh Circuit

disagrees. In cases involving discrete female healthcare choices, for example, it has allowed a plaintiff to proceed anonymously under a similar protective order:

> The only justification the defendants offer for stripping Roe of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public. That is a reasonable way to reconcile the competing interests, and the district court can enter an appropriate protective order. The district court should have granted Roe's motion to proceed anonymously.

*Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001).

In consideration of the protective order pending in this case, Defendants' objections on the grounds of inconvenience do not outweigh Plaintiffs' interest to remain anonymous due to their medical privacy, fears of punishment and retaliation, and private religious beliefs. Plaintiffs request this Court follow the Eleventh Circuit's lead and find that the protective order is a "reasonable way to reconcile the competing interests" and allow Plaintiffs to proceed anonymously.

## CONCLUSION

In conclusion, and for these reasons, Plaintiffs respectfully request this Court grant Plaintiffs' request to proceed anonymously and to waive the requirement of Fed. R. Civ. P. 10(a) to provide their names in pleadings.

                                                   Respectfully submitted,

                                                   */s/ Ibrahim Reyes*

Ibrahim Reyes, Esq.
Florida Bar No. 581798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel. 305-445-0011
Fax. 305-445-1181
Email: ireyes@reyeslawyers.com
*/s/ Brandon Johnson*
Brandon Johnson, Esq.
DC Bar No. 491370
/s/ Travis Miller
Travis Miller, Esq.
TX Bar No. 24072952
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org
Email: traviswmiller@gmail.com
**Attorneys For Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing motion through the Court's CM/ECF system on October 29, 2021, which will serve all counsel of record.

*/s/ Brandon Johnson*