IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN DOE #1-#14 and JANE DOE #1-#2,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-1211-AW-HTC

LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, et al.,

    Defendants.

_____/

**ORDER DENYING MOTION
FOR LEAVE TO PROCEED ANONYMOUSLY**

    The plaintiffs, sixteen servicemembers, sued over the military's COVID-19 vaccine mandate. The court earlier denied their motions for preliminary injunctive relief. ECF No. 47. This order addresses the separate issue of whether the plaintiffs may proceed anonymously. Based on controlling Eleventh Circuit law, I conclude they cannot.

    The plaintiffs seek anonymity because they fear "retaliation, including harassment, punishment, and threats to their careers, for filing this case and challenging the lawfulness of their orders and the government's approval of the vaccine." ECF No. 4 at 2. The defendants oppose anonymity, arguing that the plaintiffs' privacy interests do not outweigh the public's interest in transparency. ECF No. 30 at 3-5.

1

Federal Rule of Civil Procedure 10(a) requires that complaints "name all the parties." The rule creates a "strong presumption in favor of parties' proceeding in their own names," *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011), and "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name," *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B*, 631 F.3d at 1315 (quoting *Frank*, 951 F.2d at 322).

To overcome this strong presumption, plaintiffs must demonstrate "a substantial privacy right [that] outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). In determining whether plaintiffs have made such a showing, a court must "consider the circumstances of the case and weigh the relevant factors." *Plaintiff B.*, 631 F.3d at 1315. Three initial factors are whether "the plaintiffs seeking anonymity [are] challenging governmental activity"; whether proceeding in their own names would require them "to disclose information of the utmost intimacy"; and whether they would "be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1316 (citing *Stegall*, 653 F.2d at 185). Applied to

2

the circumstances here, those factors do not add up to a privacy interest that "outweighs the presumption of openness." *Frank*, 951 F.2d at 324.

That the defendants here are government officials does not move the needle toward anonymity. While suing a private defendant gives "*more* reason *not* to grant the plaintiffs' request for anonymity," the Eleventh Circuit has never held "that there is more reason to grant a plaintiff's anonymity if the plaintiff is suing the government." *Frank*, 951 F.2d at 324 (affirming denial of anonymity request in suit against the USPS); *see also Stegall*, 653 F.2d at 186 ("[I]n only a very few cases challenging governmental activity can anonymity be justified.").[1]

The fact that the plaintiffs' vaccination status is at issue does not weigh heavily in their favor either. Their vaccination status is not the type of matter the Eleventh Circuit has found to be of "the utmost intimacy." *See Frank*, 951 F.2d at 324. Even cases involving sexual assault allegations often don't suffice. *Plaintiff B*, 631 F.3d at 1316. Rather, the utmost-intimacy factor concerns cases involving issues like abortion, exploitation in child pornography, or the like. *Id.* at 1316-17; *see also*

---

[1] The plaintiffs cite a district court decision that granted anonymity to servicemembers challenging the military's anthrax-vaccine mandate. *See* ECF No. 4 at 3; *see also Doe v. Rumsfeld*, 297 F. Supp. 2d 119 (D.D.C. 2003). But the defendants in *Rumsfeld* never challenged the plaintiffs' anonymity. *See* Order, *Doe v. Rumsfeld*, No. 1:03-cv-00707 (D.D.C. Mar. 18, 2003). And the nonbinding *Rumsfeld* provided no analysis supporting its decision. *See id.*

*So. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe* (*SMU*), 599 F.2d 707, 713 & n.10 (5th Cir. 1979). Vaccination status simply is not on that level.

Nor is it enough to assert that the plaintiffs' medical histories might be at issue. The plaintiffs note that one of them had cancer and another has a fertility disorder. ECF No. 4 at 5. A medical history that a plaintiff puts at issue is generally insufficient to meet the applicable standard, and plaintiffs have not shown that why the general rule should not apply here. Courts routinely consider cases—medical malpractice cases, for example—involving medical histories of plaintiffs who sued in their own names.[2] And to the extent there are sensitive medical records or information that becomes relevant, privacy interests can be addressed through a protective order. In short, the plaintiffs have not shown issues of "the utmost intimacy."

The prospect of disclosing religious beliefs is a relevant privacy interest, *see Plaintiff B*, 631 F.3d at 1316, but not a strong one here. Although several plaintiffs

---

[2] The defendants do not oppose Jane Doe #1's remaining anonymous because she asserted she has a fertility disorder. *See* ECF No. 30 at 7 n.2; *see also* ECF No. 1-19 at 3 ¶ 8. But Rule 10(a) applies regardless of a defendant's consent. At any rate, Jane Doe #1 provides insufficient detail to justify anonymity—the plaintiffs' motion focuses entirely on the possibility of workplace retaliation and career consequences. *See* ECF No. 4 at 2. To the extent she contends her medical status warrants proceeding anonymously, she may file a new motion setting out additional detail. This order is without prejudice to her doing so.

sought religious exemptions from the mandate,[3] *see, e.g.*, ECF No. 1-19 at 5 ¶ 6; 7 ¶ 6; 11 ¶ 5, they have not asserted a need to keep their religious beliefs private. And this case does not involve any claim based on religious freedom. At any rate, the plaintiffs have not shown a substantial privacy interest in shielding their religious beliefs from public view. *Cf. Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (granting anonymity where record showed likelihood of religious retaliation from plaintiff's community).

In addition, nothing about this case will compel the plaintiffs "to admit their intention to engage in illegal conduct and thus risk criminal prosecution." *Plaintiff B.*, 631 F.3d at 1316. Even if refusing the vaccine could constitute admitting illegal activity, this factor would not help the plaintiffs. The military already knows the plaintiffs' vaccination status. Indeed, the plaintiffs all allege they have either submitted exemption requests, been warned of disciplinary action for refusing to be vaccinated, or otherwise discussed vaccine objections with a superior officer. *See generally* ECF No. 1-19. So this is not the type of case where anonymous plaintiffs seek to hide their intended conduct. *See, e.g.*, *SMU*, 599 F.2d at 713 & n.9.

Last, plaintiffs assert a fear of retaliation. But despite generally arguing about retaliation from this lawsuit, their affidavits talk about retaliation only from not

---

[3] Those exemptions are not at issue in this case. ECF No. 6 at 2 n.1.

complying with the mandate. *See, e.g.*, ECF No. 1-19 3 ¶ 9 ("I face administrative action, reprisal, and/or dishonorable discharge *for refusing to take the vaccine* . . . ."); 19 ¶ 7 ("If I refuse to get the vaccine, I have been informed that I will face administrative action, including non-promotional status to separation from the Army."). To the extent they argue that their participation in the litigation will subject to them to retaliation, they simply have not shown this to be so.

Having carefully considered all relevant factors,[4] I conclude the plaintiffs have not met their high burden of showing a need to proceed anonymously. Their motion (ECF No. 4) is DENIED, and the First Amended Complaint (ECF No. 6) is STRICKEN for failure to comply with Rule 10(a). Within 14 days, the plaintiffs may replead consistent with Rule 10(a).

SO ORDERED on December 1, 2021.

                                                s/ *Allen Winsor*
                                                United States District Judge

---

[4] Certain other factors courts sometimes consider—like whether plaintiffs are minors and whether there is risk of "violence or physical harm," *Plaintiff B*, 631 F.3d at 1316—are not at issue here.