## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JOHN DOE #1–14 and JANE DOE #1–2,**<br><br>Plaintiffs,<br><br>v.<br><br>**LLOYD AUSTIN**, in his official capacity as Secretary of Defense; **XAVIER BECERRA**, in his official capacity as Secretary of Health and Human Services; **FRANK KENDALL**, in his official capacity as Secretary of the Air Force; **CARLOS DEL TORO**, in his official capacity as Secretary of the Navy; **JANET WOODCOCK**, in her official capacity as Acting Commissioner of the U.S. Food and Drug Administration; and **CHRISTINE WORMUTH**, in her official capacity as Secretary of the Army,<br><br>Defendants. | Case No. 1:21-cv-01211-AW-HTC |

## DEFENDANTS' MOTION TO STAY DISCOVERY AND MEMORANDUM

## IN SUPPORT OF MOTION TO STAY DISCOVERY

### INTRODUCTION

Defendants respectfully request that the Court enter a protective order staying discovery, and all deadlines sets forth in the initial scheduling order, at least until a motion to dismiss is resolved. As of December 6, 2021, Plaintiffs have not filed an operative complaint, and Defendants intend to move to dismiss any amended complaint in any case. If any claims survive a motion to dismiss, they should be

1

reviewed on the basis of an administrative record without discovery, and such cases are exempt from the Rule 26 requirements.  The scope and timing of the appropriate administrative record turns on a decision on the motion to dismiss.  Defendants intend to argue that the Court should dismiss this matter in its entirety based on jurisdictional arguments, and the Court must resolve those jurisdictional issues prior to exercising jurisdiction over discovery disputes.  Moreover, Defendants likely will argue that the Court should dismiss this matter for failure to state a claim, based on many of the same merits arguments that the Court already found persuasive in its opinion denying a preliminary injunction.  Accordingly, until the question of jurisdiction is resolved, as well as the nature of any claim that may proceed, and the scope of the administrative record for that claim, discovery is inappropriate and, at the very least, premature.  For these reasons, the Court should stay discovery at this time.

## BACKGROUND

In the midst of a deadly pandemic that has killed over 770,000 Americans, the Department of Defense ("DoD") added a vaccine for COVID-19 to the long list of immunizations already required for service members.  On October 6, 2021, sixteen service members, who originally moved to proceed anonymously, filed suit against DoD, the military services, the Department of Health and Human Services ("HHS"), and the Food and Drug Administration ("FDA").  *See* ECF No. 1; Corrected Compl.,

ECF No. 6.  Plaintiffs raised 11 claims, including that DoD's COVID-19 vaccine mandate and the military services' implementation guidance are arbitrary and capricious and contrary to law under the Administrative Procedure Act ("APA") (Counts 1 and 5, as well as Count 6 against DoD only), ECF No. 6 ¶¶ 108–112, and violate statutes governing investigational new drugs ("INDs"), 10 U.S.C. § 1107, and emergency use products, 10 U.S.C. § 1107a, 21 U.S.C. § 360bbb-3 (Count 2), *id.* ¶¶ 113–117.  Plaintiffs further alleged that the DoD mandate violates their substantive due process and equal protection rights (Count 7 and 9), *id.* ¶¶ 144–153, 159–164, and imposes unconstitutional conditions (Count 8), *id.* ¶¶ 154–158. Plaintiffs also alleged that the FDA violated the APA by approving a Biologics License Application ("BLA") for Comirnaty (Counts 3 through 6), *id.* ¶¶ 118–143. And Plaintiffs raised claims under 42 U.S.C. § 1983 (Count 10).  *Id.* ¶¶ 165–167. Finally, Plaintiffs alleged that the DoD mandate and FDA's Comirnaty approval violate "separation of powers and federalism" (Count 11).  *Id.* ¶¶ 168–171.

Six weeks after Secretary Austin issued the vaccine mandate, Plaintiffs filed two "emergency" motions for an administrative stay, declaratory judgment, temporary restraining order, and preliminary injunction.  *See* Pls.' Mot., ECF No. 3, 10.  On November 12, 2021, the Court denied those motions.  ECF No. 47.  The Court found no likelihood of success on the statutory claims against DoD because DoD was not required to go through notice-and-comment rulemaking, because

Plaintiffs had not shown that the DoD decision was arbitrary and capricious, and because Plaintiffs had not shown that they were compelled to take an unlicensed vaccine. ECF No. 47, at 8-16. The Court likewise found no likelihood of success on the statutory claims against FDA because Plaintiffs cannot rely on extra-record evidence to challenge agency action, because Plaintiffs have not shown that FDA acted without reasonable basis, because Plaintiffs likely lack standing to challenge the interchangeability determination, because Plaintiffs' legal interpretation of the FDA determination is incorrect, because the Emergency Use Authorization is not reviewable, and because Plaintiffs have not shown that the EUA is legally flawed. *Id*. at 16-25. Finally, the Court rejected the constitutional claims as well, finding that Plaintiffs had not identified a fundamental right or suspect class at issue, and the DoD vaccine mandate would survive rational basis review. *Id*. at 25-31. Because the Court denied the preliminary injunction motion on other grounds, the Court did not address the Defendants' jurisdictional ripeness arguments. *Id*. at 31 n.18.

On November 22, 2021, the Court entered a standard scheduling order, directing the parties to confer by December 7, 2021, permitting discovery thereafter, and setting default deadlines for discovery, summary judgment and trial. *See* ECF No. 48. Defendants' counsel contacted Plaintiffs' counsel to discuss further proceedings shortly after the Thanksgiving holiday; based on conferral to date, the parties disagree about whether discovery is necessary or appropriate in this action.

The parties currently anticipate asking to extend the deadlines for the 26(f) conference, the 26(f) report, and the initial disclosures, without prejudice to this motion to stay, which Plaintiffs oppose.  The parties continue to discuss scheduling matters but are at an impasse with respect to this motion.

In discussing scheduling, Defendants originally proposed to file a motion to dismiss on December 10, 2021.  Plaintiffs' counsel then advised Defendants of their intention to seek to amend their Complaint this week or early next week, and on December 1, 2021, the Court issued an order striking the then-operative complaint for failure to name the plaintiffs and permitting Plaintiffs to re-plead by December 15, 2021.  *See* ECF No. 49.  Plaintiffs' counsel have indicated that the Amended Complaint will name the remaining original Plaintiffs, eliminate the constitutional claims, add several new Plaintiffs, and "clarify" other claims with new allegations. There is no current deadline for responding to the yet-to-be-filed amended complaint.  (Assuming Plaintiffs file as currently planned around December 7, 2021, Defendants anticipate seeking an extension of time for responding to the Amended Complaint in light of the upcoming holidays and multiple other deadlines).

## ARGUMENT

The Court has wide discretion to control the nature and timing of discovery and "should not hesitate to exercise appropriate control over the discovery process."  *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Clinton v. Jones*, 520 U.S.

681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citation omitted)).  Courts have discretion to issue a protective order under Federal Rule of Civil Procedure 26(c) upon a showing of good cause in order to "protect a party from annoyance, embarrassment, oppression or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required").  This discretion includes orders forbidding the requested discovery altogether.  Fed. R. Civ. P. 26(c)(1)(A).

Here, the Court should stay discovery indefinitely, or at least until the motion to dismiss is resolved.  The claims in this case, if they survive a motion to dismiss, would be resolved on the basis of an administrative record, not discovery.  And resolving the motion to dismiss prior to discovery avoids improper exercise of the Court's jurisdiction and conserves the resources of the parties and the Court.

I.     **Under Settled Principles of APA Record Review, No Discovery is Necessary or Appropriate in this Case.**

Plaintiffs in this action challenge various agency actions and explicitly base their claims on the statutory authority of the Administrative Procedure Act (APA).  *See* Compl. ¶¶ 13, 108-112, 118-43.  Accordingly, this is an action for judicial review on an administrative record.  *See* Fed. R. 26(a)(1)(B), 26(f)(1) (exempting

administrative record cases from Rule 26 requirements).  In making its determination concerning whether the challenged agency actions are "contrary to constitutional right," 5 U.S.C. § 706(2)(B), or "arbitrary . . . capricious, or not in accordance with law," *id.* § 706(2)(A), the Court "shall review the whole record," *id.* § 706.  As has been the law for almost fifty years, the Court's review should therefore be limited to "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).

A district court reviewing an action under the APA "may order discovery beyond the administrative record only where there is 'a strong showing of bad faith or improper behavior.'" *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573-74 (2019)). Plaintiffs have not made (and cannot make) that showing.  *See Dep't of Com.*, 139 S. Ct. at 2573.  While the Complaint contains vague allegations of bad faith, the Court found those allegations insufficient to support the relief sought even considering the information proffered in support of Plaintiffs' motions for a preliminary injunction.  ECF No. 47, at 20-21.  At a minimum, Plaintiffs cannot make a motion to supplement the administrative record until they have seen the administrative record produced by Defendants.  The proper course here, then, is for the Court to resolve the motion to dismiss, then for Defendants to produce an

administrative record for any claims that survive the motion, and only after that, for Plaintiffs to move to supplement the administrative record if they believe they can make a proper showing.

In their stricken complaint, Plaintiffs raised other claims that are not explicitly styled as APA claims, such as their meritless constitutional claims and an "informed consent" claim. Plaintiffs have indicated an intention to eliminate the constitutional claims. But even if they decide otherwise, Plaintiffs cannot evade record-review principles merely by including constitutional claims. *See* 5 U.S.C. § 706(2)(B); *Almaklani v. Trump*, 444 F. Supp. 3d 425, 431-34 (E.D.N.Y. 2020), *reconsideration denied*, 2020 WL 9210770 (E.D.N.Y. Nov. 24, 2020), *appeal denied,* 527 F. Supp. 3d 205 (E.D.N.Y. 2021), *appeal filed*, No. 21-1265 (2d Cir. May 14, 2021); *Charlton Mem. Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993) (plaintiff's equal protection claim "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action"); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004); *Ala.-Tombigbee Rivers Coal. v. Norton*, CV-01-S-0194-S, 2002 WL 227032, at *5-6 (N.D. Ala. Jan. 29, 2002); *cf. Harkness v. United States,* 727 F.3d 465, 471 (6th Cir. 2013) ("[T]he review scheme does not carve out an exception for constitutional claims."). Moreover, Plaintiffs' constitutional theories may not survive a motion to dismiss in light of the Court's

opinion on the preliminary injunction, *see* ECF No. 47, at 25-31, and discovery should not proceed as to any claims until after a ruling on that motion.

Other claims not styled as APA claims are also properly record review claims for the same reason. Plaintiffs pleaded an "informed consent" claim, which relied on 10 U.S.C. § 1107, 10 U.S.C. § 1107a, and 21 U.S.C. § 360bbb-3, to argue that the DoD vaccine mandate violates the requirement for informed consent. But this is still fundamentally a challenge to agency action under the APA, and none of the cited statutes provide a separate cause of action. A contrary rule – permitting open-ended discovery in APA cases whenever a plaintiff alleges violations of some statutory or constitutional requirement – would conflict with the APA and subvert the rule of record review. As one district court explained, "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care*, 318 F. Supp. 2d at 10. And as the Supreme Court has explained, "in cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held." *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963).

9

Accordingly, the Court should stay discovery at this time unless and until Plaintiffs identify a non-record-review claim that can survive a motion to dismiss.

## II.    The Court Should Resolve the Motion to Amend and Resolve the Motion to Dismiss Prior to Discovery.

In its December 2, 2021 Order, the Court struck Plaintiffs' complaint and directed Plaintiffs to file a new complaint by December 15, 2021.  ECF No. 49. Defendants anticipate that they will move to dismiss.  The anticipated motion to dismiss will raise threshold jurisdictional arguments and merits arguments that may dispose of the case entirely.  Even if not, the resolution of the motion to dismiss should significantly influence the scope of the administrative record and the need for any discovery (as may any amendment of the complaint).  The Court should therefore resolve the motion to dismiss before discovery proceeds.

First, the Court must resolve jurisdictional questions at the outset of the case. When, as here, threshold jurisdictional arguments are before the Court, it is inappropriate to have the parties engage in discovery (and rule on any discovery disputes that may arise) because "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and

is 'inflexible and without exception.'"   *Steel Co.*, 523 U.S. at 94-95 (quoting *Mansfield C. & L. M. Ry. v. Swan*, 111 U.S. 379, 382 (1884)).

The Supreme Court recently addressed a related issue in *In re United States*, 138 S. Ct. 443 (2017) (*per curiam*).  In that case, the district court granted a motion to complete the administrative record, and later denied a motion to stay its order pending resolution of a motion to dismiss.  *Id.* at 444.  Upon review of the breadth of the district court's order, the Supreme Court concluded that because the Government had raised threshold jurisdictional arguments in its motion to dismiss, the district court should have deferred ordering the production of documents to complete the administrative record until after it had ruled on those threshold arguments.  *Id.* at 445.  Similarly, here, the Government raises jurisdictional arguments that should be fully dispositive of the case, and the Court must defer consideration of the adequacy of the administrative record until after the jurisdictional issue is resolved.

Defendants' opposition to the preliminary injunction set forth a number of jurisdictional arguments, and Defendants anticipate that their forthcoming motion to dismiss Plaintiffs' forthcoming amended complaint will as well.  For example, Plaintiffs' claims are not ripe because no Plaintiff has exhausted available administrative remedies; no legal rights have been determined and no injury caused unless and until they do so.  *See Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir.

2006) (stating that "ripeness present[s] the threshold jurisdictional question"). The ripeness issues were explicitly not decided by the Court in the preliminary injunction, and Defendants intend to revisit them in their forthcoming motion to dismiss. Second, certain claims for injunctive relief are not justiciable against the military. *See generally Speigner v. Alexander*, 248 F.3d 1292 (11th Cir. 2001) (holding that as-applied challenges to military policies are not justiciable); *see also Orloff v. Willoughby*, 345 U.S. 83 (1953) (military duty assignments are also not justiciable). Third, the Court held that it likely lacks subject matter jurisdiction to review the claim regarding the FDA's issuance of the Emergency Use Authorization. *See* ECF No. 47, at 23-24. Fourth, Plaintiffs lack standing to bring their various claims against FDA and HHS. *See* ECF No. 31, at 28-29, 36-37, 46. The Court held that Plaintiffs may have alleged standing with respect to at least their claim regarding the Comirnaty approval, ECF No. 47, at 17, but Defendants intend to revisit that issue in the motion to dismiss. *See Children's Health Def. v. FDA*, 1:21-CV-00200 (E.D. Tenn. Nov. 30, 2021) (finding service members lacked standing to challenge Comirnaty approval). And the Court agreed that Plaintiffs had "serious standing issues" with respect to the interchangeability determination, ECF No. 47, at 21. Finally, as the Court already noted, Plaintiffs have not sought any relief against HHS, and thus have not established standing to sue HHS. Accordingly, the Court must

resolve these jurisdictional issues before the parties proceed to discovery on claims over which the Court lacks subject matter jurisdiction.

Second, the Court should also stay discovery because the anticipated motion to dismiss is may dispose of all or significant portions of the case on the merits. The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998)). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. Bank of N.Y. Melon*, 676 F. App'x 926, 932 (11th Cir. 2017); *see also James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018), *cert. denied*, 140 S. Ct. 154 (2019); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). While a motion to stay discovery is disfavored in some district courts, "a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size." *See Khan v. Bankunited, Inc.*, No. 8:15-CV-2632, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016); *see also George & Co. v. Cardinal Indus., Inc.*, No. 2:18-CV-154, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019).

Here, the Court has already ruled that Plaintiffs have not shown a likelihood of success on the merits of any of their claims. *See generally* ECF No. 47. The anticipated motion to dismiss will present similar arguments, nearly all of which can be resolved as pure legal questions. For example, the Court may find as a legal matter that DoD has not violated statutory informed consent requirements because it required a licensed vaccine. And the Court may find Plaintiffs' allegations on this subject to be inadequate in light of judicially noticeable information that DoD mandated the licensed vaccine. The Court may also find that Plaintiffs' APA claims against FDA would not survive a motion to dismiss. And Plaintiffs' constitutional claims present a purely legal question and may be disposed of on a motion to dismiss.

Accordingly, the scope of any discovery will be substantially influenced by a ruling on the motion to dismiss, and embarking on discovery now would thus impose an unnecessary burden on Defendants. For example, no discovery should run against HHS at all, as to which no relief is sought. And if Defendants are successful in their motion to dismiss any claims relating to the Comirnaty approval, no discovery would be appropriate on FDA-related issues. Indeed, if the Comirnaty claims are dismissed, it will not be necessary to produce an administrative record for the Comirnaty approval; that record is expected to be more than 300,000 pages, and would likely require a protective order to protect the rights of third parties in

confidential commercial, personal privacy, or trade secret information.[1]  *See* Joint Status Reports, *Public Health and Medical Professionals for Transparency v. FDA*, No. 4:21-cv-01058, ECF Nos. 18, 20 (N.D. Tex. Nov. 5, 2021) (reports in FOIA matter regarding size and processing of the Comirnaty BLA).  Such a step is unnecessary and unwarranted unless and until Plaintiffs' claims survive a motion to dismiss.  Similarly, any administrative record for the Emergency Use Authorization and public health emergency declaration (neither of which are properly subject to judicial review) would be voluminous.  The processing, production, and certification of these records would be time-consuming and resource-intensive and would divert valuable staff hours from the agency mission during a pandemic. No record production should proceed until it is clear any pertinent APA claim will proceed.

Commencing discovery with respect to DoD would be unreasonably burdensome as well.  As noted above, the Court may dismiss all or many of the claims raised against DoD, eliminating the need to produce even an administrative record, much less the other burdensome discovery contemplated by Plaintiffs.  In these circumstances, the process of compiling and certifying the record for the

---

[1] Plaintiffs, of course, already have access to the approval letter, the Summary Basis for Regulatory Action supporting the approval, and several of FDA's review memoranda, the only portions of the record likely to be relevant to their claims.  *See* https://www.fda.gov/vaccines-blood-biologics/comirnaty (last visited Dec. 3, 2021).

Secretary's vaccine mandate, or any other challenged DoD actions, at the least should await the Court's resolution of the motion to dismiss.

The parties have been conferring about the scope of potential discovery. While these discussions are preliminary, Plaintiffs contemplate extra-record discovery, including potentially depositions of key decisionmakers (a burdensome process on government officials, diverting valuable and time and energy from their urgent public duties), information about DoD and FDA approval processes (much of which is already publicly available and much of which may already be in the administrative record), and information about BLA-compliant doses of the vaccine (which is not relevant to the motion to dismiss).  For all the reasons outlined above, none of the proposed discovery is reasonable or proportionate to the needs of the case, and the requested stay would "avoid a massive waste of judicial and private resources." *See Perez,* 297 F.3d at 1263.  If the matter survives a motion to dismiss, Defendants will produce an appropriate administrative record and move for summary judgment on remaining claims.  If Plaintiffs can at identify relevant information that is not in the administrative record, they can file a motion at that time.

## CONCLUSION

For the foregoing reasons, the Court should stay the initial scheduling order and all discovery.

Dated:  December 7, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202)
Fax: (202) 616-8470
Email:

*Counsel for Defendants*

## LOCAL RULE 7.1(B) CERTIFICATE OF CONFERRAL

I hereby certify that I complied with the attorney-conference requirement of Local Rule 7.1(B). Undersigned counsel conferred with Plaintiffs' counsel by telephone and email. Plaintiffs' counsel opposes this motion, although the parties are likely to agree separately to a short extension of immediate discovery deadlines

/s/ Amy E. Powell
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify that this submission contains 3,695 words, not including the case style, signature block, and certificates of service, according to Microsoft Word's word count function and thus is in compliance with Local Rule 7.1(F).

/s/Amy E. Powell
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Amy E. Powell
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Fax: (202) 616-8470
Email: amy.powell@usdoj.gov