UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1, *et al.* | ) |
|     **Plaintiffs,** | ) |
|  vs. | ) |
| | ) CIVIL ACTION NO. |
| LLOYD AUSTIN, III, *et al.*, | ) 3:21-cv-01211-AW-HTC |
|     **Defendants.** | ) |
| | ) |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, Plaintiffs file this their motion for leave to file their Second Amended Complaint and memorandum in support thereof. Plaintiffs respectfully request leave of court to amend their October 7, 2021 First Amended Complaint and to accept the Second Amended Complaint for filing effective December 9, 2021. Pursuant to Local Rule 15.1, Plaintiffs have attached a (clean) complete copy of the Second Amended Complaint, as well as a redlined version against the First Amended Complaint.

**MEMORANDUM IN SUPPORT**

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

1.   **Background**

On October 6, 2021, Plaintiffs filed their Complaint for declaratory and injunctive relief against Defendants. ECF No. 1. On that same day, Plaintiffs filed their emergency motion for declaratory relief and ex part motion to proceed anonymously. ECF No. 3 and 4. The next day, October 7, 2021, Plaintiffs filed the First Amended Complaint, which had slight revisions as compared to the original Complaint. ECF No. 6. The names of Plaintiffs in the Amended Complaint, like the original, were pseudonyms.

After briefing on the anonymity matter, the Court issued an order on December 1, 2021 ("December 1 Order") denying Plaintiffs' motion to proceed anonymously and struck Plaintiffs' First Amended Complaint "for failure to comply with Rule 10(a)." ECF No. 49 at 6. While Plaintiffs Amended Complaint was struck, the Court's order also allowed Plaintiffs to replead: "Within 14 days, the plaintiffs may replead consistent with Rule 10(a)." *Id*.

2.   **Leave to Amend Should be Granted**

Plaintiffs file this motion for leave and supporting memorandum, along with their Amended Complaint, within 14 days of the Court's December 1, 2021 order. While Plaintiffs are repleading consistent with the Court's order, they also observe that "[t]his Circuit expresses a strong preference that cases be heard on the merits,

and strives to afford a litigant his or her day in court, if possible." *Perez v. Wells Fargo NA*, 774 F.3d 1329, 1342 (11th Cir. 2014) (citations omitted) (cleaned up).

Plaintiffs' Amended Complaint recognizes certain challenges presented by its last operative pleading, and (1) removes causes of action relating to constitutional violations; (2) adds new Plaintiffs, removes those Plaintiffs who did not wish to proceed publicly named, and names all Plaintiffs in compliance with Rule 10(a); (3) clarifies or modifies certain causes of action and the underlying factual allegations in support thereof; and (4) otherwise allows for this case to be more streamlined and straightforward. On December 8, 2021, Counsel for Plaintiffs shared a near final draft with Defendants' counsel. Counsel for Defendants responded that same day, stating "Defendants do not oppose the filing of the amended complaint, but reserve all arguments and objections as to the claims."

Moreover, Defendants would not face undue prejudice by virtue of granting leave to file the amended complaint. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (discussing undue prejudice being a factor in whether to grant a motion to amend). They have not filed an Answer or responsive pleading, and discovery has yet to be conducted. In fact, the parties have conferred on potential dates for the filing of Defendants' Answer, which "Defendants propose to respond to the amended complaint 14 days after it is accepted for filing or on January 14, 2022, whichever is later." ECF 51 at 2.

And there is no undue delay, as Amended Complaint is filed soon after, and in compliance with, the Court's December 1 order. *See Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991) ("Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial.") (citations omitted). Additionally, the proposed Second Amended Complaint allows for the incorporation of new information, eliminates several claims, clarifies the remaining claims and supporting factual allegations, and would not further delay the proceedings. *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013) ("A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings.").

## CONCLUSION

Plaintiffs respectfully ask the Court grant the relief requested herein and accept for filing Plaintiffs Second Amended Complaint, effective December 9, 2021.

Respectfully submitted,

*s/ Brandon Johnson*
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

4

## CERTIFICATE OF CONFERENCE

I hereby certify that Counsel for Plaintiffs conferred with Counsel for Defendants regarding this motion, and that Defendants do not oppose the filing of the Amended Complaint.

*/s/ Brandon Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via CM/ECF on December 8, 2021, which notifies counsel of record of the filing.

*/s/ Brandon Johnson*