## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| **BENJAMIN COKER, *et al.*** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **vs.** ) | |
| ) | **CIVIL ACTION NO.** |
| **LLOYD AUSTIN, III, in his official** ) | **3:21-cv-01211-AW-HTC** |
| **capacity as Secretary of Defense, *et al.*** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT

Defendants' December 7, 2021 Motion to Stay Discovery ("Motion"), ECF No. 50, must be denied for failure to meet the high burden for staying all discovery. First, such motions are disfavored and generally denied unless there is a specific showing of prejudice or undue burden; Defendants' conclusory statements are not sufficient. Second, Defendants would further have to show that Plaintiffs' case is destined for dismissal on all counts and that the pleadings do not present genuine disputes. While there is no pending motion to dismiss that could provide this Court a "preliminary peek" at the merits of its motion, Defendants' filings to date are far from the "slam-dunk" they need to be to meet the standard for granting stay.[1] In

---

[1] Defendants assert that they will seek dismissal on "jurisdictional arguments." ECF No. 50 at 2. Based on previous pleadings it will likely focus on standing and ripeness issues. *See id.* at 14 ("The anticipated motion to dismiss will present similar

any case, federal vaccine mandates have not fared well as of late and the legal ground appears to have shifted further against Defendants' position since the issuance of the November 12 Order. Third, granting the Motion will likely delay discovery two or three months—up to half of the six-month period provided in the November 22, 2021 Initial Scheduling Order ("Scheduling Order"), ECF No. 48— leading to case management problems and unnecessary delay and expense.

In any case, Defendants have not compiled, much less produced, the administrative record, which is a prerequisite for this Court to review and rule on dispositive motions regarding Plaintiffs' claims under the Administrative Procedures Act ("APA"). 5 U.S.C. § 551, *et seq.*[2] Defendants are required to

---

arguments"). This Court has already addressed these arguments in its November 12, 2021 Order Denying Preliminary Injunction Motions ("November 12 Order"), ECF No. 47. There, the Court indicated that Plaintiffs had met their burden to establishing subject matter jurisdiction based on the pleadings and the early stage of the proceeding. *See* November 12 Order at 17 (standing) and 31 n.18 (ripeness). These findings alone demonstrate that it is far from certain that the motion to dismiss will dispose of the case on jurisdictional grounds. Dismissal for failure to state a claim is likely foreclosed in the absence of the administrative record. *See infra* Section IV.

[2] The Parties agree that resolution of the matters in dispute in this proceeding will largely turn on this Court's review of the administrative record underlying the Department of Defense's ("DOD") August 24, 2021 vaccination mandate ("DOD Mandate), the Armed Services guidance and implementation thereof, the Food and Drug Administration's ("FDA") August 23, 2021 approval of Comirnaty, and related agency actions. In the Rule 26(f) Conferences held to date, counsel for Plaintiffs and Defendants have discussed the scope of the administrative record, procedures for facilitating the production and protection record evidence, and identifying the most relevant portions of the record for review of Plaintiffs' claims and for summary

compile and produce the administrative record, no later than the date on which their motion to dismiss is due, in order to provide this Court a basis on which to review these agencies' actions. Defendants' assertion that "[n]o record production should proceed until it is clear any pertinent APA claim will proceed," ECF No. 50 at 15, reverses the sequences of production and review. The Court and the parties must have the complete record in front of them both for APA review and to determine whether there is any need to supplement the record.[3] The Court should direct Defendants to produce the complete record, or relevant portions thereof mutually agreed by the Parties, by January 14, 2022, and to provide an index of the record by the earlier of January 6, 2022, or 14 after the Court's order on the Motion.

Plaintiffs' claims, however, are not limited to those made under the Administrative Procedure Act ("APA"), 5 U.S.C. 551 *et seq*. Discovery is necessary and appropriate for Plaintiffs' non-APA claims; with respect to Defendants' asserted defenses on the key material facts in dispute (*i.e.*, that DOD and Armed Services are mandating only "BLA-compliant" vaccines); and for the Court's jurisdictional determinations. Accordingly, Plaintiffs should be permitted to pursue discovery on the schedule set by the Court. *See* ECF Nos. 48 & 54.

---

adjudication thereof where possible. Defendants' counsel has represented that Defendant agencies have identified the bulk of record materials.

[3] Record evidence will also be relevant for Plaintiffs' non-APA claims, and production of the record will obviate the need for potentially duplicative discovery.

3

## I.     LEGAL STANDARD

### A.     The Federal Rules of Civil Procedure Favor Full Discovery.

Defendants' motion to stay discovery pending resolution of a forthcoming motion to dismiss is inconsistent with the text of the Federal Rules of Civil Procedure ("Rules") governing discovery and the principles supporting those Rules. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

"The Supreme Court has stressed on multiple occasions the need to construe the Rules liberally to allow for robust discovery." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276-77 (11th Cir. 2021) (citations omitted). The Eleventh Circuit has explained that:

> Rule 26(b)(1) indicates that the Federal Rules of Civil Procedure strongly favor full discovery whenever possible, as this rule generally entitles a civil litigant to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.

*Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (citations omitted) (cleaned up). *See also Beaulieu v. Bd. of Trustees of Univ. of West Fla.*, 2007 WL 9734885, at *6 (N.D. Fla. July 18, 2007) (the Rules "strongly favor full discovery wherever possible") (*citing Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991)).

**B.    Stays of Discovery Are Disfavored and Generally Denied without a Specific Showing of Prejudice or Burden to Moving Party.**

In the Eleventh Circuit, "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved." *Reilly v. Amy's Kitchen, Inc.*, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013). Further, motions to stay discovery are "not favored" because:

> [W]hen discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted).

Such motions are "generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). "[T]he moving party bears burden of establishing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652 (citations omitted). To meet this burden "requires a particular and specific demonstration of fact." *Beaulieu*, 2007 WL 9734885, at *2 (*citing General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied*, 414 U.S. 1162, 94 S. Ct. 926, 39 L. Ed. 2d 116 (1974)). "[C]onclusory statements are not sufficient." *Id.* (citations omitted). The Court must also consider the harm to the non-moving party. *General Dynamics*, 481 F.2d at 1212.

In deciding whether to grant a motion to stay all discovery, "pending

5

resolution of a pending motion," *id.*, the court must "balance the harm" from delaying discovery "against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* In performing this balancing test "it may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion" to determine it is "clearly meritorious and case dispositive." *Id.* at 652-53.

Movants must demonstrate a high likelihood, or near certainty, that its pending motion to dismiss will succeed on all claims. Courts have denied such motions unless the "case is surely destined for dismissal." *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2021); *see also Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (rejecting motion where there was "sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Montoya*, 2014 WL 2807617, at *2 (rejecting stay where "preliminary review suggest[ed] that the motions may not be the 'slam-dunk' submissions the Defendants describe them to be"). *Cf. Chadusama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) (granting motion to dismiss for an "especially dubious" fraud claim). Such motions have also been denied where, as here, there was a "genuine dispute" presented in the pleadings. *Flecha v. Neighbors Moving Servs., Inc.*, 944 F.Supp.2d 1201, 1203 (S.D. Fla. 2013).

## II.    DEFENDANTS MOTION FOR STAY SHOULD BE DENIED

### A.    Defendants' Motion is Premature and Procedurally Improper.

Defendants request that this Court grant a stay of discovery, and all deadlines in the Scheduling Order, "at least until a motion to dismiss is resolved." ECF No. 50 at 1. The purpose of Defendants' Motion is to deny Plaintiffs the right to discovery afforded to them by the Federal Rules of Civil Procedure. And they do so without a clear picture of what they will seek to dismiss: "As of December 6, 2021, Plaintiffs have not filed an operative complaint, and Defendants intend to move to dismiss any amended complaint in any case." ECF No. 50 at 1.

Defendants have not, however, filed a motion to dismiss. Instead, they requested, and were granted, additional time to file a motion to dismiss until January 14, 2022. *See* ECF No. 54. In other words, Defendants admit their basis for dismissal is yet to be determined—but they demand extraordinary relief anyway. With no pending motion to dismiss or administrative record before it, this Court cannot take a "preliminary peek" for its merits review and instead must guess as to what will be in the government's motion to dismiss. Such speculation cannot provide the basis for granting the Motion.

**B.    Defendants' Motion Does Not Meet The Strict Requirements for Stay of Discovery.**

**1.    Defendants' Have Not Made a "Specific Showing of Prejudice or Burdensomeness."**

Motions for Stay are "generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya*, 2014 WL 2807617, at *2. Defendants' assertions regarding the burden of discovery are mere "conclusory statements" that are insufficient to meet its burden to provide "particular and specific demonstrations of fact." *Beaulieu*, 2007 WL 9734885, at *2 (citations omitted).[4] That is all that Defendants have provided, without any estimate or the time or cost of discovery, much less one supported by an affidavit or declaration.[5]

---

[4] The closest that Defendants get to detailing the burden of discovery is an assertion that Plaintiffs "contemplate … potentially depositions of key decisionmakers." ECF No. 16. Plaintiffs have not identified any officials whom they seek to depose, nor could they in the absence of any administrative record or written discovery. Plaintiffs are willing to defer depositions until the record is produced, and are well aware that proposed depositions of "high ranking government officials" must meet the standard set forth by this Court in *Beaulieu*, 2007 WL 9733485, at *3-4.

[5] To the extent that Defendants make claims regarding the burden of production, these claims are limited to production of the administrative record, which is purportedly in excess of 300,000 pages for the Comirnaty-related claims. ECF No. 50 at 14. The government is obligated to compile and produce the administrative record to provide the basis for this Court's review of Plaintiffs' APA claims, irrespective of the burden. Defendants conflate the required record production with discovery; the Court should therefore disregard any claims regarding the burden of complying with their obligation to produce a complete record. Nevertheless, counsel for Plaintiffs and Defendants are in active discussions to identify the most relevant portions of the record that can be expeditiously produced and/or minimize the government's burden and production of materials irrelevant to Plaintiffs' claims.

8

Courts have consistently denied motions for stay where the movant has provided only "stereotyped and conclusory statements" of harm from discovery. *General Dynamics*, 481 F.2d at 1212. *See also In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (same) (citation and quotation omitted); *Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30 (D.D.C. 2009) (same) (citations omitted). *See generally* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035 n.39 (3d ed.1998) (WRIGHT & MILLER) (summarizing cases where protective orders denied for failure to articulate specific facts demonstrating harm of permitting discovery).

### 2.     Defendants Have Not Demonstrated that the Forthcoming Motion to Dismiss is "Clearly Meritorious."

Defendants have also failed to meet their burden of demonstrating that Plaintiffs' "case is surely destined for dismissal." *Ray*, 2012 WL 5471793, at *2. Nor have they shown that the forthcoming motion to dismiss is "clearly meritorious." *Feldman*, 176 F.R.D. at 653. For the Defendants' forthcoming motion to dismiss to be granted, it would require this Court to reverse some of the key findings in the November 12 Order regarding subject matter jurisdiction.

Defendants argue that the discovery stay is necessary because Plaintiffs have not "exhausted available administrative remedies" and therefore "no legal rights have been determined and no injury caused unless and until they do so." ECF No.

50 at 11-12. These arguments misconstrue both the law and the facts governing this matter. As this Court has observed, Plaintiffs' complaint "does not show any lack of ripeness." ECF No. 47 at 31 n.18. This statement remains true for Plaintiffs' Second Amended Complaint, ECF No. 56, which provides additional details and developments regarding adverse employment and disciplinary actions against Plaintiffs, denial of religious and/or medical exemptions, imminent separation or discharge from the service, and disciplinary actions due to refusal to take an unlicensed vaccine. *See generally* ECF No. 56, ¶¶ 13-30 & 105-107.[6]

Defendants further allege that they deserve a stay of discovery because they will revisit the Court's determination in the November 12 Order as to whether Plaintiffs have standing to challenge the FDA's Comirnaty approval. ECF No. 47 at 17. But Defendants, despite their burden, do nothing to challenge this standing in their motion to stay. They certainly do nothing to contradict this Court's observation that "the plaintiffs have shown enough as to standing." *Id.*[7]

---

[6] Plaintiffs will provide submit supplemental declarations with additional information on these and other matters supporting the allegations and claims made in the Second Amended Complaint.

[7] It appears Defendants may try to undercut this Court's initial finding of standing by referring to another case challenging the DOD Mandate. In that case, which was filed in the Eastern District of Tennessee – Chattanooga Division, the district court made a factual finding contrary to the record in this case: "The vaccine mandate is not tied to actions of the FDA." *Children's Health Def. v. FDA*, 1:21-CV-00200 (E.D. Tenn. Nov. 30, 2021). Compare that to counsel for the government in the

It should also be emphasized that a Rule 12(b)(6) motion to dismiss for failure to meet pleading requirements is unlikely to be successful for any APA claims. *See infra* Section IV & note 8. Further, while the Court determined that Plaintiffs had failed to allege in the First Amended Complaint, ECF No. 6, that they were "specifically denied a BLA-compliant does or offered only a dose from a non-BLA-compliant vial," ECF No. 47 at 16, in the Second Amended Complaint specifically allege that several Plaintiffs have inquired regarding Comirnaty and BLA-compliant vaccines, and they have been informed that Comirnaty and/or BLA-compliant products are not available to them. *See* ECF No. 56, ¶¶ 16-18, 21, 23, 26, 28, 30.

Finally, since the Court issued its November 12 Order, the government's other vaccine mandates have suffered a series of significant losses in the courts, with three of them subject to nation-wide stays and/or injunctions. *See BST Holdings, L.L.C. v. OSHA*, --- F.4th --- , 2021 WL 5279381 (5th Cir. Nov. 12, 2021) (staying vaccine mandate issued by the Occupational Safety & Health Administration ("OSHA")); *Missouri v. Biden*, --- F.Supp.3d ---, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021) (staying Centers for Medicare and Medicaid

---

present case "acknowledge[ing] that if the FDA's licensure were set aside, that would (at least for now) redress plaintiffs' injuries because the DOD could not mandate an unapproved drug absent a Presidential approval." ECF No. 47 at 17.

Services ("CMS") vaccine mandate); *Louisiana v. Becerra*, --- F.Supp.3d ---, 2021 WL 5609846 (W.D. La. Nov. 30, 2021) (same); *Kentucky v. Biden*, --- F.Supp.3d ---, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021) (staying federal contractor mandate); *Georgia v. Biden*, --- F.Supp.3d ---, 2021 WL 5779939, at *9-10 (S.D. Ga. Dec. 7, 2021) (same). *But see Florida v. HHS*, --- F.4th ---, 2021 WL 5768796 (11th Cir. Dec. 6, 2021) (affirming district court denial of injunction for CMS Mandate).

While the OSHA, CMS and federal contractor mandates are not identical to the DOD Mandate, the successful plaintiffs in those cases made a number of claims similar to those Plaintiffs make here, in particular, regarding APA violations, federal agencies' authority to issue such mandates, procedural violations, subject matter jurisdiction, and/or natural immunity. Further, it is likely that other Circuit Courts of Appeals and the Supreme Court will provide additional guidance on federal vaccine mandates that the Court must take into account in ruling on Defendants' motion to dismiss. Given these decisions, and the necessary uncertainty as to future rulings, the Defendants cannot demonstrate the near certainty of dismissal on all claims that they must for the Court to grant the Motion.

### 3.    Plaintiffs' Claims Are Likely to Be Litigated Eventually.

In *Feldman*, the Court relied on the fact that "many of the issues which will be the subject of discovery will be litigated eventually" in that Court or another

12

court in its decision to deny a motion to stay discovery. *Feldman*, 176 F.R.D. at 653. In such cases, "the main reason for staying discovery—elimination of unnecessary expenditures of time, money and other resources—is less compelling here." *Id*.

That argument is even more compelling here, where Defendants face similar claims in several proceedings across the country challenging the DOD Mandate, the FDA Comirnaty approval and/or discovery of the underlying administrative records. *See, e.g., Navy Seal 1 v. Biden*, No. 8:21-cv-02429 (M.D. Fla.); *Children's Health Def. v. FDA*, 1:21-CV-00200 (E.D. Tenn.); *PHMPT v. FDA*, No. 4:21-cv-01058 (N.D. Tex.); *Costin v. Biden*, No. 1:21-cv-02484 (D.D.C.); *Navy Seals 1-26 v. Biden*, 4:21-cv-01236 (N.D. Tex.); *Robert v. Austin*, No. 1:21-cv-02228 (D. Colo.); *Crosby v. Austin*, No. 8:21-cv-02730 (M.D. Fla.). Defendants will likely be required to commence discovery and compile and produce the administrative record in at least one of these proceedings. Accordingly, proceeding with discovery in this proceeding will not impose an undue burden or require Defendants to engage in duplicative discovery.

### C. Granting Motion Would Impose Hardship on Plaintiffs and Prevent Completion of Discovery by May 9, 2021 Deadline.

In the Court's Scheduling Order, this Court set a deadline of May 9, 2022 for the completion of discovery. ECF 48, ¶ 5. This would have provided roughly

six months for discovery after the initial December 7, 2021 deadline for the Rule 26(f) Conference (which was subsequently extended to December 15, 2021).

If granted, Defendants' Motion would likely delay discovery by at least two to three months, *i.e.*, one month for the filing of the motion to dismiss on January 14, 2021, at least an additional month for Plaintiffs' response and Defendants' reply briefing, and perhaps an additional month for hearings and for the court to issue a decision. This delay would render it impossible to meet the deadlines set by the Court for discovery, summary adjudication and trial, resulting in unnecessary delay and expense for all parties. Consequently, granting the motion would result in precisely the same delays, case management problems and unnecessary expenses that cause these motions to be disfavored and granted only in exceptional cases in this circuit. *See Feldman*, 176 F.R.D. at 652. The Defendants' have not provided any specific facts regarding the burdens of discovery that could counterbalance unnecessary delay and expense for Plaintiffs that would necessarily result from granting the Motion.

### D.     The Caselaw Cited by Defendants is Inapposite and/or Easily Distinguishable.

Defendants' arguments based on caselaw are equally unconvincing. They inform the Court that, because "threshold jurisdictional arguments are before the Court, it is inappropriate to have the parties engage in discovery (and rule on any

discovery disputes that may arise) because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" ECF No. 50 at 10 (*quoting Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))."

What Defendants fail to inform the Court, however, is that the Supreme Court granted certiorari in *Sinochem* "to resolve a conflict among the Circuits on whether *forum non conveniens* can be decided prior to matters of jurisdiction." *Sinochem*, 127 S.Ct. 1184, 1190 (2007). The Supreme Court ultimately held that "a district court has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection." *Id*. at 1188. It further stated that a court need not decide jurisdictional issues if it determines that "a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Id*.

Furthermore, rulings from the Eleventh Circuit contradict Defendants' assertion that discovery cannot take place before jurisdictional issues are decided. "Because federal question jurisdiction is to some extent intertwined with the existence of a valid federal claim on the merits, it has long been established that federal question cases require a stricter standard for dismissal on jurisdictional grounds." *Lowery v. Ala.Power Co.*, 483 F.3d 1184, 1216 n.71 (11th Cir. 2007). "Consequently, in such cases, 'a plaintiff must have ample opportunity to present

evidence bearing on the existence of jurisdiction.'" *Lowery*, 483 F.3d at 1216 n.71 (*citing Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991)).

Defendants' reliance on *In re United States* in support of their request for a complete discovery stay is similarly misguided. In that case, respondents already had the purported administrative record, but argued that it was incomplete and that it must be supplemented with materials that the government asserted were subject deliberative process privilege. *In re United States*, 138 S.Ct. 443, 444 (2017) (*per curiam*). The Supreme Court provided direction, stating "[t]he District Court should proceed to rule on the Government's threshold arguments [that the determination to rescind DACA was unreviewable and that the Immigration and Nationality Act deprived the district court of jurisdiction]." *In re United States*, 138 S.Ct. at 445.

Here, Defendants argue the opposite: that there must be a ruling on the threshold arguments before the production of an administrative record. *See* ECF No. 50 at 7-8 (asking this Court to "resolve the motion to dismiss, then for Defendants to produce an administrative record for any claims that survive the motion"). *In re United States* does not stand for the relief requested by Defendants, and Defendants fail to cite to any case that does. Moreover, as discussed below, Defendants are required to produce the administrative record to provide this Court with a basis on which to review Defendants' actions and the merits of Plaintiffs'

16

APA claims and Defendants' motion to dismiss. In any case, Plaintiffs have not sought to supplement an existing record with purportedly privileged documents.

## III.   DISCOVERY IS NECESSARY AND APPROPRIATE.

### A.   Plaintiffs Are Entitled to Discovery for Motion to Dismiss.

Discovery is proper and necessary, even if Defendants plan to file a motion to dismiss. Allowing discovery at this stage is even contemplated by Rule 12, which states "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). By its own language, compliance with Rule 12(d) first requires an opportunity to obtain all material that will be pertinent to the motion.

### B.   Discovery Is Required to Respond to DOD Asserted Defenses.

The material disputed facts in this case concern Defendants' assertions that—notwithstanding the undisputed fact that licensed Comirnaty is not available, or if it even "exist[s] at all," ECF No. 47 at 13 (*citing* ECF No. 45 at 48:5-7)—Defendants DOD and Armed Services are nevertheless mandating only EUA-labeled, "BLA-compliant" vaccines that are purportedly legally and chemically equivalent to licensed Comirnaty. Several Plaintiffs have inquired and have confirmed that neither licensed Comirnaty nor BLA-compliant vaccines are available, but they are nevertheless subject to the mandate and adverse employment or disciplinary actions for failure to take an EUA vaccine.

Discovery is necessary to address Defendants' asserted claims or defenses that: (1) DOD and the Armed Services in fact have EUA-labeled, BLA-compliant doses; (2) these EUA-labeled, BLA-compliant doses have the "same formulation" as, and can be used "interchangeably" with, licensed Comirnaty; (3) Defendants have mandated only EUA-labeled, BLA-compliant doses; and (4) despite their failure to identify any procedures to ensure that this is the case, Defendants are somehow ensuring that they are not mandating EUA vaccines.

The Rules give Plaintiffs a right to discovery on any "nonprivileged matter that is relevant to any party's claims or defenses." Fed. R. Civ. P. 26(b)(1). Notwithstanding Defendants' claims that "information about BLA-compliant doses of the vaccine" are "( … not relevant to the motion to dismiss)," ECF No. 50 at 16, all matters relating to BLA-compliant vaccines are the central disputed factual and legal issue(s) concern in this proceeding. The newly introduced concept of unlicensed yet "BLA-compliant" products is entirely absent from federal law, FDA regulations, the administrative record, or any record, prior to Defendants' October 21, 2021 response. Plaintiffs have sought, and remain willing to discuss, an agreement with Defendants that would permit limited and expedited production of the record or discovery regarding this new category of "BLA-compliant" products and how the DOD and Armed Services have procured and ensured that only BLA-compliant product may be mandated.

18

C. **The Scope of Discovery and Need for Supplementation (if any) Depends on Administrative Record.**

Contrary to Defendants' assertions that discovery or supplemental evidence is only permitted where "there is a strong showing of bad faith or improper behavior," ECF No. 50 at 7 (citations omitted), there are many other circumstances where such discovery is permitted even for an APA claim. In particular, Plaintiffs have alleged several other types of APA violations, namely, that the Defendant agency actions did not consider all relevant factors, relied on documents not in the record, and relied on other extra-statutory or impermissible criteria. *See, e.g.,* ECF No. 56, ¶¶ 108-112 & 123-129. These are all grounds for supplementing the record. *See generally* WRIGHT & MILLER § 8391 (summarizing precedent for supplementing the record).

Defendants must produce the administrative record in order for Plaintiffs and this Court to address the forthcoming motion to dismiss. *See infra* Section IV. But there is no dispute that Plaintiffs and the Court cannot determine whether and what supplementation may be required "until they have seen the administrative record produced by the Defendants." ECF No. 50 at 7.

IV. **THE COURT MUST DIRECT DEFENDANTS TO PRODUCE CERTIFIED ADMINISTRATIVE RECORD.**

Defendants assert that "[n]o record production should proceed until it is clear any pertinent APA claim will proceed." ECF No. 50 at 15. This is not only wrong

as a matter of law, but reverses the sequences of production and review. An agency must compile and produce the administrative record before a court can review agency action, or rule on dispositive motions.

For this Court to review the challenged agency actions under the APA, "judicial review … must proceed on the complete administrative record." *Gupta v. U.S. Attorney General*, 2014 WL 12868884, at *1 (M.D. Fla. Nov. 21, 2014) ("*Gupta*") (*citing Atieh v. Riordani*, 727 F.3d 73, 75-76 (1st Cir. 2013) ("*Atieh*")). This means the "full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971).

As relevant here, the agency must produce the full administrative record to the reviewing court before the Court considers any dispositive motions. In *Gupta*, the Court followed the First Circuit in *Atieh*, which dismissed the district court's grant of the defendant federal agency's motion to dismiss where no record had been produced.

> The relevant inquiry is—and must remain—not whether the facts set forth in the complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision.

*Atieh*, 727 F.3d at 76. A reviewing court:

> [S]hould not be required to guess as to whether or not it has the complete administrative record. The customary practice is for the government to certify that the administrative record is complete, and

20

> for the parties to file it with the district court. … When parties ignore
> this customary practice, they undermine a court's ability to perform
> meaningful review of agency action.

*Id.* (citations omitted). *See also U.S. v. Menendez*, 48 F.3d 1401, 1409 (5th Cir.

1995) (finding district court erred in granting dispositive motion where agency

failed to file certified copy of administrative record).

Any APA review of whether agency action is arbitrary and capricious

necessarily requires review of the full record for a motion to dismiss. In *Pitman v.*

*U.S. Citizenship and Immigration Servs.*, 2017 WL 5991738, at *3 (D. Utah Dec.

1, 2017), the court highlighted the conflict between the requirement to give

deference to agency decisionmaking and the Rule 12 standards that "the court must

accept the Plaintiffs' well-plead factual allegations as true and resolve all

reasonable inferences in the Plaintiffs' favor." *Id.* (citations omitted). The *Pitman*

court concluded that the only way to resolve the conflict to address a motion to

dismiss is for "the court to undertake its own review of the administrative record as

a whole," "[e]ven if the court were to review the complaint for failure to state a

claim" under Rule 12(b)(6). *Id. See also Olenhouse v. Commodity Credit Corp.*, 42

F.3d 1560, 1574 (10th Cir. 1994) (judicial review requires "plenary review of the

record as it existed before the agency" and "may not rely on counsel's statements

as to what was in the record").[8]

Further, it is always the government's burden to compile and file the administrative record in a proceeding for APA review of agency action. *See, e.g.,* Fed. R. App. P. 17(b)(1)(A) (the agency must file "the original or a certified copy of the entire record or parts designated by the parties"); *Nat'l Urban League v. Ross*, 2020 WL 5441356, at *11 (N.D. Cal. Sept. 10, 2020) ("the government is always required to produce an administrative record for the purposes of APA review."). *See generally* Aram A. Gavoor & Steven A. Platt, *Administrative Records and the Courts*, 67 U. KAN. L. REV. 1 54-56 (2018) (summarizing local court rules requiring production and filing of the administrative record with district court).

Defendants have asserted that the administrative record for the FDA is particularly voluminous. Counsel for Plaintiffs and Defendants are in discussions on how to identify the most relevant portions of the DOD, Armed Services, and

---

[8] The approach followed by the courts in *Gupta, Atieh* and *Pitman* also bears heavily, and unfavorably, on the likelihood of success of any Rule 12(b)(6) motion to dismiss Plaintiffs' APA claims. Specifically, it forecloses Defendants from arguing that Plaintiffs have failed to state a claim under Rule 12(b)(6) under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). *See Atieh*, 727 F.3d at 76; *Gupta*, 2014 WL 12868884, at *1-2. Accordingly, the Defendants cannot show any likelihood that Plaintiffs' APA claims will be dismissed under Rule 12(b)(6), much less the near certainty required for granting a motion to stay discovery.

FDA record for Plaintiffs' claims that can be expeditiously produced and that can facilitate summary adjudication of certain claims. These discussions are ongoing, and Plaintiffs respectfully submit that the identification of an index for each of the respective agency actions would greatly facilitate resolution of any claims regarding the scope of the administrative record, agency actions under review, supplementation of the record, discovery for APA claims and non-APA claims.

## V.    CONCLUSION

The Court should deny Defendants' Motion for Stay of Discovery. The Court should further direct Defendants to produce the administrative record for Plaintiffs' APA claims on January 14, 2022, when the motion to dismiss is due, and to produce a certified index of the administrative record by the earlier of January 6, 2022, or 14 days of the Court's order denying the Motion.

Respectfully Submitted,

/s/ Brandon Johnson
Brandon Johnson
DC Bar No. 491370
/s/ Travis Miller
Travis Miller
Texas Bar No. 24072952
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Tel. (214) 707-1775
Email: bcj@defendingtherepublic.org
Email: traviswmiller@gmail.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this submission contains 5,605 words according to Microsoft Word's word count function, and is in compliance with L.R. 7.1(F).

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day e-filed the foregoing Plaintiffs' Opposition to Defendants' Motion using the CM/ECF system.

This 15th day of December, 2021.

Respectfully Submitted,

**/s/** Brandon Johnson
Brandon Johnson