## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| **BENJAMIN COKER, *et al.*** <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*** <br><br> **Defendants.** | **CIVIL ACTION NO. 3:21-cv-01211-AW-HTC** |

### RULE 26(f) CONFERENCE REPORT AND
### JOINT NOTICE ON ADMINISTRATIVE RECORD

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's January 6, 2022 "Order Regarding Discovery" ("Discovery Order"), ECF No. 58, the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Joint Notice on the Administrative Record.

## I.    RULE 26(f) CONFERENCE.

Pursuant to the Court's November 22, 2021 and December 8, 2021 Scheduling Orders, ECF Nos. 48 & 54, the parties held telephonic meetings December 3, 7, and 15, 2021, which were attended by the following attorneys:

| | |
|---|---|
| Brandon Johnson | Amy Powell |
| Travis Miller | Andrew Carmichael |
| Defending the Republic | Courtney Enlow |
| | Department of Justice |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendants |

Counsel for the parties also conferred about the production of administrative records, as required by the Discovery Order.   Counsel were not able to reach agreement on a discovery plan, a proposed scheduling order, and most other matters set forth in the Court's November 22, 2021 Initial Scheduling Order, ECF No. 48, because the parties disagree about the timing of discovery and production of an administrative record, as set forth in greater detail below. Accordingly, the Parties separately set forth their respective positions below.

## II.    SUBJECTS AND NATURE OF DISCOVERY

The initial scheduling order sets a deadline of May 9, 2022 for completion of discovery.   The parties disagree about the propriety of discovery in general, as set forth below.

### A.    DISCOVERY BY PLAINTIFF

Plaintiffs accept and seek to follow the schedule set by the Court. Plaintiffs will seek discovery on all claims raised in the Second Amended Complaint ("Complaint") accepted for filing December 10, 2021. *See* ECF No. 55 (order granting motion for leave to file amended complaint) & ECF No. 56 (Complaint). The bulk of the information that Plaintiffs would need to prove their claims related to Defendants' violations of the Administrative Procedure Act ("APA") will be in the administrative records of the underlying administrative proceedings.

Plaintiffs seek discovery and/or production of the following materials:

- The complete administrative records for the agency actions under review, as set forth in Section IV below.

- Any discovery required to complete or supplement the administrative record to the extent permitted by the APA and applicable precedent, based on review of the records produced by Defendants.

- The full range of fact and expert discovery permitted under the Rules for Plaintiffs' non-APA claims.

- To the extent the following information is not produced as part of the administrative records (see Section IV below), the full range of fact and expert discovery permitted under the Rules for claims or defenses regarding Defendants' policies, procedures, and administration of Emergency Use Authorization ("EUA") or "BLA-compliant" vaccines; the interchangeability of the EUA Pfizer-BioNTech vaccine and the licensed Comirnaty vaccine; and the evident conflict between the Department of Defense's ("DOD") directive to use only fully approved/licensed vaccines and the Armed Services directive to administer unapproved/unlicensed EUA vaccines.

Plaintiffs do not propose any limits or restrictions on the discovery permitted under Title V of the Rules ("Disclosures and Discovery").

### B.   DEFENDANTS' POSITION ON PLAINTIFFS' PROPOSED DISCOVERY.

As set forth in greater detail in the briefing on Defendants' Motion to Stay Discovery, ECF No. 50, Defendants' position is that this is an action for judicial review on an administrative record and is exempt from ordinary discovery requirements. In denying that motion without prejudice, the Discovery Order reflects that the agencies' administrative records will provide the primary basis for deciding any of Plaintiffs' claims that remain after disposition of Defendants' Motion to Dismiss. Although the Court agreed that much of the case may turn on

the administrative records, it speculated that some of it may not, such as the discrete issue of whether specific Plaintiffs have been denied access to BLA-compliant vaccines, and it further directed the parties to continue conferring about the administrative records.  ECF No. 58.  Defendants intend to file a Motion to Dismiss, raising threshold jurisdictional questions as to this and other issues.  Accordingly, the Court should resolve the threshold jurisdictional questions and see what claims, if any, remain.  (Courts routinely decide motions to dismiss without reference to the administrative record, *see, e.g., Vargus v. McHugh*, 87 F. Supp. 3d 298, 301 (D.D.C. 2015); *Carroll v. DOL*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017); *Fund For Animals v. Williams*, 391 F. Supp. 2d 132, 135 n.3 (D.D.C. 2005) (similar)).  Here, a motion to dismiss may dispose of some or all of the claims and would at a minimum clarify the scope of the records to be produced.   In light of the Court order, however, Defendants are moving forward with compilation of the record as set forth in Part IV.  (In brief, Defendants currently estimate that they can produce the DoD record by February 28, 2022, and can produce an informal but complete index of the FDA record by February 11, 2022.)  Defendants' position is that the necessity for and scope of most proposed discovery can only be determined after the administrative records have been produced and reviewed.

To the extent discovery moves forward, Defendants disagree with Plaintiffs about the scope of discovery contemplated by the Discovery Order, which

contemplated that much of the case should be resolved on the basis of administrative records. But when discovery moves forward, Defendants would likely seek discrete discovery of Plaintiffs related to their standing to make each of these claims, and the factual assertions in the Complaint related to their circumstances. Defendants' discovery of the Plaintiffs would include document requests, interrogatories, requests for admissions, depositions, and potentially third-party discovery of any corroborating information as well.

Finally, at the time of this filing, the Government is aware of 14 lawsuits challenging DoD's COVID-19 vaccine directive. Multiple Plaintiffs have indicated they intend to seek discovery related to this directive. Accordingly, Defendants are currently considering submitting an application to the Judicial Panel on Multidistrict Litigation seeking consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Defendants have not yet made a decision but flag the issue for the Court's and the Plaintiffs' awareness.

## III.   PROPOSED DISCOVERY PLAN

### A.   FACT DISCOVERY

<u>Plaintiffs' Position:</u>   Fact discovery shall commence immediately on all discoverable issues after filing of the Rule 26(f) Report and shall be completed by May 9, 2022, as set forth in the November 22, 2021 Initial Scheduling Order.

Defendants' Position: As set forth above in Part II.B, Defendants do not believe that extra-record discovery is appropriate in this matter, but may seek discovery in accordance with the Discovery Order if warranted.

Joint Proposal Regarding Specific Deposition Procedures.   Counsel will confer in good faith about time, location, and where appropriate, subject of deposition prior to serving a deposition notice.  The parties should serve a finalized notice to the opposing party specifying the name of each witness to be deposed and the location of the deposition no later than 14 days prior to the deposition, unless the other party consents to an untimely amendment, with the exception that a party may delete a witness from its own deposition notice at any time.

B.     **RULE 26(a)(1) INITIAL DISCLOSURES**

As indicated above in Part II.B, Defendants maintain that this matter is exempt from initial disclosures, but in light of the Discovery Order, the Parties exchanged initial disclosures on January 12, 2022.  The Parties will supplement or amend those disclosures as appropriate.

C.     **PRIVILEGED & CONFIDENTIAL MATERIALS**

Joint Positions:

- The parties anticipate that there may be relevant documents or information protected by the Privacy Act, and/or confidential business information, and that a protective order may be needed by the parties to facilitate discovery or production of the administrative record. The parties will confer about the content of that protective order in conjunction with their conferral over the index of the administrative record for FDA.

- The parties agree that the work product of counsel, and correspondence directly to or from counsel, as related to this litigation, shall not require logging on the parties' respective privilege logs.

- The parties agree that any inadvertent inclusion of any privileged material in a discovery response or a Rule 26 disclosure shall not result in the waiver of any associated privilege. The parties agree to return any privileged material immediately upon notice of the disclosure. If a requesting party has a reasonable belief that privileged information was inadvertently produced, the requesting party agrees to immediately contact the producing party to arrange for prompt return of the information. Both parties agree that no copies of inadvertently disclosed materials will be retained following return to the disclosing or producing party.

Plaintiffs' Position:  The deadline for the Parties to propose a protective order for any privileged and/or confidential materials, including any materials in the administrative record exempt from public disclosure, January 21, 2022.

Defendants' Position: Defendants believe that the parties should be able to reach agreement as to a protective order, and that it is not necessary to set a deadline or to litigate a motion regarding a protective order now.

## D. ELECTRONICALLY STORED INFORMATION

The Parties have commenced conferring regarding the scope and limits of discovery of Electronically Stored Information, and may wish to propose an order governing such discovery. The parties do not presently anticipate any particular issues regarding the discovery of electronically stored information ("ESI"), and they have confirmed that all parties are preserving relevant ESI.  The Parties will report further to the Court by January 31, 2022.

E.     ADDING PARTIES AND AMENDING PLEADINGS

Plaintiffs' Position: The deadline for adding parties and amending the pleadings is March 31, 2022.

Defendants' Position: Defendants' response to the Amended Complaint is currently due January 14, 2022. Defendants propose that the deadline for adding parties be February 4, 2022, to facilitate efficient resolution of this matter, and the deadline for other amendments should be March 31, 2022.

Joint Position: The parties are unaware whether Pfizer-BioNTech, or any other interested party, may wish to intervene or otherwise appear to protect their interests.

F.     EXPERT DISCOVERY

Plaintiffs' Position:  Each party shall serve expert reports as required by Rule 26(a)(2) by the deadline set forth in Rule 26(a)(2)(D). All expert discovery shall commence so as to be completed by May 9, 2022.

Defendants' Position:  As indicated above in Part II.B, Defendants maintain that this matter is not appropriate for extra-record discovery. As the Court previously held, reliance on extra-record evidence is presumptively improper and Plaintiffs cannot clear the procedural hurdles to do so. ECF No. 47, at 18-19. If expert discovery goes forward, however, Defendants propose that expert disclosures be made on or before March 15, and rebuttal disclosures be made on or before April 15,

2022.  This sequencing would permit substantial progress in fact discovery before expert discovery moves forward. In light of these proposed deadlines, Defendants further propose that the parties have until the close of discovery to file motions to compel related to expert discovery.

### G.    MOTIONS

Plaintiffs' Position: The deadline for any summary judgment or dispositive motion shall be filed within 21 days after the end of discovery (*i.e.*, May 30, 2022).

Defendants' Position: Defendants anticipate that, as set forth in Part II.B and Part IV, they will produce administrative records.  Defendants anticipate that they can move for summary judgment within 30-45 days of production of the administrative records, if not sooner, depending on what claims remain. Alternatively, it may make sense for Plaintiffs to move first.  Defendants therefore propose that the parties meet and confer after production of the records to propose a schedule for summary judgment briefing if necessary.

### H.    PRETRIAL DISCLOSURES

Joint Proposal:  The Parties anticipate that this matter can likely be resolved on motions for summary judgment. If not, the Parties will file Rule 26(a)(3) pre-trial disclosures by the deadline set in an order for pretrial conference (to be entered later) or, if no such order is entered, the deadline set out in Rule 26(a)(3)(B).

## I.   TRIAL

Joint Position:   The Parties anticipate that this matter can likely be resolved on motions for summary judgment.  If not, trial will take place during the two-week period that begins on September 14, 2022.

## IV.   SCOPE AND PRODUCTION OF ADMINISTRATIVE RECORD

Joint Position: The Parties agree that the administrative records each consist of the information considered by the relevant decisionmaker at the time the decision was made.  The parties agree that a protective order would be appropriate for production of the documents or ESI (or portions of thereof) in the FDA administrative record that contain confidential commercial, protected privacy, and trade secret information. The Parties otherwise describe the scope of the records differently and disagree about the time needed for production.

### A.   PLAINTIFFS' POSITION ON SCOPE OF THE ADMINISTRATIVE RECORDS

Plaintiffs' Second Amended Complaint challenges agency actions in broad terms, and it is not entirely clear from the publicly available information whether, for example, the DOD Mandate or the FDA Comirnaty approval is a single agency action, an initial action that was modified through one or more subsequent actions, or several discrete agency actions with separate administrative records for each. In particular, each of the DOD Mandate and FDA Comirnaty approval purports to apply only to one product – mandating or licensing Comirnaty – but extend the

mandate and licensure (or at least granting equivalent legal and regulatory treatment) to: (1) Pfizer-BioNTech vials labeled or manufactured pursuant to an EUA; and/or (2) "BLA-compliant" doses of EUA-labeled Pfizer-BioNTech vaccines. As explained below, whether treated as a single agency action, an initial action that was subsequently modified, or multiple agency actions, Plaintiffs seek the full administrative record supporting Defendant agencies' decisions to mandate EUA or "BLA-compliant" products and to treat EUA or "BLA-compliant" products as if they were licensed products.

Further, all actions for which Plaintiffs request judicial review are generally applicable agency actions, rules or policies. Plaintiffs do not present "as applied" challenges to agency actions as applied to a specific individual, or individual personnel or disciplinary decisions or adjudications. To avoid any confusion, Plaintiffs do not seek production of records related to discrete, individual personnel actions or adjudications, which are not part of the record for the agency actions under review.

Finally, many of the Defendants' objections to Plaintiffs' request for prompt production of the administrative records concern the size and potential burden of producing the Pfizer documents submitted to the FDA. In this proceeding, Plaintiffs seek judicial review of unlawful behavior by Defendant agencies; they have not alleged any illegal conduct by Pfizer or BioNTech, which is why these companies

are not parties to this proceeding. Accordingly, Plaintiffs' request for the record

focuses on and will prioritize the records generated by the Defendant agencies

necessary for this Court to review those agencies' actions under the APA. The Pfizer

records are highly relevant to judging the propriety of agency actions, but objections

based on the volume of the Pfizer records are a distraction and provide no basis for

Defendant agencies to delay production of the much smaller volume of internally

generated records, including their responses to, or correspondence with, Pfizer.

### 1.     DOD Administrative Action(s) and Record(s)

Plaintiffs challenge, and seek the full administrative record, for the following

DOD actions, which collectively constitute the "DOD Mandate":

- The initial mandate announced in the August 24, 2021 Secretary of Defense Memo ("SECDEF Memo"), which mandated only vaccines with "full licensure" from the FDA, "in accordance with FDA-approved labeling. ECF No. 1-2, SECDEF Memo, at 1.

- The subsequent modification to the initial mandate extending it to permit EUA and/or BLA-compliant doses to be mandated, including any records supporting DOD's determination that licensed and EUA vaccines are and/or may be used "interchangeably."

- The DOD or DOD component actions to categorically eliminate the medical exemptions for documented previous infections, pregnancy/lactation, or other medical conditions that provide grounds for medical exemptions in Army Regulation 40-562.

- The record materials generated in compliance with applicable DOD procedures and other requirements to implement the mandate (including the elimination of medical exemptions and extension to EUA/BLA-compliant vaccines), in particular, Secretary of Defense Austin's directive

that the mandate be implemented in accordance with DOD Instruction 6205.02 "DOD Immunization Program."[1]

- Any processes and procedures for ensuring that only "BLA-compliant" doses are or were administered to service members. This would also include all records tracking BLA-compliant doses from the manufacturer to the service member (e.g., purchase orders, shipping manifests, inventory records, etc.), as well as specific guidance given to commanders and healthcare providers to ensure and document compliance.

## 2. Armed Services Administrative Records

With respect to each of the Armed Services Defendants, the agency actions under review are their implementations, on a service-wide basis, of the DOD Mandate, including the additional actions identified above with respect to: the expansion of the mandate to include EUA and/or "BLA-compliant" doses; the elimination of medical exemptions from their service-specific versions of AR 40-562; compliance with DOD Instruction 6205.02 and other applicable DOD or service-specific procedural requirements; and the processes or procedures to ensure only BLA-compliant doses are administered pursuant to the mandate.

## 3. FDA/HHS Administrative Record(s)

The FDA actions under review include the FDA's Comirnaty Approval, as well as any other agency actions or decisions that extend Comirnaty's licensure, or

---

[1] Plaintiffs would note that the SECDEF Memo appears to be the initiation, rather than the consummation, of the agency decision-making process set forth in DOD Instruction 6205.02, so there are likely additional record materials generated through the 6205.02 process that must be produced as for APA judicial review.

grant equivalent legal or regulatory treatment, or benefits to Pfizer-BioNTech products subject to an EUA and/or so-called "BLA-compliant" doses. Accordingly, the administrative actions under review for which a complete record must be produced are the administrative record supporting:

- The August 23, 2021 FDA Comirnaty Approval.

- The FDA's August 23, 2021 determination that the EUA product and the licensed product have the "same formulation" and are or may be used "interchangeably."[2]

- The FDA's decision to exercise "enforcement discretion" not to enforce its mandatory labeling requirements for EUA or "BLA-compliant" doses.

- All records and communications relating to the identification of, and criteria for, "BLA-compliant" doses, and its determination that "BLA-compliant" doses are equivalent to or substitutable for Comirnaty.

Plaintiffs' claims of FDA APA violations center around procedural irregularities, deviations from previous guidance or policy, and the use of extra-statutory criteria. *See* ECF No. 56, ¶¶ 123-134 (Fourth and Fifth Causes of Action). Accordingly, for the Court to review the FDA's actions, the record must include the

---

[2] Plaintiffs note that the FDA has stated that it found that Comirnaty and the EUA to be "medically interchangeable," and that it did not make a "statutory interchangeability determination" under the Public Health Safety Act. ECF No. 31-13, ¶ 10. Accordingly, the FDA's medical or factual "interchangeability" – announced for the first time on August 23, 2021, *see* ECF No. 1-6, the same date as the Comirnaty approval – was part and parcel of the Comirnaty approval. All records supporting this factual or medical determination should be produced as part of the record for the FDA's Comirnaty approval.

following materials (even if deliberative process privilege is asserted, in which case

they must be identified in the privilege log):

- Any records relating to the FDA's decisions to waive or ignore requirements set forth in its regulations (*e.g.,* the requirements relating to "well controlled" trials), industry guidance (*e.g.,* June 2020 Industry Guidance), policies or practice.

- Any records relating to the FDA's decision not to convene the Vaccines and Related Biologics Products Advisory Committee.

- Any communications or requests from Pfizer-BioNTech to deviate from, or waive, requirements in FDA regulations, guidance, policy, or practice, and the FDA's responses or decisions regarding such requests, for example, the FDA's decision to accept as valid the results of Pfizer-BioNTech's clinical trials after 93% of clinical trial participants were unblinded.

- Any records relating to the FDA's decision to license Comirnaty, and not to include contraindications, for key special populations excluded from clinical trials, in particular, those with documented previous infections, pregnant or lactating women, or those with other medical conditions.

- Any records relating to the FDA's consideration of extra-statutory criteria in approving Comirnaty, such as the need for FDA approval to implement vaccine mandates, to overcome "vaccine hesitancy" or the goal to increase vaccination rates.

## B. DEFENDANTS' POSITION ON SCOPE OF THE ADMINISTRATIVE RECORDS

In light of the Discovery Order, Defendants are moving forward with

compilation of the administrative records as follows:

DOD. Defendant Department of Defense is compiling the administrative

record for the vaccine mandate and implementation procedures and estimates it

could produce a certified administrative record by about Monday, February 28, 2022.

Compilation of the record requires collection, review, analysis, and indexing (as well as potentially redaction) of documents from relevant records custodians in multiple parts of DoD.   Defendants do not yet know how large this record will be.   The relevant individual or individuals will then need to index the record and certify it as well.  This is a labor and time-intensive project.

FDA.  FDA is working on compiling an informal index of the administrative record for the Biologics License Application (BLA) Approval challenged here.  This is a time and labor-intensive process because the administrative record for the Comirnaty approval alone is expected to be more than 300,000 pages, in addition to large amounts of data, and will likely require a protective order to protect the rights of third parties' confidential commercial, personal privacy, and trade secret information.  FDA expects that an informal (non-certified) index can be provided to Plaintiffs on or before February 11, 2022.  Providing a more formal certified index for a record over 300,000 pages, not to mention the additional indexing information sought by Plaintiffs as well, would be a project of many months and would not facilitate efficient adjudication of this matter.

With the informal index as a basis for discussions, Defendants propose that the parties confer to identify those portions of the record needed to litigate this case, in order to streamline production of the record and, correspondingly, adjudication of Plaintiffs' claims, and further confer about the content of an appropriate protective

order.  Defendants note that Plaintiffs already have access to the Comirnaty approval letter, the Summary Basis for Regulatory Action supporting the approval, and several of FDA's review memoranda, as well as to the entire docket of a Citizen Petition referenced in Plaintiffs' Amended Complaint that raised many of the same issues Plaintiffs raise here.  *See*  https://www.fda.gov/vaccines-blood-biologics/comirnaty (last visited January 13, 2022); Docket of Citizen Petition filed by Coalition Advocating for Adequately Licensed Medicines, available at https://www.regulations.gov/docket/FDA-2021-P-0786.  These documents, already publicly available, comprise the portions of the administrative record most likely to be relevant to Plaintiffs' claims.

Scope Disagreements.  While Defendants would likely dispute that the administrative records could or should include all of the vaguely described information in Plaintiff's Position, it is Defendants' responsibility to compile and certify the record in the first instance, and Defendants' administrative records are entitled to a presumption of regularity.  There is no need for the Court to preemptively rule on the proper scope of the administrative record.

## C.     PRODUCTION OF ADMINISTRATIVE RECORDS

### 1.    Certified Index

Joint Position: To facilitate discussion, the parties are reviewing screenshots of a partial index of the BLA, as identified in *Public Health and Medical*

*Professionals for Transparency v. FDA*, No. 4:21-cv-1058 (N.D. Texas) ("*PHMPT*") (which Plaintiffs have attached as Exhibit 1 to this Report); and (2) the documents and other information provided on the FDA's website. *See, e.g.,* https://www.fda.gov/vaccines-blood-biologics/comirnaty.

Plaintiffs' Position: In this proceeding, FDA has represented that the record includes over 300,000 pages of materials submitted by Pfizer-BioNTech (or 329,000 pages in the Texas proceeding) as part of the Comirnaty BLA application. The FDA has already produced an 88-page index for these materials in the *PHMPT* proceeding, which is included as Exhibit 1 hereto. *See* Ex. 1 at 5. There, the FDA has been ordered to commence production of the Pfizer record materials at a rate of 55,000 pages per month, with the first 12,000 pages due January 31, 2022. *See PHMPT v. FDA*, No. 4:21-cv-1058, 2022 WL 90237, at *2 (N.D. Tex. Jan. 6, 2022).[3]

Defendants' counsel has indicated that most of the remaining record materials generated by the FDA are posted on the FDA website like the one above, which includes links to eight documents.[4]  Given that the FDA has already compiled or

---

3 The Court in *PHMPT* recognized the burden that production of the record may place on the FDA, but in concluding that production is of "paramount importance," the Court emphasized that "there may not be a more important issue at the [FDA] … than the pandemic, the Pfizer vaccine, … [and] making sure that the American public is assured that this was [] rush[ed] …" *PHMPT*, 2022 WL 90237, at *1 (citations and quotations omitted).

4 Plaintiffs' position is that there is likely a much larger number of records that were before the FDA and FDA Commissioner at the time that FDA approved Comirnaty and took the other challenged agency actions described above that should be

identified what it claims is nearly the entire FDA record, which appears to constitute the vast majority of the records in terms of volume it should take minimal effort to complete the index. Accordingly, the Defendants should be required to compile and file the certified index for the remaining administrative records by January 27, 2022 (*i.e.*, two weeks from today and nearly 12 weeks since the FDA produced the index submitted in *PHMPT* on November 5, 2021).

The same holds for the DOD record, which Defendants' counsel have represented consists of the publicly available materials like the SECDEF Memo and the Armed Services orders and guidance.[5] Further, Defendants have informed the Court herein, that there are least 14 lawsuits challenging the DOD Mandate and that Plaintiffs in several of these lawsuits will seek discovery; presumably plaintiffs in those lawsuits will seek production of the same administrative record that Plaintiffs seek here. Accordingly, the production of these materials will not impose any additional or undue burden on Defendants.

---

included in the administrative record. But if Defendants' position is that there are only a handful of additional FDA records beyond those already identified and indexed in the *PHMPT* proceeding, then they cannot claim any undue burden in promptly providing a certified index and producing those records on the schedule proposed by Plaintiffs.

[5] As with the FDA records, Plaintiffs' position is that the DOD and Armed Services and their respective Secretaries had a much larger scope of records before them at the time they took the challenged actions, but if the record is as small as claimed, then the burden of compiling an index and producing the record should be minimal.

With respect to the FDA record, providing an index and producing the record should be much less burdensome here than in *PHMPT*, which addresses a Freedom of Information Act ("FOIA"), and thus will necessarily result in the public disclosure of all non-exempt materials. Here, Plaintiffs do not seek public disclosure of the full record; are willing to agree to a reasonable protective order that will permit Plaintiffs' experts to review evidence relevant to Plaintiffs' claims without public disclosure where appropriate; and are willing to forego production or review of categories of documents that contain exempt or PII information, in particular, documents or ESI that include PII for the tens of thousands of clinical trial participants.[6] Plaintiffs do not anticipate the need to produce the full 300,000+ page record, and they would likely request production of only a fraction of the Pfizer-BioNTech documents. In this regard, Plaintiffs would emphasize that they are challenging the actions of Defendants, who purportedly acted on the basis of a very small number of records, not Pfizer or BioNTech, which are not parties to this proceeding.

To facilitate discussions regarding the production schedule and relative burdens/cost of production for electronic records, the certified index should identify:

---

[6] Further, Plaintiffs are not competing pharmaceutical companies or commercial entities; they are willing to agree to reasonable restrictions to prevent public disclosure or dissemination of confidential commercial or financial information or trade secrets. It also may be possible to produce ESI in a more expeditious manner by doing so in native format, or by identify specific categories of records that are not relevant to, or necessary for this Court to adjudicate, Plaintiffs' claims.

(1) the electronic file format, file size, page number (if applicable); (2) any claims of privilege, confidentiality, or exemption from disclosure (e.g., trade secrets, financial information, personally identifiable information ("PII")); and (3) for any records covered by such claims, whether the Defendant intends to disclose the document under the protective order or withheld from production and included in the privilege log.

Plaintiffs propose to require production of the certified record first in order for the parties to further confer and identify the portions of the record that are most relevant to Plaintiffs claim and/or that can be most expeditiously produced. The index will also assist in identifying the portions of the record that should be produced under a protective order approved by the Court, and thereby avoid objections to public disclosure of protected materials and other discovery disputes.

Defendants' Position: In light of the Discovery Order, Defendants are moving forward with compilation of the administrative records for both DoD and FDA, as set forth above in Part IV.B. Defendants agree that records should be produced prior to additional discovery.  Plaintiffs' statement that Defendants have "already compiled" the FDA record fails to acknowledge the labor involved in providing a complete index for the record (an index intended to helpfully describe the material in the record).  A few weeks to provide an informal index of a record that is over 300,000 pages is not unreasonable.  This process will also facilitate agreement on

the scope of the record to be produced and agreement on a protective order that will permit reasonably prompt production of the agreed-upon portions of the record thereafter.

Plaintiffs rely in part on the pending FOIA matter *Public Health and Medical Professionals for Transparency v. FDA*, No. 4:21-cv-01058-P (N.D. Tex.), where the request overlaps with, but is not identical to an administrative record in this matter.   Plaintiffs misunderstand the scope of the partial index they cite.  The "screen shot" index Plaintiffs refer to is of only a portion of the original application submitted by Pfizer.  Prior to approval, there were over 50 additional submissions to the agency, in response to the back-and-forth review of the application.  None of the subsequent submissions are reflected in the index Plaintiffs cite.  FDA notes that it anticipates filing a motion to modify the production schedule ordered by the Court in the Texas FOIA case.   In any case, the FOIA production does not require creation of a helpful index, like the one Defendants are proposing to facilitate resolution of this matter.

### 2.    Complete Administrative Record

<u>Joint Position:</u> The parties will confer to identify those portions of the record needed to litigate this case, in order to streamline production of the record and, correspondingly, adjudication of Plaintiffs' claims. The parties will also confer to identify those portions of the record that are not relevant and can be excluded

altogether from production, or that can be produced under an appropriate protective order, as described above.

Plaintiffs' Position: Defendants should produce the complete administrative record (or any subset thereof mutually agreed by the parties), excluding any privileged materials, by February 10, 2022 (*i.e.*, four weeks from the date of this report and two weeks from the proposed date to produce the certified index). At a minimum, the Defendant agencies should be able to produce all non-privileged records generated by the respective agencies by that date (including FDA responses to, and any correspondence with, Pfizer), which Plaintiffs understand are a small fraction of the size of the Pfizer materials, and all materials produced in the *PHMPT* proceeding, unless otherwise agreed by the parties. Further, as noted above, Plaintiffs are willing to forego production of entire categories of documents, particularly large database files containing PII of the tens of thousands of clinical trial participants, or any other categories of documents or files determined by Plaintiffs and their experts to be irrelevant to Plaintiffs' claims, to prioritize production of the most relevant record materials.

Defendants' Position: In light of the Discovery Order, Defendants are moving forward with compilation of the administrative records for both DoD and FDA, as set forth above in Part IV.B. Plaintiffs' proposed timeframes are not remotely

plausible, for either DoD's record (still being gathered from relevant components) or for FDA's 300,000+ page record.

### D.    PRIVILEGED & CONFIDENTIAL MATERIALS

<u>Joint Position:</u> See "Joint Position" under Section III.C. above.

<u>Plaintiffs' Position:</u> Plaintiffs' position is that materials claimed to be protected by the deliberative process privilege or to be otherwise exempt from disclosure: are part of the administrative record; must be identified in the certified index; and must be included in the privilege log for the Plaintiffs and the Court to assess the merits of the privilege or exemption claim.

Further, the following communications should be categorically excluded from deliberative process or other privilege claims and produced as part of the administrative record: (1) communications among Defendant agencies, in particular between DOD/Armed Services, on the one hand, and, on the other, FDA/HHS; and (2) communications between any Defendant agency and the Executive Branch or any other federal agency not before the Court.

<u>Defendants' Position:</u> Defendants note that information protected by the deliberative process privilege is not ordinarily considered part of the administrative record, and thus would not be produced or logged. *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("[A]bsent a showing of bad faith or improper behavior, '[a]gency deliberations not part of the record are deemed immaterial.'" (second

alteration in original)).  To the extent this matter survives a motion to dismiss, and to the extent Plaintiff thinks the record as produced and certified is inadequate, Plaintiff can file a motion to complete or supplement the record at that time.  A theoretical disagreement about information that may be excluded from the record that has not been produced is not ripe now.  The Court is certainly not in position to define the scope of a privilege not yet at issue, and Defendants are not aware of any basis for the categorical exclusions proffered by Plaintiffs.

## V.    OTHER ISSUES

### A.    Settlement and Mediation

At this point, the parties do not currently anticipate that settlement talks or alternative dispute resolution would be fruitful in this matter.

### B.    Magistrate

Counsel for Plaintiffs and Defendants conferred on whether they consent to have a magistrate judge. Parties have not executed the consent form attached to the November 22, 2021 Initial Scheduling Order.

Dated: January 13, 2022

/s/ *Brandon Johnson*                    BRIAN M. BOYNTON
Brandon Johnson                          Acting Assistant Attorney General
/s/ *Travis Miller*
Travis Miller                            ALEXANDER K. HAAS
Defending the Republic                   Director, Federal Programs Branch
2911 Turtle Creek Blvd.
Suite 300                                ANTHONY J. COPPOLINO
Dallas, Texas 75219                      Deputy Director
Tel: (214) 707-1775

                                         /s/ *Amy E. Powell*
Attorneys for Plaintiffs                 ANDREW E. CARMICHAEL
                                         AMY E. POWELL
                                         Senior Trial Counsel
                                         ZACHARY A. AVALLONE
                                         COURTNEY D. ENLOW
                                         Trial Attorneys
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, N.W.
                                         Washington, DC 20005
                                         Tel: (919) 856-4013
                                         Fax: (202) 616-8470
                                         Email: Amy.Powell@usdoj.gov

                                         *Counsel for Defendants*