# Exhibit 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BENJAMIN COKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-01211-AW-HTC |
| | ) |
| LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DECLARATION OF LIEUTENANT COLONEL TAMEKA D. ALDERMAN**

I, Tameka D. Alderman, hereby state and declare as follows:

1. I am a Lieutenant Colonel in the United States Air Force currently assigned as the Chief, Joint Operations and Force Management Policy at the Department of the Air Force Directorate of Personnel Policy for the Chief, Air Force Reserve (REP). I have been in this position since July 2020. As a part of my duties, I am responsible for liaising with Air Force Total Force partners, Major Commands, and both the Air Force and Air Force Reserve Personnel Centers to enable business operations relating to reserve military retirements and military separations programs. The Air Force's Total Force includes the Regular Air Force, Air National Guard, Air Force Reserve, civilian workforce, and Civil Air Patrol when conducting missions for the Air Force as the official Air Force Auxiliary in accordance with Air Force Policy Directive (AFPD) 90-10, Total Force Integration. As a REP action officer, I serve as the Total Force focal point for developing and interpreting both policy and guidance for Air Force Reserve (AFR) military retirement and separations programs.

2.      I have reviewed and am generally aware of the allegations set forth in the pleadings filed in this matter. I make this declaration in my official capacity as the Chief, Joint Operations and Force Management Policy and based upon my personal knowledge and upon information that has been provided to me in the course of my official duties. On August 24, 2021, the Secretary of Defense (SecDef) issued a mandate for all members of the Armed Forces under the Department of Defense's authority on active duty or in the Ready Reserve to immediately begin full vaccination against Coronavirus Disease 2019 (COVID-19). Thereafter, the Secretary of the Air Force (SecAF) provided additional mandatory vaccination guidance for Department of the Air Force (DAF) commanders that they take all steps necessary to ensure all uniformed service members receive the COVID-19 vaccine, which included issuing unit-wide and individual orders to their active and Ready Reserve members no later than December 2, 2021 (SecAF Memo, September 3, 2021, Mandatory Coronavirus Disease 19 Vaccine of Department of the Air Force Military Members). The SecDef then issued, on 1 October 1, 2021, additional guidance for mandatory vaccinations of civilian employees following September 9, 2021, Executive Order 14043, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees" no later than November 22, 2021, if not otherwise exempted. This policy expansion enabled the AFR to draft guidance supporting Air Reserve Technicians (ART) who, as a condition of their civilian employment, maintain dual status as members of the Selected Reserve of the Reserve component by which employed. In accordance with DoD Instruction 1205.18, *Full-Time Support (FTS) to the Reserve Components*, they must remain qualified in both their civilian and military positions as a loss of Selected Reserve membership will result in removal from the MT program.

3.      Since the SecAF's initial mandatory vaccination order, the Chief of Air Force Reserve (CAFR), who also serves as the Commander, Headquarters Air Force Reserve Command, began

developing implantation guidance as a part of the Air Force's Total Force. Responsible for both full-time and part-time reserve members additional, the CAFR developed and disseminated Reserve-specific guidance at https://www.afrc.af.mil/COVID-19/. This guidance affects Active Guard and Reserve (AGR) personnel who are Reserve members on voluntary active duty providing full-time support to National Guard, Reserve, and Active Component organizations for the purpose of organizing, administering, recruiting, instructing, or training the Reserve Components, ARTs who are Federal civilian employees providing full-time support to Reserve and organizations for administration, training, and maintenance of the Selected Reserve, Individual Mobilization Augmentees (IMA) who are individual reservists attending drills who receive training and are preassigned to an Active Component organization, a Selective Service System, or a Federal Emergency Management Agency billet that must be filled on, or shortly after, mobilization, and Traditional Reserve (TR) members who are members of the Selected Reserve that participate in at least 48 scheduled drills or training periods during each year and serve on active duty for training of not less than 14 days (exclusive of travel time) during each year; or serve on active duty for training not more than 30 days during each year.

4.   After the Secretary of Defense mandated the COVID-19 vaccine for all service members, the DAF developed and promulgated a departmental-wide implementation guide which included guidance on administrative exemptions such as terminal leave. I am familiar with the terminal leave and its associated policy, Air Force Guidance Memorandum to DAF Instruction 36-3003, *Military Leave Program,* dated April 7, 2021, as its implementation relates to the scope of my professional duties. Terminal leave is chargeable leave taken in conjunction with retirement or separation from active duty. Approved by unit commanders, a member's last day of leave coincides with the last day of active duty. Once a member is on terminal leave, they are no

3

longer considered on active duty, hence the acceptance of this as an administrative exemption as referenced in AFI 48-110, *Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases,* February 16, 2018.

5.  Reserve members were required to be fully vaccinated against COVID-19 or have an exemption from the vaccination requirement no later than December 2, 2021. This mandate created four categories for service members to fall into for vaccination mandate tracking purposes.

    a.  Members have completed a vaccination regimen.

    b.  Members have requested or received a medical exemption.

    c.  Members have requested or received a Religious Accommodation Request (RAR).

    d.  Members have requested or received an administrative exemption.

6.  Additionally, on December 7, 2021, the SecAF provided a memorandum, "*Supplemental Coronavirus Disease 2019 Vaccination Policy.*" The memo established specific policy and provided guidance applicable to Regular Air Force and Space Force members, AFR and Air National Guard (ANG) members with details for those who requested separation or retirement before November 2, 2021, for those whose request for medical, religious or administrative exemption from the COVID-19 vaccine is denied, and for those who refused to take the COVID-19 vaccine with no intent to request an exemption. It clarified that unvaccinated members who requested a medical exemption or RAR were to be temporarily exempt from the COVID-19 vaccination requirement while their exemption request is under review. Further, members who had declined the vaccination or had not otherwise complied with the mandatory vaccination guidance were refusing to obey a lawful order and were potentially in violation of the Uniform Code of Military Justice (UCMJ). Commanders were to take appropriate action and disciplinary

actions consistent with DAF policy in addressing service members who refused to comply with the vaccination mandate without an approved exemption. Refusal to comply, as detailed in the memorandum, would result in the member being subject to initiation of discharge proceedings. Service characterizations would be governed by applicable DAF instructions. Reserve members not in compliance were to be involuntarily placed in the Inactive Ready Reserve. Involuntary reassignment is a last resort for commanders and can be initiated for cause or derogatory reasons only after all appropriate disciplinary and/or administrative actions have been taken and documented in accordance with DAFI 36-2110. Commanders were encouraged to use discretion when initiating disciplinary in the December 7, 2021, supplemental Reserve guidance. Unit Reserve (TR (including ART) and IMA) members who did not comply with the vaccination mandate were to be placed in a no pay/no points status and involuntarily reassigned to the IRR. AGR members who did not comply would their AGR tour that put them in an active duty status curtailed to returning them to part-time status and would be involuntarily reassigned to the IRR.

7.  Members whose medical exemption or RAR was denied were afforded five (5) calendar days from receipt of their denial to do one of the following:

    a.  Begin a COVID-19 vaccination regimen,

    b.  Request a second opinion (medical), or

    c.  Submit an appeal to the final RAR appeal authority (AF/SG).

8.  If a final appeal was denied, the member will be afforded five (5) calendar days from notice of denial to begin the COVID-19 vaccination regimen. Refusal to adhere to the vaccination mandate would result in an involuntary reassignment to the IRR as outlined in the December 7, 2021, SecAF guidance memorandum. Members involuntarily reassigned to the IRR will be subject to recoupment for any unearned special and incentive pays. Special and incentive

pay, unlike basic pay and allowances, vary by pay grade and years of service, can be used to improve recruiting and retention by increasing compensation in key occupation specialties or critical skill areas, to compensate for onerous or hazardous duty assignments or conditions or to provide incentives for service members to develop certain skills that are important to national security objectives.

9. If eligible for retirement, Reservists may request to retire with a retirement date on or before June 1, 2022, and will be placed in a no pay/no points status not later than 60 calendar days post RAR decision and appeal notification. AGRs may be able to retire if they begin terminal leave not later than 60 calendar days from the RAR decision and appeal notification.

10. COVID-19 vaccination guidance from the SecDef and SecAF has continually evolved. To facilitate Total Force policy consistency, I will continue to partner with Total Force policy development teams and Reserve subject matter experts as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of January 2022.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of January 2022.

ALDERMAN.TAMEKA.D.1252342954
Digitally signed by ALDERMAN.TAMEKA.D.1252342954
Date: 2022.01.13 06:34:18 -05'00'

TAMEKA D. ALDERMAN, Lt Col, USAF
Ch, Joint Operations & Force Management Policy

Attachment:

Secretary of the Air Force Memorandum, *Supplemental Coronavirus Disease 2019 Vaccination Policy*, dated 7 December 2021



SECRETARY OF THE AIR FORCE
WASHINGTON

0 7 DEC 2021

MEMORANDUM FOR ALMAJCOM-FLDCOM-FOA-DRU/CC
DISTRIBUTION C

SUBJECT: Supplemental Coronavirus Disease 2019 Vaccination Policy

This memorandum establishes specific policy and provides guidance applicable to regular Air Force and Space Force members, Air Force Reserve and Air National Guard members. This memo includes supplemental guidance concerning those who requested separation or retirement prior to 2 November 2021, those whose requests for medical, religious or administrative exemption from the COVID-19 vaccine are denied, and those who refuse to take the COVID-19 vaccine. Compliance with this memorandum is mandatory.

As the Secretary of the Air Force, it is my responsibility to promote the health, safety and military readiness of all Air Force and Space Force personnel, regardless of duty status, to include Air National Guard performing any duty or training under both Title 10 and Title 32 of the United States Code. COVID-19 poses a direct risk to the health, safety, and readiness of the force. Vaccination against COVID-19 is an essential military readiness requirement for all components of the Air Force and Space Force to ensure we maintain a healthy force that is mission ready.

Commanders will take appropriate administrative and disciplinary actions consistent with federal law and Department of the Air Force (DAF) policy in addressing service members who refuse to obey a lawful order to receive the COVID-19 vaccine and do not have a pending separation or retirement, or medical, religious or administrative exemption. Refusal to comply with the vaccination mandate without an exemption will result in the member being subject to initiation of administrative discharge proceedings. Service characterization will be governed by the applicable Department of the Air Force Instructions.

Pending Separation or Retirement - unvaccinated regular Airmen and Guardians who submitted a request to retire or separate prior to 2 November 2021, with a retirement or separation date on or before 1 April 2022, may be granted an administrative exemption from the COVID-19 vaccination requirement until their retirement or separation date.

Medical, Religious or Administrative Exemption - unvaccinated regular Airmen or Guardians with a request for medical, religious, or administrative exemption will be temporarily exempt from the COVID-19 vaccination requirement while their exemption request is under review. Service members who receive a denial of their medical, religious, or administrative exemption request have five (5) calendar days from that denial to do one of the following: 1) Begin a COVID-19 vaccination regimen. If the service member indicates his or her intent is to begin the vaccination regimen, commanders may use their discretion to adjust the timeline based on local COVID-19 vaccination supplies; 2) Submit an appeal to the Final Appeal Authority or

request a second opinion (medical). If a final appeal or exemption is denied, the service member will have five (5) calendar days from notice of denial to begin the COVID-19 vaccination regimen; 3) If able, based upon the absence of or a limited Military Service Obligation (MSO), and consistent with opportunities afforded service members prior to 2 November 2021, request to separate or retire on or before 1 April 2022, or no later than the first day of the fifth month following initial or final appeal denial.

Regular service members who continue to refuse to obey a lawful order to receive the COVID-19 vaccine after their exemption request or final appeal has been denied or retirement/separation has not been approved will be subject to initiation of administrative discharge. Discharge characterization will be governed by the applicable Department of the Air Force Instructions. Service members separated due to refusal of the COVID-19 vaccine will not be eligible for involuntary separation pay and will be subject to recoupment of any unearned special or incentive pays.

Commanders will ensure all unvaccinated service members comply with COVID-19 screening and testing requirements and applicable safety standards. Leaders should continue to counsel all unvaccinated individuals on the health benefits of receiving the COVID-19 vaccine.

Unique guidance associated with the Air Force Reserve is provided at Attachment 1. Unique guidance associated with the Air National Guard is provided at Attachment 2.

This Memorandum becomes void one-year after date of issuance.

Frank Kendall
Secretary of the Air Force

Attachments
1. Supplementary Guidance for Members of the Air Force Reserve
2. Supplementary Guidance for Members of the Air National Guard

2

# Attachment 1

# Supplementary Guidance for Members of the Air Force Reserve

1. This supplementary addendum establishes specific policy and provides guidance applicable to Air Force Reserve (AFR) members, pursuant to Secretary of Defense and Secretary of the Air Force guidance as well as AFRC/CD's *AFRC Vaccine Guidance* memo, dated 24 September 2021. Compliance with this guidance is mandatory.

2. Effective 2 December 2021, all AFR members were required to fall into one of the following categories to comply with the vaccination mandate:

    a. Completed a vaccination regimen.
    b. Have requested or received a medical exemption.
    c. Have requested or received a Religious Accommodation Request (RAR).
    d. Have requested or received an administrative exemption.

3. Unvaccinated members who request a medical exemption or RAR will be temporarily exempt from the COVID-19 vaccination requirement while their exemption request is under review. For those members who have declined to be vaccinated, or have not otherwise complied with the guidance above, they are potentially in violation of the Uniform Code of Military Justice (UCMJ) by refusing to obey a lawful order. Commanders should use their discretion as appropriate when initiating disciplinary action.

4. Traditional Reserve (TR) and Individual Mobilization Augmentee (IMA) members who fail to be vaccinated and have not submitted an exemption or accommodation will be placed in a no pay/no points status and involuntarily reassigned to the Individual Ready Reserve (IRR). Active Guard and Reserve (AGR) members who fail to be vaccinated and have not submitted an exemption or accommodation will have their AGR tour curtailed and involuntarily reassigned to the IRR.

5. Members whose medical exemption or RAR is denied have five (5) calendar days from receipt of their denial to do one of the following:

    a. Begin a COVID-19 vaccination regimen.
    b. Request a second opinion (medical) or submit an appeal to the final RAR appeal authority (AF/SG). If a final appeal is denied, the member will have five (5) calendar days from notice of denial to begin the COVID-19 vaccination regimen.
    c. If eligible to retire:
        i. IMAs and TRs may request to retire with a retirement date on or before 1 June 2022 and will be placed in a no pay/no points status not later than 60 calendar days post RAR/appeal notification.

3

      ii. AGR members may be able to retire if they begin terminal leave status NLT 60 calendar days from RAR/appeal notification.

6. Immediately following notification of final adjudication, AFR members must comply with the vaccination requirement. Any refusal to receive the COVID-19 vaccine, absent an approved exemption, may be punishable under the UCMJ. Continued refusal will result in involuntary reassignment to the IRR.

7. Members will be subject to recoupment for any unearned special, incentive pays or certain training.

8. Where required, AFR Airmen will complete all out-processing requirements, to include the Transition Assistance Program or Permanent Change of Station actions.

# Attachment 2

# Supplementary Guidance for Members of the Air National Guard

1. This supplementary addendum establishes specific policy and provides guidance applicable to Air National Guard (ANG) members pursuant to Secretary of Defense and Secretary of the Air Force guidance. Compliance with this guidance is mandatory.

2. IAW 32 U.S.C. 328, the Secretary of the Air Force hereby withdraws consent for members not fully vaccinated to be placed on or to continue on previously issued Title 32 Active Guard and Reserve (AGR) orders.

3. By 31 December 2021, ANG members, regardless of status, will be classified in the following categories:

    a. Completed or have started a vaccination regimen.
    b. Have requested or received a medical exemption.
    c. Have requested or received a Religious Accommodation Request (RAR).
    d. Have requested or received an administrative exemption.
    e. Declined to be vaccinated.

4. Unvaccinated members who request a medical exemption or RAR will be temporarily exempt from the COVID-19 vaccination requirement while their exemption request is under review.

5. Excluding members with pending or approved medical, religious, or administrative exemption requests, ANG members that have not initiated a vaccination regimen by 31 December 2021 may not participate in drills, training, or other duty conducted under Title 10 or Title 32 U.S.C., and those with a remaining Military Service Obligation will be involuntarily assigned to the Individual Ready Reserve (IRR) in accordance with 10 U.S.C. §651 and DoDI 1235.13.

6. Members whose medical exemption or RAR is denied have five (5) calendar days from receipt of their denial to do one of the following:

    a. Begin a COVID-19 vaccination regimen.
    b. Request a second opinion (medical) or submit an appeal to the final RAR appeal authority (AF/SG). If a final appeal is denied, the member will have five (5) calendar days from notice of denial to begin the COVID-19 vaccination regimen.
    c. If eligible to retire:
       i. Title 32 Drill Status Guardsmen, to include Dual Status Technicians, may request to retire with a retirement date on or before 1 April 2022.
       ii. Active Guard and Reserve (AGR) members may be able to retire if they begin terminal leave status NLT 60 calendar days from the RAR/appeal notification.

5

7. Immediately following notification of final adjudication, ANG members must comply with the vaccination requirement. Those with a remaining Military Service Obligation who continue to refuse vaccination, will be involuntarily assigned to the IRR.

8. Members will be subject to recoupment for any unearned special, incentive pays or certain training.

9. Where required, ANG members will complete all out-processing requirements, to include the Transition Assistance Program or Permanent Change of Station actions.