# Exhibit 22

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

**BENJAMIN COKER,** *et al.*

                           Plaintiffs,

    v.

**LLOYD AUSTIN, III, in his official**          Case No. 3:21-cv-01221-AW-HTC
**capacity as Secretary of Defense,** *et al.,*
                    Defendants.

## DECLARATION OF KENNETH C. COLLINS, II
### [with regard to MUC Benjamin Coker]

I, Kenneth C. Collins, II, hereby state and declare as follows:

1.      I am a Captain in the United States Navy ("USN"), currently assigned as the Commanding Officer, U.S. Navy Band, at the Washington Navy Yard, located in Washington, D.C.  I make this declaration in my official capacity, based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

2.      I have been assigned to my current position since October 2015. Prior to my current assignment, I served as the Executive Officer, U. S. Navy Band; Director, Navy Band Fleet Band Activities; Head, Navy Music Program; Director,

U.S. Naval Forces Europe Band; Director, Navy Band Southeast; Director, Pacific Fleet Band; Director, Navy Band Northwest; Assistant Director, U. S. Naval Academy Band; and Fourth Officer/Department Head, U. S. Navy Band. As part of my current duties, I am the senior officer responsible for the administration and oversight of the U.S. Navy Band, which consists of 190 performers and support staff.

3. Plaintiff Benjamin Coker is assigned to my command. Benjamin Coker is an active duty enlisted member of the Navy serving in the paygrade of E-7, a Chief Petty Officer, which is a senior enlisted leader expected to set the example in the Navy.[1]  Benjamin Coker has been assigned the U.S. Navy Band since September 2017.  Prior to his current assignment, he was assigned to the United States Naval Academy Band in Annapolis, Maryland.  Benjamin Coker is a full time support staff member.  He is not a regular performer.  He works in a small office space in our information technology office with both active duty Sailors and civilian contractors. He has been occasionally called upon to perform when we were shorthanded, but it is not his primary duty.

---

[1] Enlisted paygrades are E-1 through E-9.  E-7 through E-9 are collectively referred to as Chief Petty Officers (CPOs) or simply "Chiefs".  They are also collectively referred to a "senior enlisted" personnel in the Navy.  In a pledge upon their initiation into the CPO ranks, CPOs pledge that they "seek no special favors," "set the example," and "establish standards of performance."  *See* The Chief Petty Officer's Pledge *available at* https://www.history navy mil/browse-by-topic/communities/chief-petty-officers/the-chief-petty-officer-s-pledge html

4.   On September 2, 2021, I delivered a NAVPERS 1070/613, "Administrative Remarks" form (commonly known as a "Page 13") counseling to Benjamin Coker.  The Page 13 concerned the requirement for active duty members to receive the COVID vaccine.  The Page 13 is not punitive or an adverse administrative action.  The Page 13 is a formal record of counseling and required under the Navy administrative message ("NAVADMIN") issued September 1, 2021 (NAVADMIN 190/21).  The Page 13 provides guidance to the Navy service member and serves to document that the member has been advised of his or her acknowledgement of the lawful order to be vaccinated against COVID-19.  It also provides the service member with an opportunity to notify his or her commander of the member's intent to seek a medical or religious exemption.  I delivered a Page 13 to all unvaccinated members of my command on or about September 2, 2021.

5.   To the best of my knowledge, I am not aware of any previous and relevant religious accommodations approved in the case of Benjamin Coker.  If Benjamin Coker had a previous religious accommodation from the United States Naval Academy Band, he is required to retain a copy and provide a copy to his current command upon transfer.[2]  At the time I provided the Page 13, Benjamin

---

[2] "(2) A requestor with an approved religious accommodation must inform his or her chain of command of the approved accommodation upon checking in to a new command or changing duties. A requestor must retain a copy of the approved accommodation and be able to produce it within five working days." BUPERSINST 1730.11A, ¶ 4.a.(2).  *See also* BUPERSINST 1730.11 ¶ 4.a.(2) (predecessor to BUPERSINST 1730.11 requiring members to "retain a copy of the approved accommodation and be able to produce it within a reasonable amount of time if required to do so").

Coker did not inform me of a previous religious accommodation.  Because I was unaware of the existence of a previous accommodation, I did not tell Benjamin Coker that his previous religious accommodation is "null and void."  My Command Master Chief, Jim Armstrong, was present for the delivery of the Page 13.  Master Chief Armstrong searched a Navy personnel information database, BUPERS Online, and did not find a religious accommodation for Benjamin Coker from 2013 or later.  He also verified that no physical copy exists in his file held locally at U.S. Navy Band.

6.  In the Page 13, Benjamin Coker indicated his intent to seek a medical or administrative (e.g., religious accommodation) exemption to the vaccination requirement within 10 days of signing the Page 13 (i.e., by September 11, 2021).  Navy policy concerning requests for the accommodation of religious practices generally, including immunizations, is outlined in Bureau of Personnel (BUPERS) Instruction 1730.11A (hereinafter BUPERSINST 1730.11A), while specific guidance related to immunization exemptions for religious beliefs is found in the Naval Military Personnel Manual (MILPERSMAN), Article 1730-020.  A service member seeking an exemption of immunization for religious reasons must submit the request in in accordance with BUPERSINST 1730.11A, ¶ 5.e.  The requirements include: (1) a written request via his or her commander stating the waiver sought; and (2) an interview with a Navy Chaplain, who assesses whether

the requestor's beliefs appear sincerely held for recommendation to the

commander. BUPERSINST 1730.11A, ¶ 5.e.  The approval authority for requests

for immunization exemptions is the Deputy Chief of Naval Operations (Manpower,

Personnel, Training and Education) (hereinafter CNO N1). BUPERSINST

1730.11A, ¶ 5.a.(4).

7.    Benjamin Coker submitted a religious accommodation request on 26

October 2021, I forwarded to CNO N1 within 7 days. BUPERSINST 1730.11A, ¶

5.c.  On 26 November 2021 the command received notification the religious

accommodation request had been denied.  Coker submitted an appeal to CNO via

N1 on 3 December, which was filed by the command on 7 December.  That appeal

is still pending.

8.   Benjamin Coker has not been subject to any form of discipline or

maltreatment, either as a result of his remaining unvaccinated or as a result of this

lawsuit.  In order to perform their primary duty amid the current public health

emergency, Navy Band musicians must work without use of any CDC-prescribed,

COVID mitigation aids such as masks or personal protective equipment.

Furthermore, musical ensembles must rehearse and perform in close physical

proximity without benefit of social distancing.  Therefore, singing and playing

wind instruments under pandemic conditions necessitates as "clean" a work

environment as possible.  In order to sustain the safest possible environment,

unvaccinated individuals are prevented from being on-site.  As a staff member, Benjamin Coker is able to perform most of his regular duties remotely, and has been doing so during the period.  He has been assigned no new or additional duties since being directed to work remotely.

9.    I have not initiated any adverse administrative or disciplinary action in the case of Benjamin Coker.  My authority as a commanding officer to initiate those actions has been withheld in NAVADMIN 190/21 and NAVADMIN 225/21. The Chief of Naval Personnel is designated as the CCDA for administrative disposition of cases involving a Navy service member's refusal of the COVID-19 vaccine.  Navy service members who refuse the COVID-19 vaccine, absent a pending exemption request or approved exemption, are required to be processed[3] for administrative separation. NAVADMIN 225/21 ¶ 2.a.  Authority to initiate disciplinary proceedings, either non-judicial punishment or courts-martial, is withheld to the Vice Chief of Naval Operations. NAVADMIN 225/21 ¶ 5.b.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of January, 2022.

*K. C. Collins II*

K. C. COLLINS, II

---

[3] Although processing for separation is required, this does not automatically result in a member actually being separated.  Members processed for separation may be retained.