# Exhibit 28

<u>**IN THE UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE NORTHERN DISTRICT OF FLORIDA**</u>

| | |
|---|---|
| **BENJAMIN COKER,** *et al.* <br><br>              Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as** <br> **Secretary of Defense,** *et al.*, <br>              Defendants. | Case No. 3:21-cv-01221-AW-HTC |

<u>**DECLARATION OF BRIAN E. RUSSELL**</u>

<u>**[with regard to MAJ Eric Kaltrider]**</u>

I, Brian E. Russell, hereby state and declare as follows:

       1.       I am a Colonel in the United States Marine Corps, currently assigned as Commanding Officer, Information Group, II Marine Expeditionary Force (II MIG), located in Camp Lejeune, North Carolina.  I make this declaration in my official capacity, based upon my personal knowledge and upon information that has been provided to me in the course of my official duties.

       2.       I have been assigned to my current position since June 2020.  Prior to my current assignment, I served as the Plans Directorate (J5), United States Marine Corps Forces Cyberspace Command.  As part of my current duties, I am responsible for exercising command and control over the elements of II MIG in order to effectively coordinate, integrate and employ information capabilities, and supporting arms liaison capabilities for Operations in the Information Environment (OIE). I also provide planning and coordination support to the MEF Command Element (CE) and Marine Expeditionary Brigade (MEB) CE in garrison and a single

1

MAGTF (MEF or MEB) Command Element (CE) when deployed in order to execute the functions of MAGTF OIE.

3.     Plaintiff Eric Kaltrider is a Major on active duty in the USMC. He is assigned as an Information Operations Staff Officer.  As an Information Operations (IO) staff officer, Major Kaltrider advises commanders on the conduct of IO as well as the development of policy and doctrine. Major Kaltrider's duties[1] include coordinating with representatives of other IO capabilities across the II MEF staff, which must be conducted in person and in secure spaces. He is also responsible for advising myself and the operations officer on the conduct of IO in order to provide continuity of IO objectives across the range of military operations which requires his physical presence in our Information Command Center (ICC) or his ability to deploy overseas. Because Major Kaltrider's physical presence in the ICC is necessary and he must be able to deploy into countries which mandate full vaccination for entry, I have had to temporarily replace him with another Marine.  This change in personnel caused a disruption in the continuity of operations and will continue to disrupt the Information Operation section if Major Kaltrider remains unable to deploy.

4.     Potential exposure to COVID-19 can have a significant impact on the operations of II MIG forces aboard Camp Lejeune and deployed worldwide.  As the II MIG Commanding Officer, my responsibilities are to train, man, and equip a force capable of projecting offensive combat ashore while sustaining itself in combat without external assistance for a period of up to 60 days in support of the II MEF missions.  Under the current foreign and domestic COVID-19

---

[1] Duties include: (1) Develops IO plans and IO annexes to operations plans for all operations, contingencies and exercises; (2) Coordinates with representatives of other information-related capabilities on the MAGTF staff; (3) Acts as a liaison for information-related capabilities that are not organic to the MAGTF troop list; (4) Advises the commanding and operations officer on the conduct of IO in order to provide continuity of IO objectives across the range of military operations (ROMO); (5) Provides subject matter expertise to the development of USMC policy on IO consistent with DoD policy; (6) Provides USMC input to DoD IO policy development; and (7) Assists in the development of USMC doctrine on IO consistent with USMC policy on IO.

2

policies and directives, if a large COVID outbreak happened among II MIG forces, there is a high likelihood those current COVID restrictions will negatively impact force readiness creating a grave vulnerability as a deployable force to defend national security interests II MEF would be directed to protect.

5.      Major Kaltrider submitted his appeal to his religious accommodation package decision on 18 November 2021; this appeal is currently under review at Headquarters Marine Corps.

7.      In his complaint, Major Kaltrider states that his commanding officer has directed him to commence the involuntary separation process while his religious accommodation request is pending.

8.      I have not directed Major Kaltrider to commence the involuntary separation process; however, I have directed Major Kaltrider to: (1) attend the transition readiness seminar (TRS), (2) complete a health physical, and (3) be screened for post-traumatic stress syndrome (PTSD) and traumatic brain injury (TBI). These three events can be ordered for any Marine to complete at any time during a Marine's time in service. Administrative separation "[p]rocessing is considered to be initiated on the date a command receives a written request for separation from an officer, or on the date a command delivers to an officer a notice of intent to start separation processing." (See SECNAVINST 1920.6D) At this time, I have neither received a request for separation from Major Kaltrider nor delivered to him a notice of intent to start separation processing. Major Kaltrider alleges he was pulled from an assignment he was training for, received orders, and was prepared to execute on September 20, 2021. That is incorrect. Major Kaltrider was one of several officers being considered for a temporary assignment to Naples, Italy for six months. Unfortunately, the sovereign government of Italy mandates the candidate

3

selected for this position must be fully vaccinated; therefore, Major Kaltrider was not eligible for this temporary assignment.

9.     Major Kaltrider has not been subject to any form of discipline or disparate treatment, nor any form of maltreatment, either as a result of his reluctance to take the vaccine or as a result of this lawsuit. Major Kaltrider will not be subject to any adverse action while his appeal is pending final decision.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of January, 2022

Brian E. Russell
Colonel, U.S.M.C.

4