IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BENJAMIN COKER, JOSEPH CONNELL, et al.,**

    **Plaintiffs,**

v.                                             Case No. 3:21-cv-1211-AW-HTC

**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, et al.,**

    **Defendants.**

_____/

## ORDER REGARDING DISCOVERY AND SCHEDULE

Having considered the parties' Rule 26(f) report (ECF No. 61) and their Joint Status Report (ECF No. 67), the court now ORDERS the following:

1. Because the parties agree this case should be resolved short of trial, the clerk will remove the bench trial from the calendar. The trial will be reset later if necessary.

2. The deadline to complete discovery remains May 9, 2022 for now. There is still disagreement about the extent to which the parties may conduct extra-record discovery. Consistent with the earlier Order Regarding Discovery (ECF No. 58) there is no stay of discovery currently in place. So such discovery may proceed. As I indicated earlier, Defendants may move for a protective order as to specific discovery requests they contend are inappropriate. (Plaintiffs propose a deadline for their doing so, but no deadline will be imposed now.)

1

3. There also remains disagreement about production of the administrative record. Nonetheless, Defendants indicate they will compile and produce the DOD administrative record by February 28, 2022 and FDA record at some point. ECF No. 61 at 4. They further indicated that they anticipated producing an FDA record index by February 11, 2022, so it is likely that this has already happened. The parties must promptly confer regarding the record and, no later than 14 days from today, file a status report regarding the administrative record production.

4. The parties' Rule 26(f) report (ECF No. 61) will control the matters it addresses where there is agreement among the parties, except to the extent of any conflict with this order. On matters not addressed in this order or the parties' Rule 26(f) report, the Initial Scheduling Order (ECF No. 48) remains effective.

5. The deadline to add parties is March 11, 2022. Plaintiffs' deadline to otherwise amend the complaint (with leave of court) is March 31, 2022.

6. The dispositive motions deadline will be set later. Because Defendants indicate they will produce administrative records, it would be premature to set such a deadline now. The parties must confer on this schedule after the records are produced.

7. Deadlines will be determined based on this order, other applicable orders, and governing rules. Text in the clerk's docket entries are for the clerk's internal use and are not controlling.

8. The motion to dismiss is now ripe, and the court will address it in due course.

SO ORDERED on February 23, 2022.

s/ *Allen Winsor*
United States District Judge