IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*, <br><br> Defendants. | Case No. 3:21-cv-01211-AW-HTC |

### DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' JOINDER MOTION

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6.1, Defendants respectfully ask for an extension of time to respond to Plaintiffs' motion for joinder until fourteen days after the Court resolves Defendants' pending motion to dismiss the operative Complaint. Good Cause supports this request:

1. On December 10, 2021, Plaintiffs filed a Second Amended Complaint for Declaratory and Injunctive Relief, which remains the operative Complaint in this Action. ECF No. 56.

2. On January 14, 2022, Defendants filed a motion to dismiss the Second Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 65. On February 4, 2022, Plaintiffs filed an opposition. ECF No. 68. The motion to dismiss is now ripe, and the Court has stated that it will address it in due course. ECF No. 70 ¶ 8.

1

3. On March 11, 2022, Plaintiffs moved to join U.S. Army Lieutenant Mark Charles Bashaw (who has no ties to this district); U.S. Navy Commander Michael Peter Bernard, Jr.; and U.S. Navy Commander Olivia Karen Degenkolb as Plaintiffs in this proceeding. ECF No. 72. Defendants' current deadline to respond to the motion is March 25, 2022. Defendants are considering their position on the motion, which raises several concerns, including venue and potential interference with ongoing military proceedings. For example, Lieutenant Bashaw's command has initiated court-martial proceedings against him. A trial is scheduled for the end of April. The court should reject any effort by a service member to intervene, by injunction or otherwise, in this pending court-martial proceeding.

4. If granted, Plaintiffs' joinder motion would require Plaintiffs to submit a Third Amended Complaint, including any parties the Court permits them to join in this Action, which would be subject to dismissal. Permitting Defendants until after the Court resolves the pending motion to dismiss may conserve judicial and party resources, as resolution of the pending motion may moot or narrow the issues to be addressed in responding to Plaintiffs' motion for joinder. Requiring Defendants to address Plaintiffs' motion for joinder before the Court resolves the pending motion to dismiss may unnecessarily waste party resources.

THEREFORE, Defendants respectfully request that the Court extend the time to respond to Plaintiffs' motion for joinder until fourteen days after the Court resolves the pending motion to dismiss.

## Local Rule 7.1(B) Certificate

Undersigned counsel conferred with Plaintiffs' counsel about the relief requested in this motion. Plaintiffs take no position on this motion.

Dated: March 22, 2022

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    ALEXANDER K. HAAS
    Director, Federal Programs Branch

    ANTHONY J. COPPOLINO
    Deputy Director

    /s/ *Liam C. Holland*
    ANDREW E. CARMICHAEL
    AMY E. POWELL
    Senior Trial Counsel
    STUART J. ROBINSON
    Senior Counsel
    ZACHARY A. AVALLONE
    COURTNEY D. ENLOW
    LIAM C. HOLLAND
    Trial Attorneys
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street, N.W.
    Washington, DC 20005
    Tel: (202) 514-4964

Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*