UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BENJAMIN COKER, *et al.*,

    **Plaintiffs,**

    v.                                           Case No. 3:21-cv-01211-AW-HTC

LLOYD AUSTIN, III, *et al.*,

    **Defendants.**

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to the Court's April 15, 2022 order, ECF 78, Plaintiffs submit this supplemental brief in support Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF 68, and under separate cover, the complete, certified administrative records for Defendants Departments of Defense ("DOD"), Air Force, Army, and Navy (collectively, "Military Defendants").[1] *See* Ex. 1.

Review of the Military Defendants' administrative records ("Military Administrative Records") confirm Plaintiffs' three central claims: (1) the DOD Mandate and interchangeability are not limited to "BLA-compliant" lots; (2) all EUA-labeled Pfizer/BioNTech and Moderna COVID-19 vaccines are treated as

---

[1] To date, Defendants have produced only a small portion of the administrative record for the Food and Drug Administration ("FDA"), and they have not yet provided the certified index of the FDA record. Plaintiffs submit that the Court should defer ruling on the Defendants' motion to dismiss Plaintiffs' Administrative Procedure Act ("APA") claims against the FDA until the FDA has produced the complete administrative record which is required for the Court to rule on a motion to dismiss such APA claims. *See* ECF 68 at 13-14 & cases cited therein.

1

interchangeable with FDA-licensed vaccines and may be mandated; and (3) no alternatives to 100% vaccination were considered. Plaintiffs urge this Court to deny the motion to dismiss with respect to the Military Defendants and to make the findings requested herein to narrow the issues in dispute for summary adjudication of the Plaintiffs' APA claims against the Military Defendants.

**No Limitation to "BLA-Complaint" Lots.** Review of the Military Administrative Records confirms that no record materials support the Military Defendants' affirmative defense that the DOD Mandate and ththe scope of interchangeability are limited to EUA-labeled, "BLA-compliant" vaccines or lots. ECF 68 at 1-3. Not only is there no mention of any policy limiting the mandate to BLA-compliant vaccines or lots, which was articulated for the first time by Defendants' counsel in their response to Plaintiffs' October 6, 2021 TRO Motion, ECF 3, the term "BLA-compliant" is *not used at all* in the Military Administrative Record.[2] In light of the lack of any record evidence supporting the Military Defendants' central affirmative defense, this Court should direct Military

---

[2] Plaintiffs' counsels' manual review and electronic searches did not identify a single instance where the term "BLA" was used in the Air Force, Army orNavy Records. This term was used 16 times in the DOD record as follows: (1) once in the Table of Contents (page 3 of PDF); (2) 12 times in the FDA's August 23, 2021 Comirnaty approval letter (as an acronym for "Biologics License Application"), *see* DOD 000063-000073 (originally filed as ECF 1-4); and (3) three more times as a acronym or shorthand referring to future FDA approval (*i.e.*, but not for interchangeability or with respect to the mandate). *See* DOD 000109 (August 18, 2021 Memo to Secretary Austin), DOD 000581 (June 10, 2021 Memo to Secretary Austin), and DOD 000614 (same).

Defendants, in the order denying their motion to dismiss, that they may not assert this defense going forward with respect to any APA claim.

**All EUA-Labeled Vaccines Interchangeable With Licensed Vaccines.** In the Military Administrative Records, all occurrences of "interchangeable" or "interchangeably" with respect to COVID-19 vaccines address the interchangeability of Emergency Use Authorization ("EUA") vaccines and FDA-licensed vaccines, without limitation to "BLA-compliant" lots or vaccines. This is confirmed in the Table attached as Exhibit 1 hereto.[3] For the same reasons as above, this Court should find that all Defendants consider all EUA-labeled Pfizer/BioNTech and Moderna vaccines as fully interchangeable with the FDA-licensed versions, and that all Military Defendants permit all EUA-labeled vaccines to be mandated.

**No Consideration of Alternatives to 100% Vaccination.** The Military Administrative Records provide further confirmation that Defendants acted arbitrarily and capriciously in enacting the mandate because Defendants failed altogether to consider any alternatives to 100% vaccination; to provide any

---

[3] One key difference between the FDA-generated records and the DOD record is that, in the September 14, 2021 Adirim Memo, *see, e.g.,* DOD 000001, directs that the two versions of the vaccines "should" be used interchangeably (*i.e.*, using interchangeability to mandate EUA vaccines), whereas the FDA consistently states that they "can be used interchangeably." *See, e.g.,* ECF 1-6 at 2 n.8. Accordingly, the FDA guidance on which Military Defendants purport to rely does not support mandated use of EUA products that the FDA considers interchangeable.

explanation in the record as to why these alternatives were inadequate; or to consider the relative costs and benefits of alternative measures.[4]

This is consistent with the findings of at least five United States District Courts, including two in the Eleventh Circuit, as well as the Fifth Circuit Court of Appeals, that have found that one or more of the Military Defendants have failed to give any consideration at all to such alternatives.[5] While these cases addressed claims under the Religious Freedom Restoration Act and the First Amendment, their findings are applicable here because they confirm that the Military Defendants have systematically refused to consider any alternatives to 100% vaccination, even ones that have been proven effective. Defendants' illegal and systematic denials of religious accommodations *after* the imposition of the

---

[4] Plaintiffs alleged that Defendants refused to consider measures that had proven effective in the 18 months prior to the enactment of the mandate (*e.g.,* testing, masking, isolation/quarantine, social distancing, telework, recently developed treatments, and/or natural immunity).

[5] *See Navy SEAL 1 v. Austin,* --- F.Supp.3d ---, 2022 WL 534459, at *18 (M.D. Fla. Feb. 18, 2022) (natural immunity, social distancing, masking, isolation), *stay denied pending appeal* No. 22-10645 (11th Cir. Mar. 30, 2022); *U.S. Navy SEALs 1-26 v. Biden*, --- F.Supp.3d. ---, 2022 WL 34443, at *10 (N.D. Tex. Jan. 3, 2022) (natural immunity, new treatments), *stay denied*, --- F.4th ---, 2022 WL 594375 (5th Cir. Feb. 28, 2022) ("*Navy SEALs 1-26* Stay Order"); *Air Force Officer v. Austin*, --- F.Supp.3d ---, 2022 WL 468799, *10 (M.D. Ga. Feb. 15, 2022) (natural immunity, telework); *Poffenbarger v. Kendall*, No. 3:22-cv-1, 2022 WL 594810, at *13-14 (S.D. Oh. Feb. 28, 2022) (isolation, telework); *Doster v. Kendall*, --- F.Supp.3d ---, 2022 WL 982299, at *13-14 (S.D. Ohio Mar. 31, 2022) (*"Doster"*) (noting that plaintiffs and others had been allowed to perform duties while unvaccinated during appeal without any mitigation measures).

mandate are thus entirely consistent with their irrational refusal to consider any alternatives *prior to* the imposition of the mandate.

Plaintiffs' APA arguments are also supported by a decision this week by another Florida district court's vacature of the Centers for Disease Control and Prevention's ("CDC") transportation mask mandate because the CDC, like the DOD, "provide[d] little or no explanation for the [its] choices," "omit[ted] explanation for rejecting alternatives," and did "not address alternative (or supplementary) requirements." *Health Freedom Def. Fund v. Biden*, --- F.Supp.3d ---, 2022 WL 1134138, at *18-19 (M.D. Fla. Apr. 18, 2022). While the DOD "did not need to explore every alternative," it "must consider and explain its rejection of reasonably obvious or significant and viable alternatives." *Id.* at 19 (citations and quotations omitted). The record materials confirm that the Military Defendants failed to perform their core duties of engaging in reasoned decision-making and at least considering and weighing alternatives, rather than rejecting out of hand any measures differing from its pre-determined and desired outcome.

                                          Respectfully submitted,

                                          *s/ Brandon Johnson*
                                          DC Bar No. 491370
                                          Defending the Republic
                                          2911 Turtle Creek Blvd., Suite 300
                                          Dallas, TX 75219
                                          Tel. (214) 707-1775
                                          Email: bcj@defendingtherepublic.org

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via CM/ECF on April 22, 2022, which notifies counsel of record of the filing.

*/s/ Brandon Johnson*