## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**BENJAMIN COKER,** *et al.,*

                    **Plaintiffs,**

   **v.**

**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.,*

                   **Defendants.**

**Case No. 3:21-cv-01211-AW-HTC**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

On January 6, 2022, this Court issued its order denying Defendants' requested stay of discovery, recognizing that Defendants had "not made a sufficient showing that a complete stay of discovery is appropriate." ECF 58 at p. 1. In its order, this Court rejected Defendants' contention that "the entire case will turn on the administrative record." *Id*. The parties were given clear instructions that discovery on topics such as Plaintiffs' allegations they were only offered non-BLA-compliant COVID-19 vaccines "need not wait." *Id*. at p. 1-2.

Plaintiffs served their first set of requests for production to Defendants on February 9, 2022. Exhibit 1. Defendants responded on March 11, 2022 with their omnibus response. Exhibit 2. On April 20, 2022, Plaintiffs provided

Defendants correspondence in an "attempt to address the inadequacy of Defendants' responses, objections, and production" to these requests. Exhibit 3. Defendants responded to this discovery letter on April 22, 2022, where they made clear they would not provide responsive documents: "until Plaintiffs provide more targeted requests, Defendants will continue to stand on their objections." Exhibit 4. Plaintiffs, unable to resolve this discovery dispute, are left with no choice but to ask this Court for an order compelling Defendants to comply with their discovery obligations.

**Argument & Authority**

## 1. Overview

Rule 26(b)(1) provides that party "may obtain Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Factors to consider in whether a party may obtain discovery include "the importance of the issues at stake in the action . . . the parties' relative access to the relevant information, the parties' resources in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A motion to compel may be made where "a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(iv). An incomplete response must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). Rule 37(a)(1) states that "a party may move for an order compelling disclosure or discovery" as long

as the party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Likewise, the Northern District of Florida Local Rules require the parties to confer in good faith "in person, by telephone, in writing, or electronically" before the filing of a motion to compel. *See* Local Rule 7.1(B). The parties have conferred in writing before the filing of this motion. *See* Exhibits 3 and 4.

According to Local Rule 26.1(D), a motion to compel discovery: "must frame the dispute clearly and, if feasible, must, for each discovery request at issue: (1) quote the discovery request verbatim; (2) quote each objection specifically directed to the discovery request; and (3) set out the reasons why the discovery should be compelled." Plaintiffs therefore include their requests and Defendants' objections and responses, and address why production should be compelled for each in dispute. Plaintiffs have grouped together their requests, Defendants' objections, and Defendants' responses where necessary.

## 2. The Discovery at Issue

### A. Austin Requests for Production #1-2, 7-9, 17-20, 24, 27.

**Austin RFP #1:** For each lot or batch of Vaccines that the Department of Defense ("DOD"), DOD Component, the Armed Services, or any Armed Services Component has ordered, please provide the following documents and/or documents including the following information:
a. Purchase orders;

b. Documents identifying the legal category (Approved, BLA-compliant, EUA) of the vaccine or labeling of the vaccine (e.g., Comirnaty, "Purple Cap/Vial," "Gray Cap/Vial," "Orange Cap/Vial,");

c. Manufacturing and expiration dates;

d. Shipping manifests, including documents indicating shipping and receipt dates and delivery locations;

e. Inventory records, including documents indicating delivery and receipt dates and locations; and

f. Distribution records identifying delivery and receipt dates and locations.

*Austin RFP #1 is duplicative of Del Toro RFP #1, Wormuth RFP #1, and Kendall RFP #1 and Defendants respond to these requests collectively as follows*:

**Defendants' Objections:** Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as they seek six types of documents "for each lot or batch of Vaccines" that the entirety of DoD has ordered, when Plaintiffs have asserted only APA claims against the "DOD Mandate policy," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants object to these requests on the grounds that they are overbroad and unduly burdensome, including because it seeks information that has no relevance to the issues in this action, such as "Orange Cap/Vial" vaccines (which may only be used for children under the age of 12), manufacturing dates, and "shipping manifests," and are thus necessarily disproportionate to the needs of the case, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

The scope of the requests are also disproportionate to the needs of the case since they seek information beyond the limited allegations in this complaint regarding particular plaintiffs.

**Defendant's Response:** To the extent documents responsive to this request are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #2:** Produce all documents and communications supporting the August 24, 2021 SECDEF Memo and any documents relating to the implementation or administration of this policy. This includes documents relating to the use or administration of EUA-labeled Vaccines, BLA-compliant Vaccines, and/or labeling-specific guidance (i.e., Purple Cap/Vial, Gray Cap/Vial, Orange Cap/Vial).

*Austin RFP #2 is duplicative of Del Toro RFP #2, Wormuth RFP #2, and Kendall RFP #2 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek information beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as they seek "all documents relating to the implementation or administration of the August 24, 2021 DOD Mandate policy," when Plaintiffs have asserted only APA claims against the "DOD Mandate policy," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to these request to the extent they seek information that is equally available to Plaintiffs or already in Plaintiffs' possession, to the extent they seek information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and to the extent that the requests for "all documents relating to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendant will also produce by March 25, 2022, documents from the following publicly available websites:

- https://www.defense.gov/Spotlights/Coronavirus-DOD-Response/Latest-DOD-Guidance/
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy

**Austin RFP #7:** Produce all communications regarding the adoption or implementation of the DOD Mandate with:
 a. Members of the White House Safer Workforce Taskforce;
 b. Other federal agencies, including, but not limited to, the FDA, HHS, NIH, NIAID, or CDC; or
 c. Employees or representatives of Pfizer or BioNTech.

*Austin RFP #7 is largely duplicative of Del Toro RFP #6, Wormuth RFP #6, and Kendall RFP #6 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications regarding the adoption or implementation of the DOD Mandate" involving the individual Defendants without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to the extent these requests seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, the deliberative process privilege, or the executive privilege, including with respect to its request for

"all communications . . ." and communications with "the White House Safer Workforce Taskforce."

**Defendant's Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #8:** Produce all communications with employees or representatives of the FDA regarding:
  a. The "interchangeability" of EUA-labeled and licensed Vaccines;
  b. "BLA-compliant" Vaccines;
  c. Legal, chemical, medical, or manufacturing differences between Comirnaty and EUA-labeled Vaccines;
  d. Differences in terms of safety, effectiveness, potency or purity between Comirnaty and EUA-labeled vaccines;
  e. Differences in terms of safety, effectiveness, potency or purity among different lots of EUA-labeled vaccines or between EUA-labeled Vaccines manufactured at different locations;
  f. The unavailability of Comirnaty; or
  g. Comparing the level of protection or immunity provided by vaccination and previous infection, or natural immunity.

*Austin RFP #8 is duplicative of Del Toro RFP #7, Wormuth RFP #7, and Kendall RFP #7 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications" involving the individual Defendants without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed

individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to the extent that the requests for "all communications" seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

The FDA will also produce its own administrative record which FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022. That administrative record may contain information responsive to this request.

**Austin RFP #9:** Produce all communications with employees or representatives of Pfizer or BioNtech regarding all of the foregoing topics plus the following:
    a. The rationale for not selling or distributing Comirnaty; or
    b. Requests to order Comirnaty or inquiries regarding future availability of Comirnaty.

*Austin RFP #9 is duplicative of Del Toro RFP #8, Wormuth RFP #8, and Kendall RFP #8 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications" involving the individual Defendants without regard to time period, the facial nature of

Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant further objects to subpart (b) of these requests as duplicative of RFP 1.

Defendants object to subpart (a) of these requests, as Pfizer or BioNTech's purported "rationale for not selling or distributing Comirnaty" is not information within Defendant's possession, custody, or control.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

The FDA will also produce its own administrative record which FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022. That administrative record may contain information responsive to this request.

**Austin RFP #17:** Mandatory Vaccination Guidance and training materials promulgated by the DOD and Armed Services and medical/immunization commands (AFRMA, BUMED, DHA, USAMMA, etc.) regarding:
  a. Vaccination policy and compliance with DOD Mandate;
  b. Exceptions or exemptions from DOD Mandate or other applicable policies;
  c. Guidance for refusal management;
  d. Reporting of adverse effects or injuries to VAERS, DMED or other databases or medical record systems.

*Austin RFP #17 is duplicative of Del Toro RFP #16, Wormuth RFP #16, and Kendall RFP #16 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper

behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "guidance and training materials" across the entire Department of Defense and Armed Services, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants further object that the scope of the requests are vague, as they identify four "medical/immunization commands" by name, but then follows that list with "etc.," thus making it unclear from which other parts of the Department of Defense and Armed Services Plaintiffs request documents.

Defendants also object to these requests as overly broad since the request for "commands" is vague and appear to seek every single order or instruction to individual members to comply with applicable vaccination requirements, which would number at least in the tens, if not hundreds of thousands.

Defendants object to these requests to the extent they seek information that is equally available to Plaintiffs or already in Plaintiffs' possession, such as orders or instructions to Plaintiffs.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

The FDA will also produce its own administrative record which FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022. That administrative record may contain information responsive to this request.

Defendants further refer Plaintiffs to AR 40–562/BUMEDINST 6230.15B/AFI 48–110_IP/CG COMDTINST M6230.4G, dated October 7, 2013, ¶ 2-10 for information responsive to this request. This document was filed on the docket at ECF No. 31-5.

Defendant will also produce by March 25, 2022, documents from the following publicly available websites:

- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/Vaccine-Safety-Adverse-Events/Reporting-Vaccine-Health-Problems/VAERS-Information#:~:text=The%20Vaccine%20Adverse%20Event%20Reporting,administration%20of%20U.S.%20licensed%20vaccines
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy

**Austin RFP #18:** Produce copies of training materials or guidance provided to HCPs, MTFs and other medical personnel on the following issues:

a. Compliance with informed consent requirements;

b. How to explain distinction between Comirnaty, EUA and "BLA-compliant" doses;

c. How to explain differences between Vaccines with Purple Cap/Vial, Gray Cap/Vial, and Orange Cap/Vial; or

d. How to respond to questions whether EUA-labeled vaccines are FDA licensed.

*Austin RFP #18 is duplicative of Del Toro RFP #17, Wormuth RFP #17, and Kendall RFP #17 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "training materials or guidance" across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce

the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants will also produce by March 25, 2022, documents from the following publicly available websites:

- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy

**Austin RFP #19:** Produce copies of any policies or procedures governing the following:

> a. Compliance with requirement that only BLA-compliant, EUA-labeled vaccines may be mandate.
>
> b. Reporting of Vaccine adverse effects or injuries to VAERS, DMED or other databases or medical reporting systems.

*Austin RFP #19 is duplicative of Del Toro RFP #18, Wormuth RFP #18, and Kendall RFP #18 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purports to seek "any policies or procedures" across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants also refers Plaintiffs to AR 40–562/BUMEDINST 6230.15B/AFI 48–110_IP/CG COMDTINST M6230.4G, dated October 7, 2013, ¶ 2-10 for information responsive to this request. This document was filed on the docket at ECF No. 31-5.

Defendants will also produce by March 25, 2022, documents from the following publicly available websites:

- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/Vaccine-Safety-Adverse-Events/Reporting-Vaccine-Health-Problems/VAERS-Information#:~:text=The%20Vaccine%20Adverse%20Event%20Reporting,administration%20of%20U.S.%20licensed%20vaccines.
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy
- https://www.defense.gov/Spotlights/Coronavirus-DOD-Response/Latest-DOD-Guidance/

**Austin RFP #20:** Produce all documents relating to the DODI 6205.02 procedures including but not limited to:

a. Documents generated by the officials identified in Section 2 ("Responsibilities") in connection with the adoption and implementation of the DOD Mandate;

b. Guidance documents related to the use of FDA-license vaccines, BLA-compliant vaccines, and EUA vaccines;

c. Immunization guidance documents, as set forth in Section 3.1 ("Immunization Guidance");

d. Documents related to Section 3.3 ("Exceptions to Policy") guidance regarding FDA-approved immunizations and non-FDA-approved immunizations; and

e. Any studies or analyses produced pursuant to any requirement under DODI 6205.02.

*Austin RFP #20 is duplicative of Del Toro RFP #19, Wormuth RFP #19, and Kendall RFP #19 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** The requests are overly broad and not proportionate to the needs of the case insofar as it seeks information related to any immunization aside from the COVID-19 vaccination.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

The requests in subpart (d) for "documents related to Section 3.3 ('Exceptions to Policy') guidance" are not relevant, and thus overbroad and disproportionate to the needs to the case because Section 3.3 in DoDI 6205.02 sets forth "procedures . . . to initiate or increase immunizations against deliberately released biological agents beyond those specified by the geographic [Combatant Commanders]."

Likewise, the requests in subpart (e) for "any studies or analyses produced pursuant to any requirement under DODI 6205.02," whether or not such requirement is relevant to this action, are overbroad and disproportionate to the needs of this case.

Defendant additionally objects to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant further objects to these requests as duplicative of the numerous other RFPs requesting information on DoD's "guidance documents," and therefore disproportionate to the needs of the action.

Defendant objects to subparts (a) as overbroad, unduly burdensome, and disproportionate to the needs of the case because that section identifies numerous officials, including the Chief of the National Guard Bureau and the Commandant of the U.S. Coast Guard, but no Plaintiff is a member of the National Guard or the Coast Guard.

Defendant object to these requests to the extent they seek information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a.

Defendants object to these requests to the extent that they request for "all documents regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants will produce copies of the References listed on pages 20 and 21 of DoDI 6205.02. Defendant will also produce by March 25, 2022, documents from the following publicly available websites:
- The relevant DoD Directives listed in the References are available online at https://www.esd.whs.mil/Directives/issuances/dodd/
- The relevant DoD Instructions listed in the References are available online at https://www.esd.whs.mil/Directives/issuances/dodi/

**Austin RFP #24:** Produce all documents relating to disciplinary policies or actions, from January 1, 2020 to the present, for violation of the DOD Mandate or any other policy related to COVID-19 vaccination.

*Austin RFP #24 is duplicative of Del Toro RFP #22, Wormuth RFP #22, and Kendall RFP #22 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." actions across the entire Department of Defense, without regard to the facial nature of Plaintiff's claims or the proportionality of such a request, whether viewed

individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants further object to the phrase "any other policy related to COVID-19 vaccination," as used herein, as vague and ambiguous, where the failure to identify the particular policy on which Plaintiffs seek information precludes meaningful response from Defendant.

Defendants also object to these requests to the extent that they seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

To the extent these requests seek information on individual disciplinary actions, Defendants further object under the Privacy Act, 5 U.S.C. § 552a. See Hemphill v. ARAMARK Corp., No. CIV. ELH-12-1584, 2013 WL 1662963, at *2 (D. Md. Apr. 15, 2013) (denying motion to compel production of overbroad request for employee personnel files "containing personal information such as health screenings, pre-employment testing, and background checks" because plaintiff had not demonstrated a "compelling need for such a broad disclosure of personal information").

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #27:** Produce all other implementation and guidance procedures relating to the DOD Mandate.

*Austin RFP #27 is duplicative of Del Toro RFP #24, Wormuth RFP #24, and Kendall RFP #24 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** Defendants object to the phrase "all other implementation and guidance procedures," as used in these requests, as vague and ambiguous, as the failure to identify what implementation or guidance procedures Plaintiffs seek preclude meaningful response from Defendants.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome,

and disproportionate to the needs of the case, when Plaintiffs have asserted
only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval,"
which are adjudicated exclusively on the basis of the administrative record,
absent "a strong showing of bad faith or improper behavior" that Plaintiffs
have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants' Response: To the extent documents responsive to these requests
are available in the administrative record, Defendants will produce the
Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Plaintiffs' Argument:** The discovery sought in Austin requests for
production #1-2, 7-9, 17-20, 24, 27 are relevant and proportional to the needs
of this case, and should be compelled. The needs of this case, and thus the
necessity of production, must be calculated in light of the seriousness of the
matter before this Court: Plaintiffs' right to refuse unapproved vaccines and
the armed service member Defendants' unlawful implementation of the
Department of Defense COVID-19 vaccine mandate ("DOD Mandate"). As a
result of Defendants' actions, Plaintiffs are "required to take an experimental,
unlicensed EUA [emergency use authorization] vaccine, or else face the serious
disciplinary consequences" that include "the loss of their livelihoods, careers,
benefits, and fundamental rights." ECF 56 at ¶ 122. There is no doubt that the
requested records are relevant to Plaintiffs' claims.

Moreover, the production of the requested records, documents, and
communications are relevant to the defenses asserted by Defendants, such as
their representation that the "DoD has both BLA-compliant doses of the Pfizer
vaccine and EUA doses that are interchangeable with the licensed vaccine."

ECF 65-1 at p. 29. This leaves no doubt that the discovery requested by Plaintiffs – which includes information on the DOD and armed services possession of FDA-approved, BLA-compliant, or EUA vaccines, the implementation of the DOD Mandate by the armed services branches, and the unavailability of Comirnaty – is relevant to the parties claims and defenses and is necessary in "resolving the issues" presented to this Court. *See* Fed. R. Civ. P. 26(b)(1). This discovery is also necessary for Plaintiffs to prepare targeted interrogatories concerning issues not limited to the purported "interchangeability," the unlawful implementation of the DOD Mandate. Defendants' proportionality objection fails in light of the needs of this case.

Furthermore, Defendants' objections to the above-referenced requests for production are improper in that they misrepresent the scope of the discovery allowed by this Court. Defendants provide objections that these requests are "overbroad, unduly burdensome, and disproportionate to the needs of this case" because "Plaintiffs have only asserted APA claims against the 'DOD Mandate policy,' which are adjudicated exclusively on the basis of the administrative record." Relying on these misrepresentations, Defendants' responses make clear that they will only provide, save for a few links to "publicly available" documents, those materials included in the DOD administrative record. Defendants have all but announced their outright refusal to proceed with discovery on the topic of Plaintiffs' claims they are

required to take a non-FDA-approved vaccine. They instead only promised the production of the DOD administrative record. As this Court has observed, however, discovery on this issue is allowed as "not all" of this case will be decided upon the administrative record. ECF 58 at p. 1.

Plaintiffs also note that any purported burden to Defendants in fully responding to these discovery requests must be weighed against Defendants' vast resources, the fact that documents responsive to Plaintiffs' request are in Defendants' sole possession, and that these documents are likely significant to Plaintiffs' claims. As to Defendants' objections that many of the above-referenced requests for production are made "without regard to time period," Plaintiffs respond that the time period in many of these requests is self-evidence. For example, Austin RFP #9 seeks documents relating to communications with Pfizer or BioNtech employees regarding topics including the rationale for not selling or distributing Comirnaty and requests to order Comirnaty. The main topic of this Austin RFP #9 – the drug Comirnaty – was approved by the FDA on August 23, 2021. For these reasons, Defendants should thus be compelled to produce all responsive documents not subject to privilege.

**B. Del Toro, Wormuth, and Kendall Requests for Production.**

    **i.**      **Del Toro Requests for Production #25-28.**

**Del Toro RFP #25:** Produce all documents and communications in possession of Vice Admiral William Merz regarding the Navy's implementation of mandatory vaccination for COVID-19.

**Del Toro RFP #26:** Produce all documents and communications in possession of Vice Admiral William Merz regarding the Navy's policies and procedures for implementation and enforcement of the DOD Mandate.

**Del Toro RFP #27:** Produce all documents and communications in possession of Lieutenant General David Furness regarding the U.S. Marine Corps' implementation of mandatory vaccination for COVID-19.

**Del Toro RFP #28:** Produce all documents and communications in possession of Lieutenant General David Furness regarding the U.S. Marine Corps' policies and procedures for implementation and enforcement of the DOD Mandate.

**Defendant's Objections to these requests:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . regarding . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response to Del Toro RFP #25:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Vice Admiral William Merz.

**Defendant's Response to Del Toro RFP #26:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Vice Admiral William Merz.

**Defendant's Response to Del Toro RFP #27:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant General David Furness.

**Defendant's Response to Del Toro RFP #28:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant General David Furness.

## ii.   Wormuth Requests for Production #26, 27.

**Wormuth RFP #26:** Produce all documents and communications in possession of Colonel Michele Soltis, M.D. relating to the Army's implementation of mandatory vaccination for COVID-19.

**Wormuth RFP #27:** Produce all documents and communications in possession of Colonel Michele Soltis, M.D. relating to the Army's policies and procedures for implementation and enforcement of the DOD Mandate.

**Defendant's Objections to these requests:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response to Wormuth RFP #26:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Michele Soltis, M.D.

**Defendant's Response to Wormuth RFP #27:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Michele Soltis, M.D.

### iii.   Kendall Requests for Production #27, 30-34.

**Kendall RFP #27:** Produce all documents and communications in possession of Colonel Tonya Rans, M.D. relating to the Air Force's implementation of the DOD Mandate.

**Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response to Kendall RFP #27:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Tonya Rans, M.D.

**Kendall RFP #30:** Produce all documents and communications in possession of Colonel Elizabeth Hernandez regarding the Air Force's enforcement of the DOD Mandate.

**Kendall RFP #31:** Produce all documents and communications in possession of Lieutenant Colonel Tameka Alderman regarding the Air Force's implementation of mandatory vaccination for COVID- 19.

**Kendall RFP #32:** Produce all documents and communications in possession of Lieutenant Colonel Tameka Alderman regarding the policies and procedures for implementation and enforcement of the DOD Mandate.

**Kendall RFP #33:** Produce all documents and communications in possession of Lieutenant Colonel Justin Long regarding the Air Force's implementation of mandatory vaccination for COVID-19.

**Kendall RFP #34:** Produce all documents and communications in possession of Lieutenant Colonel Justin Long regarding the policies and procedures for implementation and enforcement of the DOD Mandate.

**Defendant's Objections to Kendall RFP #30-34:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-

client privilege, the attorney work product privilege, or the deliberative process privilege.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response to Kendall RFP #30:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Elizabeth Hernandez.

**Defendant's Response to Kendall RFP #31:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Tameka Alderman.

**Defendant's Response to Kendall RFP #32:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Tameka Alderman.

**Defendant's Response to Kendall RFP #33:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Justin Long.

**Defendant's Response to Kendall RFP #34:** Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Justin Long.

**Plaintiffs' Argument:** The discovery sought in Del Toro RFP #25-30;

Wormuth RFP #26, 27; and Kendall RFP #27, 28, 30-34 are relevant and

proportional to the needs of this case, and should be compelled. The needs of

this case, and thus the necessity of production, must be calculated in light of

the seriousness of the matter before this Court: Plaintiffs' right to refuse

unapproved vaccines and the armed service member Defendants' unlawful

implementation of the DOD Mandate. Those with natural immunity from

previous COVID-19 infection are not afforded medical exemptions, contrary to DOD regulations. *See* ECF 56 at ¶ 7. As a result of Defendants' actions, Plaintiffs are "required to take an experimental, unlicensed EUA [emergency use authorization] vaccine, or else face the serious disciplinary consequences" that include "the loss of their livelihoods, careers, benefits, and fundamental rights." ECF 56 at ¶ 122.

Contrary to Defendants' objections, these requests are not unduly burdensome or overbroad. Instead, they are tailored to individuals on subject matters relevant to this case, potentially helpful to Plaintiffs' case, and require the production of records less than a year old. Defendants' assertion of an undue burden must be weighed against their vast resources, the importance of these documents relative to Plaintiffs' claims, and the fact that these documents are in Defendants' sole possession. Moreover, Defendants' objections that these requests are made "without regard to time period" are inaccurate, in that mandatory COVID-19 vaccination and the implementation of the DOD Mandate would have theoretically begun when the DOD Mandate was issued on August 24, 2021. Discovery into years of records, much longer than those sought by Plaintiffs, has been ordered in less-pressing circumstances. *See Brown v. Vivint Solar, Inc.*, No. 8:18-CV-2838-T-24JSS, 2019 WL 10786018, at *2 (M.D. Fla. July 23, 2019) ("Defendants shall produce any prior complaints from Florida, in 2016 and 2017, that allege Defendants

violated the FCRA by obtaining a consumer credit report without authorization by the consumer."); *see also Critchlow v. Sterling Jewelers Inc.*, No. 8:18-CV-96-T-30JSS, 2018 WL 7291070, at *4 (M.D. Fla. Nov. 13, 2018) (allowing inquiry into lawsuits for the past four years, and to complaints received for the year prior to the filing of the complaint).

As with the Austin RFPs, Defendants have made improper objections to the above-referenced requests that misrepresent the scope of discovery allowed by this Court. Defendants object that these requests are "overbroad, unduly burdensome, and disproportionate to the needs of this case" because "Plaintiffs have only asserted APA claims against the 'DOD Mandate policy,' which are adjudicated exclusively on the basis of the administrative record." In reliance on these misrepresentations, Defendants provide the same general response to each of the above-referenced requests: that they will produce "the documents cited in any declaration." This contravenes this Court's order that "not all" of this case will be decided upon the administrative record. ECF 58 at p. 1. It also contradicts the goals of broad discovery set forth by the Federal Rules of Civil Procedure, which "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Defendants should thus be compelled to produce all documents responsive to Del Toro RFP #25-30; Wormuth RFP #26, 27; and Kendall RFP #27-28, 30-34 that are not subject to privilege.

## Conclusion

In conclusion, and for these reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel.

Dated: May 5, 2022                    Respectfully submitted,

_/s/ Brandon Johnson_
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

_Counsel for Plaintiff_

**Certificate of Compliance**

I hereby certify that this submission contains 7,195 words, absent caption, signature block, and certificate of compliance/conference, and is therefore in compliance with L.R. 7.1(F).

*/s/ Brandon Johnson*

**Certificate of Service**

I hereby certify that on May 5, 2022, I electronically filed the foregoing notice with the Clerk of the Court by using the CM/ECF system, which will notify all attorneys of record of the filing.

*/s/ Brandon Johnson*