

Brandon Johnson
Defending the Republic
2911 Turtle Creek Blvd., Ste. 300
Dallas, TX  75219

April 20, 2022

Zachary A. Avallone
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Email: zachary.a.avallone@usdoj.gov

Re: *Coker v. Austin*, 3:21-cv-01211

Dear Zachary,

Plaintiffs are in receipt of your clients' responses to Plaintiffs' requests for production, dated March 11, 2022. Please allow this correspondence to serve as Plaintiffs' attempt to address the inadequacy of Defendants' responses, objections, and production to the following requests, which Plaintiffs summarize below:

      A.      Austin: RFP #1-2, 7-9, 17-20, 24, 27.
      B.      Del Toro: RFP #25-28.
      C.      Wormuth: RFP #26, 27.
      D.      Kendall: RFP #27, 30-34.

**Austin RFP #1-2, 7-9, 17-20, 24, 27.**
Austin RFP #1 seeks documents related to the lots or batches of COVID-19 vaccines that the "Department of Defense ("DOD"), DOD Component, the Armed Services, or any Armed Services Component has ordered," including purchase orders, records relating to the legal categories of the ordered vaccines, manufacture dates, and inventory and distribution records.

Austin RFP #2 seeks "all documents and communications supporting the August 24, 2021 SECDEF Memo and any documents relating to the implementation or administration of this policy," which includes "the use or administration of EUA-labeled Vaccines, BLA-compliant Vaccines, and/or labeling-specific guidance."

Austin RFP #7 asks for communications regarding the implementation of the DOD Mandate with the FDA and other federal agencies; members of the White House Safer Workforce Taskforce, and employees or representatives of Pfizer or BioNTech. Austin RFP #8 seeks all communications with employees or representatives of the FDA regarding issues including the



"interchangeability" of EUA-labeled and licensed vaccines, and what is purported as BLA-compliant vaccines. Similarly, Austin RFP #9 asks for communications with employees or representatives of Pfizer or BioNTech regarding the interchangeability and BLA-compliant issues, as well as the availability of Comirnaty.

Austin RFP #17 requests guidance and training materials promulgated by the DOD, Armed Services, and medical/immunization commands on topics including the vaccination policy and compliance with the DOD Mandate. Austin RFP #18 seeks "copies of training materials or guidance provided to HCPs, MTFs and other medical personnel" on issues such as the distinction between Comirnaty, EUA, and BLA-compliant doses and how to respond to service member questions on whether EUA-labeled vaccines are FDA licensed. Austin RFP #19 includes a request of copies of policies or procedures governing compliance with the requirement that only BLA-compliant vaccines. Austin RFP #20 seeks, among other documents, materials relating to the use of FDA-licensed vaccines, BLA-compliant vaccines, and EUA vaccines.

Austin RFP #24 asks for documents relating to violations of the DOD Mandate or policies related to COVID-19 vaccination. And Austin RFP #27 seeks "all other implementation and guidance procedures relating to the DOD Mandate."

**Del Toro RFP #25-28.**
Del Toro RFP #25 requests the production of "documents and communications in possession of Vice Admiral William Merz regarding the Navy's implementation of mandatory vaccination for COVID-19." Del Toro RFP #26 seeks "all documents and communications in possession of Vice Admiral William Merz regarding the Navy's policies and procedures for implementation and enforcement of the DOD Mandate."

Del Toro RFP #27 requests the production of "all documents and communications in possession of Lieutenant General David Furness regarding the U.S. Marine Corps' implementation of mandatory vaccination for COVID-19." Del Toro RFP #28 seeks "all documents and communications in possession of Lieutenant General David Furness regarding the U.S. Marine Corps' policies and procedures for implementation and enforcement of the DOD Mandate."

**Wormuth RFP #26, 27.**
Wormuth RFP #26 and #27 asks for documents and communications from Colonel Michele Soltis, M.D. concerning the Army's implementation of mandatory vaccination for COVID-19, and the Army's policies and procedures for implementing and enforcing the DOD Mandate.

**Kendall RFP #27, 30-34.**
Kendal RFP #27, 30-34 request documents and communications from Colonel Tonya Rans, M.D., Colonel Elizabeth Hernandez, Colonel Tameka Alderman, and Lieutenant Colonel Justin Long, concerning the Army's implementation of mandatory vaccination for COVID-19, and the Air Force's policies and procedures for implementing and enforcing the DOD Mandate.



**Issues with Defendants' Objections and Responses.**

Defendants responded to these Austin RFPs collectively, providing numerous objections and for the most part producing no responsive documents, save for some responses which included links to publicly-available government websites and promises to provide the administrative record. Defendants generally allege that these requests are overbroad and unduly burdensome, are "disproportionate to the needs of the case" and that this case will "adjudicated exclusively on the basis of the administrative record."

These objections misrepresent the "needs" of the case, Defendants' own representations to the Court, and the scope of discovery allowed by the Court. Plaintiffs' claims include the allegation that the Armed Services have violated the terms of the DOD COVID-19 vaccine mandate by requiring Plaintiffs take vaccines under an Emergency Use Authorization ("EUA"). The discovery requested in the above-mentioned RFPs is certainly relevant to this claim in particular, and Defendants do not argue otherwise. Notably, Defendants do not allege that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

It is clear that Plaintiffs are entitled to the discovery request in these RFPs, as the information is relevant to Plaintiffs claims. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").  Moreover, the availability of purportedly "interchangeable" COVID-19 vaccines was a key part of Defendants' motion to dismiss. For example, Defendants argued "DoD has both BLA-compliant doses of the Pfizer vaccine and EUA doses that are interchangeable with the licensed vaccine." ECF 65-1 at p. 41. Defendants further allege that "DoD has a supply of BLA-compliant doses, and is using them." Id. at p. 42. Defendants are not entitled to raise defenses and then refuse discovery on those defenses.

And while Defendants represent this case will be "adjudicated exclusively on the basis of the administrative record," please be advised that the Court disagrees. In fact, the Court has allowed discovery on the topic of Plaintiffs' assertions they were denied BLA-compliant COVID-19 vaccines, or offered non-BLA-compliant vaccines. ECF 58 p. 2. In short, not only are Defendants' objections improper, but their representation of the scope of allowable discovery is inaccurate.

Plaintiffs further express their concerns that Defendants' responses to these requests are inadequate. Defendants have ignored their discovery obligations and instead solely focused on production from what Defendants consider to be the administrative record. And for those RFPs tailored to individuals (such as Kendall RFP #25), Plaintiffs are provided nothing, save for improper responses that Defendants will produce "documents cited in any declaration."

For these reasons, Plaintiffs request Defendants fully produce the requested documents by April 27, 2022 so that Plaintiffs do not have to seek Court intervention to force Defendants to comply with their discovery obligations. Plaintiffs further request that Defendants supplement their



responses and itemize the documents produced that are responsive to each request, where applicable.

Very truly yours,


*Brandon Johnson*


cc:     Andrew E. Carmichael
        Amy E. Powell
        Courtney D. Enlow