

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202.514.2705
zachary.a.avallone@usdoj.gov

April 22, 2020

<u>Via Electronic Mail</u>

Brandon Johnson
Defending the Republic
2911 Turtle Creek Blvd., Ste. 300
Dallas, TX 75219

  RE: *Coker v. Austin*, No. 3:21-cv-01211 (N.D. Fla.)

Dear Brandon,

  I write in response to your letter dated April 20, 2022, regarding discovery requests made to Department of Defense ("DoD") Defendants—Secretary of Defense Lloyd Austin, III, Secretary of the Air Force Frank Kendall, Secretary of the Navy Carlos Del Toro, and Secretary of the Army Christine Wormuth.

  On February 9, 2022, Plaintiffs submitted document requests to the DoD Defendants. Plaintiffs made 130 separate requests for documents, which included more than 240 separate sub-parts. DoD Defendants responded on March 11, 2022, committing to produce the Administrative Record by March 17, 2022, and certain other materials by March 25, 2022.

  DoD Defendants noted, however, that Plaintiffs' requests were excessive, overly broad, and not narrowly targeted as required by the Federal Rules—particularly in a case that challenges agency action. *See* Fed. R. Civ. P. 26(b)(1). For example, Plaintiffs asked each branch of the military to "Produce all service branch correspondence relating to the DOD Mandate." Kendall RFP #37; *see also* Del Toro RFP #31; Wormuth RFP #30. Defendants explained that "Plaintiffs' improper requests for *all* correspondence across multiple service branches for correspondence 'relating to the DOD Mandate' unbounded by time and relation to the agency action challenged here is therefore improper, unwarranted, unduly burdensome, and not proportional to the needs of the case." Plaintiffs other requests were similarly over-broad and inconsistent with the proportionality requirements of the Federal Rules.

Despite the excessive number and inappropriate scope of Plaintiffs' discovery requests, Defendants explained, in detail, the documents that they were going to provide to plaintiffs.

First, DoD Defendants agreed to provide the applicable administrative records by March 17, 2022. Defendants produced those records, which total more than 1,400 pages.

Second, Defendants explained that information responsive to many of Plaintiffs' requests was publicly available. For example, Plaintiffs' requested "documents relating to the implementation or administration" of DoD's COVID-19 vaccine requirement, Austin RFP #2,[1] and "training materials and guidance" related to the DoD COVID-19 vaccine requirement, Austin RFP #17;[2] Austin RFP #18.[3] *See also* Austin RFP #19[4] (seeking "policies and procedures"); Austin RFP #20.[5] Defendants told Plaintiffs that DoD makes its guidance and policies publicly available and the information sought by these requests was available at: https://www.defense.gov/Spotlights/Coronavirus-DOD-Response/Latest-DOD-Guidance/ and https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel. Those websites are dynamic, which means that they update frequently as guidance or policies change. Defendants also agreed to produce copies of the most relevant documents that were available through those websites.

Third, Plaintiffs requested "all documents and communications" related to the DoD mandate in the possession of non-parties who submitted declarations in this case, including:

- Vice Admiral William Merz (Del Toro RFP #25 and #26)
- Lieutenant General David Furness (Del Toro RFP #27 and #28)
- Major Scott Stanley, Ph.D. (Wormuth RFP #25)
- Colonel Michele Soltis, M.D. (Wormuth RFP #26 and #27)
- Colonel Tonya Rans, M.D. (Kendall RFP #25, #26, #27)
- Colonel Artemio Chapa (Kendall RFP #28)
- Chaplain, Major Matthew Street (Kendall RFP #29)
- Colonel Elizabeth Hernandez (Kendall RFP #30)
- Lieutenant Colonel Tameka Alderman (Kendall RFP #31 and #32)

---

[1] Austin RFP #2 is duplicative of Del Toro RFP #2, Wormuth RFP #2, and Kendall RFP #2.
[2] Austin RFP #17 is duplicative of Del Toro RFP #16, Wormuth RFP #16, and Kendall RFP #16.
[3] Austin RFP #18 is duplicative of Del Toro RFP #17, Wormuth RFP #17, and Kendall RFP #17.
[4] Austin RFP #19 is duplicative of Del Toro RFP #18, Wormuth RFP #18, and Kendall RFP #18.
[5] Austin RFP #20 is duplicative of Del Toro RFP #19, Wormuth RFP #19, and Kendall RFP #19.

- Lieutenant Colonel Justin Long (Kendall RFP #33 and #34)

As DoD Defendants explained in their responses, requests for all documents and communications regarding the DoD vaccine requirements in the possession of these individuals is not proportionate to the needs of the case. These individuals submitted limited declarations on discrete topics. Defendants agreed to provide the materials these individuals cited in their declarations to the extent those materials were not already in the administrative records. Plaintiff have failed to explain why they need anything more.

Fourth, in response to a request for reports for vaccine efficacy, safety, side effects, and/or injuries, Defendants agreed to produce an informational paper titled "Temporary Data Inaccuracies in the Defense Medical Epidemiology Database," dated February 15, 2022. *See* DoD Defendants' Response to Austin RFP #22 & 23.[6]

The DoD Defendants recognize that the Court indicated that it plans to look beyond the Administrative Record in some instances, particularly whether a Plaintiff "was specifically denied a BLA-compliant dose [of vaccine] or offered only a dose from a non-BLA-compliant vial." *See* ECF No. 58, at 1–2. That information, however, is within the control of Plaintiffs—not Defendants. In any event, DoD Defendants have already produced documents beyond the administrative record. DoD Defendants have produced more than 2,600 pages of responsive materials—more than 1,400 pages of administrative records and more than 1,200 additional pages of documents from publicly available guidance and trainings, as well as materials that were cited in individual declarations and an informational paper.

As offered more than six weeks ago, DoD Defendants remain willing to "confer regarding what, if any, additional discovery might be appropriate and proportionate to the needs of the case." Your letter, however, provides no details about what additional information Plaintiffs believe that they need for their case that is not already contained in the administrative record, produced by Defendants, publicly available, or otherwise accessible to Plaintiffs. Instead, the letter summarizes some of Plaintiffs' requests and then notes that Plaintiffs disagree with Defendants' objections.

Perhaps one source of parties' disagreement is that Plaintiffs appear to be relying on the wrong standard for the permissible scope of discovery. In your April 20, 2022 letter, you claim that "[n]otably, Defendants do not allege that the information sought is not reasonably calculated to lead to the discovery of admissible evidence." But there is nothing "notable" about that at all—the "reasonably calculated" standard was stricken

---

[6] Austin RFP #s 22 & 23 are duplicative of Del Toro RFP #21, Wormuth RFP #21, and Kendall RFP #21.

from Rule 26(b)(1) when it was amended in April 2015.  For nearly seven years now, "the scope of discovery" has been limited to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case*." Fed. R. Civ. P. 26(b)(1) (emphasis added).  The key is proportionality.

If you can provide—with the specificity required by the current Federal Rules of Civil Procedure—exactly what information Plaintiffs seek, then Defendants can better assess whether the burden of searching, collecting, and reviewing the requested materials is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *See* Fed. R. Civ. P. 26(b)(1).

Defendants are willing to discuss what specific information Plaintiffs believe they need for their case beyond the 2,600+ pages that DoD Defendants have already produced, but until Plaintiffs provide more targeted requests, Defendants will continue to stand on their objections.

Sincerely,

*/s/ Zachary A. Avallone*
Zachary A. Avallone
Trial Counsel