UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*, <br><br> **Defendants.** | Case No. 3:21-cv-01211-AW-HTC |

## JOINT STATUS REPORT

Plaintiffs and Defendants file this Joint Status Report, informing the Court of the status of discussions regarding outstanding discovery issues and the production of the administrative records by the Department of Defense, each Armed Service (collectively, "Military Defendants"), and the Food and Drug Administration ("FDA"). The Parties propose to file a second Joint Status Report by Monday, May 16, 2022, to apprise the Court of the status of the issues discussed below.

**Plaintiffs' Motion to Compel.** On May 5, 2022, Plaintiffs filed their Motion to Compel. ECF 83. Since then, the parties have reached an understanding on some of the discovery issues raised in that motion. The parties are currently discussing potential interrogatories and responses, or stipulations, that can resolve outstanding discovery issues or obviate the need for discovery on certain issues. Plaintiffs will

1

file a notice of withdrawal of their motion to compel and plan to file a new motion to compel that reflects the results of the discussions with Defendants. Plaintiffs anticipate filing such a motion on or before May 20, 2022. Defendants do not object to the timing of such a motion.

**Defendants' Motion to Compel.**  Defendants served interrogatories and requests for production on March 25, 2022, and have identified various deficiencies with Plaintiffs' responses to date.  After a productive meet and confer last week, however, Plaintiffs agreed to provide further responses by May 13, 2022. Defendants are hopeful that some or all of the remaining issues may be resolved informally through this process.  To the extent it is not, Defendants currently anticipate that they may file a motion to compel on or before May 20, 2022. Plaintiffs do not object to the timing of such a motion.

**Military Defendants' Administrative Records.** Each of the Departments of Defense, Air Force, Army, and Navy have produced the complete, certified administrative record.

**FDA Administrative Record and Protective Order.** The Parties have discussed and largely reached agreement on the protective order itself, but they disagree on the scope of the materials to be covered by the protective order. The scope of the materials covered by the protective order will have a significant impact on the schedule for production of the FDA record.

Plaintiffs' Position. Defendants have indicated that all or nearly all record materials that have not yet been produced, whether generated by the Food and Drug Administration ("FDA") or Pfizer/BioNTech or other third parties, are confidential and would be covered by the protective order. This is overbroad. While it is appropriate for a protective order to cover Pfizer/BioNTech materials that are exempt from disclosure, the protective order should not apply to FDA-generated documents across the board. Plaintiffs have requested that Defendant FDA provide the certified index of the record in which they identify which records (or categories of records) would be covered by the Protective Order and an explanation as to why the record(s) in question should be subject to the protective order.

Defendants' Position. The parties have been discussing the proper scope of the FDA record, and Defendants have produced: an informal index in February 2022, portions of the record containing no protected information on March 17, 2022, and a proposed protective order on April 1, 2022. No further portions of the record can feasibly be produced without a protective order in place (as the alternative would require review and redaction of potentially hundreds of thousands of pages). FDA believes that most of the remaining FDA-generated record documents contain at least some confidential information. The proposed protective order will obviate the need for an up-front, page-by-page review of those documents, which would unduly delay production of the record and resolution of Plaintiffs' claims. Indeed, the next

tranche of documents (which consists of most of the FDA-generated documents in the record) is nearly ready to be produced, as soon as there is a protective order in place and the parties have complied with its terms. Defendants anticipate producing a certified index of the FDA record after the record has been produced because the index is generated, in part, by the software used to ready the record documents for production.

**Schedule to Complete Discovery and File Summary Judgment.** The current deadline to complete discovery is today, May 9, 2022, with dispositive motions deadlines to be set later. *See* ECF Nos. 48, 70. Counsel for Plaintiffs and Defendants continue to engage in discussions on outstanding discovery issues to identify areas for potential agreement or compromise.

Plaintiffs' Position. Plaintiffs intend to file a motion to extend the deadlines for discovery to address any remaining discovery issues with a proposed discovery schedule identifying the outstanding issues and time needed to complete discovery.

Defendants' Position. The parties are discussing a number of pending discovery disputes between the parties, and attempting to resolve them without court intervention. Defendants anticipate that prompt motions practice about these existing disputes arising at the end of the discovery practice would be timely, but Defendants will likely oppose any extension for the purpose of propounding additional discovery requests, given that the parties had ample time to request any

4

discovery they needed.  Defendants regardless will consider a more specific meet and confer about the specific new discovery allegedly needed.

| | |
|---|---|
| *For Plaintiffs:* | <u>s/ Brandon Johnson</u><br>DC Bar No. 491370<br>Defending the Republic<br>2911 Turtle Creek Blvd., Suite 300<br>Dallas, TX 75219<br>Tel. 214-707-1775<br>Email: bcj@defendingtherepublic.org |
| *For Defendants*: | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ALEXANDER K. HAAS<br>Director, Federal Programs Branch<br><br>ANTHONY J. COPPOLINO<br>Deputy Director<br><br><u>/s/ Amy E. Powell</u><br>ANDREW E. CARMICHAEL<br>AMY E. POWELL<br>Senior Trial Counsel<br>ZACHARY A. AVALLONE<br><br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202)<br>Fax: (202) 616-8470<br>Email: amy.powell@usdoj.gov<br><br>*Counsel for Defendants* |