IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*, <br><br> Defendants. | Case No. 3:21-cv-01211-AW-HTC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

As pertinent here, Plaintiffs challenge the Food and Drug Administration's ("FDA") approval of the Biologics License Application ("BLA") for the Comirnaty COVID-19 vaccine (including its explanation that certain lots of vaccine with an Emergency Use Authorization label are still BLA-compliant), and the Department of Defense's ("DoD") requirement that service members become vaccinated against COVID-19 with an FDA-approved vaccine. Plaintiffs contend that Comirnaty is "not available," they have "been denied" Comirnaty and a BLA-compliant vaccine, and DoD's requirement therefore violates their "informed consent rights."

Defendants propounded targeted discovery requests on March 25, 2022, requesting (as relevant here) the documents identified in Plaintiffs' initial disclosures (RFP 2) and information on which Plaintiffs would—or would not—take Comirnaty, Spikevax (the Moderna vaccine approved by the FDA), or a BLA-compliant vaccine (Interrogatories 3-8). Exs. 1-2. Plaintiffs' responses on April 24 failed to include any documents responsive to RFP 2 and provided non-responsive answers that failed to respond to the substance of Interrogatories 3-8. Ex. 3 at 2-3. Undersigned counsel then engaged Plaintiffs' counsel in multiple meet and confer discussions on April 29, May 6, May 16, and May 18 in an attempt to avoid seeking judicial intervention. Exs. 3-5. Through that process, Plaintiffs provided just three documents out of the many listed in their initial disclosures in response to RFP 2, and declined to provide

1

a further response to Interrogatories 3-8. Ex. 4 at 2; Ex. 5 at 1-2. Because the information requested is undeniably relevant and proportional to the needs of the case—indeed, Plaintiffs have never objected or suggested otherwise—Defendants request that the Court grant their motion and compel Plaintiffs' full and complete responses to RFP 2 and Interrogatories 3-8.[1]

## STANDARD OF REVIEW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Supreme Court has "construed broadly" what constitutes relevant discovery, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and the Federal Rules "strongly favor full discovery whenever possible," *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). The party resisting discovery "bears the burden of establishing lack of relevancy or undue burden." *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000).

## ARGUMENT

I. **Defendants are Entitled to the Documents Identified in Plaintiffs' Initial Disclosures (RFP 2).**

RFP 2: "Any and all documents identified in your initial disclosures in this

---

[1] Plaintiffs do not object to Defendants' motion as untimely, as the instant dispute arose within the last two weeks of discovery and Defendants diligently attempted to resolve it without court intervention. *See* Dkt. No. 48 ¶ 8; Ex. 4 at 5.

2

action." Ex. 1 at 5. Plaintiff's initial disclosures identified broad categories of documents, including "medical exemption requests and related documents (e.g., antibody tests)" and "medical records." Ex. 6 at 3-4.

Plaintiffs did not assert any objections to this request. Ex. 7 at 3; *see also Griffin v. GEICO Gen. Ins. Co.*, 2011 WL 13235056, at *2 (N.D. Fla. Oct. 25, 2011) ("Failure to make a proper timely objection, even though a party had one to make, waives the objection."). Plaintiffs responded:

"Plaintiffs' Rule 26(a)(1) disclosures state that Plaintiffs are in possession of: administrative record materials; medical exemption requests and documents related to their medical exemption requests; Plaintiffs' medical records; Plaintiff's personnel records; and Plaintiffs' religious accommodation requests and appeals, and materials related to those requests or appeals. Defendants are already in possession of those documents. Please also see the documents produced in PL00001-00053 and PL00054-00103." Ex. 7 at 3.

Plaintiffs' document production, however, only contains antibody/COVID-19 test results for Plaintiffs Cothran, Morgan, and Stermer. Ex. 5 at 1. The production contains no other "related documents (e.g., antibody tests)" and no "medical records" for any Plaintiff, *id.*, even though eight other Plaintiffs listed those documents in their initial disclosures, Ex. 6.

By definition, this information is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Initial disclosures reflect a party's identification of the documents within its possession, custody, or control that it "may use to support its

3

claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). The information is also proportional to the needs of the case, as the broad categories of documents in Plaintiffs' initial disclosures makes it impossible for Defendants to know precisely what Plaintiffs may rely on in support of their claims, and includes documents beyond Defendants' possession, custody, or control. Ex. 6.[2] Plaintiffs have never contested the relevance and proportionality of this request. Ex. 7 at 3. Thus, Defendants are "entitled to copies of the documents which were . . . disclosed pursuant to Rule 26," *G.R. Harvill, Inc. v. Patel*, 2012 WL 13049555, at *3 (S.D. Ala. Feb. 16, 2012), and this Court should compel Plaintiffs to produce full and complete copies of the "related documents (e.g., antibody tests)" and "medical records" identified in their initial disclosures in response to RFP 2. *See also Diaz v. Goat Express, LLC*, 2021 WL 8199899, at *3-4 (N.D. Fla. June 1, 2021) (compelling production); *Whyte v. Alston Mgmt., Inc.*, 2011 WL 13107428, at *1 (S.D. Fla. July 27, 2011); *Mid-State Aftermarket Body Parts, Inc. v. Truck Ins. Exch.*, 2006 WL 2079940, at *2 (E.D. Ark. July 24, 2006); *Jenkins v. Miller*, 2019 WL 5558601, at *4 (D. Vt. Oct. 29, 2019).

**II.      Defendants are Entitled to Responsive Answers to Interrogatories 3-8.**

<u>Interrogatories 3 & 5</u>: "Please identify any and all Plaintiffs who would take Comirnaty[/Spikevax], if available." Ex. 2 at 5.

---

[2] Plaintiffs' note that "Defendants are already in possession of those documents," Ex. 7 at 3, is incorrect, as demonstrated by the three antibody/COVID-19 test results Plaintiffs produced from third-party medical providers.

4

Interrogatories 4 & 6: "Please identify any and all Plaintiffs who would not take Comirnaty[/Spikevax], if available." *Id.*

Plaintiffs gave substantially the same objection and response to these requests:

"Plaintiffs object because this interrogatory is speculative. Defendants ask Plaintiffs whether they would take Comirnaty[/Spikevax] 'if available,' although Comirnaty[/Spikevax] is not available and Defendants admit they are not in possession of Comirnaty. Plaintiffs are thus required to guess whether they will receive a vaccine that may *never* be available to Plaintiffs. In other words, Plaintiffs must respond to a hypothetical that cannot occur right now and may never occur. Furthermore, this interrogatory requires Plaintiffs to speculate and provide answers without knowing whether or not the Department of Defense COVID-19 vaccine mandate will still be in effect when Comirnaty[/Spikevax] is 'available.' And for those Plaintiffs who have pending religious accommodation requests or appeals, they are improperly asked to guess whether they would take Comirnaty[/Spikevax] without knowing how Defendants might rule on their religious objections.

Considering these objections and without waiving same, Plaintiffs respond that they are committed to following lawful orders, subject to their religious beliefs, their rights of refusal, their medical needs, and whether the recommended medical treatments have received lawful and appropriate approval." Ex. 8 at 3-5.

These Interrogatories are undisputedly relevant and proportional to the needs of the case, and Plaintiffs have never argued otherwise. Fed. R. Civ. P. 26(b)(1); Ex. 8 at 3-5. Plaintiffs have placed FDA-approved vaccines squarely at issue in this case. Defendants are entitled to know which Plaintiffs would—or would not—take the FDA-approved vaccines, as the answer to that question would determine which Plaintiffs have (or lack) standing to challenge the FDA approval as well as the DoD's vaccination requirement as purportedly violating their informed consent rights. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("[U]nder Article III, an

5

injury in law is not an injury in fact."). These interrogatories also entail virtually no burden to answer, and the information they seek is obtainable solely from Plaintiffs. There is no basis for Plaintiffs to withhold responsive answers. *See Gober*, 197 F.R.D. at 521 (resisting party must show lack of relevance or undue burden).

Plaintiffs' speculation objection is unfounded. Ex. 8 at 3-5. While they may believe that FDA-approved vaccines are "not available," the Comirnaty-labeled vaccine is in fact available for DoD to order as of today's date. Nor does a responsive answer require any speculation: Plaintiffs are the only ones who can determine, yes or no, whether they would take Comirnaty or Spikevax. *See also* Fed. R. Civ. P. 33(a)(2) (noting that an interrogatory is not objectionable merely because it asks for an opinion). And Plaintiffs are the ones who have asserted challenges to the DoD vaccination requirement, notwithstanding the pendency of certain of their religious accommodation requests and appeals; they cannot use those pending requests both as a sword (in nevertheless moving forward with their claims) and as a shield (in resisting discovery intended to probe their standing to bring such claims). The Court should compel full and complete responses that answer the substance of Interrogatories 3-6. *See Bailey v. TransUnion LLC*, 2020 WL 13132941, at *12 (N.D. Ga. Apr. 24, 2020) (responding party "must answer the substance of the interrogatory").

Interrogatory 7: "Please identify any and all Plaintiffs who would take a BLA compliant vaccine, if available." Ex. 2 at 6.

6

<u>Interrogatory 8</u>: "Please identify any and all Plaintiffs who would not take a BLA compliant vaccine, if available." *Id.*

Plaintiffs did not object and gave the same response to both Interrogatories:

"Plaintiffs respond that they are committed to following lawful orders, subject to their religious beliefs, medical needs, their rights of refusal, and whether the recommended medical treatments have received lawful and appropriate approval. BLA-compliant vaccines – which Defendants defined as 'an EUA-labeled vaccine' are not FDA approved and are thus not subject to the DOD Mandate." Ex. 8 at 5.[3]

These Interrogatories seek relevant and proportional information for the same reasons as Interrogatories 3-6. In response to the Court's preliminary injunction opinion identifying BLA-compliant vaccines as a point of contention and noting that no Plaintiff claimed to have been denied a BLA-compliant dose, Plaintiffs filed an amended complaint attempting to address that deficiency. Thus, Defendants are entitled to know which Plaintiffs would (or would not) take a BLA-compliant vaccine—information that goes directly to Plaintiffs' standing and the merits of their claim. Moreover, Plaintiffs have waived any objections to these Interrogatories, *see Griffin*, 2011 WL 13235056, at *2, and the Court should therefore compel full and complete responses that address the substance of Interrogatories 7-8.

## **<u>CONCLUSION</u>**

Defendants respectfully request that the Court compel Plaintiffs' full and complete responses to RFP 2 and Interrogatories 3-8.

---

[3] Plaintiffs misstate Defendants' definition of "BLA compliant." *See* Ex. 3 at 2 n.2.

Dated: May 20, 2022                     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

<u>/s/ *Catherine M. Yang*</u>
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4336
Fax: (202) 616-8470
Email: catherine.m.yang@usdoj.gov

*Counsel for Defendants*