# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*,<br><br>               Plaintiffs,<br><br>   v.<br><br>**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense**, *et al.*,<br><br>               Defendants. | Case No. 3:21-cv-01211-AW-HTC |

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of requests for production of documents upon Plaintiffs.[1]

## INSTRUCTIONS

1.    When asked to produce a document, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

---

[1] Defendants maintain their position that this is an action for judicial review on an administrative record and thus exempt from ordinary discovery requirements. *See, e.g.*, Dkt. No. 50. However, in light of the Court's conclusion that discovery would be appropriate on the topic of whether a plaintiff "was specifically denied a BLA-compliant dose [of vaccine] or offered only a dose from a non-BLA-compliant vial," Dkt. No. 58, Defendants propound the following limited discovery requests.

2.      If you cannot produce a requested document (including, *inter alia*, be-
cause it was lost or destroyed), please provide the facts you rely upon in support of
your contention that you cannot do so.  To the extent a document is not produced
because of an assertion of privilege, please state the specific privilege relied upon and
support the claim of privilege with a statement of particulars sufficient to enable the
Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you
object to producing only part of a requested document, please produce that portion
of the document you do not object to producing and indicate what portion you have
withheld based on an assertion of privilege.

3.      These document production requests are to be deemed continuing to
the full extent allowed by law.

4.      Unless specified otherwise in a specific Request, the time period for
these Requests is August 23, 2021 to the present.

5.      Please forward the documents to undersigned counsel at the address be-
low no later than thirty (30) days from date of service.

## **DEFINITIONS**

For purposes of these requests for production, the following definitions apply:

1.      "**BLA compliant**" means an EUA-labeled vaccine that has the same
formulation as Comirnaty or Spikevax and was produced at a facility listed in the re-
spective BLA that has undergone lot release, as described in the declaration of Peter
Marks, Dkt. No. 65-14 ¶¶ 12-13.

2.      "**Document**" or "**record**" means the original and any draft or copy of

2

any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

3.     "**EUA**" means a Food and Drug Administration Emergency Use Authorization.

4.     "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

5.     "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

6.     "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

7.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

8.      "**You**," "**your**," "**Plaintiffs**," and "**Plaintiffs'**" (without specific designation) shall mean each of Plaintiffs Benjamin Coker, Joseph Connell, Kalem Cossette, Sean Cothran, Samuel Craymer, Kacy Dixon, Jay Furman, Jordan Karr, Nicholas Harwood, Eric Kaltrider, Nickolas Kupper, David Lund, Blake Morgan, Taylor Roberts, Samuel Sigoloff, Andrew Snow, Brian Stermer, and Michael Thompson.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.     "**Each**" means each and every.

11.     "**Date**" means day, month, and year.

12.     "**Known to you**" and "**knowledge of**" mean all matters known to you, your attorneys, agents, representatives, employees, or to anyone subject to your control or supervision, or acting on your behalf.

13.     "**This action**" shall refer to *Coker, et al. v. Austin, et al.*, No. 3:21-cv-1211 (N.D. Fla.).

14.     "**Complaint**" shall refer to the Second Amended Complaint filed at Dkt. No. 56 in this action.

15.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents used to answer, or provided as answers, or relating to the answers to Defendants' interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents identified in your initial disclosures in this action.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents that relate, refer to, or support the allegation in paragraph 117 of the Second Amended Complaint that "several Plaintiffs have confirmed that neither Comirnaty, nor any EUA-labeled, BLA-compliant vaccine are available."

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 16 of the Second Amended Complaint that Plaintiff Sean Cothran "has inquired regarding the availability of Comirnaty or BLA-compliant lots, but he has not received an answer from his base's immunology department."

**REQUEST FOR PRODUCTION NO. 5:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 17 of the Second Amended

Complaint that Plaintiff Samuel Craymer "inquired regarding the availability of Co-mirnaty, and was informed that it was unavailable and that he was required to take the EUA vaccine," and that he "was shown several vials containing the EUA desig-nated label from Pfizer-BioNTech."

**REQUEST FOR PRODUCTION NO. 6:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 18 of the Second Amended Complaint that Plaintiff Kacy Dixon "attempted to obtain the licensed Comirnaty vaccine from pharmacists and other healthcare providers, and [] was informed that it was unavailable."

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 20 of the Second Amended Complaint that Plaintiff Nicholas Harwood "has confirmed that Comirnaty is not available at his facility."

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 21 of the Second Amended Complaint that Plaintiff Jordan Karr "has specifically inquired regarding the availa-bility of Comirnaty and BLA-compliant lots, and she has been informed that it is not available."

**REQUEST FOR PRODUCTION NO. 9:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 23 of the Second Amended Complaint that Plaintiff Nickolas Kupper "has confirmed with his base immunologist that his base does not have Comirnaty or any BLA-complaint lots," and "also confirmed with a Pfizer representative that Comirnaty is unavailable, Pfizer does not know when Comirnaty would be available, and that any EUA-labeled vials are not fully FDA approved."

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 24 of the Second Amended Complaint that "the licensed Comirnaty Vaccine was not available" to Plaintiff David Lund.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 28 of the Second Amended Complaint that Plaintiff Andrew Snow "has confirmed that his base does not have Comirnaty."

**REQUEST FOR PRODUCTION NO. 12:**

To the extent not responsive to Request No. 3 above, any and all documents that relate, refer to, or support the allegation in paragraph 30 of the Second Amended

Complaint that Plaintiff Michael Thompason "has inquired as to the availability of both Comirnaty and 'BLA-compliant' lots at Marine Corps facilities in North Carolina, including Camp LeJeune and Cherry Point MCAS, and has been informed that neither Comirnaty nor any BLA-compliant lots of EUA vaccines were available (except for some doses from an expired BLA-compliant lot)."

**REQUEST FOR PRODUCTION NO. 13:**

To the extent not responsive to Request Nos. 3-12 above, any and all documents regarding any and all effort(s) by any Plaintiff to obtain a BLA-compliant vaccine, whether through the Department of Defense or another provider, including but not limited to any interest in receiving a BLA-compliant vaccine, any inquiry as to the availability of a BLA-compliant vaccine, and any response to such inquiry.

**REQUEST FOR PRODUCTION NO. 14:**

To the extent not responsive to Request Nos. 3-12 above, any and all documents regarding any effort by any Plaintiff to obtain Comirnaty, whether through the Department of Defense or another provider, including but not limited to any interest in receiving Comirnaty, any inquiry as to the availability of Comirnaty, and any response to such inquiry.

**REQUEST FOR PRODUCTION NO. 15:**

To the extent not responsive to Request Nos. 3-12 above, any and all documents regarding any effort by any Plaintiff to obtain Spikevax, whether through the Department of Defense or another provider, including but not limited to any interest

8

in receiving Spikevax, any inquiry as to the availability of Spikevax, and any response to such inquiry.

Dated: March 25, 2022                     Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General

                                          ALEXANDER K. HAAS
                                          Director, Federal Programs Branch

                                          ANTHONY J. COPPOLINO
                                          Deputy Director

                                          */s/ Catherine M. Yang*
                                          ANDREW E. CARMICHAEL
                                          AMY E. POWELL
                                          Senior Trial Counsel
                                          ZACHARY A. AVALLONE
                                          COURTNEY D. ENLOW
                                          CATHERINE M. YANG
                                          Trial Attorneys
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, N.W.
                                          Washington, DC 20005
                                          Tel: (202) 514-4336
                                          Fax: (202) 616-8470
                                          Email: catherine.m.yang@usdoj.gov

                                          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on March 25, 2022.

                                          */s/ Catherine M. Yang*

9