# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*,<br><br>               Plaintiffs,<br><br>   v.<br><br>**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense**, *et al.*,<br><br>               Defendants. | Case No. 3:21-cv-01211-AW-HTC |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendants, by and through their undersigned counsel, hereby respectfully propound their first set of interrogatories upon Plaintiffs.[1]

## INSTRUCTIONS

1.    When asked to answer an interrogatory, the request is for information within your actual or constructive control. Your answers must therefore include not only information available to you, but also that is available to your attorneys, associates, employees, representatives, agents, and all other persons acting under, by, or through you, or subject to your control or supervision, or acting on your behalf.

---

[1] Defendants maintain their position that this is an action for judicial review on an administrative record and thus exempt from ordinary discovery requirements. *See, e.g.*, Dkt. No. 50. However, in light of the Court's conclusion that discovery would be appropriate on the topic of whether a plaintiff "was specifically denied a BLA-compliant dose [of vaccine] or offered only a dose from a non-BLA-compliant vial," Dkt. No. 58, Defendants propound the following limited discovery requests.

2.      If you cannot fully and completely answer an interrogatory, please pro-vide the facts you rely upon in support of your contention that you cannot do so.  To the extent an interrogatory is not answered because of an assertion of privilege, please state the specific privilege relied upon and support the claim of privilege with a statement of particulars sufficient to enable the Court to assess its validity consistent with Federal Rule of Civil Procedure 26.  If you object to answering only part of an interrogatory, please answer that part you do not object to answering and indicate what portion of the interrogatory to which your assertion of privilege extends.

3.      If, in response to one or more of the interrogatories, you produce or identify any document(s) pursuant to Federal Rule of Civil Procedure 33(d), please identify the document(s) with specificity and indicate to which interrogatory or part thereof the document responds.

4.      These interrogatories are to be deemed continuing to the full extent al-lowed by law.

5.      Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs must sign a declaration affirming the accuracy of their answers to the interrogatories.

5.      Please forward the answers to undersigned counsel at the address below no later than thirty (30) days from date of service.

## DEFINITIONS

For purposes of these interrogatories, the following definitions apply:

1. "**BLA compliant**" means an EUA-labeled vaccine that has the same formulation as Comirnaty or Spikevax and was produced at a facility listed in the respective BLA that has undergone lot release, as described in the declaration of Peter Marks, Dkt. No. 65-14 ¶¶ 12-13.

2. "**Document**" or "**record**" means the original and any draft or copy of any written, recorded or graphic materials of any type and in any form (including those maintained in electronic form) in Plaintiffs' possession, custody, knowledge, or control, including Plaintiffs' attorneys, agents, and representatives.

3. "**EUA**" means a Food and Drug Administration Emergency Use Authorization.

4. "**Individual**," "**person**," "**organization**," or "**entity**" means any natural person, corporation, unincorporated association, partnership, sole proprietorship, business, or other organization or entity.

5. "**Identify**" or "**identifies**" when used in reference to an individual means to give, to the extent known, the person's name, present or last known address and telephone number, and the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

3

6.      "**Identify**" or "**identifies**" when used in reference to a document means to give, to the extent known, the

        a.  type of document;

        b.  general subject matter;

        c.  date of the document; and

        d.  author(s), addressee(s), and recipient(s).

7.      "**Interrogatory**" or "**interrogatories**" refers to Defendants' interrogatories to Plaintiffs in this action.

8.      "**You**," "**your**," "**Plaintiffs**," and "**Plaintiffs'**" (without specific designation) shall mean each of Plaintiffs Benjamin Coker, Joseph Connell, Kalem Cossette, Sean Cothran, Samuel Craymer, Kacy Dixon, Jay Furman, Jordan Karr, Nicholas Harwood, Eric Kaltrider, Nickolas Kupper, David Lund, Blake Morgan, Taylor Roberts, Samuel Sigoloff, Andrew Snow, Brian Stermer, and Michael Thompson.

9.      "**And**" and "**or**" shall be construed conjunctively and disjunctively.

10.      "**Each**" means each and every.

11.      "**Date**" means day, month, and year.

12.      "**This action**" shall refer to *Coker, et al. v. Austin, et al.*, No. 3:21-cv-1211 (N.D. Fla.).

13.      "**Complaint**" shall refer to the Second Amended Complaint filed at Dkt. No. 56 in this action.

14.     The singular form of any word shall also be construed as the plural, and vice versa.  Verbs shall be construed as though they were in the past tense, the present and the future tense, and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each individual who has assisted you in preparing your responses to these interrogatories.

**INTERROGATORY NO. 2:**

Please identify all documents that you consulted in preparing your responses to these interrogatories.

**INTERROGATORY NO. 3:**

Please identify any and all Plaintiffs who would take Comirnaty, if available.

**INTERROGATORY NO. 4:**

Please identify any and all Plaintiffs who would not take Comirnaty, if available.

**INTERROGATORY NO. 5:**

Please identify any and all Plaintiffs who would take Spikevax, if available.

**INTERROGATORY NO. 6:**

Please identify any and all Plaintiffs who would not take Spikevax, if available.

**INTERROGATORY NO. 7:**

Please identify any and all Plaintiffs who would take a BLA compliant vaccine, if available.

**INTERROGATORY NO. 8:**

Please identify any and all Plaintiffs who would not take a BLA compliant vaccine, if available.

**INTERROGATORY NO. 9:**

Please identify any and all Plaintiffs who have inquired as to the availability of Comirnaty, whether through the Department of Defense or another provider, and any response to such inquiry.

**INTERROGATORY NO. 10:**

Please identify any and all Plaintiffs who have inquired as to the availability of Spikevax, whether through the Department of Defense or another provider, and any response to such inquiry.

**INTERROGATORY NO. 11:**

Please identify any and all Plaintiffs who have inquired as to the availability of a BLA compliant vaccine, whether through the Department of Defense or another provider, and any response to such inquiry.

Dated: March 25, 2022                    Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Principal Deputy Assistant Attorney General

6

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/ Catherine M. Yang*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
CATHERINE M. YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4336
Fax: (202) 616-8470
Email: catherine.m.yang@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing requests on Plaintiffs' counsel via email on March 25, 2022.

*/s/ Catherine M. Yang*