# Exhibit 3



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202.514.4336
catherine.m.yang@usdoj.gov

---

April 29, 2022

Via Electronic Mail

Brandon Johnson
Travis Miller
Defending the Republic
2911 Turtle Creek Blvd., Ste. 300
Dallas, TX 75219

Ibrahim Reyes
Reyes Lawyers, P.A.
236 Valencia Ave.
Coral Gables, FL 33134

      RE: *Coker v. Austin*, No. 3:21-cv-01211 (N.D. Fla.)

Counsel,

      We have reviewed Plaintiffs' written responses and accompanying 53 pages of documents served on April 24, 2022, in response to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents.[1] This letter identifies our current concerns with Plaintiffs' discovery responses. Please rectify the deficiencies identified below by May 4, 2022.

## I. Plaintiffs' Responses to Defendants' Interrogatories

### A. Interrogatory Signatures

      Federal Rule of Civil Procedure 33(b)(3) requires that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." The Rule further provides that "[t]he person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(5). Consistent with these requirements, Defendants' Interrogatories requested responses from each Plaintiff (*see* Interrogatories Definition No. 8), along with a signed declaration from each Plaintiff affirming the accuracy of their answers (*see* Interrogatories Instruction No. 5). Though Plaintiffs' written responses purport to be an omnibus response from all eighteen Plaintiffs, only a single Plaintiff—Nicholas Harwood—has signed the responses. Accordingly, we request that each of the remaining seventeen Plaintiffs remedy this deficiency by providing their signed verification, under oath, affirming the accuracy of the responses.

---

[1] Much of Plaintiffs' 53-page production was a reproduction of certain materials from Plaintiffs' religious exemption requests.

**B.     Interrogatory Nos. 3-6**

Interrogatory Nos. 3-6 request that Plaintiffs identify who among them would, or would not, take Comirnaty or Spikevax, if available. Plaintiffs objected to these requests purportedly because they are "speculative." Nevertheless, Plaintiffs responded "that they are committed to following lawful orders, subject to their religious beliefs, their rights of refusal, their medical needs, and whether the recommended medical treatments have received lawful and appropriate approval."

Plaintiffs' response is non-responsive to Interrogatory Nos. 3-6. Comirnaty and Spikevax have each received FDA approval. Plaintiffs claim that certain Plaintiffs have inquired into the availability of Comirnaty or Spikevax. Defendants are therefore entitled to discover which Plaintiffs would, or would not, take Comirnaty or Spikevax. Such information is singularly within the possession of each Plaintiff, and no Plaintiff has articulated any burden in providing a responsive answer or raised any objection to the proportionality of this request. *See* Fed. R. Civ. P. 26(b)(1) (defining the permissible scope of discovery). Moreover, Interrogatory Nos. 3-6 require no speculation to determine their meaning or the information sought. *See also* Fed. R. Civ. P. 33(a)(2) (noting that an interrogatory is not objectionable merely because it asks for an opinion).

Please provide complete and responsive answers to Interrogatory Nos. 3-6.

**C.     Interrogatory Nos. 7-8**

Interrogatory Nos. 7-8 request that Plaintiffs identify who among them would, or would not, take a BLA-compliant vaccine, if available. Plaintiffs did not object to these requests or to Defendants' definition of "BLA compliant." Plaintiffs responded "that they are committed to following lawful orders, subject to their religious beliefs, medical needs, their rights of refusal, and whether the recommended medical treatments have received lawful and appropriate approval. BLA-compliant vaccines – which Defendants defined as 'an EUA-labeled vaccine' are not FDA approved and are thus not subject to the DOD Mandate."[2]

Plaintiffs' response is non-responsive to Interrogatory Nos. 7-8 and improperly argumentative. Plaintiffs claim that certain Plaintiffs have inquired into the availability of a BLA-compliant vaccine. Indeed, that was the basis for the Court's finding that "[d]iscovery on that topic need not wait." Dkt. No. 58. Defendants are therefore entitled to discover which Plaintiffs would, or would not, take a BLA-compliant vaccine. Such information is singularly within the possession of each Plaintiff, and no Plaintiff has articulated any burden in providing a responsive answer or raised any objection to the proportionality of this request. *See* Fed. R. Civ. P. 26(b)(1) (defining the permissible scope of discovery).

Please provide complete and responsive answers to Interrogatory Nos. 7-8.

---

[2] Plaintiffs misstate Defendants' definition of "BLA compliant." *See* Interrogatories Definition No. 1 ("'BLA compliant' means an EUA-labeled vaccine that has the same formulation as Comirnaty or Spikevax and was produced at a facility listed in the respective BLA that has undergone lot release, as described in the declaration of Peter Marks, Dkt. No. 65-14 ¶¶ 12-13.'").

2

**II.     Plaintiffs' Responses to Defendants' Requests for Production of Documents**

    **A.     RFP No. 1**

RFP No. 1 requests "[a]ny and all documents used to answer, or provided as answers, or relating to the answers to Defendants' interrogatories." Plaintiffs did not object to this request and referred to their 53-page production in response.

However, although Plaintiffs' responses to Interrogatory No. 9 stated that Kalem Cossette, Nick Harwood, Nicholas Kupper, Andrew Snow, and Brian Stermer had inquired as to the availability of Comirnaty and had received a response, Plaintiff's production does not include any documents reflecting such inquiry or response. Nor does Plaintiff's production contain any documents reflecting that "Michael Thompson has confirmed that Pfizer has not manufactured Comirnaty."

Similarly, although Plaintiffs' responses to Interrogatory No. 10 stated that Michael Thompson and Nicholas Kupper had inquired as to the availability of Spikevax and had received a response, Plaintiff's production does not include any documents reflecting such inquiry or response.

Likewise, although Plaintiffs' responses to Interrogatory No. 11 stated that Kalem Cossette, Kacy Dixon, Nicholas Kupper, Brian Stermer, and Taylor Roberts had inquired as to the availability of a BLA-compliant vaccine and had received a response, Plaintiff's production does not include any documents reflecting such inquiry or response.

Please provide a complete production of "[a]ny and all documents used to answer, or provided as answers, or relating to the answers to Defendants' interrogatories."

    **B.     RFP No. 2**

RFP No. 2 requests "[a]ny and all documents identified in your initial disclosures in this action." Plaintiffs did not object to this request but responded that "Defendants are already in possession of those documents."

Among the documents identified in Plaintiffs' initial disclosures are "Availability/unavailability of Comirnaty or BLA-Compliant Pfizer-BioNTech vaccines," "Medical records," and "related documents (e.g., antibody tests)" to medical exemption requests. Those categories of documents include documents not in Defendants' possession.

Please provide a complete production of "[a]ny and all documents identified in your initial disclosures in this action."

    **C.     RFP Nos. 5, 7, 9, 10, 11**

RFP Nos. 5, 7, 9, 10, and 11 request "any and all documents that relate, refer to, or support the allegation[s]" in paragraphs 17, 20, 23, 24, 28, and 30 regarding Plaintiffs Samuel Craymer, Nicholas Harwood, Nickolas Kupper, David Lund, and Andrew Snow. Plaintiffs did not object to this request and referred to their 53-page production in response.

The production, however, does not appear to contain any documents regarding Plaintiffs Craymer, Harwood, Kupper, Lund, or Snow.

Please provide a complete production in response to these requests.

D.   RFP No. 8

RFP No. 8 requests "any and all documents that relate, refer to, or support the allegation in paragraph 21 of the Second Amended Complaint" regarding Plaintiff Jordan Karr. Plaintiffs did not object and referred to their 53-page production in response.

The production contains only one email thread involving Plaintiff Karr, dated April 7, 2022. The Second Amended Complaint, however, was filed in December 2021, and thus purports to reference documents and communications not included in Plaintiffs' production.

Please provide a complete production of "any and all documents that relate, refer to, or support the allegation in paragraph 21 of the Second Amended Complaint" regarding Plaintiff Karr.

E.   RFP No. 12

RFP No. 12 requests "any and all documents that relate, refer to, or support the allegation in paragraph 30 of the Second Amended Complaint" regarding Plaintiff Michael Thompson. Plaintiffs did not object and referred to their 53-page production in response.

The production contains only two email threads involving Plaintiff Thompson, both dated April 8, 2022. The Second Amended Complaint, however, was filed in December 2021, and thus purports to reference documents and communications not included in Plaintiffs' production. Additionally, the email thread on PL00053 is incomplete, as the first email on that thread appears to be replying to a message from Plaintiff Thompson that is not included in the production.

Please provide a complete production of "any and all documents that relate, refer to, or support the allegation in paragraph 30 of the Second Amended Complaint" regarding Plaintiff Thompson.

F.   PL00048-PL00051

PL00048-PL00051 in Plaintiff's production purport to be photographs of a Pfizer-BioNTech COVID-19 vaccine vial. However, the photographs do not identify any time or date stamp, location, the individual holding the vial on PL00050 and PL00051, or reflect any other identifying information. Plaintiffs' written responses also do not identify what PL00048-PL00051 of their production purports to show or which discovery requests they are responsive to.

Please identify the time/date and location of the photographs at PL00048-PL00051, the individual who took the photographs, and the individual whose hand is shown on PL00050 and PL00051. Please further identify the discovery requests to which these documents respond.

\* \* \*

      We hope to resolve the foregoing issues without the need for judicial involvement and ask that you remedy the deficiencies identified above by close of business on May 4, 2022. Thank you for your prompt attention to this matter.

                                                Sincerely,

                                            /s/
                                      Catherine M. Yang
                                      Trial Attorney