# Exhibit 4

| | |
|---|---|
| **From:** | Powell, Amy (CIV) |
| **To:** | Travis Miller |
| **Cc:** | Yang, Catherine M (CIV); bcj@defendingtherepublic.org; Carmichael, Andrew E. (CIV); Avallone, Zachary A. (CIV) |
| **Subject:** | RE: [EXTERNAL] Coker v Austin - Plaintiffs" Discovery Responses |
| **Date:** | Wednesday, May 18, 2022 12:44:47 PM |

Brandon, Travis:

Thank you for talking today.  This email is intended to memorialize our conversation today May 18, 2022.  Please let me know if I misstated or overlooked anything.

**Defendants' Discovery Responses**.

We spoke generally about remaining disputes with respect to Plaintiffs' RFPs.  We have been working on a sworn statement that incorporates the factual points we made verbally regarding the scope of the interchangeability policy, the numbers and locations of BLA-compliant doses, and the tracking of specific vials.   We proposed talking through this and what else, if anything, Plaintiffs might want before we execute a declaration.   Plaintiffs had been thinking that the remaining issues might be best resolved through requests for admission or interrogatories or similar.   Defendants are not wedded, at this time, to any particular form and described the statements on these issues that we are willing to make in some form.

We also talked through a number of statements that Plaintiffs were looking for (probably in addition to what I outlined in the declaration):

- You asked for some statement (perhaps in response to a request for admission) that there are no policies requiring only use of BLA compliant doses, nor any training/guidance on BLA-compliant doses.  I think our clarification about the scope of the interchangeability policy probably obviates the need for this, but let me know if that is wrong.  The specific wording of the sworn statement is a work in progress, but will confirm that the DoD interchangeability guidance is not limited to the BLA-compliant vials; rather, in accordance with FDA guidance, DoD generally uses Pfizer doses distributed under the EUA as if the doses were the licensed vaccine.
- You asked for more information about how vials are tracked through the system.  We can certainly say that they are tracked as a general matter, that DoD keeps track of specific lot numbers.  I'm not sure what else is necessary.
- You indicated some desire for additional historical data about locations of BLA-compliant vials.   I think we have offered aggregate numbers, as well as data (including lot numbers) about where the remaining vials are located.  We set forth our respective positions about whether such historical data is relevant or burdensome.  You were going to get back to me, I think, on whether there is some middle ground.

  -  In addition to clarifying the scope of the interchangeability policy, you wanted some admission: (1) that FDA's determination on interchangeability is medical/factual rather than legal; and (2) that DoD disagrees with the Court that BLA doses must be manufactured after the date of approval.  From our perspective, neither of those seems like a factual issue for

discovery.

At the end of the call, we agreed that Defendant would hold off on executing the declaration I described, and you would provide additional information or details about what additional statements/information Plaintiffs believe may resolve the some of the discovery requests. You agreed that Plaintiffs would formally withdraw the current motion to compel (with the understanding that Plaintiffs will likely refile if we do not resolve these issues).

**Plaintiffs' Discovery Responses**

We talked briefly about outstanding issues with respect to Plaintiffs' discovery responses. You confirmed that you had provided all the signatures. When I asked whether you could confirm the searches we asked about were conducted, you stated that you had asked for them to be done and provided us everything you had. We understood you to confirm that you have produced all documents responsive to the RFPs requesting documents relating, referring to, or supporting Plaintiff's inquiries regarding Comirnaty/Spikevax/BLA compliant vaccines, and that all other inquiries identified/alleged were verbal. Please let us know if this is not correct.

We remain concerned with Plaintiff's responses to RFP 2 and Interrogatories 3-8 for the reasons we've explained previously. We note that the discovery rules call for production of responsive information not just within the party's possession, but also within the party's control. Thus, we would appreciate any further response on those items by tomorrow, May 19. If we are at an impasse, we may seek relief from the Court.

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Powell, Amy (CIV)
**Sent:** Sunday, May 08, 2022 5:36 PM
**To:** Travis Miller <traviswmiller@gmail.com>
**Cc:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; bcj@defendingtherepublic.org; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** RE: [EXTERNAL] Coker v Austin - Plaintiffs' Discovery Responses

Travis/Brandon:

This email is intended to memorialize our conversation on Friday, May 6, 2022. Please let me know if I misstated or overlooked anything. This is certainly not a transcription, but hopefully summarizes the general substance of our discussion on each issue.

**Plaintiffs' Motion to Compel** – We stated our position that Plaintiffs had not adequately met and conferred before filing, and suggested that we all walk through everything now at least to see if there were potential areas of compromise. I roughly grouped the RFPs by category; these were intended to cover everything requested in the Plaintiffs' Motion to Compel (even if not specifically listed below):

- <u>Austin RFP 1 (and duplicates)</u>: I asked what Plaintiffs intended to prove with this information (purchase orders/etc). You indicated that this related to the arguments in Plaintiffs Opposition to the MTD that there was no process for segregating/requiring BLA-compliant vaccines. That you are interested in both the policy about such vaccines and the supply chain management of EUA versus BLA vaccines. I explained Defendants' position that the EUA and BLA Pfizer vaccines are in fact interchangeable and the alternative argument that the BLA-manufactured vaccines were available. I indicated that Defendants may be able to offer numbers regarding the BLA-manufactured vaccines (numbers purchased, available). You indicated that Plaintiffs would need more granularity than that (locations of doses, what doses are available to whom). I said I would take that back to clients.

- <u>Austin RFP 2 (and duplicates)</u>: I indicated that we have produced the relevant governing policies here, as well as the admin record, and asked what else Plaintiffs need and why. You referred to the discussion at the PI hearing about the lack of policy about BLA-manufactured vaccines, and indicated that you want to know whether there are policies about BLA vaccines and how they are tracked. You expressed concern that people on the ground do not in fact understand what BLA compliant lots are. I asked whether it was helpful that we use the lot numbers to "track" vaccine vials, and that there is a published list of BLA-compliant lot numbers. (I'm sure you have this, but here are the Pfizer letter and list of BLA-compliant lots: https://webfiles.pfizer.com/half-lot-number-letter-v3 https://webfiles.pfizer.com/additional-lot-details-v3 ). You also indicated that it would indeed be helpful if we could confirm that there is no policy requiring only use of BLA compliant lots. Given DoD's position that the BLA and EUA labelled Pfizer vaccines are interchangeable as specified by FDA, I imagine we can do that, although it may require some word-smithing. My understanding was that rog response to this effect (that there is not currently a policy requiring only use of BLA compliant lots) may well satisfy this RFP.

- <u>Austin RFP 7-9 (communications with WH, FDA, other agencies, Pfizer, and any duplicate requests)</u>. I asked what claim these go to and whether there is really some non-record factual question. You indicated that there's no fundamental disagreement that this is an APA case and thus limited to the record unless Plaintiffs can show that they're entitled to extra-record evidence. You expressed that one scenario Plaintiffs are speculating about is that there may have been additional communications that influenced FDA to act too quickly, cut corners, or that DoD considered other information that is not in the record on

interchangeability, etc.  Those seem like questions that ought to be decided on the basis of an administrative record in the absence of some basis for supplementation.  I think we agreed we are at an impasse on these.

- <u>Austin 17-19, 20, 24, 27 (guidance/training/other implementation document on several issues, and any duplicate requests)</u>.   I asked what Plaintiffs were missing here, given that we produced a great deal of information in the record, in response to the PI, and in response to other discovery requests (basically, any arguably relevant policy docs are produced, we think).   You again indicated your belief that you still need any policies that exist about BLA-compliant vaccines.   (Looking back over my notes, these requests as I grouped them would include a lot of documents that are not about BLA-compliant vaccines.  Can you confirm whether Plaintiffs are narrowing their request to that issue?)   I asked whether some stipulation or sworn statement about the interchangeability policy might help (ie – that there is not a policy requiring only use of BLA-compliant vaccines).  You thought quite possibly.   You also asked whether we would stipulate that "interchangeability" means the BLA and EUA vaccines are medically and not legally interchangeable.  I said no, we would not agree to that terminology, given our legal position here that because they are medically interchangeable, we can use them consistently with Section 1107a.  (And, in any event, the question you ask seems to be a legal rather than a factual one for discovery.)

- <u>DEL TORO 25-28, WORMUTH 26-27, KENDALL 30-34 (docs and communication in possession of declarants)</u>.  I asked if Plaintiffs could be more specific here about what was needed and why, given what we have already produced here.  I also pointed out that some of these people handle covid-related matters as their primary responsibility and that responding to the requests as written would involve virtually their entire inboxes and files for the last 2 years, which would not be a proportional request relative to the issues in this case.  You responded that you were "looking for documents reflecting Plaintiffs' cause of action about a violation of the DoD mandate."  Without more specificity, I think the parties were at an impasse here.  We are open to any other proposals/ideas.

- <u>Miscellaneous issues</u>:

    o We also briefly touched on whether there are any vaccines that would satisfy the Plaintiffs.  If Plaintiffs are willing to take BLA-compliant Pfizer vaccine, we can likely offer any needed additional assurances that they can get it.  Similarly, if they are willing to take any other WHO-listed COVID vaccine, Defendants may be able to assist if needed.  You thought there was nothing available that would satisfy Plaintiffs at this time.  If Comirnaty-labelled Comirnaty becomes available, we will discuss.

    o You asked about a document you have seen on the internet, which you said appears to be a draft document soliciting comments regarding BLA-compliant vaccines from last October.  You were not sure if it's authentic or leaked.  I explained that it was hard to say without seeing the document, but we wouldn't consider a draft that never went into effect to be part of the record or relevant to this case, and likely also privileged.  If it is a leaked draft as you suggested it might be, it is also possible I

> cannot comment much on it anyway.  You agreed to send us the document (or a link).

**FDA Protective Order**.  You stated that the proposed protective order itself is fine and that you do not have an issue with its application to Pfizer-generated documents, but were concerned about overbroad application to FDA-generated documents.  You asked whether we could go back to the informal index and identify those documents likely to contain confidential information.   I said almost all of the remaining documents are going to contain some confidential information, given the nature of the proceeding, and that trying to review and redact possibly thousands of pages would only slow things down, when we have most of the FDA documents pretty much ready to go.   (My understanding is that we just need a protective order, and to comply with its terms to produce the next tranche.)   I also highlighted that the protective order is just to facilitate discovery; once the parties know what is cited in the summary judgment briefing, we can produce a properly redacted index.   See para. 6 of the proposed order.  You also expressed concern about the logistical burden of complying with the terms of the protective order, and that there may be documents about, for example, unblinding of clinical trials that would not contain confidential info.  I think we both agreed to take these general issues/questions back and think about them (and I will specifically ask FDA about documents about unblinding) but I would urge Plaintiffs to agree to the protective order for now, even if you want to try to modify it later, or dispute the designation of particular documents.  It is intended to (and in fact will!) speed up the production here.  Per my last email on this subject, after we get this next tranche of FDA documents out, we need to have some additional discussion about what information from the Pfizer submissions is relevant, and whether we can exclude large chunks of it (eg, information about how to actually make the vaccine – which seems like it may trigger considerable objection from Pfizer and isn't relevant to Plaintiffs' claims).

**Scheduling/Ancillary Issues:**

- You asked whether we would agree to an extension of discovery, or whether we would agree to bifurcate issues with respect to FDA.  Other than the motions practice currently contemplated in this meet and confer, we are not inclined to agree to extend discovery.  You suggested there may be some need with DoD to follow up with some interrogatories or other discovery.  To the extent you seek an extension, please confer with us first and let us know specifically what the ask is going to be (how much time, what additional discovery you intend to seek).

- We do not oppose a motion for leave to file the longer brief you already filed in support of the motion to compel (nunc pro tunc, I suppose, but we do not oppose).

- We noted the scheduling order's provision that motions to compel should be filed 30 days prior to close of discovery unless issues arise in the last 30 days.  The parties agree that the issues addressed in Plaintiffs' motion and in Defendants' potential motion meet that standard.  You agreed that Plaintiffs would not object to Defendants filing a motion to compel by 5/20, if still necessary, in light of ongoing efforts to resolve the issues raised by Defendants (summarized below).

- You agreed to draft a proposed joint status report letting the Court know where we are, and

to send the draft Monday morning.

**Defendants' Motion to Compel**.  We walked through the issues raise in Defendants 4-29 letter, and Plaintiffs' response to date.  Defendants will move to compel if we cannot reach agreement.

- <u>Signatures</u>:  Defendants have noted that Plaintiffs have not provided a sworn, signed response from each Plaintiff.  You are working on collecting such signatures, and hope to provide them around the middle of next week (so, around 5/11).

- <u>Rog Responses 3-8</u>.  We explained that the responses as written do not answer the questions posed.  You stated Plaintiffs' position that you are permitted to have a qualified response, and do not intend to supplement these answers.  So, I believe we are at an impasse on this issue.

- <u>Defs RFPs in general (regarding efforts to obtain Comirnaty, Spikevax, and/or BLA compliant doses)</u>:  We understand that some of Plaintiffs' requests/attempts to obtain Comirnaty or other doses may have been verbal, but we reiterated that the RFPs include any documents – emails, letters, separate complaints, social media posts, notes, etc - *about* those requests, not just reflecting the request itself.  Additionally, where Plaintiffs' requests were made in writing, we expect those documents to be produced.  We also explained our expectation that Plaintiffs actually conduct searches for such documents from the places within their possession/control, including government email accounts, personal email accounts, social media accounts, etc.  You agreed and committed to providing a further response on these requests by next Friday, 5/13.

- <u>Defs. RFP2 (for documents listed in initial disclosures)</u>.  We asked that Plaintiffs provide copies of anything listed in their initial disclosures, even if they think we have copies (because, for example, we might not know we have copies, or may not know what exactly plaintiffs intend to rely on).  We agreed that Plaintiffs need not provide their religious accommodation request files (we definitely have those).  But other materials in their possession/control – including medical records and "related documents (e.g., antibody tests)" – we do expect them to provide.   You agreed to go back and check on those.  Given the timeframe we discussed for a motion to compel, we request any further production be complete by next Friday, 5/13.

- <u>Defs RFP12 (regarding incomplete email thread)</u>.  In addition to the discussion about Plaintiffs searching for responsive documents, you also agreed to locate the full email thread to remedy the incomplete thread identified in our letter.

- <u>Potential preservation issues</u>.  In the course of discussing the RFPs above, you made a couple of statements about not being able to control clients and that you had instructed them to preserve relevant material at least as of the time of the 26f report.  That raises for us, understandably I hope, some concerns about potential preservation issues, including issues that could have arisen before the 26f report.  We expect that your clients are taking appropriate steps to preserve all relevant documents.  And we specifically asked that, if you become aware of any document destruction or inadequate preservation issues, that you

raise such issues with us promptly so that we can discuss appropriate steps.


Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Powell, Amy (CIV)
**Sent:** Friday, May 06, 2022 2:02 PM
**To:** 'Travis Miller' <traviswmiller@gmail.com>
**Cc:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; bcj@defendingtherepublic.org; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** RE: [EXTERNAL] Coker v Austin - Plaintiffs' Discovery Responses

I'll send around a call-in.  As previously discussed, we have the next tranche of documents mostly prepared (this tranche is largely the FDA-authored documents in the record), but we cannot produce them or really go any further until we have a protective order in place (and are in compliance with its terms re Notice to Pfizer and similar).  And then I think we need to continue to discuss how to narrow the remaining items on the index to an appropriate record for this matter.

Amy

**From:** Travis Miller <traviswmiller@gmail.com>
**Sent:** Friday, May 06, 2022 1:52 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Cc:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; bcj@defendingtherepublic.org; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** Re: [EXTERNAL] Coker v Austin - Plaintiffs' Discovery Responses

Amy,

4pm EST works. Brandon can also give you update on the protective order at that time.  As far as any new deadline goes - do you know when the FDA record will be provided?


Travis


On Fri, May 6, 2022 at 11:50 AM Powell, Amy (CIV) <Amy.Powell@usdoj.gov> wrote:

> Can we talk around 4pm eastern?
>
> Happy to talk about both of your proposals below then as well.
>
> We would want to know what you have in mind for extending the discovery period. Both in terms of time and substance. I don't know that Defendants (or the court) would be amenable to open-ended extension for any and all purposes. But we want to go over what your final responses look like and determine whether we need to seek supplementation.
>
> **From:** Travis Miller <traviswmiller@gmail.com>
> **Sent:** Friday, May 06, 2022 12:23 PM
> **To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
> **Cc:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; bcj@defendingtherepublic.org; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Coker v Austin - Plaintiffs' Discovery Responses
>
> Working on signatures at the moment. Are defendants opposed/unopposed to Plaintiffs requesting leave to file the motion to compel and accompanying memo? Or - are Defendants open to extending the discovery period? (We might send something on that later.)
>
> We are allowed to meet and confer via writing, and I believe we had done so. Plaintiffs and Defendants each explained their positions in thorough letters. We were very clear on what we requested to be produced. And we took the Defendants for their word that they would not produce anything else. If you think it's necessary to discuss further - how about this afternoon?
>
> Travis
>
> On Fri, May 6, 2022 at 9:46 AM Powell, Amy (CIV) <Amy.Powell@usdoj.gov> wrote:
>> Travis:
>>
>> Any update on this, and what additional supplementation we can expect and when? With the close of discovery impending, we need to know what we still need to move to compel on.
>>
>> Also, we were surprised by the filing of your motion to compel. Our recent correspondence suggested that you provide us more information about what you needed and why; never having provided the requested explanation and detail, I do not believe Plaintiffs have adequately met and conferred. Before we respond, would it be useful to have that conversation? Moreover, the motion does not comply with the Court's initial scheduling order, ECF No. 48, which provides:

9. Any motion to compel discovery must include a certificate of conference, detailing efforts to resolve the issue without court involvement. No motion to compel discovery (or response to any such motion) may exceed seven pages without leave of court.

This requirement is not amended by later orders.  Please let me know if you disagree.

Thanks

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

**From:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Sent:** Wednesday, May 04, 2022 3:17 PM
**To:** Travis Miller <traviswmiller@gmail.com>
**Cc:** bcj@defendingtherepublic.org; ireyes@reyeslawyers.com; Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** RE: [EXTERNAL] Coker v Austin - Plaintiffs' Discovery Responses

Thanks, Travis. Can we expect the interrogatory signatures and full responses to the interrogatories and RFPs (including what's not covered by your explanation about verbal conversations below) by this Friday? Please note, too, that our requests encompass not just any documents "given" to a plaintiff about a discussion, but rather any and all documents that "relate, refer to, or support" the allegations in the SAC about the discussions – such as any notes the plaintiff might have taken on the discussion, any texts or emails he/she might have sent about the discussion, etc.

Thanks again,
Catherine

**From:** Travis Miller <traviswmiller@gmail.com>
**Sent:** Wednesday, May 4, 2022 2:37 PM
**To:** Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>
**Cc:** bcj@defendingtherepublic.org; ireyes@reyeslawyers.com; Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** Re: [EXTERNAL] Coker v Austin - Plaintiffs' Discovery Responses

Catherine,

We're working on addressing your concerns, including obtaining declarations on the interrogatories.

You asked about the photographs in PL00048-PL00051. To answer your questions, those photographs were taken by Sigoloff on September 16, 2021.

Some of the issues you raise are regarding verbal conversations where our clients were provided with no documents. For example, RFP #5 asks for all documents supporting the assertion that Plaintiff Samuel Craymer was informed "he was required to take the EUA vaccine" and "was shown several vials containing the EUA designated label from Pfizer BioNTech." Craymer was given no documents corresponding to this discussion.

I hope to get you more information soon.

Thanks,

Travis

On Fri, Apr 29, 2022 at 4:31 PM Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov> wrote:

> Counsel,
>
> Please see the attached letter regarding Plaintiffs' April 24 discovery responses and production. We ask that you please address these issues by May 4, given the upcoming close of discovery deadline.
>
> Best,
> Catherine
>
> ---
>
> **From:** Travis Miller <traviswmiller@gmail.com>
> **Sent:** Sunday, April 24, 2022 10:12 PM
> **To:** Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
> **Cc:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Enlow, Courtney D. (CIV) <Courtney.D.Enlow@usdoj.gov>; Brandon Johnson <bcj@defendingtherepublic.org>
> **Subject:** Re: [EXTERNAL] Coker v Austin - Def RFP Responses

Thanks Zach, we'll review and be in touch.

Also, attached are Plaintiffs' responses to Defendants' interrogatories and requests for production with corresponding records. More records may follow.

Travis

On Fri, Apr 22, 2022 at 12:49 PM Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov> wrote:

> Travis and Brandon,
>
> I've attached a letter in response.  I'm happy to discuss if you all think it would be helpful.
>
> Thanks,
>
> Zach
>
> _____
> **Zachary A. Avallone** | Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 1100 L Street NW, Washington, DC 20005
> T: 202.514.2705 | M: 202.598.9082 | F: 202.616.8470
> zachary.a.avallone@usdoj.gov
>
> **From:** Travis Miller <traviswmiller@gmail.com>
> **Sent:** Wednesday, April 20, 2022 12:51 PM
> **To:** Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
> **Cc:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Enlow, Courtney D. (CIV) <Courtney.D.Enlow@usdoj.gov>; Brandon Johnson <bcj@defendingtherepublic.org>
> **Subject:** [EXTERNAL] Coker v Austin - Def RFP Responses
>
> Counsel,
>
> Attached is correspondence relating to Defendants' omnibus response to Plaintiffs' first set of requests for production.
>
> Thanks,

Travis Miller