# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**BENJAMIN COKER,** *et al.*,

        **Plaintiffs,**

v.                                    Case No. 3:21-cv-01211-AW-HTC

**LLOYD AUSTIN, III,** *et al.*,

        **Defendants.**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY, OR IN THE ALTERNATIVE, TO EXTEND DISCOVERY

In its January 6, 2022 order ("January 6 Order"), this Court denied Defendants' request for a stay of discovery, and specifically rejected Defendants' contention that "the entire case will turn on the administrative record." ECF 58 at 1. Plaintiffs have attempted to obtain discovery permitted by the January 6 Order.[1] Military Defendants have flatly refused to produce the requested documents because, in their view, they are not required to provide any documents beyond the administrative record, or documents referenced in declarations.

The requested documents are necessary for Plaintiffs to complete discovery with targeted interrogatories, requests for admissions ("RFAs"), and depositions on a narrow set of issues that will permit Plaintiffs' claims against Military Defendants to be addressed promptly through summary adjudication. As set forth in the Certificate of Conference and consistent with FRCP 37(a)(1), Plaintiffs have conferred in good faith with Military Defendants to obtain these responses without court action.[2] Military Defendants have provided minimal responsive information,

---

[1] Plaintiffs served their first set of requests for production ("RFPs") to Defendants Department of Defense ("DOD"), and the Departments of the Air Force, Army and Navy (collectively, the "Military Defendants") on February 9, 2022. *See* Ex. 1. Military Defendants responded on March 11, 2022. *See* Ex. 2. On March 16 and 17, 2022, Military Defendants produced what they represented as the complete, certified administrative records. *See* ECF 80. This motion does not address discovery with respect to the Food and Drug Administration, which to date has not produced the certified index, the administrative record, or provided a production schedule due to disagreements regarding the scope of the proposed protective order. *See* ECF 85.

[2] These efforts included Plaintiffs' agreement to withdraw a previous motion to compel to permit Military Defendants to supplement their responses *See* ECF 83

*see* Ex. 4 (Rans June 2, 2022 Declaration & Exhibits), that partially resolves a small number of issues raised in the (now withdrawn) May 5 Motion. Plaintiffs therefore seek an order to compel discovery, or as an alternative, to extend discovery to complete the record, conduct limited discovery, and negotiate stipulated facts for summary adjudication.[3]

## STANDARD OF REVIEW

Rule 26(b)(1) provides that party "may obtain Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A motion to compel may be made where, as here, "a party fails to produce documents." Fed. R. Civ. P. 37(a)(3)(iv).

## ARGUMENT

Plaintiffs' claims against Military Defendants will largely, but not exclusively, turn on the administrative record. January 6 Order at 1. The records produced by the Military Defendants do not include any materials on several issues

---

(Plaintiffs' May 5, 2022 Motion to Compel ("May 5 Motion")) & ECF 86 (May 19, 2022 motion to withdraw). *See also* ECF 85 (May 9, 2022 joint status report discussing efforts to resolve discovery disputes and informing Court that Plaintiffs intended to file a new motion to compel that reflects the results of those discussions).

[3] The Court set a seven-page limit in its November 22, 2021 Order. ECF 48. To the extent necessary, Plaintiffs request waiver of Local Rule 26.1(D)'s requirements regarding quoting discovery requests verbatim and each specific objection thereto. Plaintiffs further note that the RFPs discussed herein were identically worded and numbered for each Military Defendant and are referred to below by number only.

that are dispositive to Plaintiffs' claims and Military Defendants' defenses, and in some key areas appear incomplete on their face. The discovery requests seek to complete the record and/or obtain limited additional discovery to demonstrate that "BLA-compliant" status had no significance whatsoever, and that it has always been a red herring to distract this Court from the legal and factual issues in dispute.

**Defendants' Boilerplate Objections.** Plaintiffs' requests are not "overbroad," "unduly burdensome," and/or "disproportionate," as Military Defendants repeat in nearly every response. *See* Ex. 2 (same words or variation thereof appears 83 times). Such "[b]oilerplate objections are strongly disfavored." Local Rule 26.1(C). Further, and as explained below, Plaintiffs' requests are tailored to address narrow issues that are relevant to Plaintiffs' claims and asserted defenses, and require the production of records less than a year old. Defendants' assertion of an undue burden must be weighed against their vast resources, the importance of these documents relative to Plaintiffs' claims, and the fact that these documents are in Defendants' sole possession. Moreover, Defendants' objections that these requests are made "without regard to time period" are inaccurate, in that mandatory COVID-19 vaccination and the implementation of the DOD Mandate would have theoretically begun when the DOD Mandate was issued on August 24, 2021.[4]

---

[4] Discovery into years of records, much longer than those sought by Plaintiffs, has been ordered in less-pressing circumstances. *See, e.g., Brown v. Vivint Solar, Inc.*, No. 8:18-CV-2838-T-24JSS, 2019 WL 10786018, at *2 (M.D. Fla. July 23, 2019);

3

**Vaccine Availability (RFP #1).** The responses to RFP #1 are essential to (1) establish that Military Defendants have never had a policy or sufficient inventory of BLA-compliant vaccines for service members ordered to be vaccinated; (2) that it was not available to Plaintiffs, consistent with their testimony, during the time or at the location when they received their vaccination orders; and (3) Military Defendants' policy was to order to service members to take any EUA vaccine available, without regard to whether they were BLA-compliant or not, and to discipline or discharge them for refusal to take an unlicensed EUA vaccine.[5]

**Military Defendants/FDA Communications (RFP #8).** It strains credulity to believe that Military Defendants made a decision that will likely result in the expulsion of tens of thousands of service members solely based on a footnote in a public FDA "letter" order regarding interchangeability. The same goes for safety

---

*Critchlow v. Sterling Jewelers Inc.*, No. 8:18-CV-96-T-30JSS, 2018 WL 7291070, at *4 (M.D. Fla. Nov. 13, 2018).

[5] Counsel for Parties have discussed a number of ways to narrow the requests to identify the available amount of BLA-compliant vaccines at specific times and places using official records produced in the ordinary course (e.g., weekly or monthly reports by service, lot number/legal status, and location). DOD has provided only total purchase numbers and shipping dates. *See* Ex. 4 at 9-11. To put this in perspective, DOD asserts that they have procured a total of 430,000 BLA-compliant doses, *see* Ex. 5, ¶ 7, but DoD has administered over 7,900,000 doses as of over two months ago (March 23, 2022). *See* Ex. 5, ¶ 17 (Mar. 28, 2022 Rans Declaration). This is about five percent (5%) of the total administered by Military Defendants and does not include those service members who received vaccines from commercial providers. They currently have only 5,200 BLA-compliant doses on hand, *see* Ex. 4, ¶ 8, for the tens or hundreds of thousands of unvaccinated service members.

4

and efficacy data, and other requested items. If there were no such non-public, non-privileged communications, then Military Defendants should admit to that fact. If there were, then these communications are necessarily part of the administrative record and have been improperly excluded, as such inter-agency communications cannot qualify for deliberative process or other privileges.

**Comirnaty (RFP #9).** Military Defendants previously stated that they had Comirnaty, ECF 31 at 46, and at the November 3, 2021 hearing, Defendants' counsel (after admitting that they did not in fact have it, and did not know whether it even "exist[ed]" at all), ECF 45 at 48:5-7, then stated that he had heard "heard it's coming in for awhile." *Id.* 48:16. This indicates that Military Defendants had on multiple occasions (after licensure) attempted to obtain Comirnaty from Pfizer or BioNTech without success. Defendants now state that Comirnaty "is now available for DoD ordering," Ex. 5, ¶ 11, though apparently it is still not available to service members, and only in the quantity required for "legal reasons (i.e., mandates)."[6] Responses are needed to understand why Comirnaty remains unavailable 10 months after licensure, yet thousands have been discharged for not taking an unavailable vaccine.

**Training/Guidance (RFP #18).** Plaintiffs' sworn declarations have consistently affirmed that their commands and healthcare providers treat all EUA-

---

[6] *See* Michelle Edwards, *Military Email Reveals Alleged Deceit Regarding Pfizer Jab* (May 27, 2022), https://uncoverdc.com/2022/05/27/military-email-reveals-alleged-deceit-regarding-pfizer-jab/ (last visited June 3, 2022).

labeled vaccines as if they were the FDA-licensed products, without regard to whether the lots are BLA-compliant. This point is not in dispute. *See* Ex. 5, ¶ 10 & ECF 82 at 2-3. But Plaintiffs have repeatedly been told that non-BLA-compliant EUA products "are" FDA-licensed products or that the two are legally interchangeable. *See, e.g.,* ECF 68-1, Dixon Decl., ¶ 12 & Cossette Decl., ¶ 7. This appears to be due to either a complete lack of training on informed consent and legal distinctions, or to express instructions to ignore informed consent requirements and legal distinctions. If no such training or policy guidance was given, then the Military Defendants should admit that; if contrary orders or guidance were given, then these are necessarily part of the records and must be produced.

**Policy re BLA-Compliant Vaccines (RFP #19a).** Military Defendants' counsel stated in the November 12, 2021 hearing that he was not aware of any policy requiring that only BLA-compliant, EUA-labeled vaccines could be mandated, *see* ECF 45 at 61:10-12, and they have not produced any record materials establishing the existence of such a policy. This Court should either direct them to admit that there is no such policy, consistent with the November 12, 2021 order, *see* ECF 47 at 15, or if there is, these documents are part of the record and must be produced.

**Vaccine Safety/Adverse Effects (RFP #17d/#19b).** An essential element of Plaintiffs' claims is that Military Defendants did not give any consideration to alternatives to 100% vaccination, performed no cost/benefit or risk assessment, and

6

refused altogether to consider safety risks to service members (whether considered individually, in the aggregate, or by health condition, age, or other relevant risk groups). The Military Defendants own DMED system showed a massive increase in severe injuries following the implementation of the vaccine mandate in 2021 compared to the 2016-2020 five-year average. *See* ECF 68 at 41-42. Military Defendants subsequently claimed that the 2016-2020 was wrong. Either way, the Military Defendants' policies and data on vaccine injuries and safeties are essential for meaningful judicial review. If Military Defendants have subsequently determined that their own vaccine injury data is off by an order of magnitude, then that information is part of the record and must be produced.

**Procedural Requirements (RFP #20).** This is essential for Plaintiffs APA claim under 5 U.S.C. 706(2)(D) ("without observance of procedure required by law") (distinct from 5 U.S.C. § 553 notice-and-comment rulemaking requirements) to show that the Military Defendants failed to comply with their own procedures for imposing a new vaccination requirement in 6205.02. The record materials provide no support for finding the applicable procedural requirements therein were required.

## CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel, or in the alternative, to extend discovery as discussed herein.

Dated: June 3, 2022            Respectfully submitted,

*/s/ Brandon Johnson*
Brandon Johnson
DC Bar No. 491370
*/s/ Travis Miller*
Travis Miller
Texas Bar No. 24072952
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

*Counsel for Plaintiffs*