# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| BENJAMIN COKER, *et al.* | ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| | ) **CIVIL ACTION NO.** |
| LLOYD AUSTIN, III, in his official | ) **3:21-cv-01211-AW-HTC** |
| capacity as Secretary of Defense, *et al.* | ) |
| Defendants. | ) ) |

## DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants collectively respond to Plaintiffs' First Set of Requests for Production to Secretary of Defense Lloyd Austin III ("Austin RFPs"), to Plaintiffs' First Set of Requests for Production to Secretary of the Navy Carlos Del Toro ("Del Toro RFPs"), to Plaintiffs' First Set of Requests for Production to Secretary of the Army Christine Wormuth ("Wormuth RFPs"), and to Plaintiffs' First Set of Requests for Production to Secretary of the Air Force Frank Kendall ("Kendall RFPs") as set forth below.

1

## I.   DISCOVERY BEYOND THE ADMINISTRATIVE RECORD.

Defendants maintain their position that any challenge to the Department of Defense's COVID-19 vaccine order and implementation must proceed under the Administrative Procedure Act ("APA").  As set forth in the briefing on Defendants' Motion to Stay Discovery, *see* ECF No. 50, this is an action for judicial review on an administrative record and is thus exempt from certain requirements of Rule 26.  *See* Fed. R. 26(a)(1)(B)(i), 26(f)(1).  As has been the law for almost fifty years, the Court's review should therefore be limited to "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).  A district court reviewing an action under the APA "may order discovery beyond the administrative record only where there is 'a strong showing of bad faith or improper behavior.'" *Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573–74 (2019)).  Plaintiffs have not made (and cannot make) that showing, and this concern applies to each of Plaintiffs' claims, regardless of how they are styled.  As the Supreme Court has explained, "in

cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held." *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963).

Defendants have already agreed to produce administrative records from the FDA and DoD by March 17, 2022.  ECF No. 71.  The Court noted that "much of the case may" turn on information from the administrative record.  *See* ECF No. 58.  Indeed, much of the information sought by Plaintiffs in these requests will be included in those administrative records.  Once Plaintiffs have reviewed those records, Defendants suggest the parties continue to confer regarding what, if any, additional discovery might be appropriate and proportionate to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  So far, the only topic for discovery that the Court has specifically indicated might be appropriate beyond the administrative record is whether individual Plaintiffs were offered a BLA-compliant vaccine.  *See* ECF No. 58, at 1–2.  Such information is largely within Plaintiffs' custody or control, and

in any event, would not require broad discovery beyond the administrative

record.

## II.   OBJECTIONS TO DEFINITIONS

Defendants object to Plaintiffs' definition of "Armed Services" as

including the U.S. Navy Reserve, the Marine Corps Reserve, and the

National Guard because that definition is overbroad and disproportionate

to the needs of the case.  No Plaintiff in this case is a member of the U.S.

Navy Reserve, Marine Corps Reserve, or National Guard.

Defendants object to Plaintiffs' definition of "Command" as "Any

Armed Services Command (including, but not limited to, those listed in this

attachment)" because that definition is overbroad, ambiguous, and

disproportionate to the needs of the case.

Defendants object to Plaintiffs' definition of "Component" as "Any

DOD Component (including, but not limited to, those listed in this

attachment)" because that definition is overbroad, ambiguous, and

disproportionate to the needs of the case.

## III.   RESPONSES TO DUPLICATIVE REQUESTS

**Austin RFP #1:** For each lot or batch of Vaccines that the Department of

Defense ("DOD"), DOD Component, the Armed Services, or any Armed Services Component has ordered, please provide the following documents and/or documents including the following information:

a. Purchase orders;

b. Documents identifying the legal category (Approved, BLA-compliant, EUA) of the vaccine or labeling of the vaccine (e.g., Comirnaty, "Purple Cap/Vial," "Gray Cap/Vial," "Orange Cap/Vial,");

c. Manufacturing and expiration dates;

d. Shipping manifests, including documents indicating shipping and receipt dates and delivery locations;

e. Inventory records, including documents indicating delivery and receipt dates and locations; and

f. Distribution records identifying delivery and receipt dates and locations.

*Austin RFP #1 is duplicative of Del Toro RFP #1, Wormuth RFP #1, and Kendall RFP #1 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:**   Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as they seek six types of documents "for each lot or batch of Vaccines" that the entirety of DoD has ordered, when Plaintiffs have asserted only APA claims against the "DOD Mandate policy," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants object to these requests on the grounds that they are overbroad and unduly burdensome, including because it seeks information that has no relevance to the issues in this action, such as "Orange Cap/Vial" vaccines (which may only be used for children under the age of 12), manufacturing dates, and "shipping manifests,"

and are thus necessarily disproportionate to the needs of the case, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

The scope of the requests are also disproportionate to the needs of the case since they seek information beyond the limited allegations in this complaint regarding particular plaintiffs.

**Defendant's Response:** To the extent documents responsive to this request are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #2:**  Produce all documents and communications supporting the August 24, 2021 SECDEF Memo and any documents relating to the implementation or administration of this policy. This includes documents relating to the use or administration of EUA-labeled Vaccines, BLA-compliant Vaccines, and/or labeling-specific guidance (*i.e.*, Purple Cap/Vial, Gray Cap/Vial, Orange Cap/Vial).

*Austin RFP #2 is duplicative of Del Toro RFP #2, Wormuth RFP #2, and Kendall RFP #2 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:**   To the extent that these requests seek information beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as they seek "all documents relating to the implementation or administration of the August 24, 2021 DOD Mandate policy," when Plaintiffs have asserted only APA claims against the "DOD Mandate policy," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to these request to the extent they seek information that is equally available to Plaintiffs or already in Plaintiffs' possession, to the extent they seek information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and to the extent that the requests for "all documents relating to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendant will also produce by March 25, 2022, documents from the following publicly available websites:
- https://www.defense.gov/Spotlights/Coronavirus-DOD-Response/Latest-DOD-Guidance/
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy

**Austin RFP #3:** Produce all documents relating to any cost-benefit analysis or other comparison of the DOD Mandate to the status quo, including but not limited to those which provide comparative evaluations of number of infections, hospitalizations, and mortality for the COVID-19 vaccinated and

unvaccinated.

*Austin RFP #3 is duplicative of Del Toro RFP #3, Wormuth RFP #3, and Kendall RFP #3 and Defendants respond to these requests collectively as follows:*

**Defendants' Objection:**   To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to producing documents responsive to these requests after date of the challenge agency action, since documents created after that date are irrelevant and searching for and producing such documents would be burdensome and disproportionate to the needs of the case.

Defendants also object that the phrase "status quo," as used in these requests as vague and ambiguous.

Defendants object to the extent that the request for "all documents relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client

privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #5:** Produce all documents relating to the analysis of Comirnaty/Pfizer-BioNTech safety and efficacy, whether it originated with the government or elsewhere.

*Austin RFP #5 is duplicative of Del Toro RFP #4, Wormuth RFP #4, and Kendall RFP #4 and Defendants respond to these requests collectively as follows:*

**Defendant's Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to the extent that the requests for information

"whether it originated with the government or elsewhere" seek information outside of Defendant's possession, custody, or control.

Defendant further objects to the extent that the requests for "all documents relating to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response:** To the extent documents responsive to these requests are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022, and FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022.

**Del Toro RFP #5**: Produce all documents related to the adoption or implementation of the DOD Mandate.

*Del Toro RFP #5 is duplicative of Wormuth RFP #5, and Kendall RFP #5 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections:** To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." without regard to time period, the facial nature of Plaintiffs'

claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to these requests to the extent they seek information that is equally available to Plaintiffs or already in Plaintiffs' possession, to the extent they seek information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and to the extent that the requests for "all documents relating to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022**.**

**Austin RFP #7:** Produce all communications regarding the adoption or implementation of the DOD Mandate with:
    a. Members of the White House Safer Workforce Taskforce;
    b. Other federal agencies, including, but not limited to, the FDA, HHS, NIH, NIAID,or CDC; or
    c. Employees or representatives of Pfizer or BioNTech.

*Austin RFP #7 is largely duplicative of Del Toro RFP #6, Wormuth RFP #6, and Kendall RFP #6 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims

against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications regarding the adoption or implementation of the DOD Mandate" involving the individual Defendants without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to the extent these requests seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, the deliberative process privilege, or the executive privilege, including with respect to its request for "all communications . . ." and communications with "the White House Safer Workforce Taskforce."

**Defendant's Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022**.**

**Austin RFP #8**: Produce all communications with employees or representatives of the FDA regarding:
    a. The "interchangeability" of EUA-labeled and licensed Vaccines;
    b. "BLA-compliant" Vaccines;
    c.  Legal, chemical, medical, or manufacturing differences between Comirnaty and EUA-labeled Vaccines;
    d. Differences in terms of safety, effectiveness, potency or purity between Comirnaty and EUA-labeled vaccines;

e. Differences in terms of safety, effectiveness, potency or purity among different lots of EUA-labeled vaccines or between EUA-labeled Vaccines manufactured at different locations;

f.  The unavailability of Comirnaty; or

g. Comparing the level of protection or immunity provided by vaccination and previous infection, or natural immunity.

*Austin RFP #8 is duplicative of Del Toro RFP #7, Wormuth RFP #7, and Kendall RFP #7 and Defendants respond to these requests collectively as follows*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications" involving the individual Defendants without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants object to the extent that the requests for "all communications" seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response:** To the extent documents responsive to these

requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

The FDA will also produce its own administrative record which FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022. That administrative record may contain information responsive to this request.

**Austin RFP #9**: Produce all communications with employees or representatives of Pfizer or BioNtech regarding all of the foregoing topics plus the following:

a. The rationale for not selling or distributing Comirnaty; or

b. Requests to order Comirnaty or inquiries regarding future availability of Comirnaty.

*Austin RFP #9 is duplicative of Del Toro RFP #8, Wormuth RFP #8, and Kendall RFP #8 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications" involving the individual Defendants without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a

14

request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant further objects to subpart (b) of these requests as duplicative of RFP 1.

Defendants object to subpart (a) of these requests, as Pfizer or BioNTech's purported "rationale for not selling or distributing Comirnaty" is not information within Defendant's possession, custody, or control.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

The FDA will also produce its own administrative record which FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022.  That administrative record may contain information responsive to this request.


**Austin RFP #10**:   Produce all communications with employees or representatives of the DOJ regarding the July 6, 2021 Office of Legal Counsel memorandum regarding 10 U.S.C. § 1107a and the need for a Presidential waiver referenced on pages 16-18 of said memorandum.

*Austin RFP #10 is duplicative of Del Toro RFP #9, Wormuth RFP #9, and Kendall RFP #9 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all communications . . . regarding" an OLC

15

opinion on 10 U.S.C. § 1107a waiver when there is no such issue before the Court in this action.

To the extent that these requests seek documents beyond the administrative record, Defendants object to them as overbroad, unduly burdensome, and disproportionate to the needs of the case, because Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all communications" involving the named Defendants without regard to the facial nature of Plaintiffs' claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants further object to these requests on the grounds that they seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #11**: For each Armed Service, produce all documents related to denials of medical exemption requests for COVID-19 vaccines.

*Austin RFP #11 is duplicative of Del Toro RFP #10, Wormuth RFP #10,*

*and Kendall RFP #10 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of this case, as Plaintiffs exclusively assert a facial challenge to the "DOD Mandate" in this case, not any individual challenge to a denial of a medical exemption request.  *See generally* Am. Compl., ECF No. 56.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants further object to the extent these requests seek information on individual medical exemption requests and thus seek personal information concerning non-parties and information protected by the Privacy Act, 5 U.S.C. § 552a.  *See Hemphill v. ARAMARK Corp.*, No. CIV. ELH-12-1584, 2013 WL 1662963, at *2 (D. Md. Apr. 15, 2013) (denying motion to compel production of overbroad request for employee personnel files "containing personal information such as health screenings, pre-employment testing, and background checks" because plaintiff had not demonstrated a "compelling need for such a broad disclosure of personal information").

Defendants further object to the extent that these requests seek information on individual medical exemptions concerning non-parties that would be protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and related

regulations.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents related to . . ." across all Armed Services, and without regard to the facial nature of Plaintiffs' claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants also object to the extent the requests ask for "all documents related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

Defendant further objects that these requests are unduly burdensome. Although DoD can track the total number of exemption requests and/or denials, the documents related to that denial would be reflected in a service member's individual record and are not centrally maintained.

**Defendants' Response**: Defendants will not produce documents in response to these requests.


**Austin RFP #12**:  For each Armed Service, produce, all documents related to denials of religious exemption requests for COVID-19 vaccines.

*Austin RFP #12 is duplicative of Del Toro RFP #11, Wormuth RFP #11, and Kendall RFP #11 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of

this case, as Plaintiffs exclusively assert a facial challenge to the "DOD Mandate" in this case, not any individual challenge to a denial of a religious exemption request.  Plaintiffs' complaint does not raise any claims related to religious exemptions; in fact, the complaint makes clear that although some Plaintiffs requested religious exemptions, those exemptions are "not addressed" in the complaint.  Am. Compl. ¶ 1 n.1, ECF No. 56.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants further object to the extent these requests seek information on individual religious exemption requests and thus seek information protected by the Privacy Act, 5 U.S.C. § 552a.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents related to . . ." across all Armed Services, and without regard to the facial nature of Plaintiffs' claims or the proportionality of such requests, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants also object to the extent the requests for "all documents related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

19

**Defendants' Response**: Defendant will not produce documents in response to these requests.

**Austin RFP #13**: For each Armed Service, produce, produce all documents related to denials of administrative exemption requests for COVID-19 vaccines.

*Austin RFP #13 is duplicative of Del Toro RFP #12, Wormuth RFP #12, and Kendall RFP #12 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of this case, as Plaintiffs exclusively assert a facial challenge to the "DOD Mandate" in this case, not any individual challenge to a denial of an administrative exemption request.  Plaintiffs' complaint does not even mention administrative exemptions.  *See generally* Am. Compl., ECF No. 56.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants further object to the extent these requests seek information on individual administrative exemption requests and thus seek information protected by the Privacy Act, 5 U.S.C. § 552a.

Defendants additionally object to these requests as overbroad and

unduly burdensome, as they purport to seek "all documents related to . . ." across all Armed Services, and without regard to the facial nature of Plaintiffs' claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants also object to the extent the requests for "all documents related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

**Defendants' Response**: Defendant will not produce documents in response to these requests.

**Austin RFP #14**: For each Armed Service, produce all documents related to the granting of medical exemption requests for COVID-19 vaccines.

*Austin RFP #14 is duplicative of Del Toro RFP #13, Wormuth RFP #13, and Kendall RFP #13 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of this case, as Plaintiffs exclusively assert a facial challenge to the "DOD Mandate" in this case, not any individual challenge to a particular medical exemption request. *See generally* Am. Compl., ECF No. 56.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are

21

adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants further object to the extent these requests seek information on individual medical exemption requests and thus seek personal information concerning non-parties and information protected by the Privacy Act, 5 U.S.C. § 552a. *See Hemphill v. ARAMARK Corp.*, No. CIV. ELH-12-1584, 2013 WL 1662963, at *2 (D. Md. Apr. 15, 2013) (denying motion to compel production of overbroad request for employee personnel files "containing personal information such as health screenings, pre-employment testing, and background checks" because plaintiff had not demonstrated a "compelling need for such a broad disclosure of personal information").

Defendants further object to the extent that these requests seek information on individual medical exemptions concerning non-parties that would be protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and related regulations.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents related to . . ." across all Armed Services, and without regard to the facial nature of Plaintiffs' claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants also object to the extent the requests for "all documents related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

**Defendants' Response**: Defendant will not produce documents in response to these requests.

**Austin RFP#15**: For each Armed Service, produce all documents related to the granting of religious exemption requests for COVID-19 vaccines.

*Austin RFP #15 is duplicative of Del Toro RFP #14, Wormuth RFP #14, and Kendall RFP #14 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of this case, as Plaintiffs exclusively assert a facial challenge to the "DOD Mandate" in this case, not any individual challenge to a particular religious exemption request. Plaintiffs' complaint does not raise any claims related to religious exemptions; in fact, the complaint makes clear that although some Plaintiffs requested religious exemptions, those exemptions are "not addressed" in the complaint. Am. Compl. ¶ 1 n.1, ECF No. 56.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants further object to the extent these requests seek information on individual religious exemption requests and thus seek information protected by the Privacy Act, 5 U.S.C. § 552a.

23

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents related to . . ." across all Armed Services, and without regard to the facial nature of Plaintiffs' claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants also object to the extent the request for "all documents related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

**Defendants' Response**: Defendant will not produce documents in response to these requests.

**Austin RFP #16**: For each Armed Service, produce all documents related to the granting of administrative exemption requests for COVID-19 vaccines.

*Austin RFP #16 is duplicative of Del Toro RFP #15, Wormuth RFP #15, and Kendall RFP #15 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of this case, as Plaintiffs exclusively assert a facial challenge to the "DOD Mandate" in this case, not any individual challenge to a denial of an administrative exemption request. Plaintiffs' complaint does not even mention administrative exemptions. *See generally* Am. Compl., ECF No. 56.

To the extent that these requests seek documents beyond the

administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendants further object to the extent these requests seek information on individual administrative exemption requests and thus seek information protected by the Privacy Act, 5 U.S.C. § 552a.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents related to . . ." across all Armed Services, and without regard to the facial nature of Plaintiffs' claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant also objects to the extent the requests for "all documents related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

**Defendant's Response**: Defendant will not produce documents in response to these requests.

**Austin RFP #17**: Mandatory Vaccination Guidance and training materials promulgated by the DOD and Armed Services and medical/immunization commands (AFRMA, BUMED, DHA, USAMMA, etc.) regarding:
    a. Vaccination policy and compliance with DOD Mandate;
    b. Exceptions or exemptions from DOD Mandate or other applicable

policies;

c. Guidance for refusal management;

d. Reporting of adverse effects or injuries to VAERS, DMED or other databases or medical record systems.

*Austin RFP #17 is duplicative of Del Toro RFP #16, Wormuth RFP #16, and Kendall RFP #16 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "guidance and training materials" across the entire Department of Defense and Armed Services, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants further object that the scope of the requests are vague, as they identify four "medical/immunization commands" by name, but then follows that list with "etc.," thus making it unclear from which other parts of the Department of Defense and Armed Services Plaintiffs request documents.

Defendants also object to these requests as overly broad since the

26

request for "commands" is vague and appear to seek every single order or instruction to individual members to comply with applicable vaccination requirements, which would number at least in the tens, if not hundreds of thousands.

Defendants object to these requests to the extent they seek information that is equally available to Plaintiffs or already in Plaintiffs' possession, such as orders or instructions to Plaintiffs.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

The FDA will also produce its own administrative record which FDA anticipates beginning production of the citizen petition portion of the record by March 17, 2022.  That administrative record may contain information responsive to this request.

Defendants further refer Plaintiffs to AR 40–562/BUMEDINST 6230.15B/AFI 48–110_IP/CG COMDTINST M6230.4G, dated October 7, 2013, ¶ 2-10 for information responsive to this request.  This document was filed on the docket at ECF No. 31-5.

Defendant will also produce by March 25, 2022, documents from the following publicly available websites:
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/Vaccine-Safety-Adverse-Events/Reporting-Vaccine-Health-Problems/VAERS-Information#:~:text=The%20Vaccine%20Adverse%20Event%20Reporting,administration%20of%20U.S.%20licensed%20vaccines.
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-

Resource-Center-for-Health-Care-Personnel#Policy

**Austin RFP #18**: Produce copies of training materials or guidance provided to HCPs, MTFs and other medical personnel on the following issues:

    a. Compliance with informed consent requirements;

    b. How to explain distinction between Comirnaty, EUA and "BLA-compliant" doses;

    c. How to explain differences between Vaccines with Purple Cap/Vial, GrayCap/Vial, and Orange Cap/Vial; or

    d. How to respond to questions whether EUA-labeled vaccines are FDA licensed;

*Austin RFP #18 is duplicative of Del Toro RFP #17, Wormuth RFP #17, and Kendall RFP #17 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "training materials or guidance" across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on

Defendants thus far.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants will also produce by March 25, 2022, documents from the following publicly available websites:
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy

**Austin RFP #19**: Produce copies of any policies or procedures governing the following:

a. Compliance with requirement that only BLA-compliant, EUA-labeled vaccines may be mandate.

b. Reporting of Vaccine adverse effects or injuries to VAERS, DMED or other databases or medical reporting systems.

*Austin RFP #19 is duplicative of Del Toro RFP #18, Wormuth RFP #18, and Kendall RFP #18 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

29

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purports to seek "any policies or procedures" across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants also refers Plaintiffs to AR 40–562/BUMEDINST 6230.15B/AFI 48–110_IP/CG COMDTINST M6230.4G, dated October 7, 2013, ¶ 2-10 for information responsive to this request. This document was filed on the docket at ECF No. 31-5.

Defendants will also produce by March 25, 2022, documents from the following publicly available websites:
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/Vaccine-Safety-Adverse-Events/Reporting-Vaccine-Health-Problems/VAERS-Information#:~:text=The%20Vaccine%20Adverse%20Event%20Reporting,administration%20of%20U.S.%20licensed%20vaccines.
- https://www.health.mil/Military-Health-Topics/Health-Readiness/Immunization-Healthcare/IHD-COVID-19-Vaccine-Resource-Center-for-Health-Care-Personnel#Policy
- https://www.defense.gov/Spotlights/Coronavirus-DOD-Response/Latest-DOD-Guidance/

**Austin RFP #20**: Produce all documents relating to the DODI 6205.02 procedures including but not limited to:

a. Documents generated by the officials identified in Section 2 ("Responsibilities") in   connection with the adoption and implementation of the DOD Mandate;

b. Guidance documents related to the use of FDA-license vaccines, BLA-compliant vaccines, and EUA vaccines;

c. Immunization guidance documents, as set forth in Section 3.1 ("Immunization Guidance");

d. Documents related to Section 3.3 ("Exceptions to Policy") guidance regarding FDA-approved immunizations and non-FDA-approved immunizations; and

e. Any studies or analyses produced pursuant to any requirement under DODI 6205.02;

*Austin RFP #20 is duplicative of Del Toro RFP #19, Wormuth RFP #19, and Kendall RFP #19 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: The requests are overly broad and not proportionate to the needs of the case insofar as it seeks information related to any immunization aside from the COVID-19 vaccination.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

The requests in subpart (d) for "documents related to Section 3.3 ('Exceptions to Policy') guidance" are not relevant, and thus

31

overbroad and disproportionate to the needs to the case because Section 3.3 in DoDI 6205.02 sets forth "procedures . . . to initiate or increase immunizations *against deliberately released biological agents* beyond those specified by the geographic [Combatant Commanders]."

Likewise, the requests in subpart (e) for "any studies or analyses produced pursuant to *any* requirement under DODI 6205.02," whether or not such requirement is relevant to this action, are overbroad and disproportionate to the needs of this case.

Defendant additionally objects to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant further objects to these requests as duplicative of the numerous other RFPs requesting information on DoD's "guidance documents," and therefore disproportionate to the needs of the action.

Defendant objects to subparts (a) as overbroad, unduly burdensome, and disproportionate to the needs of the case because that section identifies numerous officials, including the Chief of the National Guard Bureau and the Commandant of the U.S. Coast Guard, but no Plaintiff is a member of the National Guard or the Coast Guard.

Defendant object to these requests to the extent they seek information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a.

Defendants object to these requests to the extent that they request for

"all documents regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants will produce copies of the References listed on pages 20 and 21 of DoDI 6205.02.  Defendant will also produce by March 25, 2022, documents from the following publicly available websites:

- The relevant DoD Directives listed in the References are available online at https://www.esd.whs.mil/Directives/issuances/dodd/
- The relevant DoD Instructions listed in the References are available online at https://www.esd.whs.mil/Directives/issuances/dodi/

**Austin RFP #21**: Produce all documents and communications related to the AR 40-562 exemptions for previous documented infections, pregnancy or lactation, and other medical conditions including the following:

a. Elimination or denial of exemptions for previous documented infections;

b. Changes in the procedures for granting medical exemptions identified under AR40-562; or

c. Documents addressing the relative levels of immunity or protection provided by COVID-19 vaccination compared to natural immunity.

*Austin RFP #21 is duplicative of Del Toro RFP #20, Wormuth RFP #20, and Kendall RFP #20 and Defendants respond to these requests collectively*

33

*as follows:*

**Defendants' Objections**: Defendant objects to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as they seek "all documents and communications related to" numerous broad topics, when Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents and communications related to . . ." across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Likewise, because this action does not assert any individualized claims in connection with particular exemption requests, the requests for "all documents and communications related to" years' worth of exemptions is necessarily disproportionate to the needs of the case.

To the extent Plaintiffs request documents related to medical exemptions from any immunization aside from the COVID-19 vaccination requirement, Defendants object to those requests as overbroad, unduly burdensome, and disproportionate to the needs of this case as Plaintiffs have asserted only APA claims against the "DOD Mandate" related to COVID-19 and not any other immunization requirements.

Defendants object to these requests to the extent that they seek information that is protected from disclosure by the Privacy Act, 5

U.S.C. § 552a.

Defendants object to these requests to the extent that the requests for "all documents and communications related to . . ." seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #22 & 23**: *Austin RFP #22*: Produce all reports regarding Vaccine efficacy, safety, side effects and/or injuries from DMED, or any other database maintained by AFRMA, DHA, BUMED, or any other DOD Component or Armed Services Command.

*Austin RFP #23*:  Produce all reports regarding Vaccine efficacy, safety, side effects and injuries from VAERS, CMS databases, or any other public or private database provided to DOD, any Armed Service, any DOD Component, or any Armed Services Command.

*Austin RFP #s 22 & 23 are duplicative of Del Toro RFP #21, Wormuth RFP #21, and Kendall RFP #21 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, as they seeks "all reports regarding Vaccine efficacy, safety, side effects and/or injuries from DMED, or any other database maintained by AFRMA, DHA, BUMED, or any other DOD Component or Armed Services Command," and from "VAERS, CMS databases, or any other public or private database provided to DOD,

any Armed Service, any DOD Component, or any Armed Services Command" when Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all reports" from "any other DOD Component or Armed Services Command," or provided to "provided to DOD, any Armed Service, any DOD Component, or any Armed Services Command" and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

To the extent Plaintiffs request documents related to any immunization aside from COVID-19, Defendants object to those requests as overbroad, unduly burdensome, and disproportionate to the needs of this case as Plaintiffs have asserted only APA claims against the "DOD Mandate" related to COVID-19 and not any other immunization requirements.

Defendants object to these requests to the extent they seek information that is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a.

Defendants object to these requests to the extent that their requests for "all reports" seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response**: To the extent documents responsive to these

requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

Defendants will also produce by March 25, 2022, an information paper titled "Temporary Data Inaccuracies in the Defense Medical Epidemiology Database," dated February 15, 2022.

**Austin RFP #24**: Produce all documents relating to disciplinary policies or actions, from January 1, 2020 to  the present, for violation of the DOD Mandate or any other policy related to COVID-19 vaccination.

*Austin RFP #24 is duplicative of Del Toro RFP #22, Wormuth RFP #22, and Kendall RFP #22 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendants additionally object to these requests as overbroad and unduly burdensome, as they purport to seek "all documents relating to . . ." actions across the entire Department of Defense, without regard to the facial nature of Plaintiff's claims or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants further object to the phrase "any other policy related to COVID-19 vaccination," as used herein, as vague and ambiguous, where the failure to identify the particular policy on which Plaintiffs seek information precludes meaningful response from Defendant.

Defendants also object to these requests to the extent that they seek information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

To the extent these requests seek information on individual disciplinary actions, Defendants further object under the Privacy Act, 5 U.S.C. § 552a.  *See Hemphill v. ARAMARK Corp.*, No. CIV. ELH-12-1584, 2013 WL 1662963, at *2 (D. Md. Apr. 15, 2013) (denying motion to compel production of overbroad request for employee personnel files "containing personal information such as health screenings, pre-employment testing, and background checks" because plaintiff had not demonstrated a "compelling need for such a broad disclosure of personal information").

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #25**: For all other vaccine mandates, provide documents for the time period January 1, 2010 to the present showing statistics or figures on disciplinary actions, administrative separations, involuntary dismissals, and discharges due to vaccine refusal or non-compliance.

*Austin RFP #25 is duplicative of Del Toro RFP #23, Wormuth RFP #23, and Kendall RFP #23 and Defendants respond to these requests collectively as follows:*

38

**Defendants' Objections**: Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of this case.  Plaintiffs in this case assert only APA claims against the "DOD Mandate" for COVID-19 vaccination.  Plaintiffs do not raise any other claims against the DOD Mandate or any claims against "other vaccine mandates."   As such, Plaintiff's requests for documents across a 12-year time period, concerning "other vaccine mandates," have no relevance to the issues in this action and are not proportionate to the needs of this case, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendants further object to the extent these requests call for the creation of any documents rather than the production of existing documents within Defendant's possession, custody, or control.

**Defendants' Response**: Defendants will not produce documents in response to these requests.

**Austin RFP #27**: Produce all other implementation and guidance procedures relating to the DOD Mandate.

*Austin RFP #27 is duplicative of Del Toro RFP #24, Wormuth RFP #24, and Kendall RFP #24 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to the phrase "all other implementation and guidance procedures," as used in these requests, as vague and ambiguous, as the failure to identify what implementation or guidance procedures Plaintiffs seek preclude meaningful response from Defendants.

To the extent that these requests seek documents beyond the administrative record, Defendants object to these requests as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

**Defendants' Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP # 28**: Produce all documents you intend to use at trial.

*Austin RFP #28 is duplicative of Del Toro RFP #29, Wormuth RFP #28, and Kendall RFP #35 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests on the grounds that they are premature and seek to impose obligations beyond those imposed by the Federal Rules, the Local Rules, the Court's scheduling order, and the parties' Rule 26(f) conference report.

Defendant further objects to these requests to the extent they call for production of impeachment or rebuttal evidence that need not be disclosed under the Federal Rules, Local Rules, or the Court's pre-trial order.

**Defendants' Response**: To the extent that Defendants plan to use documents at trial (other than documents used solely for

impeachment or rebuttal), that have not yet been produced or identified in this litigation, Defendants will provide those documents by the deadline set by the Court for exchanging exhibit lists.

**Austin RFP #29**: Produce all documents relating to any defense that has been or will be raised, whether affirmative or otherwise.

*Austin RFP #29 is duplicative of Del Toro RFP #30, Wormuth RFP #29, and Kendall RFP #36 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests on the grounds that they are premature and seek to impose obligations beyond those imposed by the Federal Rules, the Local Rules, the Court's scheduling order, and the parties' Rule 26(f) conference report.

Defendants further object to these requests to the extent that they call for production of impeachment or rebuttal evidence that need not be disclosed under the Federal Rules, Local Rules, or the Court's pre-trial order.

Defendants additionally object to the requests for "all documents relating to . . ." as overbroad and disproportionate to the needs of the case.

Defendants also object to the extent "all documents relating to . . ." purports to seek any information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process privilege.

**Defendants' Response**: To the extent documents responsive to these

requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

To the extent that Defendants plan to use any additional documents at trial (other than documents used solely for impeachment or rebuttal), that have not yet been produced or identified in this litigation, Defendants will provide those documents by the deadline set by the Court for exchanging exhibit lists.

**Del Toro RFP #31**: Produce all service branch correspondence relating to the DOD Mandate.

*Del Toro RFP #31 is duplicative of Wormuth RFP #30 and Kendall RFP #37 and Defendants respond to these requests collectively as follows:*

**Defendants' Objections**: Defendants object to these requests on the grounds that they are overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against "the DOD Mandate."   Such claims are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Plaintiffs' improper requests for *all* correspondence across multiple service branches for correspondence "relating to the DOD Mandate" unbounded by time and relation to the agency action challenged here is therefore improper, unwarranted, unduly burdensome, and not proportional to the needs of the case.

Defendant further objects to this request to the extent and on the grounds that it calls for information protected by any applicable privilege or protection, including but not limited to the attorney-client

privilege, the attorney work product protection, or the deliberative process privilege; or calls for information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendants' Response**: Defendants will not be producing documents in response to this request.

**Del Toro RFP #32**: Produce all service branch correspondence relating to COVID-19 vaccination medical accommodation requests or religious accommodation requests.

*Del Toro RFP #32 is duplicative of Wormuth RFP #31 and Kendall RFP #38 and Defendants respond to these requests collectively as follows*

**Defendants' Objections**: Defendants object to these requests on the grounds that they are overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against "the DOD Mandate." Such claims are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Plaintiff's requests for discovery of *all* correspondence "relating to COVID-19 vaccination medical accommodation requests or religious accommodation requests" across multiple branches of the Armed Services is therefore not related to the actual claims Plaintiffs pursue, and otherwise improper, unwarranted, unduly burdensome, and not proportional to the needs of the case.

Defendants further object to these requests to the extent and on the grounds that they call for information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative

process privilege; or calls for information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendants' Response**: Defendants will not be producing documents in response to this request.

## IV.  RESPONSES TO REQUESTS SPECIFIC TO DEFENDANT SECRETARY AUSTIN

**Austin RFP #4:** Produce all documents relating to DOD Mandate alternatives considered by the DOD.

> **Defendant's Objection:**   To the extent that this requests seeks documents beyond the administrative record, Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case, when Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

> Defendant additionally objects to this request as overbroad, unduly burdensome, and not proportionate to the needs of the case, as it purports to seek "all documents relating to . . ." across the entire Department of Defense, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

> Defendant objects to the extent that the request for "all documents relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative

process privilege.

Defendant objects to the request as seeking "documents relating to DOD Mandate alternatives considered by the DOD," as alternatives considered but not adopted may be predecisional and deliberative and protected from disclosure by the deliberative process privilege. *See Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-CV-13-SPC-NPM, 2021 WL 4478329, at *3 (M.D. Fla. Sept. 30, 2021), *objections overruled*, No. 2:20-CV-13-SPC-NPM, 2021 WL 5634131 (M.D. Fla. Dec. 1, 2021) ("To require the inclusion in an agency record of documents reflecting internal agency deliberations could hinder candid and creative exchanges regarding proposed decisions and alternatives , which might, because of the chilling effect on open discussion within agencies, lead to an overall decrease in the quality of decisions." (*quoting Ad Hoc Metals Coalition v. Whitman*, 227 F. Supp. 2d 134, 143 (D.D.C. 2002))); *Missouri ex rel. Shorr v. U.S. Army Corps of Eng'rs*, 147 F.3d 708, 710 (8th Cir. 1998) ("The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny.").

**Defendant's Response:** To the extent documents responsive to this request are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #6**: Produce all Joint Staff planning documents, including those produced by JPT and OPT, related to the adoption or implementation of the DOD Mandate.

**Defendant's Objection**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case, as it seeks "all Joint Staff planning documents," when

Plaintiffs have asserted only APA claims against the "DOD Mandate" and "FDA Comirnaty Approval," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant additionally objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case, as it purports to seek "all documents relating to . . ." across the Joint Staff, which includes more than 2,000 individuals, and without regard to time period, the facial nature of Plaintiffs' claims, or the proportionality of such a request, whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant further objects to the extent that the request for "all documents relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, the deliberative process privilege, or executive privilege.

**Defendant's Response:** To the extent documents responsive to this request are available in the administrative record, Defendant will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

**Austin RFP #26**: Produce all other documents considered directly or indirectly in the creation of the DOD Mandate.

**Defendant's Objection**: Defendant objects to this request to the extent it seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product protection, or the deliberative process

46

privilege.

**Defendant's Response**: To the extent documents responsive to these requests are available in the administrative record, Defendants will produce the Department of Defense's administrative record to Plaintiffs by March 17, 2022.

## V.   RESPONSES TO REQUESTS SPECIFIC TO DEFENDANT DEL TORO

**Del Toro RFP #25**: Produce all documents and communications in possession of Vice Admiral William Merz  regarding the Navy's implementation of mandatory vaccination for COVID-19.

**Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . regarding . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the

47

deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Vice Admiral William Merz.

**Del Toro RFP #26**: Produce all documents and communications in possession of Vice Admiral William Merz regarding the Navy's policies and procedures for implementation and enforcement of the DOD Mandate.

**Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . regarding . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this

case from Vice Admiral William Merz.

**Del Toro RFP #27**: Produce all documents and communications in possession of Lieutenant General David Furness regarding the U.S. Marine Corps' implementation of mandatory vaccination forCOVID-19.

> **Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.
>
> Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . regarding . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.
>
> Defendant objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.
>
> **Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant General David Furness.

**Del Toro RFP #28**:   Produce all documents and communications in

possession of Lieutenant General David Furness regarding the U.S. Marine Corps' policies and procedures for implementation and enforcement of the DOD Mandate.

> **Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

> Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . regarding . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

> Defendant objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

> **Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant General David Furness.

## VI.   RESPONSES TO REQUESTS SPECIFIC TO DEFENDANT WORMUTH

**Wormuth RFP #25**: Produce all documents and communications in

possession of Major Scott Stanley, Ph.D. relating to COVID-19 impacts on the Army.

**Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Major Scott Stanley, Ph.D.

**Wormuth RFP #26**:   Produce all documents and communications in possession of Colonel Michele Soltis, M.D.  relating to the Army's implementation of mandatory vaccination for COVID-19.

**Defendant's Objections:** Defendant objects to this request as

overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Michele Soltis, M.D.

**Wormuth RFP #27**:   Produce all documents and communications in possession of Colonel Michele Soltis, M.D.relating to the Army's policies and procedures for implementation and enforcement of theDOD Mandate.

**Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or

improper behavior" that Plaintiffs have not made here.    *See* *Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Michele Soltis, M.D.

## VII.  RESPONSES TO REQUESTS SPECIFIC TO DEFENDANT KENDALL

**Kendall RFP #25**: Produce all documents and communications in possession of Colonel Tonya Rans, M.D. relating to the Air Force's rational for requiring COVID-19 vaccination.

**Defendant's Objections:** Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.    *See*

*Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendants' Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Tonya Rans, M.D.

**Kendall RFP #26:** Produce all documents and communications in possession of Colonel Tonya Rans, M.D. relating to COVID-19 impact on military readiness.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See*

*Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Tonya Rans, M.D.

**Kendall RFP #27**: Produce all documents and communications in possession of Colonel Tonya Rans, M.D. relating to the Air Force's implementation of the DOD Mandate.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See*

*Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . relating to . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Tonya Rans, M.D.

**Kendall RFP #28**: Produce all documents and communications in possession of Colonel Artemio Chapa regarding the Air Force's implementation of medical exemptions for mandatory vaccination for COVID-19.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or

improper behavior" that Plaintiffs have not made here.   *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Colonel Artemio Chapa.

**Kendall RFP #29**: Produce all documents and communications in possession of Chaplain, Major Matthew Street regarding the Air Force's implementation of religious exemptions for mandatory vaccination for COVID-19.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Chaplain, Major Matthew Street.

**Kendall RFP #30**: Produce all documents and communications in possession of Colonel Elizabeth Hernandez regarding the Air Force's enforcement of the DOD Mandate.

> **Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.
>
> Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.
>
> Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.
>
> Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.
>
> Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.
>
> **Defendant's Response**: Defendants will produce by March 25, 2022,

the documents cited in any declaration that has been submitted in this case from Colonel Elizabeth Hernandez.

**Kendall RFP #31**: Produce all documents and communications in possession of Lieutenant Colonel Tameka Alderman regarding the Air Force's implementation of mandatory vaccination for COVID-19.

> **Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.
>
> Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.
>
> Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.
>
> Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.
>
> Defendant further objects to the extent the request for "all documents

and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Tameka Alderman.

**Kendall RFP #32**: Produce all documents and communications in possession of Lieutenant Colonel Tameka Alderman regarding the policies and procedures for implementation and enforcement of the DOD Mandate.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to

61

the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Tameka Alderman.

**Kendall RFP #33**: Produce all documents and communications in possession of Lieutenant Colonel Justin Long regarding the Air Force's implementation of mandatory vaccination for COVID-19.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here.  *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Justin Long.

**Kendall RFP #34**: Produce all documents and communications in possession of Lieutenant Colonel Justin Long regarding the policies and procedures for implementation and enforcement of the DOD Mandate.

**Defendant's Objections**: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs have asserted only APA claims against the "DOD Mandate," which are adjudicated exclusively on the basis of the administrative record, absent "a strong showing of bad faith or improper behavior" that Plaintiffs have not made here. *See Marllantas*, 806 F. App'x at 867.

Defendant further objects to this request as overly broad and not proportionate to the needs of this case, as it is made without regard to time period or to the proportionality of seeking "all documents and communications . . . relating to . . .," whether viewed individually or in conjunction with the 130 RFPs that Plaintiffs have served on Defendants thus far.

Defendant additionally objects to this request as duplicative of the RFPs seeking information on the Air Force's adoption and implementation policy documents.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by any applicable privilege or protection, including but not limited to the attorney-client privilege, the attorney work product privilege, or the deliberative process privilege.

Defendant further objects to the extent the request for "all documents and communications . . . regarding . . ." seeks information protected by the Privacy Act, 5 U.S.C. § 552a.

**Defendant's Response**: Defendants will produce by March 25, 2022, the documents cited in any declaration that has been submitted in this case from Lieutenant Colonel Justin Long.

## VIII. CONCLUSION

Defendants do not waive any objections and reserve the right to object on any additional basis should Plaintiffs seek documents beyond those Defendants have specifically agreed to produce.  Defendants have only agreed to produce the specific documents identified above, but are willing to meet and confer after these documents have been produced to discuss whether any additional document discovery might be appropriate

given the proportionality limitations of Rule 26 of the Federal Rules of Civil Procedure.

Defendants' objections and responses are based on information known to Defendants at this time, and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information that will be produced is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of matters not privileged that are relevant to the claims or defenses in this civil action, so long the request is proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

Dated: March 11, 2022                      Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney
                                           General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director

*/s/Zachary A. Avallone*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
COURTNEY D. ENLOW
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs
Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Fax: (202) 616-8470
Email: zachary.a.avallone@usdoj.gov

*Counsel for Defendants*


# CERTIFICATE OF SERVICE

I certify that I served a copy of these responses to Plaintiffs' counsel via email on March 11, 2022.


*/s/ Zachary A. Avallone*

66