UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*,<br><br>               **Plaintiffs**,<br><br>  v.<br><br>**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense**, *et al.*,<br><br>               **Defendants.** | Case No. 3:21-cv-01211-AW-HTC |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

As of the filing of Defendants' Motion to Compel, ECF 88, Plaintiffs had provided 103 pages of documents, records, and photographs in response to Defendants' requests for production. Aware of their ongoing discovery obligations, Plaintiffs have today produced an additional 83 pages, which include the COVID-19 testing and antibody tests of a number of Plaintiffs. Many of these documents produced thus far are responsive to Request for Production #2 (RFP #2), the response to which Defendants demand to be compelled. Plaintiffs will continue to produce documents responsive to RFP #2 as they are received.

Defendants also take issue with Plaintiffs' responses to Interrogatories 3-8 and demand a court order requiring Plaintiffs change their answers to something Defendants prefer. Plaintiffs, however, have provided full and complete responses

to Defendants' speculative and hypothetical interrogatories. Defendants' motion to compel should be rejected in its entirety for the reasons set forth below.

## ARGUMENT

1. **Request for Production #2**

In their initial response to RFP #2, Plaintiffs noted that Defendants were already in possession of the documents identified in that request:

> Plaintiffs' Rule 26(a)(1) disclosures state that Plaintiffs are in possession of: administrative record materials; medical exemption requests and documents related to their medical exemption requests; Plaintiffs' medical records; Plaintiffs' personnel records; and Plaintiffs' religious accommodation requests and appeals, and materials related to those requests or appeals. Defendants are already in possession of those documents.

After the parties conferred, Plaintiffs supplemented their response to RFP #2, providing to Defendants additional documents including: correspondence relating to vaccine unavailability; the antibody tests of Plaintiffs Sean Cothran, Blake Morgan; the positive COVID-19 tests of Plaintiffs Brian Stermer, David Lund, Sean Cothran, and Andrew Snow; and photographs of non-FDA-approved COVID-19 vaccine vials. Overall, Plaintiffs have shown their intent to comply with their discovery obligations. At the time of the filing of Defendants' motion to compel, Plaintiffs had produced a total of 103 pages of documents in response to Defendants' requests for production.

Unsatisfied with Plaintiffs' responses, Defendants request this Court "compel Plaintiffs to produce full and complete copies of the 'related documents (e.g., antibody tests)' and 'medical records' identified in their initial disclosures in response to RFP 2." Defendants already have some of these medical records, thus justifying Plaintiffs' response that they were in Defendants' possession. For example, Defendants are in possession of the COVID-19 weekly screening results for unvaccinated servicemembers. Defendants do not dispute that they have many of these documents and records, and instead point out that they were not in possession of all these documents. *See* ECF 88-1 at fn. 2.

Plaintiffs are mindful that their discovery obligations are ongoing. Today Plaintiffs produced 83 more pages of documents relating to the antibody tests and COVID-19 tests. Plaintiffs will continue to produce responsive records as they are received.

2. **Interrogatories 3-8**

Interrogatories 3-6 asked Plaintiffs whether they would or would not take Comirnaty or Spikevax, if available. Plaintiffs provided particularized objections and otherwise responded to these interrogatories to these, stating:

> Plaintiffs object because this interrogatory is speculative. Defendants ask Plaintiffs whether they would take Comirnaty [or Spikevax] "if available," although Comirnaty [or Spikevax] is not available and Defendants admit they are not in possession of Comirnaty [or Spikevax]. Plaintiffs are thus required to guess whether they will receive a vaccine that may *never* be available to Plaintiffs. In other

words, Plaintiffs must respond to a hypothetical that cannot occur right now and may never occur. Furthermore, this interrogatory requires Plaintiffs to speculate and provide answers without knowing whether or not the Department of Defense COVID-19 vaccine mandate will still be in effect when Comirnaty [or Spikevax] is "available." And for those Plaintiffs who have pending religious accommodation requests or appeals, they are improperly asked to guess whether they would take Comirnaty [or Spikevax] without knowing how Defendants might rule on their religious objections.

Considering these objections and without waiving same, Plaintiffs respond that they are committed to following lawful orders, subject to their religious beliefs, their rights of refusal, their medical needs, and whether the recommended medical treatments have received lawful and appropriate approval.

Interrogatories 7-8 ask Plaintiffs if they would or would not take a BLA compliant vaccine, if available. Plaintiffs responded:

Plaintiffs respond that they are committed to following lawful orders, subject to their religious beliefs, medical needs, their rights of refusal, and whether the recommended medical treatments have received lawful and appropriate approval. BLA-compliant vaccines – which Defendants defined as "an EUA-labeled vaccine"[1] are not FDA approved and are thus not subject to the DOD Mandate.

Plaintiffs' objections to Interrogatories 3-6 are proper, as they are stated with specificity and address the issues with each interrogatory. *See* Fed. R. Civ. P. 33(b)(4). Defendants do not dispute specificity, and instead make the illogical argument that "Plaintiffs' speculation objection is unfounded" because "Plaintiffs

---

[1] Defendants take issue with this definition of a "BLA compliant" vaccine, ECF 88-1 at fn. 3, but do not challenge Plaintiffs' response on those grounds. In any event, there is no doubt that Defendants' "BLA compliant" vaccines, per their own definition, are EUA-labeled. ECF 88-4 at n. 2.

are the only ones who can determine, yes or no, whether they would take Comirnaty or Spikevax." ECF 88-1 at p. 6. Of course, that doesn't make these interrogatories any less speculative. Neither does it change the fact that these interrogatories require Plaintiffs to speculate whether they would take vaccines not in Defendants' possession without knowing in large part the results of any exemption requests or appeals, the lawfulness of the vaccine approval, or whether the Department of Defense COVID-19 vaccine mandate ("DOD Mandate") were still in force when these vaccines were to be "available."

Defendants, unsatisfied with Plaintiffs' objections and responses to their interrogatories, ask the Court to "compel full and complete responses that answer the substance of Interrogatories 3-6." ECF 88-1 at p. 6. What would such responses entail? Defendants suggest Plaintiffs must answer "yes" or "no." ECF 88-1 at p. 6.

Defendants cite zero cases in support of this position. This is because Defendants' argument is contrary to well-established rules governing discovery. Plaintiffs have met their obligation under the Rule 33, which requires they "fully" answer these interrogatories. Fed. R. Civ. P. 33(b)(3). Plaintiffs answer that they are "committed to following lawful orders" – which would potentially include vaccine mandates – subject to their various accommodation requests and the serious legal issues before this Court. Whether these are lawful orders is just one of the issues this Court has yet to decide.

Furthermore, Plaintiffs are entitled to provide a qualified response to an interrogatory – especially where an interrogatory, like those asked by Defendants, require speculation on a number of issues and the uncertain assumption of number of facts. This includes but is not limited to the lawfulness of a vaccine's approval, whether the Department of Defense COVID-19 mandate were still in effect at the time of the hypothetical vaccine availability, disputes over the definition and lawfulness of a "BLA-compliant" vaccine with an emergency use authorization label, and whether Defendants will grant many of Plaintiffs' exemption requests. The shifting nature of Defendants' interrogatories is evidenced in their arguments that "the Comirnaty-labeled vaccine is in fact available for DoD to order as of today's date [May 20, 2022]." These are different facts than those available when the interrogatories were served to Defendants. Regardless, Plaintiffs are free to qualify their interrogatory responses as they see fit. *See Washington v. Budz*, case no. 2:10-cv-485 (M.D. Fla. Nov. 27, 2012) ("The Defendants are free to qualify their [interrogatory] response as needed to clarify any facts that may be assumed by the question.").

Finally, to put the sincerity of Defendants' complaints into perspective, Plaintiffs cannot help but note that the Military Defendants have all but flatly refused to provide any documents in response to Plaintiffs' requests for production. ECF 89-1 at p. 2. Defendants contend they are not required to produce any documents beyond

the administrative record – in contravention of this Court's order governing discovery – while demanding this Court hold Plaintiffs to a different standard. *Id*.

## CONCLUSION

For these reasons, Plaintiffs respectfully request this Court deny Plaintiffs' motion to compel.

Respectfully submitted,

*s/ Brandon Johnson*
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing notice with the Clerk of the Court by using the CM/ECF system, which will notify all attorneys of record of the filing.

*s/ Brandon Johnson*