# EXHIBIT 3

## RE: [EXTERNAL] Coker v. Austin Communications with Clients

From: Powell, Amy (CIV) <Amy.Powell@usdoj.gov>

To: bcj<bcj@defendingtherepublic.org>Yang, Catherine M (CIV)<Catherine.M.Yang@usdoj.gov>
Carmichael, Andrew E. (CIV)<Andrew.E.Carmichael@usdoj.gov>
Avallone, Zachary A. (CIV)<Zachary.A.Avallone@usdoj.gov>
Holland, Liam C. (CIV)<Liam.C.Holland@usdoj.gov>

CC: Travis Miller<twm@defendingtherepublic.org>Travis Miller<traviswmiller@gmail.com>

Date: Wednesday, May 25th, 2022 at 10:55 AM

Brandon:

Thanks for reaching out, and I am hopeful that we can clear up any misunderstanding. My clients assure me there has been no communication that could be considered improper. My understanding is that MSgt Kupper's appeal of the denial of his religious accommodation was denied, and he received an order to vaccinate on or before May 17, 2022 (or in accordance with the December 7, 2021 Secretary of the Air Force memo, he could apply for voluntary separation or retirement (if eligible)). My further understanding is that, apparently in response to that order, he contacted the medical group at his command to inquire about the availability of BLA doses. In other words, he was seeking additional information from one of the Defendants about what doses were available for him to comply with the order. After seeking legal advice from counsel, the commander spoke to MSgt Kupper in order to respond to Kupper's request for information. The commander told him that if he was willing to take a BLA-compliant dose, he could draft a memorandum committing to take the dose and that arrangements would be made for him to take one of those doses. That is consistent with statements we have made in this litigation, and I am not aware of any suggestion that such a memorandum would constitute admission of misconduct or that it would constitute a compromise of claims. The commander also told him that he may want to discuss with his legal counsel. In an abundance of caution and fairness, the commanding officer then waited another week beyond the deadline for vaccination to initiate administrative action. Accordingly, it appears there was no demand or offer to compromise his claims in litigation. On Friday, May 20, 2022, MSgt Kupper notified his command, via email, that on advice of counsel he was declining to "make any comments in regards to the memo."

The commander's statements, as we understand them, described Kupper's ability to comply with the vaccination order by requesting a BLA-compliant vaccine, in response to an inquiry from Kupper. The existence of litigation does not absolve commanding officers of the need to give orders and instructions on how to comply with them, even orders related to mandatory vaccination. The routine business of the military continues, and although I suppose the commander could have refused to answer the questions posed by someone under his command about how to comply with lawful orders, it seems like it would not have been the best practice. If the facts are indeed as I have relayed here, then it does not seem plausible that there was improper communication with a represented party. Nor is it compelled self-incrimination under the UCMJ. If you are aware of any case law to the contrary, or if you have reason to believe that the facts are other than as presented here, please let me know as soon as possible. We take seriously our obligations to avoid communication with represented parties. I do not see any need for a protective order along the lines you have described. In an abundance of caution, I have further advised lawyers for the services to take special care about the handling of such inquiries and to be sure that no one is commenting on the claims in litigation.

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch

Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

---

**From:** Powell, Amy (CIV)
**Sent:** Tuesday, May 24, 2022 5:19 PM
**To:** Brandon Johnson <bcj@defendingtherepublic.org>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Cc:** Travis Miller <twm@defendingtherepublic.org>; Travis Miller <traviswmiller@gmail.com>
**Subject:** RE: [EXTERNAL] Coker v. Austin Communications with Clients

Brandon:

DOJ attorneys are not communicating with your client, to be sure, but I'll see what other information I can gather.

Amy Elizabeth Powell
Senior Trial Counsel, Federal Programs Branch
Civil Division, Department of Justice
150 Fayetteville St, Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov

**From:** Brandon Johnson <bcj@defendingtherepublic.org>
**Sent:** Tuesday, May 24, 2022 5:06 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>; Holland, Liam C. (CIV) <Liam.C.Holland@usdoj.gov>
**Cc:** Travis Miller <twm@defendingtherepublic.org>; Travis Miller <traviswmiller@gmail.com>
**Subject:** [EXTERNAL] Coker v. Austin Communications with Clients

DOJ Team,

It has recently come to our attention that there appears to have been improper communications by DOJ or DOD lawyers involving at least one of the plaintiffs in Coker v. Austin, Air Force MSGT Nickolas Kupper.

As an initial matter, we do not know if any attorneys on the Coker trial team were involved in, or even aware of, these communications. We are sending this to you to make you aware of it and to pass it up the chain.

Among other things, MSGT Kupper was directed by his CO to sign a memo re: his willingness to take the vaccine that amounts to an offer of settlement and an admission of misconduct under the UCMJ. His CO informed MSGT Kupper that this order was at the express direction of DOJ and/or DOD lawyers.

MSGT Kupper is represented by counsel, and this appears to be a clear violation of ethical rules prohibiting such communications by government counsel.

This also appears to be violate Article 31(b) of the UCMJ, given that the DoD has taken the position that MSGT Kupper (and anyone who refuses the shots) is violating a lawful general order under Art. 92, UCMJ.

It is also a potential violation of FRCP Rule 23(d) as MSGT Kupper is a putative class member for two or three pending class actions.

Accordingly, we would request that the DOJ enter into a stipulated protective order committing that attorneys with the DOJ, DOD, or who are representing the other Defendants in Coker v. Austin, refrain from any further attempts to communicate with our clients, whether directly or indirectly through their chain of command.

Based on communications with counsel in other cases, we have reason to believe that this is not an isolated instance. To prevent any future misconduct, the attorneys who directed and/or engaged in these communications with represented plaintiffs, putative class members, and/or their chains of command should recuse themselves from any further involvement in this case or any related cases where they have directed or engaged in such communications.

Would the DOJ agree to these conditions and the proposed protective order? If so, we can draft a proposed order for review.

If not, given the coercive nature of the military and the potential for UCMJ charges against our clients, without some form of stipulated order/agreement and assurances we will have to seek judicial review of these circumstances and a court order to prohibit this from occurring in the future.

Brandon