IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*, <br><br> Defendants. | Case No. 3:21-cv-01211-AW-HTC |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

Defendants respectfully submit the following reply memorandum in further support of their motion to compel (Dkt. No. 88).

**RFP 2**: Plaintiffs do not contest that Defendants are entitled to all the "medical records" and "related documents (e.g., antibody tests)" identified in Plaintiff's initial disclosures. And Plaintiffs readily admit that, to this day—well after the discovery deadline has passed—they still have not produced all such materials.[1] These concessions alone warrant compelling Plaintiff's *complete* production by a finite date.

Plaintiffs' primary response is that they will "produce responsive records as they are received." Dkt. No. 90 ("Opp.") at 2-3. Discovery closed on May 9, 2022. Plaintiffs offer no support for the proposition that they may disregard this Court's deadlines in favor of their own (unspecified) timeline, nor do they attempt to justify their delay—a particularly inexplicable delay, as Plaintiffs' initial disclosures identifying the documents in their "possession, custody, or control," Fed. R. Civ. P. 26(a)(1)(A)(ii), were served five months ago. *See Edge Sys. v. Aguila*, 186 F. Supp. 3d 1330, 1351 n.21 (S.D. Fla. 2016) ("Aguila's failure to disclose this evidence before the discovery deadline indicates a complete misunderstanding of the discovery process…."); *Applied Underwriters v. Top's Personnel*, 2017 WL 1214413, at *7 &

---

[1] Plaintiffs represent that they have produced additional "COVID-19 testing and antibody tests of a number of Plaintiffs." Opp. at 1. To be specific, Plaintiffs have now produced COVID-19/antibody test results for Cothran, Kaltrider, Kupper, Lund, Morgan, Roberts, and Snow. They have not produced such materials for Dixon, Karr, Sigoloff, or Thompson, whose initial disclosures listed those documents. Dkt. No. 88-7 at 4-5. Nor have Plaintiffs produced any "medical records"—which they disclosed as a distinct category of documents—for any Plaintiff. *Id.* at 5.

1

n.3 (D. Neb. Mar. 31, 2017) (compelling full production and chastising failure to respond until "two weeks <u>after</u> the close of written discovery"); *cf. Harris Corp. v. Ruckus Wireless*, 2015 WL 3671355, at *6 (M.D. Fla. June 12, 2015) (sanctioning party for failure to adhere to court-ordered discovery deadline).

Plaintiffs' assertion that "Defendants do not dispute that they have many of these documents and records," Opp. at 3, is also incorrect. Defendants agreed that Plaintiffs did not need to produce *other* categories of documents in their initial disclosures, such as religious exemption requests, because those were readily identifiable. Dkt. No. 88-5 at 6. But because Plaintiffs' broad description of "medical records" and "related documents" precluded Defendants from knowing "what exactly plaintiffs intended to rely on," Defendants requested that Plaintiffs produce those materials. Dkt. No. 88-5 at 6. Plaintiffs agreed to do so during the meet and confer discussions, *id.*; Dkt. No. 88-6 at 1, and should be held to that commitment.

**Interrogatories 3-8**: Plaintiffs likewise do not dispute the relevance and proportionality of the information requested in Interrogatories 3-8, which go to their standing and the merits of their claims. Instead, Plaintiffs contend that they have sufficiently responded to these interrogatories. Opp. at 5-6. The plain text of Plaintiffs' responses belies that argument. The interrogatories requested straightforward, factual information identifying which Plaintiffs would (or would not) take Comirnaty, Spikevax, or a BLA-compliant vaccine; a simple list of the names of the

2

Plaintiffs in each category would suffice. Plaintiffs' boilerplate response "that they are committed to following lawful orders…," Dkt. No. 88-9 at 3-5, in no way answers these interrogatories. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive … response must be treated as a failure to disclose, answer, or respond."); *Dollar v. Long Mfg.*, 561 F.2d 613, 616-17 (5th Cir. 1977) (district court erred in declining to compel non-evasive answer); *LaMonica v. Hartford Ins.*, 2020 WL 9065890, at *2 (N.D. Fla. Oct. 20, 2020) (responses that failed to provide any of the factual information requested were evasive and incomplete); *Taylor v. Bradshaw*, 2014 WL 6459978, at *5 (S.D. Fla. Nov. 14, 2014) (same); *United States v. Hussain*, 2008 WL 11470829, at *4 (S.D. Fla. Aug. 1, 2008) (same). Plaintiffs' belief that they "are entitled to provide a qualified response," Opp. at 6, does not relieve them of their duty to respond to the substance of the interrogatories—i.e., whether or not each Plaintiff would take one of the FDA-approved vaccines or a BLA-compliant vaccine—as the very case Plaintiffs cite held, in compelling responses from the resisting party. *See Washington v. Budz*, No. 2:10-cv-485, Dkt. No. 59 at 6 (M.D. Fla. Nov. 27, 2012).

Plaintiffs also resist providing responsive answers because the interrogatories purportedly "require speculation." Opp. at 5-7. As explained in Defendants' motion, Plaintiffs waived any speculation objection as to Interrogatories 7-8, and the objection is meritless as to Interrogatories 3-6.[2] Dkt. No. 88-1 at 6-7; *see also Gober v.*

---

[2] For example, Plaintiffs cite to "disputes over the definition and lawfulness of a 'BLA-compliant'

3

*City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) (resisting party may only avoid discovery by showing lack of relevance or undue burden). For instance, Plaintiffs argue that it is speculative whether DoD's vaccine requirement is "still in effect at the time of the hypothetical vaccine availability," but the vaccines are in fact available, and the requirement in fact remains in effect. And the objection is "especially egregious" as it pertains to Plaintiffs' assertion of pending exemption requests as a reason to avoid discovery, while simultaneously bringing their claims in spite of those pending requests. *Hussain*, 2008 WL 11470829, at *4 (rejecting party's effort to use an excuse "as both a sword and a shield"); Opp. at 5, 6. "It is precisely this sort of gamesmanship that the Federal Rules, with its emphasis on disclosure and cooperation, were designed to avoid." *Hussain*, 2008 WL 11470829, at *4.

Finally, Plaintiffs attempt to deflect from their own discovery deficiencies by lodging false accusations about Defendants' discovery responses. Opp. at 6. Defendants will respond to Plaintiffs' motion to compel in due course, but suffice it to say, that separate dispute does not absolve Plaintiffs of their own discovery obligations.

For these reasons and those stated in the opening brief, the Court should grant Defendants' motion and compel Plaintiff's full and complete responses to RFP 2 and Interrogatories 3-8 by June 17, 2022.

---

vaccine." Opp. at 6. Any such dispute relates only to Interrogatories 7-8, and Plaintiffs failed to raise—and thus waived—any objection to those interrogatories or to the definition of "BLA compliant" in Defendants' interrogatories. *See* Dkt. No. 88-3 at 3 ¶ 1; Dkt. No. 88-9 at 6.

| | |
|---|---|
| Dated: June 10, 2022 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ALEXANDER K. HAAS<br>Director, Federal Programs Branch<br><br>ANTHONY J. COPPOLINO<br>Deputy Director<br><br><u>/s/ *Catherine M. Yang*</u><br>ANDREW E. CARMICHAEL<br>AMY E. POWELL<br>Senior Trial Counsel<br>ZACHARY A. AVALLONE<br>CATHERINE M. YANG<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 514-4336<br>Fax: (202) 616-8470<br>Email: catherine.m.yang@usdoj.gov<br><br>*Counsel for Defendants* |