Pritish Vora
27758 Santa Marg. Pkwy. #530
Mission Viejo, CA 92691
(949) 292-8359
Amicus Curiae, Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

BENJAMIN COKER, et. al.,
Plaintiffs,
vs.
LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, et. al.,
Defendants.

Case No.: 3:21-cv-1211-AW-HTC

**AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

**Hon. Judge Allen Winsor**

COMES NOW, Pritish Vora, Amicus Curiae, ("Amicus"), by way of Pro Se, files with the Honorable Court his amicus curiae brief in support of the Plaintiffs' motion to compel in the above referenced matter, and states as follows:

**INTEREST OF THE AMICUS CURIAE**

Amicus already stated his interest in a prior brief, and that position remains unchanged. Amicus now provides the Court with useful information to save valuable judicial resources as the parties' resolve their ongoing discovery dispute.

FILED USDC FLND PN
JUN 24 '22 PM12:49

**MEMORANDUM**

*"A district court has the inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"* See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).

F.R.Civ.P. 1, Scope and Purpose, states as follows: *"These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered and employed by the court and by the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."*

F.R.Civ.P. 11(b) REPRESENTATIONS TO THE COURT. *"By presenting to the court, a pleading, a written motion, or other paper – whether by signing, filing, submitting, or later advocating it an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."* F.R.Civ.P. 11(b)(3) states: *"**the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."* (Emphasis added).

As stated in the Amicus Supplement to the original brief, *"the Federal Rules of Civil Procedure apply to ALL parties."* (See Doc 84-1 at pg. 2:13-14).

# THE NONEXISTENT "BLA-COMPLIANT" LOTS

Plaintiffs filed a motion to compel and memorandum in support (See Doc 89 and 89-1). Plaintiffs filed a copy of their RFP with the Court, which speaks for itself (See Doc 89-2). This included requests for DoD to produce documents **relating to the use or administration of BLA-compliant vaccines**. (See e.g., RFPs #1, 2, 8, 18, 19 and 20, respectively). (Emphasis added). More specifically, Plaintiffs also requested the manufacturing and expiration dates of these vials (See RFP #1c, Doc 89-2).

In response, Defendants objected to such production, including, but not limited to, the manufacturing dates. Defendants objected with the standard boilerplate gobbledygook as found in responses to RFPs.[1] (See Doc 89-3).

Amicus informs the Court that Leading Age New York, a firm representing non-profits in the senior care sector, archived a spreadsheet in Excel from the CDC.gov list of available lot numbers shortly after the Comirnaty approval.[2] These included the NDC label identity ("National Drug Code"), the lot number, manufacturer and expiration date. For example, lot number FF2587 (an alleged "BLA compliant" lot), has a manufacturer date of JULY 2, 2021, well before the Comirnaty approval. By way of another example, Lot number FF2593 (another

[1] Amicus has been through the discovery process as a Pro Se plaintiff against the credit bureaus.

[2] http://leadingageny.org/home/assets/File/Vaccine%20Lot%20Numbers%20Expiration%20(1).xlsx (visited June 21, 2022). (Note: the link should be opened in protected view to see the file).

alleged "BLA compliant" lot) has a manufacturer date of JULY 6, 2021. Applying a logical perspective, **these cannot be "BLA compliant."** (Emphasis added). Otherwise, it would be an attempt to retroactively license the EUA vaccine, which was one of the concerns of Senator Ron Johnson. (See Doc 66 at 5:16-24). For the convenience of the Court, Amicus provides a partial screenshot below. (These lots are publicly available, are detailed in the Excel spreadsheet, and are downloadable).

| | A | B | C | D | E | F |
|---|---|---|---|---|---|---|
| 1 | Manufacturer | NDC11 Unit of Sale: This NDC goes in NYSIIS Inventory | NDC11 Unit of Use: This NDC will be on the vial | Lot Number | Manufacture Date | Expiration Date |
| 375 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF2591 | 6/25/2021 | 11/30/2021 |
| 380 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF2588 | 7/4/2021 | 3/31/2022 |
| 390 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF2590 | 7/6/2021 | 3/31/2022 |
| 391 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF2589 | 7/9/2021 | 3/31/2022 |
| 413 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF8841 | 7/23/2021 | 3/31/2022 |
| 431 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF2587 | 7/2/2021 | 3/31/2022 |
| 432 | Pfizer Inc. | 59267-1000-02 | 59267-1000-01 | FF2593 | 7/6/2021 | 3/31/2022 |
| 440 | | | | | | |
| 441 | File last updated: 9/2/2021 | | | | | |

CDC Manufacturer Lot Numbers Ex

Amicus respectfully requests the Court to carefully examine the Declaration of Colonel Tonya Rans ("Rans Decl."). (See Doc 89-5, Exhibit 4). According to the Rans Decl., paragraph 8 states as follows, *"As of May 20, 2022, DoD has 872 vials of BLA-compliant vaccine, equaling approximately 5,200 doses. The latest expiration date is currently September 30, 2022."* The screenshot of the alleged

"BLA-compliant" vials is located on page 69 of the ECF, (page 68 on the Doc). For the convenience of the Court, Amicus provides it below:

Case 3:21-cv-01211-AW-HTC Document 89-5 Filed 06/03/22 Page 69 of 71

| Pfizer BLA-compliant vials as of 20 May 2022. Source: DHA MEDLOG | | | Vials | Current expiration date | Comment |
|---|---|---|---|---|---|
| FF2587 | AIR FORCE | 10TH MDG, USAFA | 173 | 30-Sep | Shelf-life extension per FDA |
| | | 22ND MDG, MCCONNELL AFB | 228 | 30-Sep | Shelf-life extension per FDA |
| | | 325TH MDG, TYNDALL AFB | 7 | 30-Sep | Shelf-life extension per FDA |
| | NAVY | DHA HOSPITAL SIGONELLA - MM | 17 | 30-Sep | Shelf-life extension per FDA |
| FH8028 | AIR FORCE | 49TH MDSS, HOLLOMAN AFB | 2 | 31-Aug | Shelf-life extension per FDA |
| | | 633RD MDG, LANGLEY AFB | 158 | 31-Aug | Shelf-life extension per FDA |
| | | 99TH MDG, NELLIS AFB | 11 | 31-Aug | Shelf-life extension per FDA |
| | ARMY | BAYNE-JONES ARMY COMMUNITY HOSPITAL, FORT POLK, LA | 4 | 31-Aug | Shelf-life extension per FDA |
| | | CARL R. DARNALL ARMY MEDICAL CENTER, FORT HOOD, TX | 10 | 31-Aug | Shelf-life extension per FDA |
| | | MADIGAN ARMY MEDICAL CENTER, JBLM-FORT LEWIS, WA | 6 | 31-Aug | Shelf-life extension per FDA |
| | | MCDONALD ARMY HEALTH CENTER, FORT EUSTIS, VA | 28 | 31-Aug | Shelf-life extension per FDA |
| | | WEED ARMY COMMUNITY HOSPITAL, FORT IRWIN, CA | 3 | 31-Aug | Shelf-life extension per FDA |
| | | WOMACK ARMY MEDICAL CENTER, FORT BRAGG, NC | 6 | 31-Aug | Shelf-life extension per FDA |
| | NAVY | DHA MEDICAL CENTER SAN DIEGO - MM | 2 | 31-Aug | Shelf-life extension per FDA |
| FH8027 | AIR FORCE | 66TH MDG, HANSCOM AFB | 139 | 31-Aug | Shelf-life extension per FDA |
| | | 8TH MDG, KUNSAN AB | 42 | 31-Aug | Shelf-life extension per FDA |
| FF2593 | NAVY | DHA HOSPITAL GUANTANAMO BAY - MM | 36 | 30-Sep | Shelf-life extension per FDA |
| **Total number of vials within DoD supply chain** | | | **872** | as above | as above |

The Rans Decl. lists four alleged "BLA-compliant" lot numbers: FF2587, FH8028, FH8027, and FF2593, as shown in the screenshot above for the remaining vials. The screenshot shows the "Current expiration date" without the year (although the Rans Decl. states the last expiration date is September 30, 2022). The ORIGINAL expiration date was extended pursuant to the "Shelf-life extension per FDA." What the Rans Decl. fails to disclose is that the shelf-life extension is applicable to vaccines that do not have fixed expiration dates, such as vaccines **authorized under an EUA** which the FDA can change. [3] (Emphasis added).

The Rans Decl. also provides a more detailed list of these alleged "BLA compliant" lots. (See page 10 of Exhibit 4, Doc 89-5). As the Court will see, the

[3] https://www.fda.gov/emergency-preparedness-and-response/mcm-legal-regulatory-and-policy-framework/expiration-dating-extension#covidvaccines (visited June 20, 2022).

FIRST listing is for Lot number FF2587, with a "Date Shipped" of 8/18/2021. For the convenience of the Court, Amicus provides a partial screenshot below:

Case 3:21-cv-01211-AW-HTC Document 89-5 Filed 06/03/22 Page 10 of 71

| Date Shipped | [illegible] | State | [illegible] | [illegible] | Lot Number | Branch |
|---|---|---|---|---|---|---|
| 8/18/2021 | Fort Wainwright | AK | 980 | | FF2587 | Army |
| 8/24/2021 | Nellis AFB | NV | 2340 | | FE3592, 30130BA | Air Force |
| 8/27/2021 | Fort Sam Houston | TX | 0 | 2340 | FE3592 | Army |
| 8/30/2021 | Fort Bragg | NC | 8190 | | FF2587 | Army |
| 8/30/2021 | Fort Knox | KY | 5850 | | FF2587 | Army |
| 8/30/2021 | Fort Polk | LA | 4680 | | FF2587 | Army |
| 8/30/2021 | Andrews AFB | MD | 4680 | | FF2587 | Air Force |
| 8/30/2021 | Fort Meade | MD | 5850 | | FF2587 | Army |
| 8/30/2021 | Keesler AFB | MS | 3510 | | FF2587 | Air Force |
| 8/30/2021 | Beaufort Naval Hospital | SC | 5850 | | FF2587 | Marines |
| 8/30/2021 | Cherry Point Naval Hospital | NC | 3510 | | FF2587 | Marines |
| 8/30/2021 | Fort Riley | KS | 4680 | | FF2587 | Army |
| 8/30/2021 | Minot AFB | ND | 3510 | | FF2587 | Air Force |
| 8/30/2021 | Offutt AFB | NE | 3510 | | FF2587 | Air Force |
| 8/30/2021 | Portsmouth Naval Medical Center | VA | 5850 | | FF2587 | Navy |

Lot number FF2587 was shipped to the Army, Air Force, Marines, and Navy, as seen above. **But wait a minute! Lot FF2587 was manufactured on July 2, 2021, then shipped August 18, 2021, both dates which pre-date the Comirnaty approval date of August 23, 2021.** (Emphasis added). If Lot number FF2587 was manufactured *prior* to August 23, 2021, then ALL vials from lot FF2587 become suspect, even if they were shipped later. It is the ***manufacturer*** date that counts, which the Plaintiffs asked for in discovery, but were rebuffed. Plaintiffs' concerns regarding the alleged "BLA compliant" lots appear valid.

Indeed, this Court has already opined, *"For starters, FDA licensure does not retroactively apply to vials shipped before BLA approval...Thus, as a legal matter, vaccines sent before August 23 and vaccines produced after August 23 in unapproved facilities remain "product[s] authorized for emergency use under*

*section 564 of the Federal Food, Drug and Cosmetic Act."* (See ORDER, Doc 47 at page 14).

It should now become abundantly clear why the DoD did not want to answer the Plaintiffs' RFP regarding the manufacturing date of these "BLA compliant" vials. Simply stated, it would doom the Defendants' thesis.

The FDA can, in theory, extend the expiration date to infinity (e.g., Lot FF2587 and Lot FF2593 were extended several times). However, absent the Defendants' ability to time travel, the manufacturer date for the specific lot cannot be changed. **It always remains the same**. (Emphasis added).

Furthermore, if Defendants simply researched the VAERS database, then they would have easily found ALL four lot numbers listed as "Pfizer-BioNTech BNT162b2," the unapproved product. The VAERS database has multi-thousands of reported adverse events with those lots, including those posted by the military.

By way of example, VAERS ID 1658665, a publicly available document, entered on August 31, 2021, and administered by the Military, lists the following, stated in part: Lot number FF2587, Pfizer-BioNTech. "PATIENT PRESENTED TO CLINIC FOR PFIZER COVID VACCINE DOSE 2 (**LOT FF2587, EXP 12/31/21**). AFTER RECEIVING DOSE 2 OF COVID VACCINE, PATIENT BEGAN TO HAVE SYSTEMIC ITCHING. PATIENT ALSO HAD RASH ON

TORSO. PATIENT STATED HE FELT SLIGHLY LIGHTHEADED."[4] (Emphasis added).

Reporting false data to VAERS is a felony. According to VAERS, Lot FF2587 had an original expiration date of 12/31/21, which gave the lot around a six-month shelf life, and once again clearly shows it pre-dates the Comirnaty approval. Amicus already informed the Court (and thus Defendants were provided "DUE NOTICE") that the CDC did not have any stored files on lot numbers for FDA approved Covid-19 vaccines. (See Doc 66 at 11:1-9).

Further analysis of the VAERS data does not bode well for Defendants. For example, VAERS allows any person to search also by AGE. There are reports of children (e.g., minors under 16) having adverse events for all FOUR lot numbers connected to the Rans Decl., thereby making it **impossible** for these lots to be "BLA compliant" (which is analogous to FDA-approved for those aged 16 and up). (Emphasis added). Therefore, these lots are pursuant ONLY to the EUA, period.

Amicus respectfully requests the Court to ponder the following questions: What inquiry *"reasonable under the circumstances"* pursuant to F.R.Civ.P. 11(b) was conducted to warrant such representations to the Court in the Rans Decl.? What factual contentions pursuant to F.R.Civ.P. 11(b)(3) had evidentiary support?

---

[4]https://medalerts.org/vaersdb/findfield.php?TABLE=ON&GROUP1=AGE&EVENTS=ON&VAX=COVID19&VAXLOT=FF2587 (visited June 21, 2022).

Was it just a case of shoddy due diligence, or does it give rise to the level of a sanctionable offense? That is not for Amicus to decide, he is only the messenger.

The 11th Circuit has stated, *"The importance of using the Rules to uncover bogus claims and defenses, thereby reducing the parties' dispute to its bare essentials, cannot be overemphasized."* See Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001). Indeed, it was always Defendants, NOT the Plaintiffs, who made the claim of "BLA compliant" lots. This was partly based on the "Dear HCP" letter from BIONTECH, a German based firm whereby the signed letter reads more like a press release to an unnamed "Healthcare Professional." Plaintiffs' counsel referred to these lots on the docket as a "red herring." Amicus agrees.

If Congress wanted to take a "hybrid" approach to a statute (i.e., by allowing an EUA label to also be deemed FDA approved), it would have done so. It did not. Indeed, Defendants cite no authority allowing it. *"A lack of historical precedent tends to be the most telling indication that no authority exists."* See Free Enter. Fund. v. Pub. Co. Acct. Oversight Bd., 561, U.S. 477, 505 (2010).

The party making a claim must be able to support it. The information sought by Plaintiffs is in the possession, custody or control of DoD, since it is the DoD that paid Pfizer $1.95 BILLION to purchase the first one-hundred-million doses. See United States *ex. rel.* Brook Jackson v. Ventavia Research Group et al., No. 1:21-cv-00008-MJT (E.D. TX 2021). (Doc 17, Amend. Compl. at 1). Given that

the Defendants' own filings are self-defeating, the Court may eventually conclude post-discovery: there are only EUA lots; the "BLA compliant" were nonexistent.

**<u>THE NON-AVAILABILITY OF "FDA APPROVED" COMIRNATY</u>**

Regarding Comirnaty, it is now undisputed that the factual contentions in both the SAC (Doc 56) and the Amicus Brief (Doc 66) were correct in stating "no availability" of Comirnaty from the time of the BLA approval August 23, 2021. Of course, this also means that NOBODY was getting Comirnaty in the entire United States when the FDA issued the press release, or when DoD initiated the DoD mandate on August 24, 2021, or anytime thereafter. Indeed, Defendants only recently claimed that *"As of May 20, 2022, Comirnaty-labeled vaccine is now available for DoD ordering."* (See Rans Decl. at ¶ 11). Also, Defendants only recently conceded that *"Prior to this, DoD was not in possession of Comirnaty-labeled vaccine."* (See Rans Decl. n.7).

Defendants have repeatedly stated *prior* to allegedly having access to Comirnaty that the *"Pfizer-BioNTech EUA and BLA lots are interchangeable."* However, to support a claim that TWO products are "interchangeable," **<u>both</u>** products must actually be **<u>available</u>**. (Emphasis added). Yet, the record shows that both products were not. It appears that Defendants have operated on bad faith from the beginning, and as Amicus will show, the pattern has continued.

Plaintiffs attempted to resolve the issues regarding their discovery disputes

via a letter sent to Defendants dated April 20, 2022. (See Doc 89-4). In Plaintiffs' RFP to Defendant Lloyd Austin (Doc 89-2), Plaintiffs sought the Defendant Austin to produce all of the following, including, but not limited to, purchase orders, manufacturing and expiration dates (RFP 1a and 1c); legal, chemical, medical or manufacturing differences between Comirnaty and EUA-labeled vaccines (RFP 8c); the unavailability of Comirnaty (RFP 8f); the rationale for not selling or distributing Comirnaty (RFP 9a); requests to order Comirnaty or inquiries regarding future availability of Comirnaty (RFP 9b); how to explain the distinction between Comirnaty, EUA and "BLA-compliant" doses (RFP 17b); and compliance with informed consent requirements (RFP 18a).

Defendants objected to the RFPs, claiming the requests were *"overbroad, unduly burdensome, disproportionate to the needs of the case."* (See, in general, Doc 89-3). However, the **manufacturing and expiration dates** of the vials are quite relevant, as are the purchase orders relating to the legal categories of the ordered vaccines, and compliance regarding informed consent. (Emphasis added).

Defendants now claim they have Comirnaty, yet the official list of required vaccines for the U.S. Military does not include Comirnaty. It is not searchable as a product on Vaccines.gov.[5] Indeed, Vaccine Finder, an online searchable database by zip code, still has NO listing for either Comirnaty (or Spikevax), anywhere.

[5] https://www.vaccines.gov/search/ (visited June 21, 2022).

The National Vaccine Injury Compensation Program ("NVICP") table does not list Comirnaty.[6] The NVICP covers most vaccines given in the U.S. It must be FDA approved and it must be subject to an excise tax by federal law.

Furthermore, the NDC directory lists Comirnaty with a "Related Code" that links directly to the Pfizer-BioNTech BNT162b2, (i.e., the EUA product).[7] The FDA has several disclaimers regarding the NDC directory, including as follows: *"Inclusion in the NDC Directory does not indicate that FDA has verified the information provided or that the products are FDA approved. Assignment of an NDC number does not in any way denote FDA approval of the product. Any representation that creates an impression of FDA approval because a product has an NDC number is misleading and violates federal law."*[8]

It is quite interesting to note that in Defendants' opposition to the motion to compel, counsel for the defense makes a point that *"Comirnaty-labelled vaccine is available, and specifically available to these Plaintiffs."* (See Doc 96 at 5). Why *"these Plaintiffs"* and not to the public? Plaintiffs should be entitled to discovery regarding the origination facility/manufacturing date of the list of doses claimed by DoD that is *"specifically available to these Plaintiffs."* (See Doc 96-4).

---

[6] https://www.hrsa.gov/vaccine-compensation/covered-vaccines (visited June 21, 2022).

[7] https://ndclist.com/ndc/0069-2025/related (visited June 21, 2022).

[8] https://www.fda.gov/drugs/drug-approvals-and-databases/national-drug-code-directory (visited June 21, 2022).

Amicus informs the Court that Comirnaty is available, albeit NOT the "FDA approved" version.[9] See Robert v Austin, (Case 22-1032, 10th Cir., June 17, 2022), Appellants' Reply Brief, page 1-2, whereby counsel stated as follows:

*"Defendants' conduct is a bait-and-switch in violation of the foregoing legal standards;* ***they cite a European-licensed (foreign) vaccine not eligible for US licensure*** *while actually imposing a biological genetic engineering injectable that is disguised as a licensed vaccine on their very own, entirely voluntary service members and finest examples of people that form our society."* (Emphasis added).

Defendants relied on an FDA press release to initiate the DoD mandate. Then Defendants claimed that two products were "interchangeable" even when one of those two products was not available. Then Defendants created a *new* category of product, the "BLA-compliant" lot (which misled the Court). Then Defendants could not find any Spikevax. Now, Defendants are facing discovery disputes, so Defendants found yet *another* workaround, the magic arrival of "Comirnaty."

In the interim, Defendants are seeking binding contracts from the Plaintiffs to quash the case. (See Doc 96-6). For example, the declaration of Plaintiff MSGT Nickolas Kupper, states in part, ***"...I had been given a deadline of 20 May 2022 to sign a memo saying that I would take a "BLA-compliant vaccine"...".*** (See Doc 91-3 at ¶ 14). (Emphasis added). The entire declaration speaks for itself.

---

[9] https://www.ema.europa.eu/en/medicines/human/EPAR/comirnaty (visited June 21, 2022).

This is still the *pleading stage*, and absent witness testimony subject to cross examination, neither the Court nor the Plaintiffs need to accept ***Defendants' conclusory statements couched as fact***. (Emphasis added). Without a full factual development of the record, they are threadbare recitals, gossamer in nature, barely rising above the level of speculation, and resemble a house of straws built on sand.

## CONCLUSION

As the Honorable Emmet G. Sullivan clearly opined, *"The women and men of the armed forces put their lives on the line every day to preserve and safeguard the freedoms that all Americans cherish and enjoy. Absent an informed consent or Presidential waiver, the United States cannot demand that members of the armed forces also serve as guinea pigs for experimental drugs."* See Doe v. Rumsfeld, 297 F.Supp.2d 119, 135 (D.D.C. 2003). ("Rumsfeld").

Defendants have continued to avoid providing proper informed consent from the onset. The options for the members of the Armed Forces are to either voluntarily accept an available EUA/IND Covid-19 vaccine, or to refuse. Refusing may *not* be subject to consequences in terms of any type of punishment, including disciplinary action under the Uniform Code of Military Justice (e.g., Article 92 violations); adverse personnel action; being considered non-deployable or processed for separation based on refusal; or penalty for loss of entitlement for refusing. (e.g., see Rumsfeld).

Defendants' claims of a DoD *"lawful order"* and the products being *"interchangeable"* are simply a glorified continuation of the *ipse dixit* by Defendants, their agents, and their respective counsel. The Plaintiffs continue to challenge the lawfulness of the DoD mandate **and** the FDA approval of Comirnaty, thus warranting a full adjudication on the merits. (Emphasis added).

For any person who took the experimental Covid-19 inoculation believing (incorrectly) that it was an FDA approved product,[10] that it was subject to a lawful mandate, and/or that it was *"safe and effective"* (a legal term applicable *only* to FDA approved products), it will require some introspection, and perhaps a bit of humility, to eventually realize that they were *duped* into compliance.

WHEREFORE, Amicus respectfully requests that the Plaintiffs' motion to compel be GRANTED.

Respectfully submitted on this day of June 23, 2022

By: [signature]

Pritish Vora, Amicus Curiae, Pro Se

---

[10] Pfizer must submit to Investigational New Drug Application ("IND") number 19736 periodic safety reports to FDA at monthly intervals, whereas Moderna must submit to IND number 19745 periodic safety reports to FDA every two months. This information is/was readily available in the public domain at FDA.gov but buried within the reissued letters of authorization by FDA.

## CERTIFICATE OF COMPLIANCE

I, Pritish Vora, Amicus Curiae, hereby certify that this Amicus Curiae brief in support of the Plaintiffs' motion to compel contains 3,295 words according to Microsoft Word in 14-point font, double-spaced, thus in compliance with Florida Northern District Court Local Rule 5.1(C) regarding format, and Rule 7.1(F) regarding 8,000 word count maximum.

Respectfully submitted by:

Pritish Vora, Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy #530
Mission Viejo, CA 92691
(949) 292-8359
pvora2112@gmail.com

## CERTIFICATE OF SERVICE

I, Pritish Vora, Amicus Curiae, hereby certify that I sent my Amicus Brief to the Clerk of the Court via FedEx on June 23, 2022, and a copy was mailed via U.S. Postal Service, first class prepaid, to the following parties:

Respectfully submitted by:

[signature]

Pritish Vora, Amicus Curiae, Pro Se
27758 Santa Marg. Pkwy #530
Mission Viejo, CA 92691
(949) 292-8359
pvora2112@gmail.com

Attorneys for the Plaintiffs:

Brandon Johnson
DC Bar No. 491370
Travis Miller
Texas Bar No. 24072952
Defending The Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel: (214) 707-1775
bcj@defendingtherepublic.org
traviswmiller@gmail.com

Ibrahim Reyes, Esq.
Florida Bar No. 58798
REYES LAWYERS, P.A.
236 Valencia Avenue
Coral Gables, FL 33134
Tel: (305) 445-0011
ireyes@reyeslawyers.com

Attorneys for the Defendants:

Amy E. Powell
Senior Trial Counsel
United States Dept. of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919) 856-4013
Amy.Powell@usdoj.gov


FedEx
ORIGIN ID:JORA (949) 282-8359
PRITISH VORA
27758 SANTA MAR. PKWY. #530
MISSION VIEJO, CA 92691
UNITED STATES US
SHIP DATE: 23JUN22
ACTWGT: 0.45 LB
CAD: 6991438/SSF02321
BILL CREDIT CARD
TO U.S COURTHOUSE
CLERK OF THE COURT
ONE NORTH PALAFOX ST.
PENSACOLA FL 32502
(850) 435-8440
REF:
INV:
PO:
DEPT:
Part # 156297-435 RRDSF EXP 01/23
FedEx
Express
E
REL#
3785346
FRI - 24 JUN 4:30P
TRK# 0201 2747 1285 9600
STANDARD OVERNIGHT
XH PNSA
32502
FL-US BFM
RT539
FZ
6
16:30
B
9600
06.24