IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BENJAMIN COKER,** *et al.*,

        **Plaintiffs,**

  v.                                     **Case No. 3:21-cv-01211-AW-HTC**

**LLOYD AUSTIN, III,** *et al.*,

        **Defendants.**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (quotation omitted). "The Supreme Court has stressed on multiple occasions the need to construe the Rules liberally to allow for robust discovery." *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276-77 (11th Cir. 2021).

After this Court rejected Defendants' attempt to stay discovery, Defendants decided to impose their own type of discovery stay, asserting that they need not produce documents "beyond the administrative record." *See, e.g.*, ECF 89-3 at p. 7. Defendants' Opposition to Plaintiffs' Motion to Compel ("Opposition") only doubles-down on this impropriety, standing in contradiction to this Court's order denying the discovery stay and the principles of broad discovery favored by the Federal Rules. Complete responses to Plaintiffs' requests should therefore be compelled.

## ARGUMENT

**Vaccine Availability (RFP #1).** Defendants argue that none of the documents Plaintiffs seek in RFP #1 "are relevant" to Plaintiffs' claims and that "information about DoD policy does not fall within RFP1." ECF 96 at p. 3-4. In doing so, Defendants misconstrue the documents sought in RFP #1 to avoid their discovery obligations.

As Plaintiffs have explained to this Court, the production requested by Plaintiffs is essential for an understanding of the Military Defendants' inventory of BLA-compliant vaccines; the unavailability of vaccines that would allow for compliance with the DOD Mandate; and the Military Defendants' policy requiring service members – including Plaintiffs – take EUA vaccines. ECF 89-1 at p. 5. This information is relevant to the parties' claims and defenses, and is certainly necessary for "resolving the issues" presented to this Court. *See* Fed. R. Civ. P. 26(b)(1).

**Military Defendants/FDA Communications (RFP #8).** Defendants allege the discovery requested in RFP #8 is not allowed absent a strong showing of bad faith or improper behavior. ECF 96 at p. 4. This is untrue. The records requested by Plaintiff are part of the administrative record. It is therefore not necessary, as Defendants insist, that Plaintiffs make a strong showing of bad faith or improper behavior. Should Defendants wish to specify which communications are privileged – as opposed to the speculation of privilege offered in their Opposition – then they are entitled to do so. Otherwise, Plaintiffs are entitled to these documents.

**Comirnaty (RFP #9).** This request seeks communications with "employees or representatives of Pfizer or BioNtech" regarding Comirnaty's availability and reasons for not selling or distributing the vaccine. Defendants allege these communications are "irrelevant" and "moot," and otherwise "should be resolved on the basis of an AR." ECF 96 at p. 5-6. Defendants are mistaken. These responses are

essential for Plaintiffs to understand why Comirnaty remained unavailable nearly one year after licensure as likely thousands of military service members have been discharged for not taking an unavailable vaccine. This goes to the heart of Defendants' unlawful implementation of the DOD Mandate.

**Training/Guidance (RFP 18).** Defendants seek to avoid discovery into training materials or guidance on issues including the "distinction between Comirnaty, EUA and 'BLA compliant' doses," alleging this discovery "is not at issue in this case" and is therefore "not proportionate to the needs of the case." ECF 96 at p. 6. Defendants could not be more wrong. Contrary orders and guidance are strongly related to Plaintiffs' claims and must be produced.

**Policy re BLA-Compliant Vaccines (RFP 19.a).** Defendants purport to have "provided the relevant policies and procedures" responsive to RFP19.a. ECF 96 at p. 5-6. The issue with Defendants' purported production is that they limited it to what they consider to be the administrative record, though discovery on these policies and procedures is allowed *outside* the administrative record.

In any event, they argue RFP19.a is "wholly irrelevant now because both BLA-compliant and Comirnaty-labelled vaccines were made available to the Plaintiffs." ECF 96 at p. 7. Defendants must be required to either produce the requested policies and procedures, or admit they do not exist. Furthermore,

Defendants' relevance objection, brought at this late stage, should be ignored as they failed to make that objection in their response. *See ECF* 89-3 at p. 29-30.

**Vaccine Safety/Adverse Effects (RFP #17d/#19b).** Defendants inform this Court that RFPs 17.d and 19.b has "no bearing on the Court's evaluation of the DoD mandate and implementation." ECF 96 at p. 7. Defendants' assertion is fundamentally flawed. As Plaintiffs have informed the Court, this information is essential to their claims that the Military Defendants gave no consideration to alternatives to mandated vaccinations and refused to consider the health risks these vaccines presented to service members.

**Procedural Requirements (RFP #20).** Defendants justify non-production on the basis that that "Plaintiffs fail to explain why the requested documents are relevant." ECF 96 at p. 8. It is quite clear, however, that the requested records are essential for Plaintiffs' APA claim under 5 U.S.C. 706(2)(D), as they would show that the Military Defendants failed to comply with their own procedures.

## CONCLUSION

In conclusion, and for these reasons, Plaintiffs request this Court grant Plaintiffs' Motion to Compel. In the alternative, Plaintiffs request the extension of the discovery period.

Dated: June 24, 2022            Respectfully submitted,

                                         */s/ Brandon Johnson*
                                         DC Bar No. 491370
                                         Defending the Republic
                                         2911 Turtle Creek Blvd., Suite 300
                                         Dallas, TX 75219
                                         Tel. 214-707-1775
                                         Email: bcj@defendingtherepublic.org

                                         *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, I electronically filed the foregoing notice with the Clerk of the Court by using the CM/ECF system, which will notify all attorneys of record of the filing.

                                         */s/ Brandon Johnson*