**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**BENJAMIN COKER, *et al.*,**

**Plaintiffs,**

**v.** **Case No. 3:21-cv-01211-AW-HTC**

**LLOYD AUSTIN, III, *et al.*,**

**Defendants.**

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to the Court's August 18, 2022 order, ECF 105, Plaintiffs submit this supplemental brief in support of Plaintiffs' Opposition to Defendants' January 14, 2022 Motion to Dismiss, ECF 68.

## I. DEFENDANTS' OFFER OF COMIRNATY

On June 10, 2022, Defendants informed Plaintiffs that they had a limited supply (35,000 doses) of "Comirnaty-labeled vaccine." *See* Ex. 1, June 10, 2022 Email from DOJ, at 5. Plaintiffs and Plaintiffs' counsel have attempted to verify that the Department of Defense ("DOD") has in fact obtained the product licensed by the Food and Drug Administration ("FDA"), labeled consistent with FDA requirements, and manufactured in accordance with the Biologics License Application ("BLA").

Plaintiffs have justifiable—and still unaddressed—concerns regarding the newly offered products based on a past history of misrepresentations by Defendants and whistleblower testimony demonstrating that the DOD product is not FDA-

approved Comirnaty. Defendants misrepresented that they had Comirnaty in filings with this Court in October, *see* ECF 41 at 46 ("DOD has a supply of Comirnaty"), a claim they were forced to withdraw upon direct questioning by this Court. *See* ECF 45 at 47:21-48:17. Defendants have consistently claimed to have Comirnaty available for Plaintiffs, claims proven to be false upon inspection by Plaintiffs.[1]

Military whistleblowers have inspected the "Comirnaty-labeled" vials and lot numbers. The vials available are not in fact FDA-approved Comirnaty. Instead, they are Emergency Use Authorization ("EUA") products (from Lot FW1331, an EUA lot according to the CDC) that were not manufactured in accordance with the BLA or at BLA-approved locations. *See* Ex. 2, Aug. 18, 2022 Letter from Sen. Ron Johnson to DOD, FDA and CDC, at 1-2. These appear to be unlicensed lots deceptively mislabeled using the proprietary name of the FDA-licensed product and as such cannot lawfully be imported into the United States. The FDA has no

[1] The guidance issued by the Armed Services appears to have been interpreted by health care providers ("HCPs"), military treatment facilities ("MTFs"), and commanding officers to mean that the EUA-labeled vaccines "are" licensed or "are" Comirnaty, *see* ECF 68-1, Cossette Decl., ¶7, or that "interchangeability" included "legal interchangeability." *Id.*, Dixon Decl., ¶14. Plaintiffs have also seen the vaccination cards of fellow service members' vaccination cards or medical records that state that they have received Comirnaty (*i.e.*, rather than a BLA-compliant dose). *See id.*, Cossette Decl., ¶ 8 & Thompson Decl. ¶7. When Plaintiffs sought to confirm the availability of Comirnaty or BLA-compliant vaccines, they were told none was available. *See id.*, Kupper Decl., ¶11 (no Comirnaty or BLA-approved lots available); Roberts Decl., ¶9; Connell Decl., ¶4 (no Comirnaty); Cossette Decl., ¶5 (same); Harwood Decl., ¶8 (same); Sigoloff Decl., ¶21 (same); Snow Decl., ¶5; Thompson Decl., ¶5. All Plaintiffs have submitted religious accommodation requests ("RARs"), which provide an independent ground from the claims asserted in this proceeding for not taking the Pfizer or Moderna mRNA treatment.

discretion to waive mandatory requirements prohibiting the import of unlicensed products or labeling requirements.[2] Plaintiffs sought clarification from Defendants the same day as Senator Johnson's letter, *see* Ex. 1, *see* August 18, 2022 Plaintiffs Email to DOJ, at 2, but have not yet received a response. Defendants thus appear to be pulling the same "bait and switch" again. *See, e.g.,* ECF 56, Amend. Compl., ¶ 9. Plaintiffs urge the Court to require Defendants to answer Plaintiffs' questions regarding the provenance of these vials at the August 29, 2022 hearing.

If FDA-approved Comirnaty is in fact available, Defendants' offer has no impact on Plaintiffs' claims or the jurisdiction of this Court based on the following undisputed facts: (1) no Comirnaty was available from the issuance of the Mandate in August 24, 2021 through at least June 2022; (2) DOD considered FDA-licensed and labeled vaccines as "legally interchangeable" with EUA vaccines, which could be mandated "as if" they were FDA-licensed and labeled vaccines from the date of the DOD Mandate through the present;[3] (3) all Plaintiffs' injuries occurred during

[2] *See, e.g., Beaty v. FDA,* 853 F.Supp.2d 30, 36 (D.D.C. 2012), *aff'd in part, vacated in part sub. nom. Cook v. FDA*, 733 F.3d 1 (D.C. Cir. 2013) (FDA non-enforcement amounted to unlawful "affirmative acts of approval" granting license to permit imports of unlicensed products); *Alliance for Bio-Integrity v. FDA*, 116 F.Supp.2d 166 (D.D.C. 2000) (FDA policy not to enforce requirements against a whole category of products or "not to regulate an entire class of conduct" was a "major policy decision" that exceeded enforcement discretion and was subject to review and therefore was not immune from review for actions "committed to agency discretion").

[3] The availability of FDA-licensed and labeled Comirnaty has no legal significance for Defendants. They have insisted from the outset through the present that EUA and FDA-licensed vaccines are legally interchangeable and that EUA vaccines may be mandated "as if" they were the FDA-licensed vaccines. *See generally* ECF 79, Apr. 22, 2022 PL Supp. Brief, at 1-3. The same arguments apply to the purported availability of Spikevax, the FDA-licensed version of the

the period when the DOD unlawfully mandated EUA vaccines and no Comirnaty was available; (4) Defendant DOD has offered no assurances and no reason to believe that agreeing to take Comirnaty will remedy any of these injuries, *see* Ex. 1, July 22, 2022 Email from DOJ, at 3; and (5) Defendant DOD has disciplined, forced into retirement or is separating Plaintiffs for refusal to take EUA vaccines. *See infra* Section IV. Further, there are not sufficient quantities of Comirnaty for unvaccinated or partially vaccinated members.[4]

Defendants' offer does not affect Plaintiffs' standing because it does nothing to eliminate or redress Plaintiffs' existing injuries due to noncompliance with the Mandate to take an EUA vaccine. Nor will it preclude any future injuries because the DOD had not rescinded or altered its policy, and due to the insufficient quantities available, they will still have to take EUA vaccines to comply.

Even if this Court were to decide that the availability of small and insufficient quantities of Comirnaty could moot Plaintiffs' statutory claims, their claims "would avoid mootness" due to "the presence of an issue capable of repetition, yet evading

---

Moderna product. Defendants also have an unlicensed EUA version of Novavax. The availability of another EUA product is not relevant to Plaintiffs' claims.

[4] Comirnaty is not available in sufficient quantities to provide to the eligible population. The stock of 35,000 doses (assuming they are all still available) is sufficient for 17,500 service members. Based on publicly available information, it appears that there are over 25,000 unvaccinated with RARs, which includes all Plaintiffs, and an additional 270,000 partially vaccinated service members. *See* DoD. *Coronavirus: DOD Response*, Table: DOD Vaccination Data, available at: https://www.defense.gov/Spotlights/Coronavirus-DoD-Response/ (last visited July 19, 2022). This means that the available supply is sufficient for perhaps 10% of service members so that 90% would be required to take an unlicensed EUA vaccine.

review" because: (1) "the challenged action was too short to be fully litigated before its cessation or expiration, and (2) there [is] a reasonable expectation that [Plaintiffs will] be subjected to the same action again." *Fla. Bd. of Bus. Regul. v. N.L.R.B.,* 605 F.2d 916, 920 (5th Cir. 1979) (citation and quotation marks omitted). Defendants' consistent and current policy is that EUA vaccines may be mandated, and they have not renounced or reversed that policy formally or informally. *See* ECF 82, DF Apr. 22, 2022 Supp. Brief, at 2-3. These violations will continue in the future both for the current Mandate due to insufficient supply and almost certainly in the future due to the likely requirement of EUA boosters and/or new variant-specific vaccines.

## II. SCIENTIFIC CONSENSUS & CDC GUIDANCE ON OMICRON

On July 21, 2021, in a CNN Town Hall, President Biden informed the American people that "You're not going to get COVID if you have these vaccinations,"[5] suggesting 100% efficacy. On July 21, 2022, exactly one year later, the White House announced that a fully vaccinated and double boosted President Biden had contracted COVID. According to his Press Secretary, the President and his doctors "knew this was going to happen" and that "at some point, everyone is going to get COVID." Ex. 4, July 21, 2022 White House Press Briefing, at 16.

[5] *See* Jason Lemon, *Video of Biden Saying Vaccinations Prevent COVID Resurface After Infection,* Newsweek (July 21, 2022), available at: https://www.newsweek.com/joe-biden-2021-video-saying-vaccinations-prevent-covid-resurfaces-1726900 (last visited Aug. 8, 2022).

President Biden's 180-degree reversal reflects the sea change in the scientific consensus over the past year, and the grudging acknowledgement that, as Plaintiffs have argued all along, the "vaccines" are not vaccines, but rather a moderately effective treatment. *See, e.g.,* ECF 11, PL Oct. 8, 2021 Motion, at 12-14. Pfizer's CEO acknowledged back in January 2022 that the mandated two-dose regimen "offer[s] little, if any protection against [Omicron] infection."[6] While Omicron is much more transmissible, it is also much less deadly to healthy service members. No active-duty service member, vaccinated or not, has died since November 2021 when the Omicron variant became prevalent. *See* Ex. 5, Rans Decl., at 12-13.

On August 11, 2022, the CDC's recommendations finally caught up with the scientific consensus on Omicron by issuing updated guidance to "***no longer differentiate based on a person's vaccination status***." *See* Ex. 6, Aug. 11, 2021 CDC Summary of Guidance, at 5 (emphasis added). Defendants, who claim to rely on CDC guidance, have ignored this guidance, as well as CDC guidance regarding boosters, *see* ECF 68 at 32, in violation of their own regulations.[7] The Safer Federal

---

[6] *See New COVID-19 Vaccine That Covers Omicron 'Will Be Ready in March,' Pfizer CEO Says* Yahoo!Finance (Jan. 10, 2022) (transcript of video interview with Pfizer CEO Albert Bourla), available at: https://finance.yahoo.com/video/covid-19-vaccine-covers-omicron-144553437.html (last visited Aug. 8, 2022).

[7] *See* Ex. 7, Defense Health Agency Memorandum, DHA-IPM 20.004, Implementation of Department of Defense (DoD) Coronavirus Disease 2019 (COVID-19) Vaccination Program Implementation (June 16, 2022), Attach. 2, ¶ 1.b.1 ("Deviation from FDA guidance or CDC recommendations will be published in policy.").

Workforce chose to immediately follow the CDC guidance, *see* Ex. 8, leaving the DOD as the outlier in clinging to outdated and obsolete scientific understandings as a pretext to justify punitive and discriminatory treatment of Plaintiffs.

## III. SUPPLEMENTAL LEGAL AUTHORITY

Since the Motion to Dismiss was briefed, district courts have issued class-wide injunctions for three of the Armed Services Defendants (Air Force, Marine Corps and Navy).[8] While these class-wide injunctions were issued based on violations of the Religious Freedom Restoration Act ("RFRA"), their findings are applicable to the Court's analysis of Plaintiff's claims under the Administrative Procedure Act because they confirm that Defendants did not consider any alternative to 100% vaccinations. *See* ECF 79 at 3-5. The RFRA cases provide further support for Plaintiffs' claims the DOD Mandate has been implemented by imposing arbitrary sanctions, contrary to CDC recommendations and lacking in scientific support.[9]

Plaintiffs also wish to bring to the Court's attention a line of cases that found unlawful categorical bans of HIV-positive and transgender service members that are

---

[8] *See Navy SEALs 1–26 v. Austin*, No. 4:21-cv-1236, 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022) (Navy class-wide preliminary injunction), *appeal filed* No. 22-10534 (5th Cir. May 27, 2022); *Doster v. Kendall*, 2022 WL 2974733 (S.D. Ohio July 14, 2022) (Air Force class-wide PI); Ex. 9, *Colonel Financial Management Officer v. Austin*, MDFL No. 8:22-cv-1275-SDM-TGW, ECF 229 (Aug. 18, 2022) ("*CFMO*") (Marine Corps class-wide injunction).

[9] *See, e.g.,* Ex. 9, *CFMO* Slip op., at 38 (Defendants statistics do not support the mandate and denial of exemptions because they fail "to disaggregate by age, by medical characteristics (for example, BMI, diabetes, high blood pressure, etc.), by assignment and the like," consist of "mostly historical data from the 2020 and 2021 pre-Omicron, pre-vaccine phase of the pandemic," and fail "to address the present state of 'the force'").

remarkably similar to the DOD Mandate, and its draconian and unprecedented categorical ban on unvaccinated soldiers. Those bans were unlawful because they deprived soldiers of the individualized determinations required by military regulations and were based on "obsolete" scientific evidence. These courts also resoundingly rejected Defendants' claims that the policies were not justiciable or reviewable and were due deference to military expertise and discretion.[10]

## IV. PLAINTIFFS' STATUS AND INJURIES

Defendants have strenuously argued that this Court lacks subject matter jurisdiction because Plaintiffs have not suffered any injuries or their claims are not ripe. This was not true at the time Plaintiffs filed the Opposition six months ago in February, and it is laughable now. Plaintiffs Furman, Karr and Snow have been forced into early retirement; Major Harwood has completed his Board of Inquiry (recommending separation), and Major Kaltrider's Board is scheduled for the date of the hearing on August 29, 2022; MSGT Kupper and Captain Cothran had started the separation process and Major Roberts was set to commence the process when *Doster* class-wide injunction halted the process; Plaintiff Connell is in the Medical Evaluation Board process to get his disability rating before separating. All Plaintiffs

[10] *See generally Roe v. Shanahan*, 359 F.Supp.3d 382, 421 (E.D. Va. 2019) (enjoining categorical ban on HIV-positive service members), *aff'd sub nom.*, *Roe v. Dept. of Defense*, 947 F.3d 207 (4th Cir. 2020); *Harrison v. Austin*, 2022 WL 1183767, at *11 (E.D. Va. Apr. 6, 2022) (same); *Doe 1 v. Trump*, 275 F.Supp.3d 167, 206 (D.D.C. 2017) ("*Doe 1*"), *stay denied pending appeal* 2017 WL 6553389 (D.C. Cir. Dec. 22, 2017) (transgender ban); *Stone v. Trump*, 280 F.Supp.3d 747 (D. Md. 2017), *stay denied pending appeal* 2017 WL 9732004 (4th Cir. Dec. 21, 2017),

have submitted an RAR, 8 of 18 have been denied or discharged before they could appeal, and several have appeals pending.[11] Most Plaintiffs have been subject to severe restrictions on travel and training that prevents them from performing their duties, attending required schools to maintain qualifications, prevented from taking new assignments or PCS. Several have had medical exemption requests denied once if not twice.[12]

Three of four Armed Services Defendants are subject to class-wide injunctions based on findings of "systemic" violations of service members' religious liberties. *See* Ex. 9, *CFMO* Slip Op., *passim* (used 9 times); *Doster v Kendall*, 2022 WL 2760455, at *5 (S.D. Oh. July 14, 2022) (granting class certification due to "systemic" violations). Accordingly, the only reason that their injuries are not worse—and that 16 of 18 Plaintiffs have not been discharged—is that courts have found that Defendants have engaged in systemic misconduct and taken the nearly unprecedented steps of issuing class-wide injunctions against three branches.

## V. DOD-WIDE NEGATIVE IMPACTS OF DOD MANDATE

Plaintiffs have warned from the outset that the DOD Mandate will result in the loss of hundreds of thousands of service members. *See, e.g.,* ECF 33, PL Reply

[11] Plaintiffs Connell, Cothran, Craymer, Harwood, Kaltrider, Kupper, and Roberts have had their final appeal denied, while Karr was discharged and not given opportunity to appeal. Plaintiffs Cossette, Dixon, Sigoloff, Stermer, and Thompson have pending RAR appeals.

[12] Connnell (denied twice for cancer); Cothran (twice); Craymer (twice); Dixon (twice – nursing and lack of supply); Kaltrider (twice – natural immunity and lack of supply); Karr (fertility); Morgan; Roberts; Sigoloff.

Brief, at 2-3. Unfortunately, Plaintiffs' dire predictions have come true. Over 7,000 service members have already been discharged, and the military faces the loss of up to 300,000 service members. *See supra* note 4. The Army will fall short of its FY22 end strength goal by up to 40,000,[13] while over 60,000 unvaccinated Army reserve and National Guard were barred from service on July 1, 2022.[14] The losses are so great that the Commanding General of the Florida National Guard concludes that the policy "puts national security at risk,"[15] and Senator Thom Tillis (R-N.C.) believes it poses a "long-term threat to the all-volunteer force."[16]

## VI. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss and provide the relief requested in Plaintiffs' pending motions.

---

[13] *See* Opinion: Michael R. Bloomberg, *Military Recruitment Woes Endanger National Security*, Bloomberg (Aug. 8, 2022), available at: https://www.bloomberg.com/opinion/articles/2022-08-08/us-military-has-a-recruitment-and-retention-problem-here-s-how-to-fix-it.

[14] *See* Allie Griffin, *Army Bars More Than 60K National Guards, Reservists from Service, Cutting Off Pay*, NY Post (July 8, 2022), available at: https://nypost.com/2022/07/08/army-cuts-pay-from-over-60k-unvaccinated-national-guard-reserves/ (last visited July 17, 2022).

[15] Maj. Gen. James Eifert, *The Vaccine Mandate Puts National Security at Risk*, Wall Street J. (Aug. 4, 2022), available at: https://www.wsj.com/articles/vaccine-mandate-puts-national-security-at-risk-involuntary-termination-armed-forces-military-covid-pandemic-lockdowns-11659645396 (last visited Aug. 12, 2022).

[16] Tom Jurkowsky, *The Military Has a Serious Recruiting Problem – Congress Must Fix it*, The Hill (June 21, 2022) (*quoting* Sen. Thom Tillis (R-N.C.)), available at: https://thehill.com/opinion/national-security/3527921-the-military-has-a-serious-recruiting-problem-congress-must-fix-it/ (last visited July 17, 2022).

Dated: August 22, 2022

Respectfully submitted,

*s/ Brandon Johnson*
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. (214) 707-1775
Email: bcj@defendingtherepublic.org

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing via CM/ECF on August 22, 2022, which notifies counsel of record of the filing.

*/s/ Brandon Johnson*