IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER,** *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*,<br><br>                    Defendants. | Case No. 3:21-cv-01211-AW-HTC |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to the Order dated August 18, 2022, ECF No. 105, Defendants submit this supplemental memorandum.

**I.     Update on Status of Plaintiffs and Jurisdictional Arguments.**

At the time of the operative complaint, two Plaintiffs lacked standing to seek prospective relief because they were not subject to the mandate at all: Plaintiff Lund had been fully vaccinated, and Plaintiff Furman retired while his religious accommodation request ("RAR") was still pending. *See* 2d Am. Compl. ("SAC") ¶¶ 19, 24, ECF No. 56; Defs.' Memo. Supp. Mot. to Dismiss ("MTD"), ECF No. 65-1, at 15-16 & n.4. Only one of the Plaintiffs had his RAR finally denied, *see* SAC ¶ 20, and he had not been subject to disciplinary action, nor completed the intra-service remedies available to him prior to or following discharge. MTD, at 15-16 & n.4. Plaintiffs with pending RARs or appeals are not required to be vaccinated, and are

1

not subject to discipline. *Id.* Accordingly, Defendants argued both that the Plaintiffs' claims were unripe and that Plaintiffs failed to exhaust military remedies, and could not pursue their claims. *Id.* at 16.

Defendants provide the following status updates on the Plaintiffs: The fully vaccinated Plaintiff voluntarily retired. *See* Ex. 48 (Lund). Another Plaintiff voluntarily resigned after her RAR was denied, and received an honorable discharge. Ex. 45 (Karr). Eight Plaintiffs still have pending RARs or appeals, and thus are not required to be vaccinated. *See* Exs. 52 (Army – Stermer); 50 (Army – Sigoloff); 39 (Navy – Coker); 44 (AF – Dixon); 49 (AF – Morgan); 43 (AF – Craymer);[1] 41 (USMC – Cossette, Thompson). Five Air Force and two Marine Corps Plaintiffs have had their RARs denied, and were in the disciplinary/separation process, but have not received a final decision or exhausted other remedies. *See* Exs. 40 (AF – Connell – no action); 42, 48 (Cothran); 44 (AF- Kupper, Roberts); 51 (AF – Snow); 46 (USMC – Harwood);[2] 47 (USMC - Kaltrider). As set forth in Defendants' MTD, the outcome of those processes is not predetermined, and Plaintiffs have the opportunity to argue to the military why they should be exempt, why they should be retained, and why their records should be altered. At this time, however, Defendants

---

[1] Plaintiff Craymer's first RAR was denied, he refused vaccination, and he received a Letter of Reprimand, but he now has a second RAR pending, and is exempt from the vaccination order. Ex. 43.

[2] A Board of Inquiry does not constitute final action on an officer's status. After completion of a BOI, The Secretary of the Navy takes final action and determines whether an officer will be retained or involuntarily separated from the Marine Corps. SECNAVINST 1920.6D at Encl. 7 ¶13.

cannot discipline or involuntarily separate these Navy, Air Force, or Marine Corps Plaintiffs for failure to be vaccinated as a result of three injunctions entered in class actions against those Services. *U.S. Navy SEALs 1-26 v. Austin,* 2022 WL 1025144 (N.D. Tex. Mar. 28, 2022), appeal filed No. 22-10534 (5th Cir. May 31, 2022) (Navy); *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio July 14, 2022), ECF No. 72 (Air Force); *Col. Fin. Mgmt. Officer v. Austin*, No. 8:22-cv-1275 (M.D. Fla. Aug. 18, 2022), ECF No. 229 (Marines). While Defendants view all three classwide injunctions as unlikely to be upheld on appeal,[3] the injunctions mean that these

---

[3] Defendants have thus far prevailed at the preliminary stage in the majority of cases raising constitutional, RFRA and statutory challenges to the DoD vaccine requirements. *Miller v. Austin*, No. 22-CV-118, ECF. 16 (D. Wy. Aug. 22, 2022) (denying PI on religious freedom claims); *Abbott v. Biden*, 2022 WL 2287547, at *7 (E.D. Tex. June 24, 2022) (denying PI on Tenth Amendment and APA claims), *appeal filed*, No. 22-40399 (5th Cir. June 29, 2022); *Crosby v. Austin*, No. 8:21-cv-2730, 2022 WL 2291244, at *1 (M.D. Fla. June 24, 2022) (dismissing informed consent and APA claims); *Miller v. Austin*, No. 4:22-cv-01739, ECF No. 9 at 3 (S.D. Tex. June 1, 2022) (denying PI based on alleged 10 U.S.C. § 1107a violation); *Roth v. Austin*, 2022 WL 1568830, at *31 (D. Neb. May 18, 2022) (denying PI on First Amendment and statutory claims), *appeal filed*, No. 22-2058 (8th Cir. May 20, 2022); *Knick v. Austin*, No. 22-1267, 2022 WL 2157066, at *3 (D.D.C. June 15, 2022) (denying PI on Fifth Amendment, First Amendment, statutory, and APA claims); *Robert v. Austin*, No. 21-cv-2228, 2022 WL 103374 (D. Colo. Jan. 11, 2022) (denying PI and dismissing APA, constitutional, and other statutory claims), *appeal filed*, No. 22-1032 (10th Cir. Feb. 2, 2022); *Church v. Biden*, 573 F. Supp. 3d 118 (D.D.C. 2021) (denying PI on Fifth Amendment, First Amendment, and statutory claims); *Navy SEAL 1 v. Austin*, 2022 WL 1294486 (D.D.C. Apr. 29, 2022) (denying PI on Fifth Amendment, First Amendment and statutory claims), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022); *Creaghan v. Austin*, 2022 WL 1500544 (D.D.C. May 12, 2022) (denying PI on constitutional and statutory claims); *Thomas Short v. Berger*, 2022 WL 1203876 (D. Ariz. Apr. 22, 2022) (denying PI on statutory claim), *appeal filed*, No. 22-15755 (9th Cir. May 18, 2022); *Vance v. Wormuth*, No. 3:21-cv-730, 2022 WL 1094665 (W.D. Ky. Apr. 12, 2022) (dismissing constitutional and statutory claims); *Mark Short v. Berger*, 2022 WL 1051852 (C.D. Cal. Mar. 3, 2022) (denying PI on constitutional and statutory claims); *Dunn v. Austin*, No. 22-cv-288 (E.D. Cal. Feb. 22, 2022) (denying PI on constitutional and statutory claims); *Oklahoma v. Biden*, 577 F. Supp. 3d 1245 (W.D. Okla. 2021) (denying PI on constitutional and statutory claims); *Guettlein v. U.S. Merch. Marine Acad.*, 577 F. Supp. 3d 96 (E.D.N.Y. 2021) (denying PI on constitutional claims). Moreover, in *Dunn*, where the district court denied the service member's preliminary-injunction motion, the Supreme Court recently denied the member's application for an injunction pending appeal. *Dunn v. Austin*, 142 S. Ct. 1707 (2022) (mem.). In *Navy SEALs 1-*

Plaintiffs face no imminent threat of cognizable injury. Moreover, they have additional procedures available through which, for example, they can insist on taking only FDA-approved vaccine before being subject to final discipline.

Those Plaintiffs who voluntarily separated or retired with an honorable service characterization (Furman, Lund, Karr) lack standing to seek the prospective relief sought in the Complaint. SAC, at Relief Requested (seeking only equitable relief).[4] To demonstrate standing for prospective relief, the injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413 (2013). These Plaintiffs are not subject to the mandate, and have not identified any injury traceable to the Defendants and redressable by this Court. Neither the declaratory nor the injunctive relief would remedy any injury. If they ever had such an injury, it is surely moot now that they are no longer in the military and no longer subject to the mandate.

Those Plaintiffs who have pending RARs are not subject to the vaccine requirement either. Those individuals' claims are not ripe because any alleged harm rests "upon contingent future events that may not occur as anticipated . . . ." *Texas v. United States*, 523 U.S. 296, 300 (1998). MTD, at 13-17; *see also Robert,* 2022 WL 103374, at *3 (denying preliminary injunction and dismissing claims, including

---

*26*, the Supreme Court granted the government's application for a partial stay of the district court's injunction. *Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022) (mem.); *see also Navy SEAL 1*, No. 22-10645 (11th Cir. Mar. 30, 2022) (similar).

[4] Plaintiffs Coker and Thompson have also requested voluntary separation and seem likely to fall into the same category soon.

under 10 U.S.C. §§ 1107 and 1107a, where plaintiffs had not exhausted administrative remedies).[5]

While a few of the Plaintiffs have had RARs denied, none of the Plaintiffs has completed the disciplinary process, or sought review from a discharge review board, or board for correction of military records. And to the extent any Plaintiffs argue that one or more of them have received Letters of Reprimand or other actions, Plaintiffs still have not exhausted the military remedies available to challenge those decisions.[6] *See, e.g., Roberts v. Roth*, 2022 WL 834148 (D.D.C. Mar. 21, 2022) (dismissing claims as unripe, even where his religious exemption appeal had been denied, he had been issued a Letter of Reprimand for remaining unvaccinated after the denial, and an administrative board had recommended his discharge); *see also Knick*, 2022 WL 2157066, at *3; *Church*, 573 F. Supp. 3d at 137-38; *Mark Short*, 2022 WL 1051852, at *4; *Thomas Short v. Berger*, 2022 WL 1203876, at *10; *Vance*, 2022 WL 1094665, at *7; *cf. Frame v. United States*, 2010 WL 883804, at *3 (N.D. Fla. Mar. 5, 2010) (concluding that "because Plaintiff's application to have his discharge

---

[5] Each of the Services has approved some RARs (usually for individuals who are leaving military service). *See generally* Navy COVID-19 update (July 27, 2022 https://perma.cc/RQ5Q-TTZM; USMC Monthly COVID-19 Update (Aug. 4, 2022), https://perma.cc/GBG4-F544; DAF July COVID-19 statistics (published July 2022), https://perma.cc/GE9R-GCQX; Army Updates Total Army COVID-19 Vaccination Statistics (Aug. 12, 2022), https://perma.cc/L9XF-5NSE.

[6] To the extent any Plaintiffs argue that they have received undesirable assignments or been passed over for promotion, they have not alleged that those decisions are traceable to the vaccine mandate, they have not sought a remedy that would redress that injury, and such claims are, in any event, nonjusticiable. *See, e.g., Orloff v. Willoughby*, 345 U.S. 83, 93 (1953); *Speigner v. Alexander*, 248 F.3d 1292, 1296–98 (11th Cir. 2001); *Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring); *Navy SEAL 1*, No. 22-10645 (11th Cir. Mar. 30, 2022).

changed to an honorable discharge is still pending, this case is not ripe"). There is "no injustice in requiring [a service member] to submit to a system established by Congress and carefully designed to protect not only military interests but his legitimate interests as well." *Schlesinger v. Councilman*, 420 U.S. 738, 759–60 (1975). The Court should dismiss all claims, without prejudice, on ripeness grounds or for failure to exhaust administrative remedies.[7]

## II. Availability of Licensed Vaccine and Jurisdictional Arguments.

At the time of the operative complaint, only the COVID-19 vaccine developed by Pfizer-BioNTech had been approved by FDA, and Plaintiffs argued that they did not have access to licensed, Comirnaty-labelled vaccine, or to the EUA-labelled vaccine identified by FDA as BLA-compliant. SAC ¶ 117; *see also* ECF No. 65-14 (defining BLA-compliant lots). Defendants argued that the mandate was facially lawful, both because the existing Pfizer vaccines were interchangeable with the licensed vaccine, and because DoD also had specific EUA-labelled doses that were identified by FDA as BLA-compliant. *See* MTD, at 28-29. Defendants thus argued, initially, that Plaintiffs lacked standing to challenge the mandate on these grounds, because they had never been denied a dose of BLA-compliant vaccine. *Id*.

---

[7] Plaintiffs proposed to address "statistics on service members discharge and facing discharge or placement into the inactive ready reserve based on vaccination status." ECF No. 104. Defendants are not aware of what statistics Plaintiffs plan to offer, but this information is also irrelevant to the motion pending before the Court. That some other individuals could in theory have justiciable claims does not mean that any of these individuals do.

Plaintiffs now have been offered both (1) EUA-labelled, BLA-compliant doses of the Pfizer-BioNTech vaccine, and (2) Comirnaty-labelled, BLA-approved doses of the same vaccine. The availability of licensed vaccines and the option for Plaintiffs to receive those specific doses demonstrates further that they lack standing to challenge the mandate on the grounds that licensed vaccine was unavailable, or that any such claim is moot. They cannot demonstrate a "certainly impending" future injury because they will not be required to take a supposedly EUA vaccine. The BLA vaccines are available, and yet months later, Plaintiffs still refuse to take them.

Three Plaintiffs (Thompson, Karr, Kupper) alleged, at most, that the BLA-compliant vaccine was not present on their bases on a single occasion when their exemptions were still pending. Thompson still has a pending exemption request, Ex. 41, and Karr separated voluntarily, Ex. 45. Only Kupper is arguably subject to the mandate, but his separation proceedings were halted by the *Doster* injunction. Ex. 44. Moreover, in a supplemental declaration filed with the discovery briefing, DoD confirmed that as of May 20, 2022, it continued to have BLA-compliant doses available at multiple locations, and that they could be redistributed. Supp. Rans Decl. ¶¶ 7-9, & Exs. C & E, ECF No. 89-5. Counsel communicated in May that the BLA-compliant vaccine doses were available and DoD would ensure Plaintiffs received BLA-compliant vaccine upon request. ECF No. 96-5. No Plaintiff responded.

The issue of BLA-compliant vaccines, however, is now moot because the exact vaccine that Plaintiffs claim is required – Comirnaty-labelled doses of the

BLA-approved Pfizer vaccine – is also available, and has been specifically made available to Plaintiffs. *See generally Djadju v. Vega*, 32 F.4th 1102, 1108 (11th Cir. 2022) (mootness standards). In May, Colonel Rans confirmed under oath that DoD was ordering Comirnaty-labelled vaccine, and that it would not be restricted. 1st Supp. Rans Decl. ¶ 11. On June 10, DoD made these specific doses available to Plaintiffs via counsel. ECF No. 96-6. DoD can also now confirm that it has in its possession over 5,100 multi-dose vials of Comirnaty-labelled Pfizer vaccine. Ex. 53 ¶ 3. Plaintiffs did not respond until July 19, asking questions about the effect complying with the lawful order would have on their status. Ex. 55, at 4. Defendants responded within days with some of the information requested (including that disciplinary proceedings based on failure to be vaccinated would be halted). *Id.* at 3. Plaintiffs did not respond again until Aug. 18, when this hearing was impending, seeking additional information about the impact on their status and about the nature of the vaccine being offered. *Id.*[8] Defendants have not yet responded, but those questions cannot salvage their claims. Plaintiffs are not obligated to receive an EUA vaccine. Moreover, DoD expects that the EUA-labelled Pfizer vaccine (for adults) in the DoD supply chain will expire in the next few weeks; from October 2022, the

---

[8] Plaintiffs' email suggests that DoD's prior representations in this case were somehow dishonest. But DoD was and continues to be transparent about its use of EUA-labelled vaccine as interchangeable with the BLA-approved vaccine of the same formulation. *See, e.g.*, ECF No. 31, at 21. DoD now has the Comirnaty-labelled, BLA-approved vaccine.

current formulation of the Pfizer vaccine within the DoD supply chain will be all Comirnaty-labelled, BLA-approved vaccine. Ex. 53 ¶ 3.

Accordingly, the service member Plaintiffs have been offered the Comirnaty-labelled, BLA doses of the Pfizer vaccine, and provided a procedure to ensure they can get this vaccine. It is likely that they could also obtain BLA-approved vaccines from other sources at this point. *See* 1st Supp. Rans Decl. ¶ 11. Accordingly, not a single Plaintiff has been subject to final disciplinary action for noncompliance with the August 2021 directive, based on refusal of an EUA vaccine. There is no imminent injury, and no injury at all redressable by this Court.[9]

Because these BLA-approved doses are available to Plaintiffs, (1) Plaintiffs lack standing to challenge the administration of EUA doses, when they can request the BLA-approved doses and have not been refused such doses; and (2) DoD has complied with any arguable additional requirements of Section 1107a of Title 10 by having these doses available.

### III.   Recent CDC Guidance Update.

Plaintiffs proposed to address "current scientific evidence and regulatory guidance regarding Omicron." ECF No. 104. On August 11, 2022, the Centers for

---

[9] As explained previously, FDA approved an additional vaccine, the Moderna vaccine (marketed as "Spikevax"), which Plaintiffs have not challenged. The approval of Spikevax highlights that Plaintiffs lack standing to pursue their challenge to the Pfizer vaccine because even if Plaintiffs were to successfully challenge the approval of Comirnaty, the approved Spikevax could be used to satisfy the DOD mandate. *See* ECF No. 82, at 2. DoD now confirms that Spikevax-labelled, BLA-approved vaccine is available for ordering, and that DoD facilities may order it. *See* Ex. 53 ¶ 4.

Disease Control and Prevention issued the attached Summary of Guidance for Minimizing the Impact of COVID-19 on Individual Persons, Communities, and Health Care Systems. Ex. 54, at 1. The CDC explains that "COVID-19 vaccines are highly protective against severe illness and death," although "[r]eceipt of a primary series alone, in the absence of being up to date with vaccination through receipt of all recommended booster doses, provides minimal protection against infection and transmission" at this time.[10] *Id*. This new guidance has no impact on the Motion to Dismiss. Only the APA claims dispute the safety and efficacy of the vaccine (which CDC continues to affirm), and if those claims survive a motion to dismiss, they are evaluated on the record before the decisionmaker at the time of the challenged agency action. *See* ECF No. 47, at 18-19 (rejecting arguments premised on extra-record evidence).

    The Court should grant Defendants' Motion to Dismiss.

Dated: August 22, 2022

                                  Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Principal Deputy Assistant Attorney General
                                  Civil Division

                                  ALEXANDER K. HAAS
                                  Director, Federal Program Branch

---

[10] In addition, the CDC updated its website, entitled "Benefits of Getting a COVID-19 Vaccine," https://perma.cc/W66Y-3GU7, which continues to emphasize that "COVID-19 vaccines can offer added protection to people who had COVID-19, including protection against being hospitalized from a new infection, especially as variants continue to emerge."

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
LIAM HOLLAND
CATHERINE YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 616-8467
Fax: (202) 616-8470
Email: Amy.Powell@usdoj.gov

*Counsel for Defendants*