# Exhibit 55

| | |
|---|---|
| **From:** | Brandon Johnson |
| **To:** | Powell, Amy (CIV) |
| **Cc:** | Travis Miller; Yang, Catherine M (CIV); Carmichael, Andrew E. (CIV); Avallone, Zachary A. (CIV) |
| **Subject:** | RE: [EXTERNAL] Coker v Austin - Comirnaty-labelled BLA doses |
| **Date:** | Thursday, August 18, 2022 10:49:06 AM |

Amy,

Thank you for your response. I do have some additional questions that need to be answered to properly advise my clients, so for reasons I will explain below, I am not sure that we can characterize this as a settlement offer at this time. That said, I have attempted to tailor the questions to address certain clients' circumstances to move discussions forward.

This is a potential minefield for both Plaintiffs and for us as their attorneys.

As you may or may not be aware, Travis and I engaged in good faith settlement discussions with DOJ and DOD on behalf of a client in another case where we made our position clear that EUA-labeled, BLA-compliant doses were not acceptable to our client, and the DOJ and DOD came back with an offer only to provide an EUA-labeled, BLA-compliant dose, so the parties were not able to reach an agreement to settle the case. In a subsequent motion to dismiss, the DOJ repeatedly alleged Rule 11 violations, asserted that our client and/or us as attorneys (not entirely clear) were attempting to commit a fraud on the court, and used these discussions to attack the credibility and religious beliefs of a highly decorated Sergeant Major with 25 years of service in the Chaplain Corps who assisted in drafting the SOCOM manual on ethics. These allegations were completely without merit, contradicted by the record and procedurally improper to boot, but they have a strong chilling effect on settlement discussions.

There is a pending motion for protective order related to improper settlement communications with our client, MSGT Kupper.

So I just wanted to provide the context for the questions we are asking below, and due to the threat of potential sanctions or being accused of engaging in settlement discussion in bad faith, I would like to ask on a no-names basis what, if any, previous harms would be remedied (or what negative actions/records would be removed or corrected) if they agree to take Comirnaty.

**Questions Regarding Discipline**

What would be the consequences for an individual in the following circumstances for agreeing to take FDA-licensed Comirnaty:

- A Marine who has already had his BOI and is in the separation process. Same question for a Marine facing an upcoming board.

- An Air Force officer or NCO who was forced to retire. Would they be able to reenlist? Would they be restored to their previous position? Same question for Navy officer.

- An Air Force Officer or NCO who was forced to request retirement, but has not yet retired or been discharged due to the *Doster* injunction. Could they withdraw the request and be restored to their previous position?

- An Air Force Officer or NCO with pending RAR appeal who is not permitted to PCS or move to new assignment. Would they be permitted to move to the new assignment?

    A member of any service who has received LOR or negative counseling statements. Would

those be removed from their record?

- A member of any service who has been reassigned to non-deployable unit and subject to travel, promotion, PCS or similar restrictions. Would they be eligible for assignment back to original unit? Another deployable unit? Would the restrictions be lifted?

- If they take Comirnaty, and the DOD subsequently requires EUA boosters, will they be required to take the EUA boosters?

I may not be using the correct military terminology, but the point of the questions is whether taking Comirnaty will allow them to stay in the service and get their careers back on track, or is it too late to take any corrective action to save their careers?

If more information is needed, please let us know.

**Questions Regarding Comirnaty**

Based on previous actions by the Defendants, our clients are not ready to accept at face value their claims regarding the availability of FDA-licensed and labeled Comirnaty or the consequences for them personally if they agree to take it. The DOD and Armed Services initially claimed to have Comirnaty in filings with the Court as far back as October, but counsel had to admit in response to direct questioning from Judge Winsor at the November 3, 2021 that they did not in fact have it. As detailed in their declarations, several plaintiffs were told by their chain of command, MTFs, base immunization, etc. that they did in fact have Comirnaty, but when they went to the clinic or HCP they found that they did not in fact have it. So, it is understandable that we have some questions about this offer to confirm that what the DOD has is in fact the FDA-licensed and labeled Comirnaty (and not, for example, a foreign product that was approved by another regulator and/or with a different formulation).

- We understand that the DOD obtained 42,000 doses of FDA-licensed Comirnaty at some point in early June. Are any still available? If so, how many?

- What are the lot numbers?

- For each lot number, where was that lot manufactured?

- For each lot number, has that lot been licensed by the European Medicines Agency or another non-US regulatory authority? This is a very important question. I started out my career working on international trade in pharmaceuticals between EU and US, and products are designed, formulated and approved with the goal of segmenting these markets and preventing cheaper pharmaceuticals from entering US market. So it is very important to know whether there is some kind of FDA waiver/enforcement discretion being exercised to permit the import of non-FDA-approved drugs as was found impermissible in *Beaty v. FDA*, 853 F.Supp.2d 30, 36 (D.D.C. 2012) ("*Beaty*"), *aff'd in part, vacated in part sub. nom. Cook v. FDA*, 733 F.3d 1 (D.C. Cir. 2013).

- For each lot number, has that lot been manufactured in accordance with a license granted by the EMA or another non-US regulatory authority?

- Have any of the vials in the DOD inventory been relabeled (i.e., originally labeled as EUA

then label changed to Comirnaty)?

Thanks,
Brandon

------- Original Message -------
On Friday, July 22nd, 2022 at 12:35 PM, Powell, Amy (CIV) <Amy.Powell@usdoj.gov> wrote:

> Brandon:
>
> Thanks for the email. To date, we have not proposed a "legally enforceable" settlement as you seem to be contemplating. As previously stated, Comirnaty-labelled vaccine is now available; Defendants have ensured that Plaintiffs may receive the Comirnaty-labelled doses, and explained how they may request it. Plaintiffs can comply with a lawful order, which would halt disciplinary proceedings based on their vaccination status. Or they can continue to refuse to comply with a lawful order and things will continue as they have been. What other legal remedies (eg, removal of a letter of reprimand by the chain of command or by a Board for Correction of Military Records) are available after they become vaccinated will depend on the particular individual and where they are in the process. I cannot offer you legal advice on those questions at this time.
>
> I cannot tell from your email if you are seeking information, or if your clients are interested in settlement. If you have a settlement offer to make, please mark it as such, and I can pass it along and see if anyone is interested in pursuing settlement talks.
>
> As you are no doubt aware, Novavax is now available in the US as well under an EUA, and offers another convenient means by which service members may become fully vaccinated with vaccines available in the U.S.. My understanding is that some people with religious objections to other vaccines are willing to take the Novavax vaccine.
>
> Feel free to give me a call if you have any questions about the above.
>
> Amy Elizabeth Powell
>
> Senior Trial Counsel, Federal Programs Branch
>
> Civil Division, Department of Justice
>
> 150 Fayetteville St, Suite 2100
>
> Raleigh, NC 27601
>
> Phone: 919-856-4013
>
> Email:  amy.powell@usdoj.gov

**From:** Brandon Johnson <bcj@defendingtherepublic.org>
**Sent:** Tuesday, July 19, 2022 1:06 PM
**To:** Powell, Amy (CIV) <Amy.Powell@usdoj.gov>
**Cc:** Travis Miller <traviswmiller@gmail.com>; Yang, Catherine M (CIV) <Catherine.M.Yang@usdoj.gov>; Carmichael, Andrew E. (CIV) <Andrew.E.Carmichael@usdoj.gov>; Avallone, Zachary A. (CIV) <Zachary.A.Avallone@usdoj.gov>
**Subject:** RE: [EXTERNAL] Coker v Austin - Comirnaty-labelled BLA doses

Amy,

We have presented your offer to provide Comirnaty to our clients. We and they have a number of questions as to what are the legal and career effect of accepting the offer and taking Comirnaty.

- Will it restore a service member to the *status quo ante*, *i.e.*, will the DOD or Service commit to wiping the slate clean and restoring them to the position they would have been in terms of service record (e.g., removing adverse paperwork)? NJP/punitive actions? Assignments? Training/schools? Promotions? Pay? Benefits?
- Will DoD commit to a legally enforceable decision to fix the plaintiffs' records, making them whole, restoring them to where they were before the mandate was issued, and do so in a manner that will not harm their promotion or important schooling prospects?
- Will DoD commit to "effective guarantees" that there will be no further retaliation, *i.e.*, in school selections, promotions, assignments, for those who objected to being mandated an EUA vaccine but agree to take Comirnaty?
- Will the Defendants commit to correcting their military records?
- If they are facing a Board or discharge proceedings, can the government commit to immediately stop that process and restoring them to previous position?
- If already retired, discharged, or separated, may they reenlist?
- For those who may have received a General Discharge under Honorable Conditions, will the government commit to correcting the discharge status to a full Honorable Discharge?
- For those who have been moved into IRR or no points/no pay status, will they be restored to their previous position? Will they receive compensation for lost pay?

- What procedures must one pursue to receive any remedy, compensation or corrected records? Will the government direct or instruct Boards, and Service Secretaries, to provide agreed upon relief or compensation?
- Will the DOD commit going forward, now that FDA-licensed Comirnaty is available, that only FDA-licensed vaccines can be mandated and that there will be no future mandates for EUA vaccines (e.g., for boosters or for new variant-specific EUA vaccines)?

Alternatively, will they remain in the same place they are now in terms of adverse personnel actions, discipline, demotions, NJP, lost benefits, etc., etc. discharge, etc.? In other words, will the adverse actions taken against them based on remaining unvaccinated prior to the availability of Comirnaty stand?

So I realize that there are lot of questions here, and it may make more sense to go through these one by one, but the focus should be on what the DoD and Service branch is willing to do in terms of a legally enforceable offer.

Thanks,

Brandon


------- Original Message -------
On Friday, June 10th, 2022 at 5:12 PM, Powell, Amy (CIV) <Amy.Powell@usdoj.gov> wrote:

> Travis, Brandon:
>
> As indicated in the recent supplemental declaration, Comirnaty-labelled vaccine is now available, and Defendants now have over 35,000 doses. While it is the Defendants' position that all EUA-authorized Pfizer-BioNTech doses for adults are interchangeable for the purposes of the mandate to vaccine, in order to address Plaintiffs' assertions they were unable to obtain a Comirnaty or BLA-manufactured doses, I wanted to confirm in writing that any of the Plaintiffs still subject to the mandate may receive the Comirnaty-labelled vaccine  If any of the Plaintiffs wish to do so, please prepare a memorandum for individual's commanding officer committing to taking one of these doses, and we will ensure the request is

appropriately transmitted. Defendants can ensure that the Plaintiff be administered one of those doses. If not, please let us know that as well.  This is not intended as an offer of compromise and we anticipate informing the Court of the offer and any response.

Amy

Amy Elizabeth Powell

Senior Trial Counsel, Federal Programs Branch

Civil Division, Department of Justice

150 Fayetteville St, Suite 2100

Raleigh, NC 27601

Phone: 919-856-4013

Email:  mailto:amy.powell@usdoj.gov