UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BENJAMIN COKER,** *et al.***,**

    Plaintiffs,

    v.                                    Case No. 3:21-cv-01211-AW-HTC

**LLOYD AUSTIN, III,** *et al.***,**

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SUBMIT SUPPLEMENTAL DECALARATION**

Pursuant to the Court's grant of leave at the August 29, 2022 and September 2, 2022 telephonic hearings to file a response to Defendants' August 26, 2022 Motion for Leave to File Supplemental Declaration ("Motion"), ECF 108, Plaintiffs submit this response to Defendants' Motion and Supplemental Declaration.

Exhibit 1 hereto is the declaration of U.S. Coast Guard ("USCG") Lieutenant ("LT") Chad Coppin submitted September 6, 2022 in a related proceeding. *See Bazzrea v. Austin*, SDTX Case No. 3:22-cv-00265, ECF 25-3 (Sept. 6, 2022). LT Coppin is one of the military whistleblowers who submitted the memorandum to Congress members ("Military Whistleblower Memorandum") attached to Senator Ron Johnson's August 18, 2022 letter to the Centers for Disease Control and Prevention ("CDC"), the Department of Defense ("DOD"), and the Food and Drug Administration ("FDA"). LT Coppin personally inspected the "Comirnaty-labeled" vaccines offered by DOD and the USCG. *See* ECF 106-2.

1

LT Coppin's declaration and attachments thereto demonstrate that Kalamazoo, Michigan was not an approved manufacturing location under the FDA-approved Biologics License Application ("BLA") for the Tris/Sucrose formulation at the time that the lot in question (Lot FW1331) was manufactured (January 28, 2022), the lot was released (April 7, 2022), or when the DOD took possession of the product (June 2022). The FDA has approved three BLAs for three different formulations and/or manufacturing locations for Pfizer's COVID-19 vaccines (*i.e.*, Comirnaty). *See* Ex. 1, ¶ 7. The timeline and details for each approval are as follows:

- August 23, 2021: FDA approves the BLA for the original formulation (Purple Cap), Submission Tracking Number ("STN") BL 125742/0, for ages 16 and over to be manufactured in Puurs, Belgium, and Kalamzoo, Michigan. *See* Ex. 1, attach. 4, at 1.

- December 16, 2021: FDA approves the BLA for the Tris/Sucrose formulation (Gray Cap), STN BL 125742/36, for ages 16 and over to be manufactured in Puurs, Belgium (only). *See* Ex. 1, attach. 5, at 1.

- July 8, 2021: FDA approves the BLA for the Tris/Sucrose formulation (Gray Cap), STN BL 125742/45, for ages 12-15 to be manufactured in Puurs, Belgium, Kalamazoo, Michigan, and McPherson, Kansas. *See* Ex. 1, attach. 6, at 1.

On August 26, 2022, Defendant FDA provided the April 7, 2022 FDA Lot Release Letter for Lot FW1331. *See* ECF 108-1 at 3-4. This Lot Release Letter is identified using STN 125742-36, which corresponds to the December 16, 2021 BLA for the Tris/Sucrose formulation (Gray Cap). The FDA December 16, 2021 BLA approval permits this formulation to be manufactured only in Puurs, Belgium. The

Kalamazoo, Michigan facility was not licensed or approved to manufacture the Tris/Sucrose formulation on January 28, 2022 (manufacturing date) or on April 7, 2022 (the lot release date). The Kalamazoo, Michigan facility also was not licensed or BLA-approved as of June 10, 2022, the date when the USCG received a shipment of "Comirnaty-labeled" vaccines. LT Coppin personally inspected the vial, as set forth in the Military Whistleblower Memorandum. *See* Ex. 1, ¶ 8. LT Coppin's declaration also includes the testimony of LT Mark Bashaw demonstrating that Lot FW1331 is listed by the CDC as an Emergency Use Authorization ("EUA") lot.

Defendants' own documents demonstrate not only that the "Comirnaty-labeled" product on offer is not in fact FDA-licensed Comirnaty—and is instead yet another EUA product—but also that what they are offering is a mislabeled EUA product. Mislabeling FDA-regulated drugs or biologics is a felony.[1] It is a violation to misbrand a product, or to introduce or receive a misbranded product. *See* 21 U.S.C. § 331(a)-(c). 21 U.S.C. § 332 grants district courts the authority to enjoin violations involving misbranded products. The FDA's submission demonstrates that it has abused its discretion and violated the express provisions of the Food, Drug and

---

[1] *See* 21 U.S.C. §352(a)(1) ("A drug or device shall be deemed to be misbranded… [i]f its labeling is false or misleading in any particular."); 21 U.S.C. §333(a) (describing penalties for misbranding with intent to defraud or mislead); 21 U.S.C. §331(a)-(c) (it is a violation to misbrand a product, or to introduce or receive a misbranded product). The code of federal regulations is extensive on mislabeling and misbranding, particularly with regards to claims about a product's abilities or curative properties. *See, e.g.,* 21 C.F.R. §§ 201.1 & 201.6.

Cosmetic Act and the Public Health Safety Act by purporting to exercise its "enforcement discretion" to authorize acts that these statutes expressly prohibit. *See* ECF 106, Aug. 22, 2022 PL Supp. Brief, at 3-4 & n.2 (and cases cited therein). Plaintiffs' Second Amended Complaint alleges that Defendants have violated the mandatory, non-waivable statutory labeling requirements and that the FDA abused its discretion in purporting to authorize others to violate these requirements through exercise of "enforcement discretion." The FDA's repeated violations of these statutes show both that Plaintiffs' claims are not moot because this illegal conduct is capable of repetition (and in fact has been repeated), yet evading review, and that justice require the Court to permit Plaintiffs to amend their complaint.

Recent developments provide strong evidence that FDA-licensed Comirnaty is still and will continue to be unavailable and that Defendants will repeat their illegal conduct of mandating unlicensed EUA products, yet evade judicial review. On August 16, 2022, the White House announced that the U.S. government would no longer purchase the current "monovalent" versions of the COVID-19 vaccines.[2] Also on August 16, 2022, the CDC announced that the U.S. government would instead purchase 175 million doses of the new "bivalent" vaccines as part of a

---

[2] *See* CNN, *Biden Administration Wil Stop Buying COVID-19 vaccines, treatments and tests as early as this fall, Jha says* (Aug. 16, 2022), available at: https://www.cnn.com/2022/08/16/health/biden-administration-covid-19-vaccines-tests-treatments/index.html (last visited Aug. 16, 2022).

4

fall/winter campaign that will include "primary" and "booster" vaccines. *See* Ex. 2, Aug. 16, 2022 CDC Fall Vaccination Operational Planning Guide, at 1. Notably, this decision was made before FDA authorization or even before Pfizer had fully submitted its application on August 22, 2022.

On August 31, 2022, the FDA issued EUAs for both the Pfizer and the Moderna "bivalent" vaccines to be used as a booster shot. *See* Ex. 3, Aug. 31, 2022 Pfizer COVID-19 Bivalent Vaccine EUA Letter; Ex. 4, Aug. 31, 2022 Moderna COVID-19 Bivalent Vaccine EUA Letter. The August 31, 2022 EUA letters use exactly the same language regarding availability—there is "not sufficient approved vaccine available," Ex. 3 at 14 n.30 & Ex. 4 at 13 n.21—as the FDA has used for all other EUA re-issuance letters starting August 23, 2021 for periods during which no FDA-licensed vaccines were available at all. *Cf.*, ECF 1-6, Aug. 23, 2021 Pfizer EUA Letter, at 5 n.9. In other words, the FDA's consistent practice or policy has been to use the term "not sufficient approved vaccine available," when no FDA-licensed vaccines (*i.e.,* zero) are available. The main new finding in the August 31, 2022 EUA letters is an implicit acknowledgement that there is no licensed product that is "adequate" for treating the Omicron variant or the currently prevalent Omicron sub-variants. *See* Ex. 3 at 14 n. 30 (no approved vaccine "contain[s] or encode[s] the spike protein of the Omicron variant."); Ex. 4 at 13 n. 21 (same).

To summarize, the White House has stated that the U.S. government will no

longer purchase the current FDA-licensed "monovalent" vaccines; the CDC stated that the U.S. government will purchase the new, unlicensed EUA "bivalent" vaccines that will be applied for both "primary" series and "boosters"; the FDA granted EUAs (10 days after the Pfizer application was submitted and without any clinical trial data at all) based on the unavailability of FDA-licensed vaccines and also because the current vaccines are no longer adequate for Omicron. While the Defendants have not yet made an interchangeability determination for the "bivalent" vaccines, it is reasonable to expect that Defendants will repeat the violations alleged by Plaintiffs yet again by mandating unlicensed EUA "bivalent" vaccines given: their decision to no longer purchase the existing "monovalent" vaccines; to instead purchase only unlicensed EUA "bivalent" vaccines; and the recognition by the CDC and the FDA that the "monovalent" vaccines are not effective or adequate against Omicron. Accordingly, there is a reasonable expectation that Defendants will yet again repeat the violations of the Informed Consent laws and justice requires that Plaintiffs be permitted to amend the complaint to address these new violations.

Dated: September 9, 2022              Respectfully submitted,

*s/ Brandon Johnson*
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd., Suite 300
Dallas, TX 75219
Tel. (214) 707-1775
Email: bcj@defendingtherepublic.org

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing via CM/ECF on September 9, 2022, which notifies counsel of record of the filing.

*/s/ Brandon Johnson*