IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense**, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-01211-AW-HTC |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Pursuant to the Court's request at the August 29, 2022 hearing, Defendants submit this supplemental memorandum in support of their motion to dismiss.

Defendants' motion to dismiss explained that one of the reasons (among many) why Plaintiffs' claims should be dismissed is that they are not presently justiciable, because the claims are not ripe and Plaintiffs have not exhausted their intraservice military remedies. ECF No. 65-1 at 14–17. In response, Plaintiffs did not dispute that they are required to exhaust their military remedies and instead argued (incorrectly) that it would be futile to do so. ECF No. 68 at 16–17 (citing *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971), which holds that "a court should not review internal military affairs in the absence of (a) . . . an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures," in addition to other

1

threshold factors). After their initial opposition, Plaintiffs filed two more supplemental briefs, never disputing the exhaustion requirement in those briefs either. ECF Nos. 79, 106. Then, for the first time, and nearly a year into this action, Plaintiffs argued at the motion to dismiss hearing that their claims do not require exhaustion at all, relying on *Darby v. Cisneros*, 509 U.S. 137 (1993). Mot. to Dismiss Hr'g Tr. at 54–55 (Aug. 29, 2022). Plaintiffs' eleventh-hour assertion "is too late" and should be deemed waived. *United States v. Mickens*, 579 F. App'x 746, 750 (11th Cir. 2014) (collecting cases); *see also, e.g.*, *Ocasio v. C.R. Bard, Inc.*, No. 8:13-cv-1962, 2020 WL 3288026, at *2 n.1 (M.D. Fla. June 18, 2020).

But even if this Court were to consider Plaintiffs' belated argument, their claims still would not be justiciable, for two primary reasons. First, *Darby* has little application in the military context, where applicable nonjusticiability doctrine precludes courts from in effect inserting themselves into the military chain of command. *Cf. Austin v. U.S. Navy SEALs 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J., concurring). Second, regardless of whether Plaintiffs must exhaust intraservice remedies, Plaintiffs' claims are not justiciable because they are not ripe.

### A. Whereas *Darby* Merely Construes § 10(c) of the APA, Military Nonjusticiability Doctrine Serves to Maintain the Balance Between Military Authority and the Power of Federal Courts.

*Darby* did not arise in the military context. The Supreme Court and Eleventh Circuit have held that claims for equitable relief directly against the military command present unique constitutional and equitable concerns and, as such, require

specialized rules limiting justiciability. *E.g.*, *Orloff v. Willoughby*, 345 U.S. 83 (1953); *Chappell v. Wallace*, 462 U.S. 296 (1983); *Stinson v. Hornsby*, 821 F.2d 1537 (11th Cir. 1987); *Winck v. England*, 327 F.3d 1296 (11th Cir. 2003), *abrogated on other grounds*, *Santiago-Lupo v. Warden*, 785 F.3d 467 (11th Cir. 2015).

The term "'justiciable'" means "properly suited for resolution by the federal courts." *Rucho v. Common Cause*, 139 S. Ct. 2484, 2491 (2019). "Under Article II of the Constitution, the President of the United States, not any federal judge, is the Commander in Chief of the Armed Forces." *Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring). "In light of that bedrock constitutional principle, 'courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs.'" *Id.* (quoting *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988)).

To discern whether a case in the military area is justiciable, this circuit applies the *Mindes* doctrine, which it "distilled" from applicable "federal court precedent." *Winck*, 327 F.3d at 1303. Under this doctrine, a service member "will find the doors of the federal courthouse closed" unless he has sought review by the applicable board for correction of military records under 10 U.S.C. § 1552. *Hodges v. Callaway*, 499 F.2d 417, 420 (5th Cir. 1974). In *Von Hoffburg v. Alexander*, 615 F.2d 633 (5th Cir. 1980), the court explained that "strict application" of this requirement "serves to maintain the balance between military authority and the power of federal courts." *Id.* at 637. Absent a Board decision to review and to set aside if contrary to law, a

civilian court might find itself facing a request by a service member for a judicial order issued directly against his military commanders. Here, Plaintiffs appear to request an order that would require their commands to retain them in the military subject to deployment even if they are more likely than others to become severely ill with COVID-19. ECF No. 56, Relief Requested (requesting an injunction against "any implementation of the [immunization requirements]").

But that type of relief is not appropriate where Congress—exercising its broad power over the military—has created a statutory mechanism "as a result of which any possible injury could be repaired." *McCurdy v. Zuckert*, 359 F.2d 491, 494 (5th Cir. 1966). Because "the courts will not interfere with the disciplinary or executive functions of the armed services," as Plaintiffs request, a service member with a grievance must seek a decision from their respective board for correction of military records. *Id*. at 494, 495 n.6. "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious[,] not based on substantial evidence," or otherwise contrary to law without requiring judicial interference with the military chain of command. *Chappell*, 462 U.S. at 303. The court must "be concerned with the disruption of the peculiar and special relationship of the solider to his superiors that might result if the soldier were allowed to hale his superiors into court." *Id*. at 304 (cleaned up).

In contrast, *Darby* involved a real estate developer's challenge to a debarment ruling by the Department of Housing and Urban Development ("HUD"). 509 U.S.

4

at 139–41. That context is "clearly distinguishable" from Plaintiffs' complaint here. *Saad v. Dalton*, 846 F. Supp. 889, 891 (S.D. Cal. 1994) (finding *Darby* inapplicable to service member's case, where the "exhaustion requirement results from Congress' near sole authority over the military"). *Darby*'s conclusion that the HUD ALJ's decision was subject to review under the APA without further internal HUD review did not present the type of constitutional concerns about the proper role of a civilian court raised by Plaintiffs' requested relief here. There is no substantial distinction between a court setting aside a HUD ALJ decision or setting aside a decision by the Secretary of HUD after further administrative review. But there is a substantial distinction between an injunction against a service member's commanders and a decision to set aside a Board decision and to remand it for further consideration if a court were to find that it involved, for example, a facial 10 U.S.C. § 1107a violation. Plaintiffs' requested injunction against their commanders to undermine a core military readiness requirement implemented pursuant to professional military judgment is a quintessential example of a matter that requires recourse to available military remedies prior to judicial review. *See, e.g.*, *Saad*, 846 F. Supp. at 891; *Winck*, 327 F.3d at 1300–04 (ten years after *Darby*, "reaffirm[ing] the unflagging strength of the principles of comity and judicial noninterference with, and respect for, military operations"); *Mudd v. U.S. Army*, No. 2:05-cv-137, 2007 WL 2028832, at \*6 (M.D. Fla. July 10, 2007) (citing *Darby* and dismissing service member's APA claim for failure to exhaust). Indeed, Plaintiffs' reliance on § 10(c) of the APA is

5

peculiar given that they "point to no prior case in which an APA-based challenge to an internal military policy survived *Mindes* scrutiny." *Kuang v. U.S. Dep't of Def.*, 778 F. App'x 418, 420 (9th Cir. 2019) (addressing APA challenge to new military background screening policy), *cert. denied*, 141 S. Ct. 2565 (2021); *see also Mindes*, 453 F.2d at 199–200 (noting that adjudicating a claim that a military board's "exercise of [] jurisdiction was arbitrary and capricious" would impermissibly "involve the courts in commanding and regulating the Army"); *Crosby v. Austin*, No. 8:21-cv-2730, 2022 WL 2291244, at *1 (M.D. Fla. June 24, 2022) (dismissing the same APA claims raised here, by the same counsel, as categorically nonjusticiable).

At the very least, the military context here falls well within even the *Darby* Court's recognition that "federal courts may be free to apply, where appropriate, other prudential doctrines of judicial administration to limit the scope and timing of judicial review." 509 U.S. at 146; *accord McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (even "where Congress has not clearly required exhaustion, sound judicial discretion governs"), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81 (2006). The APA expressly provides that "[n]othing herein [] affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground." 5 U.S.C. § 702(1); *see also Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158 (D.C. Cir. 1999) (under § 702(1), "courts would still refuse 'to decide issues about foreign

6

affairs, military policy, and other subjects inappropriate for judicial action."). The military context here is one such appropriate equitable and constitutional ground.

### B. Regardless of Exhaustion, Plaintiffs' Claims Are Not Ripe.

However this Court views *Darby* and exhaustion, Plaintiffs' claims are not justiciable because they are not ripe. The doctrines of ripeness and administrative exhaustion are related but distinct, with the former rooted in Article III of the Constitution and the latter serving as a prudential rule given comity and constitutional concerns. Even when there is no requirement for a plaintiff to exhaust his administrative remedies before filing suit, the claim still "must meet constitutional ripeness requirements." *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1227 (11th Cir. 2006); *see also Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 591 n.4 (11th Cir. 1997) (even assuming that exhaustion could not be required, a plaintiff would "still face[] the ripeness hurdle"). And "[w]ithout the presentation of a binding conclusive administrative decision" that presents a "fully materialized" injury, there is no case or controversy for a court to resolve. *Digital Props.*, 121 F.3d at 590; *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006).

Plaintiffs' claims challenge DoD's vaccination requirement, but as set forth in previous filings, most of the Plaintiffs here still have pending exemption requests from the requirement such that they are not currently required to get vaccinated. And those whose requests were denied have not received any separation or disciplinary decision—nor are any such decisions imminently certain, considering that those

7

processes are presently enjoined for the Navy, Air Force, and Marine Corps.[1] ECF No. 107 at 2–4. As a result, no Plaintiff has experienced a cognizable injury from DoD's vaccination requirement that would make their claims ripe for review.[2]

To the contrary, each Plaintiff's current posture could ultimately render their claims moot (e.g., if their exemption request were granted or if their separation/disciplinary processes were terminated), making it all the more imprudent for the Court to consider those claims at this premature juncture. *See, e.g.*, *Wilt v. Gilmore*, 62 F. App'x 484, 488 (4th Cir. 2003) (declining to address *Darby*'s impact—"if any"—on the military exhaustion requirement, where the plaintiff's pending administrative proceedings "could render his APA claim largely moot"); *Bowman v. Brownlee*, 333 F. Supp. 2d 554, 560 (W.D. Va. 2004) (similar); *Robert v. Austin*, No. 21-cv-2228, 2022 WL 103374, at *2–3 (D. Colo. Jan. 11, 2022) (dismissing APA and 10 U.S.C. § 1107a claims as unripe and resting on claims of

---

[1] This ripeness defect makes *Darby*'s exhaustion holding—which in military cases has focused exclusively on whether exhaustion through the respective military record correction board is required prior to judicial review—even more inapposite. *See, e.g.*, *Saad*, 846 F. Supp. at 891; *Mudd*, 2007 WL 2028832, at *6; *Dowds v. Clinton*, No. 92-5266, 1994 WL 85040, at *1 (D.C. Cir. Mar. 9, 1994) (holding that resort to the military boards of record correction is not required); *Jones v. Sullivan*, No. 94-5064, 1995 WL 551256, at *1 (D.C. Cir. Aug. 17, 1995) (holding that it is). No Plaintiff here could even seek review by a military record correction board yet because no underlying injury has occurred.

[2] Plaintiffs' only argument on ripeness is that they have been reassigned, not permitted travel and training, denied promotions, placed on non-deployable status, and (in few instances) reprimanded. ECF No. 68 at 18. These are not cognizable injuries. *See, e.g.*, *Navy SEALs 1-26*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring) (reiterating that military deployment, assignment, and other operational decisions are not justiciable); *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973); *Orloff*, 345 U.S. at 93; *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989) (same for military promotion decisions).

harm "that might never come to pass"); *Standage v. Braithwaite*, 526 F. Supp. 3d 56, 94 (D. Md. 2021) (even where the court concluded that exhaustion was not required, dismissing service member's claims as unripe because his administrative case was still pending review, making the injury he sought to prevent "pure conjecture"); *see also Beard v. Stahr*, 370 U.S. 41, 42 (1962) (concluding that judicial interference with Army administrative discharge proceeding was premature where the Secretary of the Army had not decided whether to separate the officer).

For these reasons, and those set forth fully in Defendants' prior briefs, the Court should grant Defendants' motion to dismiss.[3]

---

[3] Other justiciability issues prevent certain Plaintiffs from pursuing their claims, such as those who retired or resigned (Lund, Furman, Karr) and thus lack standing to obtain the prospective equitable relief sought here. *See, e.g.*, *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1283 (11th Cir. 2001); *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995). And still other justiciability defects doom all the Plaintiffs' claims against DoD based on purported violations of 10 U.S.C. § 1107a, and all the claims against the FDA and HHS, as explained in prior filings. *See* ECF Nos. 65-1, 82, 107; *see also Antunes v. Rector & Visitors of the Univ. of Va.*, No. 3:21-cv-00042, Dkt. No. 63 (mem. op.) at 5–8 (W.D. Va. Sept. 12, 2022) (opinion issued today, dismissing claims against HHS and FDA for lack of traceability and redressability). Plaintiffs' last-ditch effort to salvage those claims in their latest filing, *see* ECF No. 117, fails because FDA has approved the manufacture of the Tris/Sucrose formulation of Comirnaty in Michigan, *see* Ex. 56, and there is no evidence to support Plaintiffs' speculation that DoD will cease stocking Comirnaty, *see, e.g.*, ECF No. 117-2 (indicating that providers planning to continue offering primary series COVID-19 vaccines should carry both monovalent and bivalent vaccines).

Dated: September 12, 2022

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        ANTHONY J. COPPOLINO
        Deputy Director, Federal Programs Branch

        */s/ Catherine M. Yang*
        ANDREW E. CARMICHAEL
        AMY E. POWELL
        Senior Trial Counsel
        ZACHARY A. AVALLONE
        LIAM HOLLAND
        CATHERINE M. YANG
        Trial Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, N.W.
        Washington, DC 20005
        Tel: (202) 514-4336
        Fax: (202) 616-8470
        Email: catherine.m.yang@usdoj.gov

        *Counsel for Defendants*