IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense**, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-01211-AW-HTC |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFFS' MOTION FOR AN EVIDENTIARY HEARING

Plaintiffs' latest motion asks the Court to convene an evidentiary hearing and to permit discovery "to determine the provenance and legal status" of a particular lot of Comirnaty, the BLA-approved COVID-19 vaccine produced by Pfizer, Inc. and BioNTech. *See* Pls.' Mot. for Evid. Hearing ("Mot.") at 1, ECF No. 120. But the factual inquiry that Plaintiffs urge this Court to undertake is immaterial to the disposition of Plaintiffs' claims and, in any event, must be resolved (if at all) based on the Food and Drug Administration's ("FDA") official records and its officer's sworn testimony—evidence that is already in the record and that Plaintiffs have failed to rebut. An evidentiary hearing or discovery into these matters would thus serve no purpose other than to delay resolution of Defendants' pending motion to dismiss. Plaintiffs' dilatory motion should therefore be denied.

I.   **Background**

Plaintiffs filed this lawsuit over a year ago to challenge, among other things, the Department of Defense's ("DoD") COVID-19 vaccination directive.[1] *See* ECF No. 1. As discussed in Defendants' prior briefing on their motion to dismiss,[2] and as relevant to this motion, Plaintiffs have alleged from the outset that DoD's vaccination directive violates two statutory provisions, *see* ECF No. 56 ¶¶ 113–18, that impose notice requirements for products authorized only for "emergency use," *see* 10 U.S.C. § 1107a(a); 21 U.S.C. § 360bbb-3.

In January 2022, Defendants moved to dismiss Plaintiffs' complaint, including Plaintiffs' § 1107a and § 360bbb-3 claim. *See* MTD at 26–31. Defendants initially argued that Plaintiffs lacked standing to challenge DoD's vaccination directive under these statutory provisions and failed to state a plausible claim for relief, because Pfizer's Emergency Use Authorization ("EUA") vaccines were medically interchangeable with BLA-approved Comirnaty, and because Plaintiffs could take EUA-labelled doses that FDA had determined were BLA-compliant. *See id.*; *see also* Second Suppl. Br. at 6. Defendants also argued that Plaintiffs failed to allege a private right of action. *See* MTD at 26–27, 31.

---

[1] Plaintiffs also challenge FDA's approval of Pfizer–BioNTech's Biologics License Application ("BLA") for their COVID-19 vaccine, "Comirnaty."

[2] *See* Memo. in Supp. of Defs.' Mot. to Dismiss ("MTD"), ECF No. 65-1; Defs.' Resp. to Pls.' Suppl. Brief ("First Suppl. Br."), ECF No. 82; Defs.' Suppl. Memo. in Supp. of Defs.' Mot. to Dismiss ("Second Suppl. Br."), ECF No. 107.

In August 2022, Defendants filed a supplemental brief in support of their motion to dismiss, apprising the court of new legal and factual developments. *See generally* Second Suppl. Br. Among other things, Defendants explained that Plaintiffs' § 1107a and § 360bbb-3 claim and their various arguments in opposition to dismissal were moot, because each Plaintiff could now comply with DoD's vaccination directive by receiving available doses of BLA-approved Comirnaty (in Comirnaty-labeled vials), which DoD had offered to administer to all willing Plaintiffs. *See id.* at 7–9.

But rather than accept that Comirnaty's availability forecloses their § 1107a and § 360bbb-3 claim, Plaintiffs have made a last-ditch effort to salvage it. Seeking to forestall dismissal of their statutory claim on mootness grounds, Plaintiffs have attempted to concoct a convoluted factual dispute regarding the "legal status" of a specific lot of Comirnaty in DoD's possession. *See* Pls.' Resp. to Defs.' Mot. to Submit Suppl. Decl. ("Pls.' Resp.") at 1–3, ECF No. 117. Relying on allegations of so-called whistleblowers (which were recounted in a letter from Senator Ron Johnson, *see* ECF No. 106-2), Plaintiffs contend that the lot in question, "Lot FW1331," is not BLA-approved Comirnaty because they doubt it was manufactured at an FDA-approved facility. *See* Pls.' Resp. at 2–3.

In response to Plaintiffs' unsupported misgivings, Defendants submitted the following evidence in the record:

3

- An official letter dated January 14, 2022, from the Acting Director of FDA's Center for Biologics Evaluation and Research's ("CBER") Division of Manufacturing and Product Quality, approving a facility operated by Pharmacia and Upjohn Company LLC in Kalamazoo, Michigan ("Pharmacia & Upjohn facility") to manufacture the 30 µg Tris/Sucrose formulation of Comirnaty. The letter was attached to a declaration from Suzann Burk, Director of CBER's Division of Disclosure and Oversight Management, in which she authenticated under penalty of perjury that the letter is an official FDA record.

- An official lot-release letter for Lot FW1331. The letter reflects that Lot FW1331 is a BLA-approved lot of the 30 µg Tris/Sucrose formulation of Comirnaty that was manufactured on January 28, 2022, at the Pharmacia and Upjohn facility, that met all required specifications, and was released by FDA on April 7, 2022. The letter was attached to a declaration from Director Burk, in which she authenticated under penalty perjury that the letter is an official FDA record.

*See* Decl. of Suzann Burk ("Second Burk Decl."), Ex. A, ECF No. 118-1; Decl. of Suzann Burk ("First Burk Decl."), Ex. A, ECF No. 108-1. But although FDA's official records establish beyond credible dispute that Lot FW1331 is a BLA-approved lot of Comirnaty, Plaintiffs have requested that the Court "convene an evidentiary hearing" and permit discovery "to determine" Lot FW1331's provenance and legal status." *See* Mot. at 1.

II. **Argument**

The Court should deny Plaintiffs' motion to convene an evidentiary hearing and to permit discovery for multiple reasons.

***First,*** Plaintiffs' motion rests on a fundamental misunderstanding of the mootness issue before the Court. Plaintiffs contend that Lot FW1331's legal status

4

must be resolved because it is central to Defendants' purported argument that DoD's offer of "this product" (*i.e.*, Lot FW1331) moots Plaintiffs' statutory claim. *See* Mot. at 1. But that is not what Defendants have argued, nor is it the reason Plaintiffs' § 1107 and § 360bbb-3 claim is moot. As Defendants have explained, *see* MTD at 27–31, Plaintiffs' statutory claim centers on the allegation that DoD has mandated that service members take an EUA vaccine to comply with DoD's COVID-19 vaccination directive. But that claim is moot because Plaintiffs are now able (and have been for months) to comply with this directive by receiving *any* available doses of Comirnaty, including those that DoD has offered to administer for each Plaintiff, as well as doses they can obtain in the community. *See* Second Suppl. Br. at 7–9.

Plaintiffs premise their request for an evidentiary hearing and discovery, however, on the mistaken assumption that DoD's store of Comirnaty is made up exclusively of doses from Lot FW1331. *See, e.g.*, Mot. at 6 (alleging that "Defendants seek to mandate" Lot FW1331 and to use it "as their core argument for dismissal"); *id.* at 1 (same). Plaintiffs fail to explain the basis for that assumption, but it is clearly wrong in any event. DoD has tens of thousands of Comirnaty doses from various BLA-approved lots—not only Lot FW1331. *See* Ex. 1, Decl. of Col. Tonya Rans ¶ 4, Ex. A. Therefore, contrary to their assertions, Plaintiffs' § 1107a and § 360bbb-3 claim is moot regardless of whether Lot FW1331 is BLA-approved, because Plaintiffs can take available doses of Comirnaty from other BLA-approved, Comirnaty-labeled lots. There is thus no need for the Court to determine Lot

FW1331's "provenance and legal status" in order to dismiss Plaintiffs' statutory claims on mootness grounds. *See, e.g.*, *Smith v. O'Brien*, 59 F.3d 1241, 1995 WL 413052, at *1 (5th Cir. 1995) ("[A]n evidentiary hearing is unnecessary where the district court does not have to resolve complex factual disputes to decide the motion.").

***Second,*** even setting mootness aside, Plaintiffs' request for an evidentiary hearing regarding Lot FW1331 ignores the fact that their § 1107a and § 360bbb-3 claim can be dismissed on grounds unrelated to whether a BLA-approved COVID-19 vaccine is available. As Defendants explained in their motion to dismiss, *see* MTD at 26–27, neither § 1107a nor § 360bbb-3 waive the Unites States' sovereign immunity or provide a private cause of action to challenge the federal government's compliance with any statutory requirements. Accordingly, sufficient grounds exist for the Court to dismiss Plaintiffs' statutory claim without having to conduct a time-consuming evidentiary hearing to address a factual inquiry that is, in all events, immaterial to the resolution of that claim.[3]

***Third,*** assuming *arguendo* that Lot FW1331's "provenance and legal status" is somehow relevant to the Court's disposition of Plaintiffs' § 1107a and § 360bbb-

---

[3] Plaintiffs' allegations regarding the storage of a 60-dose shipment of Co-mirnaty, *see* Mot. at 20–21; *see also* ECF No. 120-7 at 34, are also beside the point. Plaintiffs do not contend that these allegations are relevant to any issue before the Court. Nor do Plaintiffs contend that they were or will ever be required to take a dose from this shipment.

6

3 claim, that matter can and should be resolved (if at all) based on evidence that already exists in the record. As explained above, Defendants have submitted official FDA records, appended to sworn declarations of an FDA official, that conclusively establish that Lot FW1331 is a BLA-approved lot of Comirnaty. The first is a letter dated January 14, 2022, reflecting FDA's approval of the Pharmacia & Upjohn facility to manufacture the 30 μg Tris/Sucrose formulation of Comirnaty. *See* Second Burk Decl., Ex. A. The second is Lot FW1331's lot-release protocol dated April 7, 2022, showing that Lot FW1331 is a BLA-approved lot of the 30 μg Tris/Sucrose formulation of Comirnaty that was manufactured on January 28, 2022, at the Pharmacia & Upjohn facility. *See* First Burk Decl., Ex. A.[4]

Plaintiffs' suggestion that this Court should conduct a freewheeling inquiry into the accuracy and validity of FDA's official records and Director Burk's sworn declarations flouts the well-established principle that this type of evidence from a federal agency is entitled to a controlling presumption of regularity and good faith absent clear evidence to the contrary. *See United States v. O'Callaghan*, 500 F. App'x 843, 848 (11th Cir. 2012); *accord United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993) ("An agency's affidavit is accorded a presumption of good faith, which cannot be rebutted by purely

---

[4] Contrary to what Plaintiffs suggest, Lot FW1331 has not yet expired. *See* Ex. 2 (an official FDA letter dated April 14, 2022, reflecting the agency's approval of a BLA supplement extending the expiration period for the 30 μg Tris/Sucrose formulation of Comirnaty from 9 months to 12 months).

speculative claims . . . ." (cleaned up with citation omitted)); *C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 190 (D.D.C. 2020) ("Agency declarations carry a presumption of good faith and are thus entitled to a degree of deference."); *cf. U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) ("[A] presumption of regularity attaches to the actions of Government agencies . . . ."). Indeed, similar requests to second guess agency records and declarations based on speculative assertions or insinuations have been routinely rejected by courts. *See, e.g.*, *FTC v. Bisaro*, 757 F. Supp. 2d 1, 10 (D.D.C. 2010) (finding no basis in the record to disbelieve the agency's declarations and interrogatory answers, which were "entitled to a presumption of regularity and good faith" (citation omitted); *PlanetSpace Inc. v. United States*, 96 Fed. Cl. 119 (2010) ("The categorical statements . . . made under oath" in an agency official's declaration "only augment the strong presumption of regularity and good faith to which" he is entitled. "Thus, to the extent that plaintiff insinuates that the [official] has deliberately mischaracterized" the matters to which he testified, "the court can give such insinuation no weight absent clear and convincing evidence. Yet plaintiff offers nothing in support of that insinuation save its own conviction." (cleaned up)); *Powell v. Ky. Fried Chicken*, No. 09-4067, 2010 WL 1687826, at *3 (C.D. Ill. Apr. 26, 2010) (finding "the presumption that officials have properly discharged their official duties" to be "persuasive on the issue of whether the [agency's] records and [the agency official's] affidavit are worthy of belief"); *Savantage Fin. Servs., Inc. v. United States*, 118 Fed. Cl. 487, 491 (2014) (similar); *California v. Trump*, ---F.

8

Supp. 3d---, 2020 WL 1643858, at *11 (D.D.C. Apr. 2, 2020) (finding plaintiffs' "concerns" insufficient "to rebut the 'presumption of good faith' that the courts typically accord agency declarations and affidavits" (citation omitted)).[5]

Here, Plaintiffs ask that the Court probe the accuracy and validity of FDA's official records and the sworn testimony of its official based on nothing more than rank speculation and misinformed inferences. They have thus fallen far short of presenting clear contradictory evidence or the "well-nigh irrefragable proof" of bad faith or improper motive necessary to overcome the presumption of regularity and good faith that this Court must accord the agency's records and declarations. *See Marine Shale Processors, Inc. v. EPA*, 81 F.3d 1371, 1385 (5th Cir. 1996) (citation omitted); *accord Starr v. FAA*, 598 F.2d 307, 315 (7th Cir. 1978); *Norair Engineering Corp. v. Dist. of Col. Water & Sewer Auth.*, No. 16-cv-1585, 2020 WL 2541935, at *9 (D.D.C. Feb. 26, 2020); *Lee v. Commissioner of Social Sec.*, No. 1:19-cv-953, 2020 WL 6636403, at *5 (W.D.N.Y. Nov. 12, 2020); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Adair v. England*, 183 F. Supp. 2d 31, 60 (D.D.C. 2002).

---

[5] *See also, e.g.*, *Charter Tp. of Van Buren v. Adamkus*, 188 F.3d 506, 1999 WL 701924, at *4 (6th Cir. 1999) ("Courts may permit plaintiffs to conduct discovery depositions of agency officials when there are grounds to suspect bad faith or improper behavior not apparent from the administrative record. To overcome the presumption of validity of agency action, however, the plaintiff must show specific facts indicating that the challenged action was reached because of improper motives." (citations omitted)).

Take, for example, Plaintiffs' characterization of FDA's letter approving the manufacturing of the 30 μg Tris/Sucrose formulation of Comirnaty at the Pharmacia & Upjohn facility. Plaintiffs claim that the letter could not have approved the Pharmacia & Upjohn facility to manufacture Comirnaty because the letter does not use "the word 'COMIRNATY'" nor does it require labeling changes to reflect that the Pharmacia & Upjohn facility is a new manufacturing location.[6] *See* Mot. at 15–17. As an initial matter, Plaintiffs cite no statutory or regulatory requirement that FDA refer to a product's trade name in approving a BLA supplement. But more importantly, the approval letter includes a conspicuous reference to Comirnaty's unique BLA number (*i.e.*, 125742) in the upper left-hand corner. *See* Second Burk Decl., Ex. A. That number is listed on FDA's product information page for Comirnaty, *see* FDA, *COMIRNATY*, https://perma.cc/4ADH-7DAQ; can be ascertained from searching FDA's official database of licensed biological products, *see* FDA, *Purple Book: Database of Licensed Biological Products* (last updated Oct. 5, 2022), https://purplebooksearch.fda.gov/advanced-search (enter "125742" in the

---

[6] Plaintiffs' effort to undermine the reliability of FDA's January 14, 2022 letter approving the Pharmacia & Upjohn facility by referencing a surreptitious recording of a Freedom of Information Act ("FOIA") staff person without her knowledge or consent is unavailing (if not beyond the pale). It is risible to suggest, as Plaintiffs do, that this staff person "should be expected to be knowledgeable about the universe of available FDA records" simply because she works in CBER's disclosure office. *See* Mot. at 5, 18–20. Moreover, Plaintiffs' own evidence acknowledges that the January 14, 2022 letter was not covered by Mr. Hoppe's FOIA request, *see* ECF 120-6 ¶ 24. There is thus no conceivable reason that this staff person should have been aware of the letter's existence.

search bar); and appears in all the approval letters regarding Comirnaty that Plaintiffs append to their motion, *see* ECF Nos. 120-1, 120-2, 120-3. And contrary to what Plaintiffs suggest, there was no need for this letter to require changes to Comirnaty's labeling based on the approval of the Pharmacia & Upjohn facility because manufacturing-site information is not a component of the approved labeling for this formulation, *see* FDA, *COMIRNATY*, https://perma.cc/4ADH-7DAQ (follow "Package Insert – COMIRNATY (gray cap)" hyperlink),[7] nor is it required under FDA's labeling regulations for biologics, *see* 21 C.F.R. §§ 610.60, 610.61.

Plaintiffs also doubt that FDA really approved the Pharmacia & Upjohn facility to manufacture the 30 µg Tris/Sucrose formulation of Comirnaty in January 2022, because the agency later approved in July 2022 a BLA supplement for

---

[7] In arguing to the contrary, Plaintiffs misrely on information derived from a National Institutes of Health ("NIH") website, DailyMed, *see* ECF Nos. 120-4, 120-5, rather than the current approved labeling on FDA's website—the agency with exclusive authority over approval of BLAs and biologics labeling. In fact, DailyMed acknowledges that FDA's website contains the official approved labeling for all biologics and includes the following disclaimer: "Differences Between Labeling on DailyMed and FDA-Approved Labeling. The 'in use' labeling on DailyMed may not be identical to the most recent FDA-approved labeling available at Drugs@FDA or the labeling distributed with products. The contents of the 'in use' labeling on DailyMed may not have been verified by FDA." *See* NIH, *About DailyMed*, https://perma.cc/TDB7-VRDC. DailyMed therefore instructs individuals (like Plaintiffs) to visit an FDA webpage "for the most current labeling approved by the FDA for human use in the United States." *Id.* By following that webpage's "Licensed Biological Products with Supporting Documents" link, and then following the link for "Comirnaty," one can access the current approved labeling for the 30 µg Tris/Sucrose formulation, which, as explained above, does not contain any manufacturing-site information. *See* FDA, *COMIRNATY*, https://perma.cc/4ADH-7DAQ.

11

Comirnaty's use in 12- through 15-year-olds. *See* Mot. at 15 (citing ECF No. 120-2). Plaintiffs ask rhetorically why approval of this subsequent BLA supplement would have been necessary had the Pharmacia & Upjohn facility already been approved to manufacture Comirnaty. *Id.* But that is a non sequitur: Plaintiffs' argument ignores the fact that, prior to July 8, 2022, Comirnaty had been approved only for use in individuals 16 years of age or older. *See* FDA, *FDA Roundup: July 8, 2022*, https://perma.cc/2YZP-47U9. FDA's letter approving use of Comirnaty in 12- through 15-year-olds thus expanded the uses of Comirnaty, but did not purport to approve any additional manufacturing sites. *See* ECF No. 120-2. Indeed, the letter acknowledges that Comirnaty was already being "manufactured at the . . . Pharmacia & Upjohn Company LLC, Kalamazoo, Michigan." *See id.* at 2.

Plaintiffs also take issue with the physical vials in Lot 1331, noting that they bear no indication that they were manufactured at the Pharmacia & Upjohn facility. *See* Mot. at 17. But again, FDA regulations do not require that vials of a biologic bear the name of the manufacturing site. *See* 21 C.F.R. § 610.60.

Plaintiffs infer, moreover, that something must be amiss because FDA's lot-release letter for Lot FW1331 references a submission tracking number (or "STN") that is different than the STN referenced in FDA's letter approving the Pharmacia & Upjohn facility to manufacture the 30 μg Tris/Sucrose formulation of Comirnaty. *See* Mot. at 17. But Comirnaty's BLA number—125742—appears on both records in the upper left-hand corner. *See* First Burk Decl., Ex. A; Second Burk Decl., Ex.

12

A. And immediately after the BLA number, the lot-release letter references STN "36" because that is the submission tracking number associated with FDA's December 16, 2021 approval of the BLA supplement for the 30 μg Tris/Sucrose formulation of Comirnaty, the version of the vaccine that is in FW1331. *See* ECF No. 120-1 at 2.[8]

All told, Plaintiffs' misgivings about Lot FW1331 rest on pure conjecture and entirely unsupported inferences that are contradicted by record evidence. That alone cannot justify this Court setting aside the controlling presumption of regularity and good faith to which FDA's official records are entitled. Therefore, even if the Court were to find that Lot FW1331's legal status had some relevance to the resolution of Plaintiffs' § 1107a and § 360bbb-3 claim, it should nonetheless deny Plaintiffs' request for an evidentiary hearing and discovery regarding matters that are already conclusively established in the record.

Dated: October 18, 2022          Respectfully submitted,

                                 BRIAN M. BOYNTON
                                 Principal Deputy Assistant Attorney General
                                 Civil Division

                                 ALEXANDER K. HAAS
                                 Director, Federal Program Branch

---

[8] Finally, regarding Plaintiffs' claim about CDC's COVID-19 Vaccine Lot Number and Expiration Date Report website, CDC has updated the language on the website to clarify that it "contain[s] lot numbers for COVID-19 vaccines made available under either FDA Biologics License Application (BLA) or FDA Emergency Use Authorization (EUA) for distribution in the United States." *See* CDC, COVID-19 Vaccine Lot Number and Expiration Dates, https://perma.cc/9NP4-SHUX.

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Jody D. Lowenstein*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
ZACHARY A. AVALLONE
LIAM HOLLAND
CATHERINE YANG
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Local Rule 7.1(f) that this memorandum contains 3,366 words, excluding the caption and signature block, according to Microsoft Word's word-count function.

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
