IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense**, *et al.*,<br><br>                              Defendants. | Case No. 3:21-cv-01211-AW-HTC |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
AND RESPONSE TO PLAINTIFFS' NOTICE**

Pursuant to Local Rule 7.1(J), Defendants respectfully notify the Court of the decision in *Bazzrea v. Mayorkas*, No 3:22-cv-265, 2023 WL 3958912, --- F. Supp. 3d --- (S.D. Tex. June 12, 2023). In that case, members of the Coast Guard—represented by the same counsel as Plaintiffs here—challenged the Coast Guard's COVID-19 vaccination requirement and brought 10 U.S.C. § 1107a claims under the Administrative Procedure Act ("APA"), Religious Freedom Restoration Act claims, as well as other claims. After briefing from the parties on mootness, the court found the case was moot in its entirety and dismissed the case for lack of jurisdiction, rejecting both voluntary-cessation and capable-of-repetition-yet-evading-review arguments.

Defendants also notify the Court that the Fifth Circuit recently held that Texas Governor Abbott's request for an injunction against enforcement of the military

1

COVID-19 vaccination requirement as it applied to the Texas National Guard was not moot. *Abbott v. Biden*, No. 22-40399, 2023 WL 3945847, --- F.4th ---- (5th Cir. June 12, 2023). Defendants respectfully disagree with the court's opinion and its interpretation of applicable military policies. Notably, however, the Fifth Circuit indicated that actions by Service Members who sought "a religious, administrative, or medical accommodation while the mandate was operative" "would very likely [be] moot." *Id*. at *4. Here, "all Plaintiffs have submitted religious accommodation requests." Third Am. Comp. ¶ 18

Contrary to Plaintiffs' assertion, ECF No. 147 at 1, Judge Oldham—writing only for himself—opined that "the Government forfeited" arguments addressing particular APA statutory provisions carving the military out of certain rulemaking and agency adjudication requirements in the preliminary injunction appeal. *Abbott*, 2023 WL 3945847, at *5. But those APA provisions are not at issue here. Defendants have not forfeited the different justiciability issues—unaddressed in *Abbott*—properly raised here. ECF No. 144-1 at 34-43. *Abbott* also does not address applicable Eleventh Circuit precedent, including precedent governing waiver or forfeiture. *Winck v. England*, 327 F.3d 1296, 1300 (11th Cir. 2003).

These opinions provide additional authority in support of Defendants' Motion to Dismiss, ECF No. 144.

Dated:  June 20, 2023                            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Program Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/Liam C. Holland*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
CATHERINE YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this submission contains 348 words, not including the case style, and signature block, according to Microsoft Word's word count function and thus is in compliance with Local Rule 7.1(J).

*/s/ Liam C. Holland*
LIAM C. HOLLAND