IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*, <br><br> Defendants. | Case No. 3:21-cv-01211-AW-HTC |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(J), Defendants notify the Court of three recent decisions relevant to the pending Motion to Dismiss. ECF No. 144. Copies are attached to this Notice.

First, the Eleventh Circuit Court of Appeals found moot a challenge to an expired Centers for Disease Control and Prevention order that had previously required travelers to wear masks on certain forms of transportation. *Health Freedom Def. Fund v. President of United States*, No. 22-11287, 2023 WL 4115990, at *1 (11th Cir. June 22, 2023). The mask order terminated with the expiration of the Secretary of the Department of Health and Human Services' declaration of a public health emergency. The Court found the case was moot, vacated the judgment of the district court, and instructed the district court to dismiss the case. The Court rejected

1

arguments that exceptions to the mootness doctrine applied. The Court's reasoning supports Defendants' mootness arguments here.

Second, another district court has found the challenge to the DoD vaccination requirement to be moot, dismissing religious freedom and Administrative Procedure Act claims. *See Crocker v. Austin*, No. 5:22-cv-00757, 2023 WL 4143224 (W.D. La. June 22, 2023).

Third, in *United States v. Tex.*, No. 22-58, 2023 WL 4139000 (U.S. June 23, 2023), the Supreme Court held that it lacked jurisdiction to adjudicate a challenge to the Government's enforcement priorities. The Court held that plaintiff States lacked standing to challenge the agency's policy regarding the exercise of enforcement discretion because "federal courts have not traditionally entertained lawsuits of this kind." *Id*. at 6. The Court explained that "[u]nder Article II, the Executive Branch possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law'" and that courts "lack meaningful standards" for assessing the Executive Branch's exercise of enforcement discretion and prioritization of resources. *Id*. at *5-*6. The Court's reasoning supports Defendants' arguments here regarding the justiciability of the enforcement discretion claim here. While the Supreme Court recognized potential exceptions to the nonjusticiability of enforcement discretion, *id*. at *7-*8, none apply here.

Dated: June 27, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Program Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/Amy E. Powell*
ANDREW E. CARMICHAEL
AMY E. POWELL
Senior Trial Counsel
ZACHARY A. AVALLONE
LIAM C. HOLLAND
CATHERINE YANG
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (919)856-4013
Fax: (202) 616-8470
Email: Amy.Powell@usdoj.gov

*Counsel for Defendants*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this submission contains 345 words, not including the case style, and signature block, according to Microsoft Word's word count function and thus is in compliance with Local Rule 7.1(J).

*/s/ Amy E. Powell*
AMY E. POWELL
