IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BENJAMIN COKER, JOSEPH CONNELL, et al.,**

    Plaintiffs,

v.                                        Case No. 3:21-cv-1211-AW-HTC

**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense, et al.,**

    Defendants.
_____/

## ORDER DIRECTING SUPPLEMENTAL FILING

Plaintiffs' Third Amended Complaint alleged that some Plaintiffs, but not all, had adverse actions traceable to the vaccine mandate removed from their records or otherwise rescinded. ECF No. 141 ¶¶ 19-36; *see also* ECF No. 137-3. Defendants' motion to dismiss, arguing that the case is moot, relied on evidence beyond the complaint to show that the military took new corrective actions after the complaint's filing. ECF No. 144-1 at 25-27. Plaintiffs responded that this case is not moot because Defendants had still only "remove[d] or correct[ed] some (but not all) past adverse actions." ECF No. 145 at 16-17. Defendants' reply then suggested that the military took further corrective action after Plaintiffs responded, such that now "all adverse actions with respect to Plaintiffs" and traceable to their vaccination status have been removed. ECF No. 146 at 14-15.

1

Based on the TAC's allegations and the updated evidence Defendants submitted, it appears that Defendants have rescinded all adverse actions traceable to the Plaintiffs' vaccine status and that the following are the relevant facts:

- **Benjamin Coker:** Voluntarily retired; all adverse actions because of vaccination status removed from personnel record or rescinded, ECF No. 144-11 ¶ 4;

- **Joseph Connell:** Medically retired, and no lingering adverse actions traceable to vaccination status, ECF No. 144-8 ¶ 7;

- **Kalem Cossette:** No lingering adverse actions traceable to vaccination status, ECF No. 144-11 ¶ 6;

- **Sean Cothran:** All adverse actions because of vaccination status removed from personnel record or rescinded, ECF No. 144-8 ¶ 13;

- **Samuel Craymer:** All adverse actions because of vaccination status removed from personnel record or rescinded, *id.* ¶ 10;

- **Kacy Dixon:** AFSOC/JA assignment renewed, and no other lingering adverse actions traceable to vaccination status, *id.* ¶ 6;

- **Jay Furman:** Voluntarily retired, and no lingering adverse actions traceable to vaccination status, ECF No. 144-11 ¶ 5;

- **Jordan Karr:** Voluntarily separated, has not sought reentry, and no lingering adverse actions traceable to vaccination status, ECF No. 144-8 ¶ 8;

- **Nicholas Harwood:** All adverse actions because of vaccination status removed from personnel record or rescinded, and previously denied promotion awarded, ECF No. 144-11 ¶ 7; ECF No. 146-1;

- **Eric Kaltrider:** No lingering adverse actions traceable to vaccination status, ECF No. 144-11 ¶ 8;

- **Nickolas Kupper:** All adverse actions because of vaccination status removed from personnel record or rescinded, and voluntarily retiring on August 31, 2023, ECF No. 144-8 ¶ 11;

- **David Lund:** Voluntarily retired after being vaccinated, *id.* ¶ 9;

- **Blake Morgan:** No lingering adverse actions traceable to vaccination status, *id.* ¶ 5;

- **Taylor Roberts:** No lingering adverse actions traceable to vaccination status, *id.* ¶ 4;

- **Samuel Sigoloff:** Faces ongoing investigations and discipline for behavior independent of his own vaccination status, and resigning on August 31, 2023, ECF No. 144-13;

- **Andrew Snow:** All adverse actions because of vaccination status removed from personnel record or rescinded, ECF No. 144-8 ¶ 12;

- **Brian Stermer:** No lingering adverse actions traceable to vaccination status, ECF No. 144-12;

- **Michael Thompson:** Voluntarily retired, and no lingering adverse actions traceable to vaccination status, ECF No. 144-11 ¶ 9.

Within ten days, Plaintiffs must file a notice identifying any of Defendants' facts regarding Plaintiffs' status that they dispute. For each such fact, Plaintiffs must explain why—with specificity and supporting evidence—they dispute those facts. The notice must also state whether Plaintiffs still seek an evidentiary hearing and, if so, why (with specificity) an evidentiary hearing is necessary. If Plaintiffs dispute none of the facts set out above, they must file a notice saying so.

SO ORDERED on August 7, 2023.

                                              s/ *Allen Winsor*
                                              United States District Judge