IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BENJAMIN COKER**, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>**LLOYD AUSTIN, III, in his official capacity as Secretary of Defense,** *et al.*,<br><br>    *Defendants.* | Case No. 3:21-CV-01211-AW-HTC |

## PLAINTIFFS' COMPLIANCE NOTICE

In compliance with this Court's August 7, 2023 "Order Directing Supplemental Filing" ("August 7 Order"), ECF No. 152, which directed Plaintiffs "to file a notice identifying any of Defendants' facts regarding Plaintiffs' status that they dispute", and "[f]or each such fact … [to] explain why … they dispute these facts", August 7 Order at 3, Plaintiffs submit this supplemental filing and the attached sworn declarations of Plaintiffs Captain Sean Cothran, Major Kacy Dixon, Lieutenant Colonel Nicholas Harwood, Captain Jordan Karr (Ret.), Master Sergeant Nickolas Kupper, Major Samuel Sigoloff, and Major Andrew Snow.

Plaintiffs Cothran, Dixon, Harwood, Karr, Kupper, Sigoloff, and Snow dispute, in whole or in part, the Defendant statements pertaining to them identified by the Court in the August 7 Order. None of the other Plaintiffs dispute the Defendant statements pertaining solely to them in the August 7 Order.

1

Plaintiffs also dispute that "Defendants have rescinded all adverse actions traceable to Plaintiffs' vaccine status." *id.* at 2, and their assertions that all of their claims the Third Amended Complaint ("TAC"), ECF No. 141, are moot. As set forth below and in Plaintiffs' response to Defendants' motion to dismiss the TAC, ECF No. 144, there remains a live controversy before the Court for which this Court can grant the injunctive and declaratory relief requested in the TAC.

Plaintiffs Cothran, Dixon, Harwood, Karr, Kupper, Sigoloff, and Snow dispute the following statements by Defendant, and identify additional adverse actions that have not been corrected:

- **Captain Sean Cothran.** Captain Cothran received two Letters of Reprimand ("LOR") that were retained in his Unfavorable Information File until removed post-rescission. While these LORs were removed, they continue to have lasting negative effects, causing him to be one year and one crew position behind all his peers with the same time in service. Cothran Decl., ¶ 15. Captain Cothran disputes Defendants' statement that no separation proceedings were initiated against him. In fact, separation proceedings commenced in April 2022, and were only halted by the nation-wide injunction issued in *Doster v. Kendall*. *Id.*, ¶¶ 9-11. In addition, he was denied Tuition Assistance for a master's degree that he completed in May 2022 because of the LORs, and as a result he had to pay more than $5,000 out of pocket than he otherwise would have had to pay. *Id.*, ¶ 16.

- **Major Kacy Dixon.** Major Dixon's prestigious assignment to advise a three-star General in Air Force Special Operations Command and her permanent change of station order following completion of her LL.M. program in May 2022 were cancelled due to her vaccination status. Dixon Decl., ¶¶ 5-6. As a result, she has a gap of several months in her service record; has had her service commitment extended; and has been assigned to a position equivalent to the one she performed ten years ago. Such career regression will likely preclude promotion and end a promising career to which she has devoted her life. *Id.*, ¶¶ 7-9. The Air Force could easily and unilaterally correct her records and performance evaluations

remove the roadblocks to advancement the Air Force itself has imposed, but the Air Force has declined to do so.

- **Lieutenant Colonel Nicholas Harwood.** The Marine Corps has taken certain corrective actions for Plaintiff Harwood, but they have not removed his adverse performance review and Fitness Reports that are solely due to his vaccination status. Harwood Decl., ¶ 4. The continued presence of these negative reports, which violate Secretary Austin's January 10, 2023 rescission memorandum and the Marine Corps representations to Plaintiff Harwood, likely caused him not to be selected for a command position in July 2023. *Id.*, ¶ 11. The Marine Corps has not committed to remove or correct these adverse actions by a date certain.

- **Captain Jordan Karr (Ret.).** Captain Karr disputes Defendants' assertions regarding her separation and other statements, in particular, the failure to mention her intent to stay in the Air Force; the misrepresentation of her withdrawal request, which was approved by her Command; and the failure to mention that the separation date was involuntary and non-negotiable Karr Decl., ¶ 4. After presenting evidence to her Commander that her withdrawal request had in fact been approved, her Commander subjected her to a Commander's Inquiry; verbally threatened her with adverse actions and accused of her making false official statements to the government. *Id.*, ¶ 6. When the evidence showed that she did not violate policy, her Commander then went outside statutory authority to involuntarily "turn [her] separation back on", *i.e.*, effectively ordering her involuntary separation on May 1, 2022, with two weeks notice to leave the Air Force. *Id.*, ¶ 7. In ordering her involuntary separation, the Air Force and her command violated Air Force requirements; required her to sell back her leave; denied her the option to take terminal leave; and did not permit her to complete her Skill Bridge program to assist service members to civilian employment. *Id.* Despite Defendants' representation that they have corrected these adverse actions, Defendants have not done so, nor have they offered to reinstate Captain Karr or to take other corrective actions. *Id.*, ¶ 9.

- **Master Sergeant Nickolas Kupper.** Defendants have removed an LOR and a Letter of Counseling, but Defendants have not removed a separate LOR that is traceable to the vaccine mandate. This second LOR is traceable to the vaccine mandate because neither the Air Force nor his command identified any conduct or statement that violated Air Force rules and thus were constituted further retaliation for remaining unvaccinated; his squadron commander subsequently confirmed that there was no basis for the LOR but that he was compelled to issue the LOR due to do so by his commanders. Kupper Decl., ¶ 7. In addition, Plaintiff

3

Kupper was informed by his Chief, Steven Perkins, that his records and those of another Master Sergeant (E-7) had been set aside and were not reviewed for promotion to E-8 because they were unvaccinated. *Id.*, ¶ 5. Because he was denied promotion to E-8 due to his unvaccinated status, he is scheduled to retire earlier than he intended and his retirement benefits were lower than they otherwise would have been. *Id.*, ¶ 6. Master Sergeant Kupper will retire effective August 31, 2023. He has been informed that he will receive an honorable discharge without any negative misconduct codes. However, he is aware of other service members who have retired or separated and received negative service characterizations or misconduct codes and only learned of this afterwards when they received their DD214 after they had retired. Based on his commander's refusal to award a retirement decoration commensurate with his rank and service record, and instead downgraded his to the lowest one, Master Sergeant Kupper has reasonable grounds to expect that they will use his retirement to take further adverse actions in retaliation against him. *Id.*, ¶¶ 10-12.

- **Major Samuel Sigoloff.** Major Sigoloff has two negative officer evaluation reports and a General Officer Memorandum of Reprimand (GOMOR) that have not been removed from his records. Sigoloff Decl., ¶¶ 6, 8. In addition, Dr. Sigoloff is subject to an ongoing investigation of his license to practice medicine in Texas, which is currently suspended; he cannot apply for a license in Arizona, where he is currently stationed and resides, until the Texas investigation is resolved. *Id.*, ¶ 4.a. He will be leaving the Army on August 31, 2023, and has been told that he will receive an honorable discharge; however, there are instances where unvaccinated service members were told they would be discharged honorably, but their discharge paperwork used a code for general discharge or general under less than honorable conditions. *Id.*, ¶ 9. The foregoing adverse actions were initiated, in whole or in part, due to Dr. Sigoloff's decision to grant medical exemptions in accordance with the then applicable procedures and requirements for the rescinded COVID-19 vaccine mandate. As such, they are traceable to the vaccine mandate, and could be easily and unilaterally remedied by the Army by removing or correcting these adverse actions, terminating the investigation, and withdrawing the complaint to the Texas Medical Board.

- **Major Andrew Snow.** Major Snow disputes Defendants' assertion that they have removed all adverse actions. As a result of his unvaccinated status and the LOR he received, he was unable to perform flight-related duties for a period of six months and lost pay and retirement points with a value of $28,000. Snow Decl., ¶¶ 4-5.

4

Given the imminent retirement of Master Sergeant Kupper and separation of Major Sigoloff, both on August 31, 2023, Plaintiffs request that the Court permit Plaintiffs to submit a notice to the Court within ten (10) days after they have received their final service characterizations and ratings. In the event they receive anything less than a full honorable discharge they have been told they would receive, or any negative characterization, rating or re-entry code, this would constitute an additional adverse and retaliatory action traceable to the vaccine mandate and would provide further evidence demonstrating that Defendants have not only not corrected past adverse actions, but also continue to impose additional adverse actions up to and including the present.

In addition, as set forth in Plaintiffs response to the pending motion to dismiss, Defendants' consistent position post-Rescission is that unvaccinated service members may be prosecuted under the Uniform Code of Military Justice ("UCMJ") for failure to obey a lawful order. *See* ECF No. 145 at 11-13. The threat of future punishment and prosecution under the UCMJ is not limited to those unvaccinated service members whose religious accommodation request and appeal were denied and were then ordered to be vaccinated within five or ten days (*i.e.*, Plaintiffs Coker, Connell, Cothran, Craymer, Harwood, Kaltrider, Kupper, Roberts, Sigoloff, and Snow). Instead, this threat applies to all service members—including all Plaintiffs—who were subject to service-wide directives or general orders to become vaccinated

5

by a date certain and who failed to become fully vaccinated by that date. *See* TAC, ¶ 57; ECF No. 1-7 (Air Force "COVID-19 Mandatory Vaccination Implementation Guidance for Service Members, issued Sept. 3, 2021); ECF No. 1-9 (Marine Corps MARADMINS 462/21, issued Sept. 1, 2021); ECF No. 1-10 (Navy ALNAV 06/21, issued Aug. 30, 2021); ECF No. 31-6 (Army FRAGO 5, issued Sept. 14, 2021) (service-wide vaccination orders with deadlines in November and December 2021 for all active-duty and reserve components, except Army reserves set for June 30, 2022). Each of these service-wide general orders expressly states that the COVID-19 mandate was a lawful order under UCMJ Article 92, *see* ECF No. 1-7, ¶ 5.3; ECF No. 1-9, ¶ 3.1; ECF No. 1-10, ¶ 5; ECF No. 31-6, ¶ 3.8.3 & ¶ 3.D.8.B.1, violation of which would subject the service member to the full range of administrative and disciplinary actions to punish non-compliance.

Accordingly, Plaintiffs' claims have not been mooted, and there remains a live case or controversy before this Court. Plaintiffs have suffered and continued to suffer injuries for non-compliance with the now-rescinded mandate. This Court can grant meaningful relief sought by Plaintiffs in the TAC, in particular: (1) issuing a declaratory judgment that Defendants' actions challenged in the TAC were unlawful and that the vaccination orders issued to Plaintiffs were not lawful, for the reasons set forth in the TAC; and (2) enjoining Defendants from prosecuting or punishing

6

Plaintiffs under the UCMJ or taking any other adverse actions against Plaintiffs traceable to the vaccine mandate.

The August 7 Order also directed Plaintiffs to state whether they "still seek an evidentiary hearing and, if so, why (with specificity) an evidentiary hearing is necessary." August 7 Order at 3. Plaintiffs respectfully submit that the Court may rule on Defendants' pending motion to dismiss based on the written record before the Court, as supplemented by the instant filing and sworn declarations. However, to the extent it may assist the Court in ruling on the motion, or for any other purpose, Plaintiffs stand ready to appear at any evidentiary hearing the Court may convene to present live testimony and answer any questions the Court may have.

Dated: August 17, 2023                    Respectfully submitted,

                                          /s/ Brandon Johnson
                                          DC Bar No. 491370
                                          Defending the Republic
                                          2911 Turtle Creek Blvd., Suite 300
                                          Dallas, TX 75219
                                          Tel. (214) 707-1775
                                          Email: bcj@defendingtherepublic.org

                                          *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this 17th day of August 2023, e-filed the foregoing Plaintiffs' Opposition to Defendants' Motion using the CM/ECF system.

Respectfully Submitted,

*/s/ Brandon Johnson*
Brandon Johnson
